UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 25-817    Caption [use short title] Trombetta V. Navocins

Motion for: Amending Caption Change to include Worthpoint Corporation

Set forth below precise, complete statement of relief sought:

1- Caption Change to include WorthPoint Corporation
2- To Receive Permanent Injunctive Releif
3- To Receive Statutory Damages
4- To Receive Actual Damage - Litigation Expense
5- To Receive any other Damages
that the Court deems just and proper

MOVING PARTY: Annamarie Trombetta          OPPOSING PARTY: Navocins and WorthPoint Corporation

[X] Plaintiff    [ ] Defendant
[X] Appellant/Petitioner    [ ] Appellee/Respondent

MOVING ATTORNEY:                    OPPOSING ATTORNEY:

[name of attorney, with firm, address, phone number and e-mail]

Adam Bialek - Wilson, Elser, Moskowitz, Edleman & Dickler - 150 East 42nd St. NY NY 10017 - (212) 915-5143    Adam.Bialek@wilson elser.com
Jana Farmer - Wilso, Elser, Moskowitz, Edleman & Dickler, 150 East 42nd St. NY NY 10017 (212) 915-5143    Jana Farmer @ wilson elser.com
Anderson Josiah Doff, Doff Law PLLC - 43-10 Cresent St. Suite 1217, Long Island City NY 11101 (646) 450-3607    ajd@andersonjdoff.com

Court- Judge/Agency appealed from: Judge Laura Taylor Swain

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):    Has this request for relief been made below?    [ ] Yes [X] No
[X] Yes [ ] No (explain):                    Has this relief been previously sought in this court?    [ ] Yes [X] No
                                            Requested return date and explanation of emergency:

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [X] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [X] Don't Know

Is oral argument on motion requested?    [X] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [ ] Yes [X] No If yes, enter date:

Signature of Moving Attorney:

_Annamarie Trombetta_ Date: May 12, 2025 Service by: [X] CM/ECF [ ] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

United States District Court

For The

Second Circuit District Of New York

Annamarie Trombetta,

  Plaintiff, Appellant

     vs.

Norb and Marie Novocin and

WorthPoint Corporation

Defendants, Appellee.

Case No. 25-817

**PLAINTIFF'S MOTION IN SUPPORT**

**OF THE INFORMATION STATEMENT**

**AND REQUEST FOR A CAPTION CHANGE**

**PURSUANT TO FRAP RULE 27**

## I. PRELIMINARY STATEMENT—REASON FOR THE CAPTION CHANGE— I

### —Grounds for My Appeal—Constitutional Violations and Errors of Law

Appellant files this motion for leave to request a caption change pursuant to FRAP 27, in tandem with Plaintiff's 1080 form. Pursuant to FRAP 3 and 4, Plaintiff's Appeal is a result of being denied my right to a trial by jury as requested in my initial complaint filed Feb. 5, 2018 in Doc.1 and my Amended Complaint filed on Feb. 21, 2020 Doc. 36. **EX. #1A-B** Plaintiff's Appeal was filed following Judge Swain's March 7, 2025, Memorandum Order in Doc. 556. On March 19, 2024, Plaintiff filed a Reconsideration Motion, pursuant to Rule 59e and Rule 60. On the bottom of page one of Judge Swain's March 7, 2025, is the inserted excerpt below. Duly noted, is Judge Swain's reason not consider Plaintiff's MSJ in Doc.432 pages 29-38, which is

> 2    In her motion for summary judgment, Plaintiff attempted to assert additional claims for fraud and negligence. (See docket entry no. 432 ("Pl. MSJ") at 29-35, 37-38.) The Court declined to consider the merits of those claims because they were not plead in the operative complaint (see SAC) and Plaintiff was warned repeatedly that the deadline to amend her Complaint to assert new claims expired on December 19, 2022 (see, e.g., docket entry nos. 333, 370). In this motion practice, Plaintiff once again argues that she should have been permitted to assert those claims. (Docket entry no. 542, at 4.)

the same text in my Second Amended Complaint. Page one of Judge Swain's Memorandum

March 7, 2025, mistakenly states my Dec. 19, 2022 filing is untimely and incorrectly assumes

it is Plaintiff's SAC. Judge Swain is still not aware of Magistrate Judge Cave's order for me

to first file a Motion for Leave to File A Proposed Amended Complaint for Fraud, Emotional

Distress, Tort and Permanent Injunctive Relief, due on Dec. 19, 2022. Plaintiff's timely filed

this motion for leave on Dec. 19, 2022. The clerk of court filed my one submission into two

documents. Doc. 341-342. On Dec. 29, 2022, in Doc. 353, Judge Cave deemed Doc. 348 as

the Operative Motion to Amend my Complaint. On Feb. 2, 2023, Doc 366, Judge Cave

granted my Motion to Amend my Second Complaint. The public court docket only stated

my SAC was granted. As a Pro Se Litigant, I consulted with three lawyers who informed me

once my motion to amend was granted, I had to file a Second Amended Complaint. Again my

consultations were due to the lack of public docket information also, Judge Cave already

deemed Doc. 348 as my operative motion to amend -See Doc. 353. As a Pro Se litigant and as

per the legal protocol, I filed my Second Amended Complaint on Feb. 9, 2023 in Doc. 368,

before I received the full court order by mail. Judge Cave's decision to double deem Doc. 348

as my operative motion and also my operative SAC, skipped the standard legal protocol.

Moreover, Plaintiff's was not assured Discovery could re open. Noted in Doc. 376 and 377

on Feb.20, 2023 are my requests to reopen Discovery. Defendants and the Judge's decisions

precluded me from the standard, due judicial process. Moreover, on Feb. 13, 2023 Judge

Cave struck my Feb.9, 2023, Doc. 370. Judge Swain assumed my SAC was entirely stricken,

when in fact Judge Cave granted Doc. 348 as the operative complaint and struck Doc. 368.

WorthPoints attorneys on page 14 in Doc. 547 filed on April 2, 2024  state that Plaintiff
Complaint relies on Doc. 468. This is a false statement.  WorthPoint's attorneys in Doc 547
stated that the eight counts of fraud  must be disregarded as Plaintiff failed to allege the same in
the operative complaint.  The content in Doc. 340-341 is the same as 348 and was granted on
Feb. 2, 2023 by Judge Cave.  **EX.2A Doc. 556  March 7, 2025 Mem.   EX.2B  Dec. 19, 2022**
**Doc. 340-341 Mot. Leave Amend  Ex.2C Docket listing —366- 371.   EX. 2D Pl. Mot.R 59e**
**R 60-Doc.542.    EX. 12 D- WorthPoint's Attorneys Doc. 547 P.19   EX. 12 E Docket list 468**

Judge Swain made  a bonafide  Error  of Law  which  adversely affected   the outcome
of my case. This  is   one of  the  grounds for  filing my  appeal and  to change the caption.

## I.   BRIEF PROCEDURAL HISTORY—REASON FOR THE CAPTION CHANGE- II

## -Factual Errors -1-  Plaintiff's  Bio entered on  askART in  2015 and NO  prior years.

In  July 2015, I made a one time only purchase from eBay.  In August,  2015, friends
contacted me about a suspicious  online ad.   WorthPoint's webpage fraudulently listed my self
written biography. Their webpage ad claimed my biography  was taken from the  online website,
askArt in 2012., noted my birth year,  statedI was a  New York artist, with  my full name (spelled
correctly); to advertise on the world wide  internet, I created a four foot high, original oil
painting, signed on the front and back,  at  age  nine.  I immediately contacted and reported
the 1972 oil painting webpage to WorthPoint as  a fraudulent claim and misattribution.
WorthPoint kept stating I had to contact eBay.  Below a photo featured signature, not by
my hand , nor is it signed Annamarie as it states with a copyright symbol, written claim and it
states "Copyrighted work licensed by WorthPoint".  WorthPoint's   false written statement
implies   a non existent copyright and licensing agreement  WorthPoint association. Plaintiff

never had a Copyright or licensing agreement with any entity or corporation at any time.



The photo to the left is from the website worthpoint.com. The top caption reads "1972 Original Oil Painting Man With Red Umbrella Signed  Annamarie Trombetta (correctly spelled)YSQ The photo has one initial and last name.

A genuine fact is that my biography was listed on askART in June 2015. I filed factual proof from the person who recommended my biography listing to askART. Mr. Bahr interviewed me for an online publication on my artwork in 2015. This article and my bio on askART are online to this day. There were three dated emails I filed in my case. Two are between Mr. Bahr and I confirming my consent for my biography listed on askART. In Doc.72 filed in July 13, 2020, I filed an email from"Kris", an employee at askART confirming in 2020, that my biography listing was due to a publication a few years ago. In my Motion Rule 59e 60 in Doc.542 on page 13, filed on March 19, 2024, I noted Doc. 517-4 —Doc. 518-2-6 in the page. **EX. 3 A to H.** Also in Doc. 517-4, filed on 6 /29/23, I filed Defendant's deficient and fraudulent document purporting to be from askART. Important to note, Defendants evidence internet code does not have my name, Annamarie Trombetta, listed in the search bar. **EX. 4 fake askart 2010**. Plaintiff's authentic askART evidence and Wayback Machine both have askART webpage code with my full name. In Judge Swain's Memorandum in Doc. 538 on page 33, the Judge

wrote I provided **no evidence** other than one Wayback Machine documenting the year 2015.

**EX. 5A-5D.** My 2015 February, March and June emails from and with Bob Bahr regarding my askART biography submission are also filed in Doc. 348-2 Dec. 19th - 27th in 2022 which Judge Swain stated was waived and untimely.

**REASON FOR THE MOTION TO CHANGE CAPTION - III  Grounds for My  Appeal-**

**Factual Errors-2— WorthPoint's False Removal date confirmed in WorthPoint's email.**
**Factual Errors 3—WorthPoint's False Email** annamarie@trombettaart.com**- I never use.**
**Factual Errors 4— Defendants False Statement RE: 2022 Plaintiff  Settlement Amount.**
**Judicial Abuse of Discretions RE: Failure to consider pre litigation Phone Calls Evidence.**

**—Violations of ABA  Rule 8. 4 Misconduct    Rule 3.4 Rules of Fairness to Opposing Party**

As aforementioned, I found the false WorthPoint website in August 2015. From August till Nov. 2015, WorthPoint lied, verbally and in writing SEE (Doc. 517-4 page 29 filed 6/29/23) and intentionally directed Plaintiff to contact eBay, the fake ad was on eBay's website. Two eBay reps confirmed the fake ad was on WorthPoint's website and confirmed the 2012 sale was un defined.-(Doc.517-5 pages 19- 20). Plaintiff's  last phone contact with eBay  was submitted to Defendants on 4/11/22, in Discovery evidence, as audio recordings, Upon the direction of Judge Cave, I transcribed them into written documents. The eBay  phone call is filed  in Doc. 517-7 pages 2 to 22 on 6/29/23.  In Jan, 2016, after eBay's confirmation, I phoned WorthPoint repeatedly. Finally,  on Jan.22, 2016, I spoke with Anita Brooks , the same person, who produced the email directing me to contact eBay in Nov. 2015- (Doc. 517-4 page 29- on 6/29/23). This phone audio has three calls in one transcriptions. It was last filed in Doc. 517-6 pages 1-16 filed on 6/29/23).  WorthPoint claims they do not buy or sell artwork, however the 2016 phone call message gives instructions to callers if they wish to buy or sell items. On Feb.

3, 2016, I had a recorded phone call with Greg Watkins who was WorthPoint's webmaster. In

Doc. 517-9 on page11, filed on 6/29/23, Mr. Watkins gave me Will Seippel's email.

Noted on page 13, I gave Mr. Watkins my Yahoo email address. **EX 6A-B.** I found out in

Discovery, Mr. Watkins was WorthPoint's designated person to request DMCA takedowns.

Plaintiff's discovery interrogatory requested the name of WorthPoint's designated DMAC

agent from WorthPoint's attorneys. Attached is Mr. Bialek's response to me. **EX. 6C-D.** My

efforts yielded the name of Mr. Watkins and an email of the DMCA designated agent which was

**NOT** listed publicly on WorthPoint's website in 2015, nor is there is a current takedown contact.

The transcript phone call with Greg Watkins were filed in Doc. 517-9 pages 2-15 filed 6/29/23).

On Feb. 20, 2016, I still saw online, the fake 2012 painting ad was still posted. I had to

email Mr. Seippel. On the same day, Feb. 20, 2016, Will Seippel emailed me back and stated

that WorthPoint **will** take down the fake webpage. WorthPoint's own evidence documents Mr.

Seippel's email and statement "*WorthPoint **will** take the fake post down*" was filed in Doc. 517-7

6/29/23— on page 23 in WorthPoint's own email evidence WP000062 . The same email with

a different bate stamp- WP000096 is filed on page 24 and on page 25 is a third WorthPoint bate

stamped email WP000135 of the Feb. 20, 2016 email from Mr. Seippel to Plaintiff. **EX. 7 A-C.**

During litigation, Mr. Seippel issued a false statement that he responded to my Feb. 20, 2016

email on March 1, 2016 and not Feb.20, 2016 as WP000135 proves. On Feb. 20, 2016 the fake

painting post was not removed; the removal date is not Feb. 4, 2016 as WorthPoint claims.

Judge Swain noted on page 7 of Doc. 538, WorthPoint's claimed they removed the fake

2012 post on Feb. 4, 2016 which is a false statement. I had to email Mr. Seippel on Feb. 20,

7 of 18

2016 and requested he and WorthPoint remove it from the internet. Again, WorthPoint's own evidence documents Mr. Seippel's stating he will remove WorthPoint's fake painting webpage.

On page 9 of Doc. 538, Judge Swain deemed Jason Packer's production of false evidence, which was my website email **annamarie@trombettaart.com** — as "ancillary". I never use it to respond to clients, due to security issues, nor did I ever use it to contact WorthPoint, **EX 8A-D.** WorthPoint failed to produce any **annamarie@trombettaart.com** email/emails from me to WorthPoint's email . I wanted to reopen discovery to clarify this.

Additionally, prior to the commencement of Discovery , both Defendants requested Plaintiff file a settlement letter. Despite none production of the red signature with my first and last name, allegedly on the back of the 1972 oil painting, Man With Red Umbrella, I agreed to write a settlement letter which was emailed on time. Defendants wrote a letter to Judge Cave falsely stating I never issued a monetary amount. Judge Cave, in turn, ordered Plaintiff to write another letter, threatening sanctions without my response Please see Doc.196- Feb.9, 2022, Doc. 205— Feb. 28, 2022, Doc. 206 —March 1, 2022 and Doc. 207-March 2, 2022.

In Judge Swain's Feb. 20, 2024 Memorandum Doc. 538 on page 4, Judge Swain dismissed all four of my phone recordings and deemed them immaterial. All of these phone calls occurred prior to litigation and document all my pursuits to remove the false post from the internet. Moreover, the calls document exactly what was stated prior to this lawsuit. With Judge Abrams permission, on Feb. 2019 via an in person conference, the Judge was emailed and heard my call with Mr. Novocin's. **EX 9A-E.** Plaintiff's request in 2020 to Judge Cave if these calls would be permitted and I was assured. Judge Cave in Nov. 2022, advised me to transcribed the four phone calls. Transcribing four phone calls for this case caused me to have financial debt.

**REASON FOR CAPTION CHANGE TO ADD WORTHPOINT CORPORATION**

**Factual Errors-5— WorthPoint's Second Reposting of Fake Ad Fall 2016 to May 2017**

August  2015 till March 2016, Plaintiff contacted WorthPoint to remove its false webpage. In an email dated March 3, 2016 from Jason Packer to Will Seippel, is a statement Packer filed a **"temporary"** Google removal request for the false link.  As evidence, Plaintiff filed Google's online support pages,  which are public instructions as evidence,  forwebsite content  removal with Google, Duly noted from Google is the fact that  temporary removals of  URL websites only  last six months.  To **"permanently"** remove URL content it requires a Google support website document were filed in Doc.518-4 -page2-8 on 6/29/23. Moreover, on May 26, 2022, Plaintiff filed nine pages from www.support Google and sent it to Defendants. **EX.10A-D.** Google's public info. website  states that all  temporary removals are only good for six months. **EX.10C** Mr. Packer's temporary Google removal request was file in March 2016. In October 2016,  the false oil painting  internet link was reposted on  WorthPoint's  website.  In early January 2017,  Plaintiff contacted WorthPoint by email.  Unlike 2015 and 2016, I only sent a one time email  to Will Seippel who never responded to me.  In Jan. 2017, I contacted the Novocins by phone for the first time,  seeking any way to remove the  fake 2012 oil painting internet link from  WorthPoint's website, again. Mr. Novocin suggested I hire an  attorney.  Mr. Novocin's call was last  filed in Doc.527-1  on 8/01/23.   A three page settlement letter, dated August 28,  2017, from my  lawyer,  documents her  request to remove the  false  internet post   from  the internet. My lawyer's letter  **named  WorthPoint on page two.**   Ms. Noh's letter was filed to exhibit my lawyer  requested the fake painting post to  be removed from the

internet. I filed  this letter for the Court to know  that other people saw and knew the fake oil

painting internet link was still  online in middle of the year in 2017. **SEE. EX 11A-E**   My

attorney letter was filed in Doc. 75  on July 13, 2020 pages 25 to 27.  I have included page  25

and 26  from July 2020 in addition to the August 1, 2023 filing**.**

      Judge Swain's  Feb.20, 2025 Memorandum, on page 19 incorrectly stated  Plaintiff 's

"only" evidence to substantiate my claim that WorthPoint reposed the listing is one March 15,

2017, incorrectly classified  as a screen shot by Judge Swain. **EX 12A-1**. First, Plaintiff filed

many Google listings on WorthPoint's website,  printed out directly from  the computer. My

proof includes  an Oct. 2016  WorthPoint Google listing thru May 2017 . They were filed in Doc.

504-2-June 14, 2023  and filed again in Doc. 518- 3 and Doc. 518-4  on June 29, 2023.

In Doc. 427  on page 9, filed on April 17, 202,  WorthPoint's attorneys   stated that the text of my

biography (which had a copyright symbol since 2003), was not included in my  filed evidence.

**EX 12A-2**  Plaintiff 's discovery  of WorthPoint's webpage with  the full  false text of the  1972

oil painting ad description with  my biography is bate stamped 000069 and 000070.    It was last

filed on June 29, 2023 and is in the current exhibits as  **EX 12B-C**

      Judge  Swain's factual error prompted Plaintiff to file my Motion Rule 59e and Rule 60.

On March 19, 2024,  in Doc. 542, on page 27, 28 and 29,   I listed and filed  print outs from

WorthPoint's website and the Google internet listings  of the false, misattributed oil painting. The

verification of the  genuine authenticity of Plaintiff's  computer print outs is easily and  visually

seen on each  document's.  Relevant  information  includes, the date and time in the upper corner.

On the bottom of each   document  is the internet's search engine web address for example the

 http://www.worthopedia/1972…  or  Google it  is http:/www.google.comannamarie+trombetta…

Screenshots do not print a date and time in the upper corner. Screen shots do not have the the internet web address with https://google.com due to the fact that screenshots are not printed from an current, online internet web addres. Plaintiff's bate stamped evidence 00069 and 00070 is the genuine 1972 oil painting WorthPoint webpage from WorthPoint's website. 5/7/17. **SEE EX12A-B-.** WorthPoint's attorneys falsely wrote in Doc. 427 on page 2 that I did not have any text with my biography in my evidence. WorthPoint's attorneys on page 9 wrote There is not competent evidence in support. WorthPoint's attorneys on page 10, references a report by Jessie Stricchiola " stating the printer date on a printout of the page ostensibly from WorthPoint's website does not necessarily mean that the page appeared on WorthPoint's website at the time and continues to infer that the date could be incorrect or manipulated. This implies Plaintiff has done something unethical, which is one of the main reasons for filing my appeal See Doc. 427 filed on April 17, 2023 page 2—page 9—page 10—SEE **EX12 C1 12 C2. 12 C3.**

Judge Swain's Memorandum Doc. 53,8 on page 19 stated, the only evidence Plaintiff provided was a March 15, 2027 "screenshot". **EX.12D.** In Judge Swain's March 7, 2025 Memorandum on page 6, Judge Swain once again mischaracterized Plaintiff's dated and direct print out from the computer as "screenshots" . SEE **EX.12E.** Judge Swain incorrectly stated that my Google search results were *"cached" versions of the webpage even after WorthPoint deactivated the page".* WorthPoint stated they took down the fake oil painting post on Feb. 4, 2016- **EX. 7B.** A known fact is that cached versions of a webpage only last up to ninety days. On Jan. 4, 2017, I emailed WorthPoint to remove the fake oil painting post on their webpage. Ninety days from Jan.4, 2017 is April 4, 2021. Plaintiff's full biography text evidence-00069

and  00070 in **EX.12A-B ,** dated May 7, 2017, a month longer than a s 90 day cached version.

 WorthPoint's expert witness, Jessie Stricchiola,  misinformed and  mischaracterized  Plaintiff's

authentic, timed, computer print out  and  falsely misnamed my direct  computer print  outs as

screen shots. As  aforementioned, screen shot cannot have  the date and time or the https"//

google search webpage lists the  date and time with the google search line on the bottom In **EX.**

**13A-B.**  Plaintiff's  printed out from WorthPoint's  website on May 4, 2017  and May 9, 2017.

Annexed in   **EX.13C -D** is a May 11, 2025,  google search  webpage  of  WorthPoint and

Will Seippel and  a WorthPoint webpage dated May 9, 2025. Both are direct computer print outs.

The standard  date, time  is on top with  the google search engine and name of  webpage address.

Each one of  the May 11, 2025 or May 9, 2025  computer print outs documents the date and time

and on the bottom is the https:// worthpoint.comwillseippel.   WorthPoint's attorneys and expert

witness violated Rule 901-authenticating evidence and  violated ABA  Rule 8. 4 Misconduct.

## REASON FOR CAPTION CHANGE TO ADD WORTHPOINT CORPORATION

**Factual Errors-6—WorthPoint's Production of Pl. 's full bio as "Confidential' evidence.**

Plaintiff's 2020 Amended Complaint  includes WorthPoint Corporation as a Defendant,

in Doc.36,  filed  Feb. 21,2020. I filed my website biography on page 36-37-38. **EX.14A-C.** On

**EX. 14 C** is  my website copyright statement and symbol with a DMCA logo as well.  On pages

43 to 46,  of Doc. 36, PAC, I filed the text of my printed catalog that has the same text as my

website.   On page 8 of Doc. 36, I filed   my CMI and on  page 16  in  Doc. 36, I listed   the

violations of  Section.1202 (b).   **EX.15  A-B.**   On  Dec. 19, 2022,  I filed in Doc.341 on

pages 28-30   my  claim for the  Tangible Conversion of my Biography Catalog text  which

included , on page 29, the eBay ad for the 1972 oil painting including  the statement from my

personal catalog *" All of the images in this catalog was either created en plain air or from the subject directly".*  In Doc. 341, I also noted that the 1972 oil painting ad on WorthPoint's website- is cut off as documented in **EX. 12B.**  During the discovery period,  Plaintiff filed in Doc. 231, on 05/27/22  and  informed  the Court that WorthPoint's attorneys  produced evidence WP00038-WP00039 -WP000040 which included all of Plaintiff's website  biography- **EX. 17.** WorthPoint's attorneys labeled  their evidence with my biography "Confidential".   This is my intellectual property and is my self written biography and personal life experiences. WorthPoint does not have the right to classify my biography as "Confidential".   My biography has been public since Sept. 2023,  on my website and prior to this was printed in my catalog. WorthPoint's Evidence was last filed in Doc. 542 on March 19, 2024 **.EX18A-C.**



WorthPoint Corporation is  responsible for writing and publishing the above statement and adding a copyright symbol with its WorthPoint's logo. In Doc. 427 filed on 4/17/23, on page 30 and 31,   WorthPoint attorneys  stated that the DMCA claims are untimely.  **EX. 19A-B.** Once again, Plaintiff,  in Doc. 36 and in Doc 341 noted the DMCA rules and statutes.  It is WorthPoint's attorneys and Judge Swain  who have incorrectly stated   Plaintiff tried to plead "new claims" in Doc. 368.   Plaintiff's DMCA infringement  claims against WorthPoint were documented in Doc. 36 in 2020 and again in Doc. 341. The same text in 341 is in  Doc. 348, Plaintiff's Second Amended Complaint.  WorthPoint's attorneys in  Doc. 427 and Judge Swain's

March 7, 2025 Memorandum have ignored, for the second time, Judge Cave granting my SAC on Feb. 2, 2023. **EX. 20 Doc.556** The operative complaint is Doc. 348. Judge Cave did not deem Doc. 348 as waived. To repeat, Judge Cave struck Plaintiff filing in Doc. 368. Judge Cave did not waive my SAC. Judge Swain stated on page 7 that Judge Cave communicated a deadline….no further amendment permitted after Dec. 2022. Plaintiff 's claims in my summary judgment referenced the text that and came from Doc. 348-1. As aforementioned in this Motion, Plaintiff's SAC was filed twice on Dec 19th and Dec. 29, 2022, in Doc. 353, each filed on time.

**Factual Errors-7— Failure to Produce Redacted 2009 Canadian Sub licensing Agreement**

The insert from WorthPoint below states the work is licensed by WorthPoint. In Discovery, I asked for the production of WorthPoint's licensing agreement. WorthPoints attorneys produced a 2009 sub licensing agreement, from British Columbia in Canada. Annexed are only four out of 20 pages from WorthPoint's 2009 Canadian sub licensing agreement. Most of the pages are black. **EX 21A-D.** In a Meet & Confer Zoom session, I addressed the sub licensing agreement and the absence of the licensing agreement with attorney Jana Farmer in the summer of 2022. In Doc. 274 filed on 8/ 29/22, Plaintiff documented the differences between a licensing agreement and a sub licensing agreement so that this information would be on record. I ask the Court to review my three page letter in Doc. 274.



On Dec.13, 2023 in Doc. 528 WorthPoint Corp. was ordered to produced all unredacted documents. Defendants failed to produce the unredacted licensing agreement to the Court or to the Plaintiff per Judge Swain's Order. See **EX 22 Doc. 528.** I wrote to

Judge Swain on 12/27/22, documented in Doc. 533. I ask the Court to review it, please.

**REASON FOR CAPTION CHANGE TO ADD WORTHPOINT CORP.   Continued**

**Factual Errors-7— Production of Ambiguous —Incorrect Coding Text on Nov. 23, 2022**

Due to Discovery deficiencies and the production of two visually different eBay sales

receipts, produced by the Novocin, April 27, 2022 and months later in Nov. 2022, on Nov. 23,

2022, Judge Cave held a Conference call. Plaintiff was granted the production of the 2012

electronic email from eBay to Norb Novocin to verify a legitimate sale of the 1972 oil painting.

Again, my request was due to the production of two sales receipts, the first being incomplete

without the eBay logo, the second missing the bold yellow bar, yet had an eBay logo. **EX. 22A-**

**B.** Plaintiff's request was made to attorney Anderson Duff. On Nov. 23, 2022, during the

Conference call , attorney Adam Bialek, emailed what he titled " source information". **EX..23**

**A-C** I did not request the electronic email from WorthPoint's attorneys. Due to the Thanksgiving

holiday, I did not view Mr. Bialek's email that day as well. Plaintiff's request was for the

entire electronic email, in one exported file. A true email, exported in its entirety, proves the

integrity because the content of the email cannot be broken up into parts of an email text.

Failure to produce an electric email in its entirety, means the sale of the eBay oil painting is

Undefined as the eBay rep told me in my phone call in Dec. 2015.. On Nov. 23, 2022, Plaintiff

was asked to produce the same electronic email dated Feb. 20, 2016. -Order **EX 24 A-B**

On Dec. 9, 2022, I produced two electronic native emails -Feb. 20, 2016 and Jan. 4, 2017 in

Doc. 331. Defendants willful intent to send Plaintiff ambiguous coding without the standard

email To: and From: with the date, subject etc. caused me to contacted my Internet Expert

Witness, Patrick O'Leary. Mr. O'Leary had the knowledge and a server to decode Defendants ambiguous email. It was a third eBay sales receipt, different from the other two previous eBay sales receipts. I asked for the entire electronic eBay email, the same request that Defendants asked of me. As a result of the attorneys gamesmanship, time set aside for Plaintiff 's internet expert witness to produce a timely expert witness report was needed to write an affidavit to decode Defendants unknown coding ,NOT requested . This unfair, misconduct by all the attorneys violates the ABA Rule 8.04 and Rule 901—authenticating evidence. Plaintiff asks the Court to review Doc. 320 filed on 12/1/22 and Doc. 322 and to review the affidavit of Mr. O'Leary regarding his investigation and findings. Again, I filed the Court ordered electronic Feb. 20, 2016 email in Doc. 331, Dec.9, 2022. Please review in Doc. 331 —EX.#5 and EX#6 which are electronic native emails in its entirety. The Novocin and attorney Anderson Duff failed to produce the alleged 2012 eBay email. I did write to the Court but Judge Cave wanted Discovery to end. In Doc.338, I noted the lack of Defendants electric email missing from Fact Discovery in Doc. 339. In addition, Plaintiff on Dec. 10, 2022 began to feel ill had to email Judge Cave on Sunday night, Dec. 11, 2022. Plaintiff phoned Judge Caves chambers due to this emergencyMy Motion for Leave to Amend my Complaint originally due on Dec. 12, 2022. was extended to Dec. 19, 2022. **EX.25 Dec.11, 2022  Email to Judge Cave— Pl. sudden flu.**

**REASON FOR CAPTION CHANGE TO ADD WORTHPOINT CORP.  Continued —Violations of ABA  Rule 8. 4 Misconduct    Rule 3.4 Rules of Fairness to Opposing Party**

The last contributing reasons why Plaintiff is requesting a name caption change pertains to WorthPoint and its attorneys unfair gamesmanship causing Plaintiff undue hardship and problems. On August 30, 2022, after a nine hour deposition by three attorneys at

Wilson Elser Moskowitz, Plaintiff while on a cell phone call, holding a metro card in the other

hand, suddenly had my sachal tugged. I thought I was being pickpocketed. Instead, papers fell

to the floor. WorthPoint filed a lawsuit for emotional distress in Fulton County Ga. WorthPoint's

lawyers in Ga. never mailed me the summons and complaint as per the rule. I never saw or

spoke with the process server hired by Wilson Elser Moskowitz, WorthPoints New York

attorneys. The information on the summons and complaint falsely had dates out of

chronological order. On page 6 of 7 under No. 31, the claim states *Trombetta then intentionally,*

*maliciously and wrongfully arranged for service to be delivered to coincide with the Christmas*

*and New Year holiday in a direct effort to cause emotional distress to W Seippel and S Seippel*

*and their family.* WorthPoint knew I would t serve them noted in public docket by Judge

Abrams in Doc 124 on 11/24/20. In Doc. 126 Judge Abrams gave Plaintiff instructions

on acceptable service since WorthPoint refused my process servers visits. Please note ,26

D, my certified mailing arrived on Jan. 11, 2021 which is after the holiday season. **EX.26 A-D**

Pro Se Plaintiff had to respond to an out of state, incorrectly written and served, Summons

and Complaint while dealing with four attorneys in New York and two in Ga. attorneys. The

planned chaos was willfully intended to prevent Plaintiff from producing expert witness reports

and from filings on time in New York.

Lastly, I had to serve WorthPoint in 2020 during the pandemic, In Doc. 87 filed on

7/28/20 Plaintiff contacted Judge Cave seeking permission/ direction to obtain the

summons not acquired due to the pandemic. On August 8, 2020, Plaintiff went to the clerk of

court for the summons. The summons was yet to be issued. The clerk's office electronically

printed the summons unfortunately on the wrong FOIA forms. **EX 27.** This led to a long delay in serving the Defendants. These mistakes that I did not make, delayed service. Plaintiff was sued by the Defendants, in part due to the error made by the clerk of court. I included WorthPoint's lawsuit in Fulton County Ga. in my Dec. 19, 2022 Proposed Motion to include Fraud, Tort, Emotional Distress, etc.

On Feb.8, 2024, Judge Swain issued a Memorandum. On Feb. 16, 2024, I wrote a letter with exhibits regarding the Ga. lawsuit. Plaintiff's filing was received by the Court. **EX.28 A-B.** On Feb. 20, 2024, I phoned the clerk of court I to verify my filing was received and when it would be filed. My submission was obfuscated and no explanation was given by the clerk of court. At the end of the day, Judge Swain's Memorandum was docketed. I did include a print out of my Feb. 16, 2024 email submission in Doc. 542 however I did not file my letter with exhibits. I ask this Appeals Court if I may have permission to enter my Feb. 16, 2024 letter with exhibits. In summary, I had nothing to do with the 1972 oil painting and never had any business dealings nor did I know or hear about the Defendants or their eBay businesses. The Defendants publicly, altered the facts of my life and photo featured a signature that did not equal the caption "signed Annamarie Trombetta" . Association with entities obviously making questionable claims which are not factual constitutes fraud.

For the foregoing reasons listed above, Plaintiff asks the Court to grant my Motion for a Caption Change to include WorthPoint Corporation.

18 of 18

Respectfully Submitted,

Pro Se Plaintiff

——————— Electronic Signature ———————-

Annamarie Trombetta
175 East 96th Street (12 R)       /s/  Annamarie Trombetta.  May 12, 2025
New York, New York 10128

Annamarie Trombetta

Exhibit #5A

CMI with the intent to induce, enable, facilitate, or conceal infringement." Aaberg, 2018 WL

1583037, at *6 (citing Ward v. Nat'l Geographic Soc'y, 208 F. Supp. 2d 429, 449 (S.D.N.Y.

2002)). Plaintiff alleges that the WorthPoint Listing violated this section by including the

statement, "copyrighted work licensed by WorthPoint." (Pl. MSJ at 27-29.) However, Plaintiff

does not provide any evidence that EAI was involved in this alleged infringement, and EAI is not

associated with or a part of WorthPoint's business. Thus, EAI is entitled to summary judgment

on Plaintiff's section 1202(a) claim.

       Second, a claim under section 1202(b) requires Trombetta to establish: (1) the

existence of CMI on the products at issue; (2) removal and/or alteration of that information; and

(3) that the removal and/or alteration was done intentionally." Aaberg, 2018 WL 1583037, at *6.

Although Trombetta has not proffered photographic evidence of the copyright management

information on her website prior to the eBay post, she testified that her "website always had a

copyright notice and statement[,] 'All work on this site are [sic.] © Annamarie Trombetta. All

rights reserved." (See docket entry no. 447 ¶ 8.) However, Trombetta has not provided any

admissible evidence to establish that any alteration or removal of the alleged CMI was done

intentionally. Mr. Novocin testified that he was unaware of any CMI associated with Plaintiff's

biography, that he copied the information from askArt.com,[4] that he believed he was authorized

---

[4]    Plaintiff argues that Mr. Novocin could not have found her biography on askArt.com in
December of 2012 because — Plaintiff asserts — her profile on askArt was first created
in 2015. (Pl. Mem. at 22-23.) Plaintiff purports to substantiate her allegations with a
computer screenshot, taken through Wayback Machine, which shows that her askArt
profile was viewable in 2015. (Docket entry no. 488-1 at Ex. 18.) Plaintiff seems to
misunderstand her own evidence. The existence of Trombetta's askArt profile in 2015
only shows that the webpage existed, and its data was cached, by 2015 at the latest. It
does not disprove EAI's assertion that the page existed in 2012 and earlier. Because
Plaintiff provides no evidence to contradict Mr. Novocin's testimony, the Court cannot
find a genuine issue of fact regarding whether Mr. Novocin found the biography on
askArt.

Case 1:18-cv-00993-RA-SLC   Document 348-2   Filed 12/27/22   Page 9 of 27

Yahoo Mail – Re: Annamarie Trombetta

*Exhibit #5B*

*Exhibit #8*                                      4/5/22, 4:01 PM

## Re: Annamarie Trombetta

From: Bob Bahr (babahr@yahoo.com)

To:   trombettaart@yahoo.com

Date: Thursday, March 5, 2015, 09:53 AM EST

*Date March 5 2015*

Thanks. Very glad you liked it. Yes, that is the right link.

I will try to send you a PDF later so you have it in that form as well.

Hope we can paint together sometime when it's above freezing!

Bob

From: Annamarie Trombetta <trombettaart@yahoo.com>
To: Bob Bahr <babahr@yahoo.com>
Sent: Thursday, March 5, 2015 9:47 AM
Subject: Annamarie Trombetta

*Ask Art Website*

Hi Bob,

Thank you so much for a wonderful article.   I have been sharing it with some of my collectors and  colleagues and will do so with many more people. Also thank you for your recommendation for the Ask Art website . I consent to include  my biography  listing to their site.  Can you send me a link that is just this piece or is this the link below??    Also is there a magazine version that I can purchase.

I am please with the work that you selected as one of my collectors expressed her delight as well.

With sincere gratitude,
Annamarie Trombetta

http://www.outdoorpainter.com/artist-profiles/central-park-s-plein-air-past.html?
utm_source=Art+List&utm_campaign=f24b0abe29-PAT_3_4_15&utm_medium=email&utm_term=0_6907cc7961-
f24b0abe29-232018861

Plaintiff000151

Yahoo Mail – A Big Thank you from Annamarie Trombetta

**A Big Thank you from Annamarie Trombetta**

From: Annamarie Trombetta (trombettaart@yahoo.com)

To:      babahr@yahoo.com

Date: Saturday, June 6, 2015, 12:49 PM EDT

*4/17/21, 9:27 PM*

*Exhibit #5 C*

*Exhibit #9*

*Date June 2015*

Hi Bob,

My sincere appreciation for including me once again in Outdoor Painter! I am indeed delighted as was the host of the show to learn that the link and a feature was in the Newsletter for Outdoor Painter.

It is the kind of situation that brings attention not just to me—the Magazine but also to the Hudson River School Painters who have done so much for this country's history in art, Parks and conservation.

Last thank you for the recommendation. I am delighted that my bio is now on AskArt— Mille Grazie for that!

I hope to meet you in person one of these days. Let's plan a meeting if you live in the New York area. Take great care and all the best to you.

Warm Regards,
Annamarie Trombetta

*AskArt 2015*

Plaintiff000150



Exhibit #5D

Annamarietrombetta
AskArt
Link

Date
September 22 2015

1999 2000 2001 2002 2003 2004 2005 2006 2007 2008 2009 2010 2011 2012 2013 2014 **2015** 2016 2017 2018 2019

Saved 1 time September 22, 2015

Exhibit #1

Jean 2015

Plaintiff000154



Plaintiff's Evidence Expert Dis.001007

00;09;48;26 - 00;09;57;24

**Speaker Annamarie Trombetta Plaintiff**

Ah.. I would like your take.. taken down, of course, immediately, simply because it is.. it's fraudulent. I did not do that painting.

00;10;00;09 - 00;10;03;04

Speaker Gregory Watkins

Ok.

**Speaker Annamarie Trombetta Plaintiff**

So the email of the CEO is ..?

00;10;04;03 - 00;10;16;27

Speaker Gregory Watkins

Will  W - I -L- L  at worth point dot com.  His name is Will Seippel. He is the founder.

**Speaker Annamarie Trombetta Plaintiff**

Ok

00;10;17;16 - 00;10;26;05

Speaker Gregory Watkins

And, if you email him  today… I know that he's in ah.. he's in  Las Vegas for a conference for the next couple of days.

**Speaker Annamarie Trombetta Plaintiff**

Mmm humm

 00;10;26;05  -   00;10;33;29

Speaker Gregory Watkins

So if it takes him a couple of days to get to you..ah..but he does reply to all his emails.

00;10;34;02 - 00;10;44;23

**Speaker Annamarie Trombetta Plaintiff**

Understood. Ok well. I appreciate that, but it did take a while. I've

Plaintiff's Evidence Expert Dis.001009



EX# 50 (11)

**Speaker Gregory Watkins**

Alright.

**Speaker Annamarie Trombetta Plaintiff**

It's my last name. T R O M -as in Mary,  B as in boy ,E,  T as in Tom, T as in toy. A as an apple, A as in art. So there's two T's together, two A's .. R as in red , T.  Trombettaart at Yahoo Dot com.

00;12;14;08  -  00;12;24;08

**Speaker Gregory Watkins**

Exhibot 6B

OK, trombetta.

**Speaker Annamarie Trombetta Plaintiff**

Art.. T ..r..o.. m as in Mary ..b as in boy.  dot com So, yeah, you know..like to ..

00;12;24;10 - 00;12;54;18

**Speaker Gregory Watkins**

Let me read it back to you.. t r o m b e t t a.. I send off an email to the IT guy and ask him to  take  down the links  and while he's doing it to look and see if there's a date that shows when we posted  it.

**Speaker Annamarie Trombetta Plaintiff**

Mm hmm.

**Speaker Gregory Watkins**

And I will email you that date. And then beyond that, you can talk with Will or you can email Will and he can explain,  probably  much better than I can, how we get the data and why we don't have that anything.

00;12;54;19 - 00;13;25;14

**Speaker Annamarie Trombetta Plaintiff**

Yeah, why? Why? I can't know the name of the seller.  I mean, basically, I think as a company even though you're small, you do have a responsibility  as far as the quality, the character and the accuracy. And also  the authenticity.  This is a fraudulent piece of art that's attribul.. attribula.. attributed to me. Along with that, it does say that the piece is damaged and that the work is reminiscent of Andre Khron's work.
00;13;25;14 - 00;13;30;06 **CONTINUED Speaker Annamarie Trombetta Plaintiff**

And I look that up and you definitely have pieces of his on your site.

Plaintiff's Evidence 000447

EXHIBIT #

25. **The Digital Millennium Copyright Act requires a designation of agents to receive notifications of claimed infringements under the Digital Millennium Copyright Act ("DMCA")." List, the names and address and years of all the designated WorthPoint Corporation employees , or attorneys from 2014 to 2019 that were or are responsible for responding to all infringement claims for the Digital Millennium Copyright Act ("DMCA")."**

RESPONSE: WorthPoint objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time, and has no bearing on the claims and defenses in this matter, and is a matter of public record not appropriate for discovery. Subject to and without waving the foregoing objections, WorthPoint refers plaintiff to the publicly-available DMCA Designated Agent Directory available on the copyright.gov website of the U.S. Copyright Office.

PLEASE TAKE FURTHER NOTICE, that the Defendant WorthPoint reserves the right to amend and supplement its responses during the pendency of this action.

Dated: April 8, 2022

Very Truly Yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Adam R. Bialek
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Adam.Bialek@wilsonelser.com

Jana A. Slavina Farmer
1133 Westchester Ave

16

269003927v.1

**Exhibit # 6D**

**EXHIBIT #11 C**

## Interim Designation of Agent to Receive Notification of Claimed Infringement

Full Legal Name of Service Provider: _WorthPoint Corp._

Alternative Name(s) of Service Provider (including all names under which the service provider is doing business): _N/A_

Address of Service Provider: _3525 Piedmont Rd. Building 5, Suite 435_
_Atlanta, GA 30305_

Name of Agent Designated to Receive Notification of Claimed Infringement: _Gregory Watkins_

Full Address of Designated Agent to which Notification Should be Sent (a P.O. Box or similar designation is not acceptable except where it is the only address that can be used in the geographic location): _WorthPoint Corp.  3525 Piedmont Rd._
_Building 5, Suite 435, Atlanta, GA 30305_

Telephone Number of Designated Agent: _404.996.1474_

Facsimile Number of Designated Agent: _877.588.3564_

Email Address of Designated Agent: _copyright@worthpoint.com_

ve of the Designating Service Provider:
Date: _8/15/13_

Typed or Printed Name and Title: _Gregory L. Watkins, Executive Editor_
_& Director of Content_

Note: This Interim Designation Must be Accompanied by a Filing Fee*
Made Payable to the Register of Copyrights.
*Note: Current and adjusted fees are available on the Copyright website at
www.copyright.gov/docs/fees.html

Scanned
AUG 3 0 2013

Mail the form to:
Copyright I&R/Recordation
P.O. BOX 71537
Washington, DC 20024


162658933

Received
AUG 2 2 2013
Copyright Office

Plaintiff000171

Exhibit 7B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Annamarie Trombetta, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. | ) | |
| | ) | |
| Norb Novocin, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF WILLIAM H. SEIPPEL IN SUPPORT OF DEFENDANTS
WORTHPOINT CORPORATION AND SEIPPEL'S MOTION TO DISMISS**

I, WILLIAM H. SEIPPEL, state as follows:

1.     My name is William H. Seippel, and I am a resident of the State of Georgia.  I am over the age of 18 and am competent to testify to the matters and facts set forth below, all of which are within my personal knowledge.

2.     I am the Chief Executive Officer and Founder of WorthPoint Corporation ("WorthPoint").

3.     WorthPoint is an online resource for researching and valuing antiques, art, and other collectibles.

1

WHS 1 of 3
6/24/20

**Exhibit # 7B**

4.      WorthPoint's primary offering, the Worthopedia, is a searchable online database

that provides subscribing users with historical pricing data from actual auction and retail sales.

The Worthopedia is accessible to users from the website www.worthpoint.com.  And it provides

subscribers with access to more than 525 million historical auction listings, including historical

listings from the online auction website www.ebay.com.

*Date — Alleged False Claim of WP Removal*

5.      In or around January 2016, I became aware that Plaintiff Annamarie Trombetta

contacted WorthPoint regarding an auction listing in the Worthopedia that she alleged infringed

her copyright rights (hereinafter, the "Allegedly Infringing Auction Listing").  And, on or around

February 4, 2016, I caused the Allegedly Infringing Auction Listing, which was displayed at

https://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-4892417, to be

permanently deleted from WorthPoint's website.  Once deleted, the Allegedly Infringing Auction

Listing was never reposted to the Worthopedia.

6.      On February 20, 2016, I received an email from Plaintiff Trombetta which stated

that a reference to the title of the Allegedly Infringing Auction Listing remained visible when she

conducted a "google search for the painting '1972 Original Oil Painting Man with Red Umbrella

signed Annamarie Trombetta…'"  Shortly thereafter, on March 1, 2016, I responded to Plaintiff

Trombetta's February 20, 2016 email and informed her that "we have taken down any pages that

you have asked to have taken down as a courtesy to you" and that any reference to the Allegedly

Infringing Auction Listing in her Google search "reflected the past" and was the result "of that

search engine's memory."

7.      On February 5, 2018, Plaintiff Trombetta filed a complaint against Estate

Auctions, Inc., Marie Novocin, and Norb Novocin in the United States District Court for the

WP
2 of 3
1/24/20



 **WorthPoint**

Jason Packer <jason.packer@worthpoint.com>

## RE: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork
9 messages

**Will Seippel** <will.seippel@worthpoint.com>                                         Sat, Feb 20, 2016 at 10:35 AM
To: Annamarie Trombetta <trombettaart@yahoo.com>, will@worthpoint.com, Jason Packer <jason.packer@worthpoint.com>
Cc: Worthpoint Support <support@worthpoint.com>

Hi, Annamarie. The art world is a very dark world and it is our goal to remove as many shadows as possible and supply equal information, and a lot of it, to all. To achieve this goal many auction houses allow us to use their data, including eBay.

We unfortunately do not take the data from eBay you are asking for. We only obtain selling price, pictures and the description. We do not obtain sellers, buyers and all such information you are asking for. I am sorry we do not do that but we never had and it is more information than we are allowed to collect. I do not think that data actually exists anywhere at this point as we are the only persons that have saved this to my knowledge. Since you are the artists, and I have no reason to doubt that, and you feel this is fraudulent, we will remove the item from the site so that it does not mislead anyone on your paintings.

If I can be of any other help, please let me know.

**From:** Annamarie Trombetta [mailto:trombettaart@yahoo.com]
**Sent:** Saturday, February 20, 2016 10:24 AM
**To:** will@worthpoint.com
**Cc:** Worthpoint Support <support@worthpoint.com>
**Subject:** Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

Dear Mr. Seippel and Mr. Watkins,

Allow me to introduce myself to you Mr. Seippel.  I am  professional artist Annamarie Trombetta.  I as well as other people found a listing for a painting entitled 1972 Original Oil Painting Man with Red Umbrella signed Annamarie Trombetta.  This is not one of my paintings.  There is a photo of a signature A. Trombetta  with the eBay logo and Copyright symbol written "Copyrighted work licensed by Worthpoint "  with your company logo in yellow next to it.  This is not my signature.  **Please see attachments.**

On February 3, 2016  I spoke with Mr. Gregory Watkins.  Mr. Watkins also stated that you were at a conference in Las Vegas.  I asked Mr. Watkins certain  questions regarding the artwork falsely attributed to me.  I  requested that he e-mail me his answers regarding these questions that I had about this artwork  on Tuesday February 3, 2016.  Today is February 20, 2016  and  nothing has been forwarded  to me.  I have contacted eBay several times  prior to contacting your company.

EBay stated that they do not have the name of the seller  nor the name of the buyer or the listing for this painting.  Ebay expressed several times to me that I need to contact Worthpoint since the listing is on your site..

There are still listing for Worthpoint.com under my name.   Under google search for the painting "1972 Original Oil Painting Man with Red Umbrella signed Annamarie Trombetta there is a link entitled **Marilyn Monroe 1988 Vintage Michael Ochs Archive and also Thomas Kinkade** .  Both  Worthpoint sites list 1972 Original Oil Painting Man with Red

WP000135

Case 1:18-cv-00993-LTS-SLC    Document 538    Filed 02/20/24    Page 7 of 35

*Jason Packer*

Exhibit 8A

Defendant WorthPoint timely served Plaintiff with notice that Jason Packer, as the

lead technical architect for WorthPoint Corporation, would serve as a fact witness in this case

based on his personal knowledge of relevant events.[3] (See docket entry nos. 480 ("Farmer

Decl."), 480-2 ("Packer Decl."); see also Fed. R. Evid. 602.) Plaintiff's motion in limine, which

she styles as a Daubert challenge, seeks to preclude the testimony of WorthPoint's fact witness,

Jason Packer, on the grounds that it is "inaccurate and misleading." (See Pl. MIL at 12.) Packer,

who works with WorthPoint as a lead technical architect in the areas of data, search engine

optimization, and analytics, proffers in his declaration that he removed the Listing from

Worthpoint on February 4, 2016, that the Listing neither appeared on nor was accessed on

WorthPoint after that date, that the Listing had limited viewership during its time on

WorthPoint's website, that only two subscribers ever inquired into the Painting's sale price —

one of whom was apparently the Plaintiff herself — , and provides data metrics to corroborate

those contentions. (Packer Decl. ¶¶ 7, 8, 13, 25.) Plaintiff asserts that Packer's testimony is

false and inconsistent with certain elements of the documentary record and accuses Packer or

WorthPoint of altering documents used in support of the declaration. (Pl. MIL.)

---

[3]    The Court notes that certain elements of Packer's declaration seem to suggest that he may
be qualified to offer expert testimony. (See, e.g., Packer Decl. ¶ 2 (explaining Packer's
expertise in Google Analytics and educational background).) WorthPoint has not
proffered Packer's testimony as an expert witness in this action, nor has it complied with
the applicable expert disclosure requirements with respect to Packer. However,
WorthPoint has proffered its February 25, 2022 Rule 26 disclosure statement, which lists
Jason Packer as a fact witness "likely to have discoverable information," according to
Federal Rule of Civil Procedure 26(a)(1)(A)(i). (Docket entry no. 480-1.) Therefore, the
Court is satisfied that Packer's testimony was offered for, and it will only be admissible
so far as, his capacity as a fact witness.

Exhibit 8B

evidence that Stricciola has the specialized technical knowledge to determine the stated facts in issue, that her testimony is based on sufficient facts and data to satisfy the requirements of Rule 702, and that her analysis will help the Court determine a material fact, namely, the accessibility of the Listing after February 4, 2016. See Fed. R. Evid. 702; Daubert, 509 U.S. at 597.

Plaintiff alleges that Stricchiola's report was based on inaccurate information (namely, the information obtained from Jason Packer), used unreliable methods, and, as a result, had an "undue tendency to suggest decisions on an improper basis." (Pl. Stricchiola Opp. at 11.) Plaintiff disputes the factual accuracy of Stricchiola's report because of alleged "inaccuracies" in Packer's declaration, upon which Stricchiola partially relied during her review of the factual record. (See id. at 14-15.) In particular, Plaintiff disputes whether the email address Jason Packer identified as one of two users who looked up the price of the Painting on WorthPoint's website — annamarie@trombettaart.com — was truly Plaintiff's preferred email address. (See Packer Decl. ¶ 19; Pl. Stricchiola Opp. at 11.) This factual dispute is ancillary to any material disputes in this action and, in any event, was not relevant to any of Stricchiola's conclusions. (See Stricchiola Rpt. ¶ 2.) Therefore, Trombetta's argument to preclude Stricchiola's report on this basis is unpersuasive.

Plaintiff also makes various arguments that Stricchiola's report is misleading because it failed to "integrate, review, and include" various pieces of evidence and arguments that the Plaintiff has offered in her case for summary judgment. (Id. at 11, 14-15, 17.) Plaintiff argues that Stricchiola did not discuss the January 4, 2017, email exchange between Trombetta and WorthPoint, and, more generally, that her "[d]iscovery contain[ed] over one thousand documents produced to Worthpoint . . . and all [were] omitted." (Pl. Stricchiola Opp. at 20-21; see also docket entry no. 443-2 at Ex. 4A.) First, "[w]hile an expert should address evidence that

EXHIBIT #90 C       EXHIBIT #35

Plaintiff's Deposition                    **Page 178**

A. Trombetta          Yahoo email

1

2    and make an inquiry.

3         Q.    Have you done that over the last six

4    years?

5         A.    I cannot say that I have.

6         Q.    Do you know whether there is any

7    evidence that Worthpoint visited your website

8    prior to February 2015 or August 2015?

9         A.    I need to answer this in three

10   particular ways.  First and for most, since this

11   occurred in 2015 it has been a nightmare in which

12   like a horror movie the source of the chaos and

13   confusion keeps coming back to life and has yet to

14   be vanquished.

15              Secondly, I have e-mails from

16   Worthpoint that were sent to my website.

17              Three, I never gave Worthpoint my        Statement

18   e-mail address from my website.  That is an

19   important point.  FROM PLAINTIFFS DEPOSITION

20        Q.    You have no record of Worthpoint being

21   on your website in 2012; correct?  Yes or no?

22        A.    At present I do not.

23        Q.    And you have no record of Worthpoint

24   being on your website prior to August 13, 2015; is

25   that correct; yes or no?

Exhibit 8D EXHIBIT #34

15. Figure 9 shows, once again, that the visitor on May 8, 2017 also encountered the "404 Page not found" error, which demonstrates with a reasonable degree of professional certainty that the URL had not returned any content and had not been reloaded.

16. I further declare that there have not been any tagging errors or outages that would have caused significant data loss to WorthPoint's data processing server or Google Analytics account during the relevant time periods from 2012 to present.

17. WorthPoint monitors their Google Analytics account closely and logs issues in Google Analytics as annotations. There are no relevant annotations in Google analytics indicating any tagging errors or outages during the relevant time period.

18. WorthPoint does not sell any artworks or collectables. Rather, visitors and subscribers to WorthPoint's website are given an opportunity to view available information on sales of artwork. Further, only paid subscribers can view the price for which listed artworks or collectibles previously sold. WorthPoint was not involved in the sale of the 1972 Man with Red Umbrella painting, did not create the content in the listing, did not participate in identifying the artist of the painting, and was not party to the inclusion of plaintiff's biography in the original listing.

*False Information*

19. According to WorthPoint's log of price lookups (a true and correct screenshot of which is annexed hereto as Exhibit 3 and Figure 10 below) made from the price guide detail page, only two users made those requests for the artwork described in the subject URL. Upon information and belief, annamarie@trombettaart.com is plaintiff's email address, meaning that one of the two users looking up the price for the subject painting was plaintiff herself. Upon information and belief, the other visitor, with an address of Simianarts@cs.com appears to have been plaintiff's friend.

*Jason Packer's Declaration*

257342712v.2

*Exhibit A* — Judge Swain

copyrighted work by reposting her biography.  (SAC ¶ 1.)  She further asserts that the posting of

the low-priced eBay sale of the painting devalues her work and her reputation as an artist.  (Id.

¶ 5.)

          After she discovered the Listing, Plaintiff contacted WorthPoint several times, and

she submitted an official request to remove the report in January 2016.  (WorthPoint 56.1 ¶¶ 35-

37.)  In February 2016, Plaintiff spoke with representatives of WorthPoint, and the Listing was

removed from WorthPoint's website on February 4, 2016.  (Id. ¶ 41; SAC ¶ 16.)  In December

*[Correction October 2016]*

2016, Plaintiff ran a Google search and saw a snippet of the WorthPoint post still visible on the

Google search results page.  (SAC ¶ 17.)  Plaintiff asserts, and WorthPoint disputes, that the

*Correction May*

Listing was accessible via Google search as recently as March 2017.  (Docket entry 443-2 at Ex.

2.)  Plaintiff does not recall whether she was able to view the live page on WorthPoint's website

after February 2016.  (Docket entry no. 425-1 ("Trombetta Dep.") at 270:6-9; WorthPoint 56.1

¶¶ 56-61.)  After December 2016, Plaintiff contacted the original seller, EAI, to ask them to take

down the information from the WorthPoint post.  (Id. ¶ 17; see also docket entry no. 443-2 at Ex.

2B.)  In January 2017, Plaintiff called EAI Defendants multiple times to obtain information

regarding the Painting's buyer and to request that the WorthPoint Listing be taken down.  (SAC

¶ 17; EAI 56.1 ¶¶ 27-33.)  The exact details of these phone calls are disputed and are ultimately

immaterial, but it is clear that the parties were unable to conclude the matter in a manner

satisfactory to the Plaintiff at that time.  (Id.)

          Plaintiff initiated this action on February 5, 2018, seeking damages and an

injunction against further misattribution of her work by EAI Defendants.  (Docket entry no. 1.)

On February 21, 2020, Plaintiff amended her complaint to add WorthPoint and its principal,

William Seippel, as defendants.  (Docket entry no. 36 ("FAC").)  Judge Abrams dismissed all

United States District Court
Southern District of New York

Exhibit 9B

Annamarie Trombetta

    Plaintiff
        vs.
Norb Novocin, Marie Novocin and
    Estate Auctions Inc.

William Sieppel  and  WorthPoint Corporation |
5 Concourse Parkway NE, Suite 2850
Atlanta, Georgia 30328

        Defendants

Case No. 18-cv-0993-RA-HBP

**PLAINTIFF'S REQUEST TO**

**SUBMIT  PHONE RECORDINGS**

**FROM NEW DEFENDANT**

To The  Honorable Judge Ronnie Abrams and  The Honorable Sarah Cave :

The Plaintiff Annamarie Trombetta in Case No.  Case No. 18-cv-0993-RA-HBP  is requesting

at this time permission to e-mail relevant phone recording  from the  two employees  from

Worthpoint .com which is the New Defendant named in Plaintiff's Proposed Amended Complaint.

The phone recording validate that the Plaintiff went to great lengths to A)  contact the Worthpoint company

B) find out if they were the seller   C) validating that Worthpoint .com  was  the party that was responsible

for posting and maintaining the  false internet posting that was appearing under the Plaintiff's name and

professional listings.D) the recording validate in great detail that Plaintiff was not the artist, the information was

false and the damage  of the false association of the artist Annamarie Trombetta with the Worthpoint  Comapnay and

website.  The phone recording were with  Anita B.  of Worthpoint .com  receptionist/employee andGreg Watkins

Website Master/ from Worthpoint .com.  The electronic recordings  are  definitive proof that the Plaintiff  informed

and acted with integrity  in requesting the removal of the false  posting which is the basis for this lawsuit

At this timely junction, Plaintiff is requesting that she can e-mail the Judges and the Attorney for the Defendants.

Respectfully Requested,

Dated  February 20, 2020

By _____
      Annamarie Trombetta

    175 East 96th Street  ( 12  R)

    New York,  New York  10128

 Gmail 

Annamarie Trombetta <atrombettaart@gmail.com>

---

## Trombetta v. Novocin et al., 18 CV 993

**Annamarie Trombetta** <atrombettaart@gmail.com>
To: Doran_Satanove@nysd.uscourts.gov

Wed, Feb 20, 2019 at 2:43 PM

Dear Mr. Satanove,

Thank you for forwarding the information. I printed it out at the Pro Se Court house yesterday.

Please extend my gratitude to Judge Abrams for allowing me to present my information yesterday and today via the recording and this e-mail

Below is a link to the article on May 24, 2018 in The Delaware Business Times mentioned yesterday in full.
https://www.delawarebusinesstimes.com/seaford-based-estate-auctions-ranks-top-ebay-sellers/

**Attached is the January 2017 phone call RECORDING made by the Defendant

The Image of the A. Trombetta Signature--the Price 181.50 and the Title and Statement **"Signed Annamarie Trombetta"**
Respectfully,
Annamarie Trombetta, Artist



Norbert Novicin to the Plaintiff Annamarie Trombetta
[Quoted text hidden]



**Norb Novicin Estate Auctions.m4a**
5047K

---

Plaintiff's Evidence Expert Dis. 000889

EXHIBIT# 6
page
(3) page
3
Exhibit '9 D

# Norb Novocin Jan.10, 2017 Phone Call Made to Plaintiff

**Speaker 1 Novocin**

I'm the seller. I sold this on eBay.

00;02;58;00 - 00;03;42;14

**Speaker 2 Trombetta**

And you don't know how you acquired it.

**Speaker 1 Novocin**

I acquired it at an auction, somewhere. It could have been... I go to about four auctions a week. I sell about 360 items every week. ... every week. So no I don't know which auction this came from.

**Speaker 2 Trombetta**

Well, since it's a painting, shouldn't it have had some kind of authenticity or ah uh ...as your wife said, provenance ?

**Speaker 1 Novocin**

If it doesn't have provenance..... there's lots of paintings out there without a provenance and so what we stated this ... We didn't even state it was by you. We just stated it was signed Annamarie Trombetta.

00;03;42;14 - 00;03;43;28

**Speaker 2 Trombetta**

Right And that's fraud, sir.

00;03;44;07 - 00;03;51;28

**Speaker 1 Novocin**

Why is that fraud ?

**Speaker 2 Trombetta**

Because, I did not do that painting. And I'm not a hack of a painter. I'm a professional painter.

00;03;52;03 - 00;03;52;21

**Speaker 1 Novocin**

Okay

**Speaker 2 Trombetta**

Plaintiff's Evidence Expert Dis. 000891

EXHIBIT # 10

# Norb Novocin Jan.10, 2017 Phone Call Made to Plaintiff (5)

#### Speaker 2 Trombetta

You won't......

#### Speaker 1 Novocin

who purchased the painting.... cause she asked me not to......

But if you want to acquire an attorney and go for stuff... stuff then Go For it. But we have not done anything illegal or wrong.

#### Speaker 2 Trombetta

Well let's leave a court to decide that, thank you,

#### Speaker 1 Novocin

Very good, thank you.

#### Speaker 2 Trombetta

We will.

Exhibit # 9E

Exhibit A /A

JUDGE ABRAMS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Annamarie Trombetta
Artist

Write the full name of each plaintiff.

18 CV 0993

_____CV_____

(Include case number if one has been assigned)

-against-

Norb Novocin

Marie Novocin

Estate Auctions, Inc.

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**COMPLAINT**

Do you want a jury trial?
☒ Yes   ☐ No



---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

United States District Court
Southern District of New York

Annamarie Trombetta                                            Case No. 18-cv-0993-RA-HBP

    Plaintiff

    vs.                                        **PLAINTIFF'S RESPONSE IN OPPOSITION**
                        **TO DEFENDANT'S MOTION TO DISMISS**
Norb Novocin, Marie Novocin and              **PLAINTIFF"S AMENDED COMPLAINT**
    Estate Auctions Inc.

    William Sieppel and WorthPoint Corporation
5 Concourse Parkway NE, Suite 2850                    **JURY TRIAL REQUESTED**
    Atlanta, Georgia 30328

    Defendants

---

Plaintiff, Annamarie Trombetta, a Pro Se` Litigant files this response in opposition to Defendants

Fed. R. Civ. P. 12(b)(6) motion to dismiss the amended complaint for failure to state a claim. First,

although the Plaintiff is Pro Se`, a complaint should never be dismissed because the court is doubtful

that the plaintiff will be able to adhere to legal protocol as there are factual allegations . When a

defendant moves to dismiss for failure to state a claim upon which relief can be granted under Fed. R.

Civ. P.12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the

non-moving party's favor." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471,475 (2d Cir. 2009)

The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.662,

678 (2009).  In ruling on a motion to dismiss, a "district court may consider the facts as asserted within

the four corners of the complaint together with the documents attached to the complaint as exhibits, and

any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone

Dev. Corp."  In a copyright infringement action, the works themselves supersede and control contrary

descriptions of them" contained in the pleadings. Copyright protection extends to "original works of

Case 1:18-cv-00993-LTS-SLC   Document 556   Filed 03/07/25   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Exhibit #2A* (handwritten)

| |
|---|
| ANNAMARIE TROMBETTA, |
| Plaintiff, |
| -against- |
| NORB NOVOCIN, MARIE NOVOCIN, ESTATE AUCTIONS, INC., AND WORTHPOINT CORPORATION, |
| Defendants. |

18-CV-0993-LTS-SLC

MEMORANDUM ORDER

Plaintiff Annamarie Trombetta ("Plaintiff") brings this action pro se against Norb

Novocin, Marie Novocin, Estate Auctions, Inc. (collectively, "EAI Defendants"), and WorthPoint

Corporation ("WorthPoint"),[1] asserting claims arising under the Digital Millennium Copyright

Act, 17 U.S.C. §§ 1201 et seq. ("DMCA"), the Visual Artists Rights Act, Pub. L. No. 101-650

(tit. VI), 104 Stat. 5089, 5128-33 (1990) ("VARA"), the New York Artists' Authorship Rights

Act, N.Y. Arts & Cult. Aff. L. § 14.3 ("NYAARA"), as well as claims for copyright infringement,

17 U.S.C. § 501, identity theft, 18 U.S.C. § 1028, and intentional infliction of emotional distress.

(Docket entry no. 348-1 ("Second Amended Complaint" or "SAC").)[2]  On February 20, 2024,

the Court granted WorthPoint's motion for summary judgment, entering judgment dismissing all

---

[1]  On December 20, 2021, Judge Abrams dismissed all claims against William Seippel, the founder and Chief Executive Officer of WorthPoint, for lack of personal jurisdiction. (Docket entry no. 187.)

[2]  In her motion for summary judgment, Plaintiff attempted to assert additional claims for fraud and negligence.  (See docket entry no. 432 ("Pl. MSJ") at 29-35, 37-38.)  The Court declined to consider the merits of those claims because they were not plead in the operative complaint (see SAC) and Plaintiff was warned repeatedly that the deadline to amend her Complaint to assert new claims expired on December 19, 2022 (see, e.g., docket entry nos. 333, 370).  In this motion practice, Plaintiff once again argues that she should have been permitted to assert those claims.  (Docket entry no. 542, at 4.)

TROMBETTA MTR                              MARCH 7, 2025                                      1

Case 1:18-cv-00993-RA-SLC   Document 241   Filed 12/19/22   Page 1 of 39

Exhibit #2B
1

United States District Court
Southern District of New York

Annamarie Trombetta

Plaintiff
vs.

Norb Novocin, Marie Novocin
and   Estate Auctions Inc.
and

William Seippel  & WorthPoint Corporation
5 Concourse Parkway NE, Suite 2850
Atlanta, Georgia 30328

Defendants

Case No. 18-cv-0993-RA-HBP

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A PROPOSED AMENDED COMPLAINT FOR FRAUD, EMOTIONAL DISTRESS, TORT AND PERMANENT INJUNCTIVE RELIEF AGAINST EAI AND NORB AND MARIE NOVICIN AND WORTH POINT CORPORATION DUE TO THE WILLFUL CONCEALMENT AND FALSIFICATION OF FACTS AND FALSE ADVERTISING**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A PROPOSED AMENDED COMPLAINT TO INCLUDE FRAUD,, FALSE ADVERTISING  EMOTIONAL DISTRESS AND A REQUST   FOR DECLARATORY, PERMANENT INJUNCTION AND OTHER EQUITABLE  RELIEF**

**FIRST DEFENDANTS ONLY : ESTATE AUCTIONS  INC.
NORB AND  MARIE NOVOCIN
PROPOSED   AMENDED  COMPLAINT**

Pursuant to Rule 15,  Rule 15 (a) (2),  Rule 15 (c) (1) (a),  Rule 15 (d)  and  Rule  26.01  of  the Federal Rules of  Civil Procedure  and this Court,  Plaintiff  hereby respectfully submits this Memorandum in  Support of  Plaintiff's Motion for Leave to  File  a Proposed  Amended  Complaint to add Fed. Rule of  Civil  Procedure  Fraud 9 (b) and for the Plaintiff's Request  for  Permanent Injunction and Other Equitable Relief ("Amended Complaint").   Rule 15(c)(1) indicates that an amendment to a complaint will relate back to the date of the original pleading if certain conditions are satisfied.  First, the law that provides the applicable statute of limitations must allow the relation back. Fed. R. Civ. P. 15(c)(1)(A).

## INTRODUCTION

The Defendants,  Estate Auctions Inc.  have consistently purported confusing, illogical,  multiple versions  and obscured responses to Plaintiff's  very simple and  direct questions. Based  on  past

Case 1:18-cv-00993-RA-SLC  Document 340   Filed 12/19/22   Page 1 of 2

Date – 12/19/22

Exhibit 2B-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                            Plaintiff,

        -v-

NORB NOVOCIN, MARIE NOVOCIN, ESTATE
AUCTIONS, INC., AND WORTHPOINT
CORPORATION,

                            Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

The Court is in receipt of pro se Plaintiff Annamarie Trombetta's ("Ms. Trombetta") letter

dated December 16, 2022, (ECF No. 338), and orders as follows:

1. Because the only outstanding discovery issue that Ms. Trombetta identifies is

   something that the Court has deemed resolved (see ECF No. 327), the Court deems

   fact discovery to be closed at this time.

2. Ms. Trombetta is permitted, but not required, to attach exhibits to her proposed

   amended complaint. As the Court has stated no less than ten times (see ECF Nos. 221;

   236; 238; 244; 271; 286; 297; 302; 321; 333), to the extent Ms. Trombetta raises

   merits issues for the Court's consideration, the Court reaffirms that any evidentiary

   or merits issues are not yet ripe, and may be appropriately raised at the summary

   judgment and/or trial stages of this case. Though the Court is permitting

   Ms. Trombetta to attach exhibits to her proposed amended complaint, it shall not be

   an avenue to subvert the posture of this case.

3. To the extent Ms. Trombetta seeks an extension of time to serve expert disclosures

   pursuant to Federal Rule of Civil Procedure 26(a)(2) on Defendants, her request is

Exhibit #2C

# DOCKET #'s for Plaintiff's Second Amended Complaint Granted by Judge Cave on Feb.2, 2023

| 366 | Feb 2, 2023 | ORDER granting 348 Motion to Amend/Correct 348 MOTION to Amend/Correct., 1 Complaint. The Clerk of Court is respectfully directed to (i) close ECF No. 348, and (ii) mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 2/2/23) (yv) (Entered: 02/02/2023) |
| 368 | Feb 9, 2023 | ***STRICKEN DOCUMENT. Document number 368 has been stricken from the case record. The document was stricken from this case pursuant to 370 Order . PLAINTIFF'S SECOND AMENDED COMPLAINT amending 356 Amended Complaint, against Estate Auctions, Inc., Marie Novocin, Norb Novocin, WorthPoint Corporation with JURY DEMAND.Document filed by Annamarie Trombetta. Related document: 356 Amended Complaint.(sc) Modified on 2/13/2023 (yv). (Entered: 02/10/2023) |



On Feb. 2, 2023, Plaintiff immediately consulted with lawyers to confirm what to do. Standard legal protocol requires me to file a Second Amended Complaint. The public docket did not state Judge Cave deemed Docket 348 as the Operative Complaint, thus a legal procedure was skipped.
As a Pro Se Litigant I tried to follow the rules. The constant changes hindered my ability.

| 369 | Feb 10, 2023 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 2/10/23 re: *ORDER: 366 LETTER TO THE COURT - DELAYED MAIL TO PLAINTIFF - UNAWARE OF CONTENT & DIRECTION* - I worked very hard to edit and rewrite my Second Amended Complaint with exhibits, all done with the understanding that this was my required responsibility to submit. I hope that the Court will consider and maintain my filing and not strike my complaint with all of the exhibits. Please note that all of the exhibits (except two) were extracted from Discovery. Document filed by Annamarie Trombetta.(sc) (Entered: 02/10/2023) |
| 370 | Feb 13, 2023 | ORDER. Because the Court had already indicated that the PAC will serve as the operative pleading in this action, (see ECF No. 366), the Revised Complaint is STRICKEN. No further amendments will be permitted. The Clerk of Court is respectfully directed to (i) strike ECF No. 368, and (ii) mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 2/13/23) (yv) (Entered: 02/13/2023) |
| 371 | Feb 16, 2023 | FILING ERROR - DEFICIENT DOCKET ENTRY - ANSWER to 356 Amended Complaint. Document filed by WorthPoint Corporation. (Slavina Farmer, Jana) Modified on 2/22/2023 (db). As per ECF-ERROR Email Correspondence received on 2/21/2023 @ 3:37pm. (Entered: 02/16/2023) |

Plaintiff's Motion Rule 59e
Rule60   4   Exhibit 2D

March 19, 2024 Doc. 542 Page 4

Court mailing of Doc. 366, the public docket did not state Judge Cave deemed my Proposed

Amended Complaint as the Operative Complaint.  Judge Cave deemed my Dec. 19, 2022 filing

(refiled in Doc. 348) and granted my Amended Complaint as the Operative Complaint Feb. 3,

2023.Judge Cave never dismissed my Operative Complaint same as the Dec. 19 2022 content.

On page one of Judge Swains' Feb. 20, 2024 Memorandum Judgment, Your Honor does

not note my dated Dec.19, 2022 filings in Doc. 341 and 342 . To further clarify, in Doc. 333

the deadline to file my "PROPOSED" Amended Complaint was Dec.19, 2023. Again, the        Correction

same PAC filed on Dec. 19th was granted and deemed the Operative Complaint on Feb. 2, 2023.

I brings to the Court's attention to my first filing on May 18, 2022 in Doc. 224 and Doc.

225, when Plaintiff filed a Motion For Leave to File a Supplemental and/or Amended

Complaint to include Fraud, Declaratory and Permanent Injunctive based on Defendants

production of false Discovery and contradictory evidence by both Defendants.  Judge Cave

denied my Leave to Amend till the end of Discovery which concluded on Dec. 19, 2022 .    Correctio

I note on page one of Doc. 538,  Your Honor incorrectly wrote my SAC was late. It is in

Doc. 341 and 342. I note in Your Memorandum it is written  Plaintiff's MSJ in Doc. 432 on

pages 29-35 and 37-38 asserts additional claims for fraud. My PAC filed on Dec. 19, 2022 is

the same as my Operative Complaint. My Plaintiff's MSJ in Doc. 432 was taken from my

Operative Complaint and all  fraud claims for both Defendants start on page 6 to 82. I begin

with the Legal Standards of F.R.C.R Fraud 9 (b) to Amend Plaintiff's Complaint.  At the end

of page 8, I listed all five elements of Fraud.  On page 8, I noted the  Statutes of Limitation

for Fraud in New York ~ Six Years GENERAL or Two Years From the  Time of the Confirmed

Fraud which was confirmed early April 2022, by Discovery evidence.  EAI's  misspelled

Case 1:18-cv-00993-LTS-SLC   Document 547   Filed 04/02/24   Page 19 of 21

*WorthPoint Attorney Response — 2D*   *Exhibit 2D*

that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

statements were made, and (4) explain why the statements were fraudulent.  In other words, Rule

9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud.

*United States ex rel. Kester v. Novartis Pharm. Corp.,* 23 F. Supp. 3d 242, 245 (S.D.N.Y. 2014).

Here, Plaintiff still does not satisfy the particularity requirements as Plaintiff does not

identify what statements WorthPoint made with knowledge of their falsity prior to Plaintiff alerting

WorthPoint of her claim, does not identify the speaker, or explain why the statements were

fraudulent.  Had Plaintiff had any valid fraud claims, which she does not, they too would have

been precluded due to the statute of limitations.

To the extent that Plaintiff's Complaint relies on ECF No. 368 for her "eight counts of

Fraud" this document was stricken from the record. *See,* ECF No. 468.  As explained by the Court,

on several occasions, the Operative Second Amended Complaint is ECF No. 348.1.  Therefore,

the "eight counts of fraud" must be disregarded as Plaintiff has failed to allege same in the

operative complaint.  The Court notes this in a footnote in its February 20, 2024 opinion and order,

writing that "[b]ecause these claims were not included in the operative Complaint (see SAC) and

Plaintiff was warned repeatedly that the deadline to amend her Complaint to assert new claims

expired on December 19, 2022 (see, e.g., docket entry nos. 333, 370), the Court does not consider

those claims, and they are deemed waived."  (ECF 538, p. 1, fn. 2.)  Further, to the extent her

memorandum of law suggests that the basis of her fraud claim is any activity by WorthPoint or

their counsel during the course of the discovery, all discovery issues have previously been resolved

by Magistrate Judge Cave, who has not found any wrongdoing on the part of WorthPoint or their

counsel. See ECF No. 340 ("Because the only outstanding discovery issue that Ms. Trombetta

| 468 | 05/15/2023 | MEMO ENDORSEMENT on re: [463] Letter, filed by Annamarie Trombetta ENDORSEMENT The Court directs Ms. Trombetta to its recent endorsement filed May 12, 2023, on these issues. See Dkt. 466. It once again encourages her to discuss these concerns with NYLAG's Legal Assistance Clinic, or to raise them at a settlement conference with Judge Cave, which may be requested by letter no later than May 30, 2023. SO ORDERED. (Signed by Judge Ronnie Abrams on 5/15/2023) |
| 467 | 05/15/2023 | MEMO ENDORSEMENT on re: [464] Letter filed by WorthPoint Corporation ENDORSEMENT The Court directs Defendant WorthPoint to the recent endorsement filed May 12, 2023. See Dkt. 465. Moving forward, Defendants need not respond regarding disputed factual allegations raised in Ms. Trombetta's letters on these issues. SO ORDERED. (Signed by Judge Ronnie Abrams on 5/15/2023) |
|  | 05/15/2023 | Mailing Receipt (Text entry; no document attached.) |
| 466 | 05/12/2023 | MEMO ENDORSEMENT on re: [460] Letter, filed by Annamarie Trombetta. ENDORSEMENT The Court once again encourages Ms. Trombetta to seek the advice of pro bono legal counsel about any questions she may have, and again attaches a flyer for the NYLAG Legal Assistance Clinic to this order. The Court further encourages Ms. Trombetta to discuss the concerns expressed in her letter and other correspondence in a settlement conference with Judge Cave, which may be requested by letter by May 30, 2023. See Dkt. 454. SO ORDERED. (Signed by Judge Ronnie Abrams on 5/12/2023) |
| 465 | 05/12/2023 | MEMO ENDORSEMENT on re: [461] Letter filed by WorthPoint Corporation. ENDORSEMENT Defendant WorthPoint need not file further responses on regarding this issue. SO ORDERED. (Signed by Judge Ronnie Abrams on 5/12/2023) |
| 464 | 05/12/2023 | LETTER addressed to Judge Ronnie Abrams from Jana Farmer, Esq. dated May 12, 2023 re: Plaintiff's May 11, 2023, Letter. Document filed by WorthPoint Corporation.(Slavina Farmer, Jana) |
| 463 | 05/11/2023 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 5/11/23 re: 1-PLAINTIFF'S RESPONSE TO DEFENDANTS' LETTER ECF 341; 2-FRCP RULE 11 COURT GRANTING PRO SE LITIGANT REASONABLE ATTORNEY'S FEES; 3- REFERENCE TO ECF 317 DATED 11/22/23 ENTITLED DEFENDANT'S EMAIL FOREWARNING PLAINTIFF OF IMPOSED ATTORNEY'S FEES AS OPPOSED TO RESOLUTIONS. Document filed by Annamarie Trombetta. |

Doc, 542 Page 1    Exhibit 3A

**In The United States District Court For Southern District of New York**

Annamarie Trombetta,

    Plaintiff,

        vs.

Norb Novocin, Marie Novocin,

    Estate Auctions Inc.

WorthPoint Corporation
        Defendants

Civil Action No. 18-cv-0993-RA-HBP

**PLAINTIFF'S RIGHT TO FILE A MOTION TO ALTER OR AMEND PURSUANT TO F.R.C.P RULE 59 (e) AND PURSUANT TO F.R.C.P RULE 60 RELIEF FROM A JUDGMENT BASED UPON ERRORS**

      Plaintiff, pursuant to Federal Rule Civil Procedure 59(e), by right, is filing a Motion to Alter or Amend a Judgment. Accordingly F.R.C.P. 59 (e) states : a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment (28 appendix U.S.C. § 59) see *Singleton vs New York* (S.D.N.Y. 2020). Plaintiff is filing this motion prior to filing an appeal, as the Appeals documents inferred in ECF 539 and was the case in *Singleton vs New York* (S.D.N.Y 2020). Under Rule 59 (e) it is appropriate to file a Motion where **:** **(1)** the district court is presented with newly discovered evidence or committed clear error; **(2)** the initial decision was manifestly un just; or **(3)** there is an intervening change in the controlling law. The movant must demonstrate the Court overlooked controlling decisions or factual matters that had been previously put before it. *Padilla v. Maersk Line*, *Ltd.* (S.D.N.Y. 2009).

      Plaintiff, pursuant to Federal Rule Civil Procedure 60, by right, is filing a Relief from Judgment. Accordingly, Rule 60 (b) provides six bases for relief from a judgment. It also provides that motions for relief "shall be made within a reasonable time, not more than one year after the judgment, order, or proceeding was entered or taken. Grounds for Relief from a Final Judgment, Order, are based on Fed. R. Civ. Pro. 60(b) (1) : which allows relief due

*Doc. 542*   *Page 13*   *Exhibit 3B*

In 2015, I had a phone interview with Bob Bahr. Presently this article from my2015 exhibit is online. On **March 5, 2015** I emailed and consented in writing for Mr.Bahr to recommend my website biography to list on Ask Art's website. An excerpt of this email is below. I filed in the Court Records my 2 emails see Doc, 504 -2 page 4, Doc. 517-4 page 31, Doc. 518-2 - page 4.

From: Annamarie Trombetta <trombettaart@yahoo.com>
To: Bob Bahr <babahr@yahoo.com>
Sent: Thursday, March 5, 2015 9:47 AM
Subject: Annamarie Trombetta

*Ask Art Websi*

Hi Bob,

Thank you so much for a wonderful article. I have been sharing it with some of my collectors and colleagues and will do so with many more people. Also thank you for your recommendation for the Ask Artwebsite . I consent to include my biography listing to their site.
Can you send me a link that is just this piece or is this the link below?? Also is there a magazine version that I can purchase.

I am please with the work that you selected as one of my collectors expressed her delight as well.

With sincere gratitude,
Annamarie Trombetta

On **June 6, 2015**, I emailed Bob Bahr and confirmed my personal website bio was listed on AskArt website, (See June 14, 2023 Doc, 504 -2 page 5 June 29, 2023 Doc. 517-4 page 32 and 518-2 page 5 filed June 29, 2023). I also filed in Doc.518-2 page 6 another document

To:     babahr@yahoo.com
Date:   Saturday, June 6, 2015, 12:49 PM EDT

*Date Jun 201*

Hi Bob.

My sincere appreciation for including me once again in Outdoor Painter! I am indeed delighted as was the host of the show to learn that the link and a feature was in the Newsletter for Outdoor Painter.

It is the kind of situation that brings attention not just to me--the Magazine but also to the Hudson River School Painters who have done so much for this country's history in art, Parks and conservation.

Last thank you for the recommendation. I am delighted that my bio is now on AskArt-- Mille Grazie for that!

by an internet company, Wayback Machine who captured my Ask Art bio listing on Sept.22, 2015. Plaintiff has no association to Wayback Machine. This internet company posted the

7/5/20, 12.

possible article in PleinAir magazine's weekly enewsletter

From:  Bob Bahr (babahr@yahoo.com)

To:  annamarie@trombettaart.com

Date:  Tuesday, February 24, 2015, 10:26 AM EST



Hello, Ms. Trombetta.

I would like to interview you about your Central Park paintings for PleinAir Today, the weekly enewsletter for PleinAir magazine. Would you be interested in this? It would require about 20 minutes on the phone and JPEGs of about 8 paintings done on location in Central Park.

Please do let me know.

Thanks,

Bob Bahr
editor
PleinAir Today

Yahoo Mail – Re: Annamarie Trombetta

4/5/22, 4:01 PM

## Re: Annamarie Trombetta

From: Bob Bahr (babahr@yahoo.com)

To: trombettaart@yahoo.com

Date: Thursday, March 5, 2015, 09:53 AM EST

*Exhibit H 3D 29 B* (handwritten)

*Date March 5 2015* (handwritten)

Thanks. Very glad you liked it. Yes, that is the right link.

I will try to send you a PDF later so you have it in that form as well.

Hope we can paint together sometime when it's above freezing!

Bob

---

From: Annamarie Trombetta <trombettaart@yahoo.com>
To: Bob Bahr <babahr@yahoo.com>
Sent: Thursday, March 5, 2015 9:47 AM
Subject: Annamarie Trombetta

*Ask Art Website* (handwritten)

Hi Bob,

Thank you so much for a wonderful article.   I have been sharing it with some of my collectors and  colleagues and will do so with many more people. Also thank you for your recommendation for the Ask Artwebsite . I consent to include  my biography  listing to their site.
Can you send me a link that is just this piece or is this the link below??   Also is there a magazine version that I can purchase.

I am please with the work that you selected as one of my collectors expressed her delight as well.

With sincere gratitude,
Annamarie Trombetta

http://www.outdoorpainter.com/artist-profiles/central-park-s-plein-air-past.html?
utm_source=Art+List&utm_campaign=f24b0abe29-PAT_3_4_15&utm_medium=email&utm_term=0_6907cc7961-
f24b0abe29-232018861

Plaintiff000151

Yahoo Mail – A Big Thank you from Annamarie Trombetta

**Exhibit 3E #29 C**

**Date June 2015**

4/17/21, 9:27 PM

## A Big Thank you from Annamarie Trombetta

From: Annamarie Trombetta (trombettaart@yahoo.com)

To: babahr@yahoo.com

Date: Saturday, June 6, 2015, 12:49 PM EDT

Hi Bob.

My sincere appreciation for including me once again in Outdoor Painter! I am indeed delighted as was the host of the show to learn that the link and a feature was in the Newsletter for Outdoor Painter.

It is the kind of situation that brings attention not just to me--the Magazine but also to the Hudson River School Painters who have done so much for this country's history in art, Parks and conservation.

Last thank you for the recommendation. I am delighted that my bio is now on AskArt-- Mille Grazie for that!

I hope to meet you in person one of these days. Let's plan a meeting if you live in the New York area. Take great care and all the best to you.

Warm Regards,
Annamarie Trombetta

**Ask Art 2015**

Plaintiff000150

M Gmail

*Annamarie Trombetta <atrombettaart@gmail.com>*

7/10/20, 12:0...

# Artist Annamarie Trombetta Question Regarding my Biography

4 messages

**Annamarie Trombetta** <atrombettaart@gmail.com>
To: AskART Customer Service <AskART@askart.com>

Tue, Jun 30, 2020 at 2:08 PM

Dear Kris,

I am an artist and my biography is listed on ask art.

Can you send me the full Biography of my own Biography as it is Listed on ask Art as I do not have a subscription .

When I look up my name Annamarie Trombetta I only get the first few lines.

Thank you in advance for you cooperation.

Annamarie Trombetta

**AskART Customer Service** <AskART@askart.com>
To: "atrombettaart@gmail.com" <atrombettaart@gmail.com>

Tue, Jun 30, 2020 at 3:10 PM

Dear Annamarie,

Your recognition on askART was most likely the result of your being included in a publication some years ago, where askART has always been pleased to help promote upcoming talented artists. Most likely one of our interns around that time posted your publicly available biography on our site, with credit to your website. Please let us know if you would prefer that your artist recognition be removed from the askART website, or alternatively, if you might wish to provide some updated information and examples of your works of art (in which case please send to images@askart.com)

Sincerely,

Kris

Biography from the Archives of askART



EXHIBIT#30

#30

Annamarie Trombetta

ASKART LINK

A

Date September 22, 2015

INTERNET ARCHIVE

Wayback Machine

Explore more than 680 billion web pages saved over time

https://www.askart.com/artist/Annamarie_Trombetta/11156459/Annam

Results: 50 100 500

Saved 1 time September 22, 2015

Collections · Changes · Summary · Site Map · URLs

Exhibit 30A 2

Plaintiffs Name

Jean 2015

Plaintiff000154

EXHIBIT #30B

AskART website



https://www.askart.com/artist/Annamarie_Trombetta/11156459/Annamarie_Trombetta.aspx

🔺 Not Secure   web.archive.org/web/20150922105738/https://www.askart.com/artist/A...

askART

Enter artist name or use alphabet

What's my art worth?   Auction Records   Research Art   Buy / Sell   Our Services

a b c d e f g h i j k l m n o p q r s t u

## The Artist

| Overview | Auction Records |
| --- | --- |

## Annamarie Trombetta (born 1963)

Annamarie Trombetta is active/lives in New York. Annamarie Trombetta is known for geometric still life arrangements-painting.

| | The Artist | Auction Records | Buy / Sell | Resources |
| --- | --- | --- | --- | --- |
| Overview | Auction Records (0) | For Sale (0) | Signatures (0) | |
| Biography | Upcoming Auctions (0) | Wanted (0) | Related Artists | |
| Quick Facts | What's my art worth? | Dealers (0) | Publications | |
| Get Alerts | Charts | Place an Ad | Samples of work | |

### Biography    Annamarie Trombetta

The nature of an artist's life, creativity and growth may be synonymously expressed in the image of an archetypal tree. Beginning with the earthly descendent roots the artist like the tree branches out into its surrounding environmental and celestial world. Both ascend and descend, widening their girth of consciousness while producing visual imagery, weathering each season of change. Thus, I believe it is the nature of the artist and of nature itself to regenerate and manifest. All of the imagery in this catalog was either created en plein air or from the subject directly.

My journey to becoming an artist began many years ago. The consanguineous roots of my Italian family tree provided me with an innate constitution for m … Displaying 750 of 8277 characters.

> Continue reading about Annamarie Trombetta

## Discover art and art p[...]

| | Subscribe |
| --- | --- |
| | Sign in |

- Auction rec[...]
- Record pric[...]
- Artist signa[...]
- More abou[...]



Exhibit 3H

22 Sep 2015   1 capture   2014   AUG   SEP 22   OCT   2016

Plaintiff000259

Attached is Defendants' deficient and fraudulent

evidence.   Below is a close up of the http:// www.

**PLEASE NOTE** below the http:// code which fails

to include my   name —-Annamarie Trombetta.



*[Handwritten: EXHIBIT #30A]*

*[Handwritten: Missing Name]*

*[Handwritten: Exhibit #4B]*

**AskART** — The Artists' Bluebook™ — Worldwide Edition!

**Annamarie Trombetta** (1963-)

Artist Search · artist last name · last name (optional) · GO
abcdefghijklmnopqrstuvwxyz

>> GO TO HOME PAGE

**Login for full access**
Login | Register
View AskART Services

**AskART**
**Sign Up Here**

*may require subscription*

## Research : Annamarie Trombetta

| Summary | |
|---|---|
| Quick facts | Examples of her work |
| Biography* | Exhibits - current |
| Discussion board | Museums |
| | Signature Examples |
| | Magazine references pre-2007 |
| | Book references |
| | Discussion board entries |

**Back to Previous Page**

**Lived/Active:** New York
**Known for:** geometric still life arrangements-painting

**Available for Annamarie Trombetta:**

| | |
|---|---|
| Quick facts (Styles, locations, mediums, teachers, subjects, geography, etc.) | yes |
| Biographical information | yes |
| Book references | 1 |
| Magazine references | 1 |
| Discussion board entries | 0 |

Please send me Alert Updates for Annamarie Trombetta
(free)
What is an alert list?

## This biography from the Archives of AskART:

The nature of an artist's life, creativity and growth may be synonymously expressed in the image of an archetypal tree. Beginning with the earthly descendent roots the artist like the tree is constantly surrounding environmental and celestial world. Both ascend and descend, widening their girth of consciousness while producing visual imagery weathering each season and change. Thus, I believe it is the nature of the artist and of nature itself to regenerate and manifest. All of the imagery in this catalog was either created en plein air or from the subject directly.

My journey to becoming an artist began many years ago. The consanguineous roots of my Italian family tree provided me with an innate construction for my artistic profession. When I was a tiny seed of contemplative thought, my artistic nature began to sprout interest while gazing up at the ceiling paintings in a neighborhood church named Regina Pacis, meaning Queen of Peace. The church located in Brooklyn, NY features ceiling paintings, sculptures, marble interiors, and incorporates architectural elements for the facade and the belfry that are of Italianate design. Before the age of three I was able to surmise that the church in the ceiling painting was indeed the church I was in. The visual stimulation was a form of education. It fostered my sense of perception which became my strongest mode for acquiring knowledge.

As the years unfurled, my family moved to Staten Island. At this time it was a scenic field of luminosity, lush vegetation and a harbor view complete with sail boats and small yachts. A few years after we moved my tree of life was in jeopardy of loosing a limb. What appeared to be a swollen leg was indeed a cancerous tumor. It was an almost fatal occurrence in my life. The struggle to survive the experience was lightened by my imagination and by my artistic ability to create. I seriously thought I would go into medicine but the posters and paintings in the hospital and doctor's office held my attention more intensely.

I began my formal training at The Brooklyn Museum School of Art while I was in high school. The exposure to various forms of art inspired me to expand my horizons and in the early Eighties I traveled on a summer tour to Europe. The tour comprised of six countries; Germany, Austria, France, Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time helped me to see the similarities as well as the differences of each quite clearly.

Upon my return I enrolled in an art history course to examine the content of art in relation to its chronological, politic al and historical relevance while applying at colleges. I was accepted to Parsons School of Design located in lower Manhattan. The pulsating pace of this compressed cosmopolitan city was reflected in the school's curriculum. Although I did enjoy the challenges and experiences which expanded my capabilities, I was not satisfied with the level of my drawing

## Marketplace : Annamarie Trombetta (1963-)

| | |
|---|---|
| For sale ads | Auction results |
| Wanted ads | Auctions upcoming for her |
| Dealers | Auction sales graphs* |
| What's my art worth? | Magazine ad pre-1998* |
| Market Alert - Free | Place a classified ad |

*[Handwritten: Defendant's Evidence]*

WP000141

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_Trombetta_

**CERTIFICATE OF SERVICE\***

v.

Docket Number: _25 – 817_

_Novocin_

I, _Annamarie Trombetta_ , hereby certify under penalty of perjury that
  (print name)

on _May 12, 2025_ , I served a copy of _Motion to Change Caption with_
  (date)
_Exhibits, Motion Information Statement – Form 1080 – Notice of Appearance_
  (list all documents)

by (select all applicable)\*\*

___ Personal Delivery      ___ United States Mail      ___ Federal Express or other
                                                                                Overnight Courier

___ Commercial Carrier      _X_ E-Mail (on consent)

on the following parties:

| Adam Ross Bialek | 150 East 42nd Street | New York, | NY | 10017 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Iona Farmer | 150 East 42nd Street | New York, | NY | 10017 |
| Name | Address | City | State | Zip Code |
| Anderson Josiah Duff | 43-10 Cresent St. Ste | Long Island City | NY | 11101 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_May 12, 2025_                                    _[signature]_
Today's Date                                         Signature

Certificate of Service Form (Last Revised 12/2015)