**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): _25-817_                 Caption [use short title]: _Trombetta vs. Novacin and WorthPoint Corp._

Motion for: _Plaintiff's Request For A Pro Bono Attorney_

_____

Set forth below precise, complete statement of relief sought:

_Due to my inability to hire and pay for an attorney, Appellant, Annamarie Trombetta is requesting a Pro Bono Attorney to assist with my Appeal. This request is made in response to a letter by WorthPoint's attorneys to pursue legal action for filing my appeal_

Court of Appeals
For The Second Circuit
**RECEIVED**
JUN - 2 2025
BY: _____

MOVING PARTY: _Annamarie Trombetta_          OPPOSING PARTY: _Novacins and WorthPoint Corp_

☒ Plaintiff          ☐ Defendant

☒ Appellant/Petitioner          ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____          **OPPOSING ATTORNEY:** _____

[name of attorney, with firm, address, phone number and e-mail]  → _Adam.Bialek@wilson.elser.com_

_Adam R. Bialek - Wilson Elser, Moskowitz Edelman Dicker - 150 East 42nd St NY NY 10017 (212) 915-5143_
_Tana Farmer - Wilson Elser Moskowitz Edelman & Dicker 1133 Westchester Avenue White Plains, NY 10804 (914) 872-7247  Tana.Farmer@wilsonelser.com_
_Anderson J. Duff DuffLaw PLLC 353 Ocean Avenue Suite 4E Brooklyn NY 11226 (646) 450-3607  ajd@anderson.jduff.com_

Court- Judge/ Agency appealed from: _Judge Laura Taylor Swain_

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☒ No

Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☒ No If yes, enter date: _____

Signature of Moving Attorney:
_Annamarie Trombetta_     Date: _June 2025_     Service by: ☒ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

| CJA 23<br>(Rev. 11/11) | FINANCIAL AFFIDAVIT | |
|---|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE | |

**IN THE UNITED STATES** ☐ DISTRICT COURT ☒ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

Trombetta v. Navocin/Worthpoint Corp FOR AT 175 East 96th Street (12R) Annamarie Trombetta

| LOCATION NUMBER |
|---|
| |

**PERSON REPRESENTED** *(Show your full name)*

| | 1 ☐ Defendant - Adult |
|---|---|
| | 2 ☐ Defendant - Juvenile |
| | 3 ☒ Appellant |
| | 4 ☐ Probation Violator |
| | 5 ☐ Supervised Release Violator |

**CHARGE/OFFENSE** *(describe if applicable & check box→)*  ☐ Felony  ☐ Misdemeanor

| | 5 ☐ Habeas Petitioner |
|---|---|
| | 7 ☐ 2255 Petitioner |
| | 8 ☐ Material Witness |
| | 9 ☐ Other *(Specify)* |

| DOCKET NUMBERS |
|---|
| Magistrate Judge |
| District Court |
| Court of Appeals<br>25- 817 |

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOY-MENT**

Are you now employed? ☒ Yes ☐ No ☒ Self-Employed

Name and address of employer: Art Lab

IF YES, how much do you earn per month? $ Less than $100 per month    IF NO, give month and year of last employment? How much did you earn per month? $

If married, is your spouse employed? ☐ Yes ☐ No

IF YES, how much does your spouse earn per month? $

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☒ Yes ☐ No

IF YES, give the amount received and identify the sources

RECEIVED $ 2000    SOURCES Sale of art work

$

**CASH**

Do you have any cash on hand or money in savings or checking accounts? ☒ Yes ☐ No   IF YES, total amount? $ 40,000

**PROP-ERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

IF YES, give value and description for each

| VALUE | DESCRIPTION |
|---|---|
| $ | |
| $ | |
| $ | |

---

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
☒ Single
☐ Married
☐ Widowed
☐ Separated or Divorced

Total No. of Dependents 0

List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Expenses accumulated from lawsuit 2018-0993 Trombetta vs Navocin Worthpoint Corporation | $ 14,000 | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

---

I certify under penalty of perjury that the foregoing is true and correct.

| Annamarie Trombetta | June 2, 2025 |
|---|---|
| SIGNATURE OF DEFENDANT<br>(OR PERSON REPRESENTED) | Date |

## United States District Court
## For The
## Second Circuit District Of New York

Annamarie Trombetta,

Plaintiff, Appellant

vs.

Norb and Marie Novocin, EAI

And
WorthPoint Corporation
Defendants, Appellees

**Case No. 25-817**

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF
THE MOTION INFORMATION STATEMENT
AND PLAINTIFF'S REQUEST FOR
A PRO BONO ATTORNEY**

---

   Pursuant to FRAP Rule 4, by right, Plaintiff filed an appeal. On May 12, 2025, Plaintiff filed a Motion pursuant to FRAP Rule 27. In my motion, I listed some of the factual errors made by the District Court to support the grounds for filing my appeal. Plaintiff is in receipt of a two page letter from Defendant's attorneys dated May 22, 2025. **Annexed - EX.#1** In response to the content of WorthPoint's attorney's letter and due to Plaintiff's finances and current need to produce income, this Motion is to petition and request the Court to grant a Pro Bono attorney to assist with my appeal.

   The online, false painting misattribution with a forged signature began ten years ago. This ordeal caused me to collectively lose, over a ten years span of time, close to a quarter of a million dollars, over two hundred thousand dollars. In 2020, there were numerous filings. The Novocins filed a motion to compel me to post a bond for $20,000. In 2022, the owners of WorthPoint Corp. sued me in the state of Georgia. Due to the demands of this case, Plaintiff incurred outstanding invoices. One expense included the immediate need to retain an expert internet witness, Mr. Patrick O'Leary. I needed Mr. O'Leary to to decipher ambiguous code emailed by both Defendants, to explain to Magistrate Judge Cave that the Defendants willfully avoided producing the Court ordered native electronic email from eBay to Mr. Novocin, allegedly in 2012. Plaintiff asked for the

electronic email to verify there was an online sale for the 1972 painting. I incurred an invoice from Patrick O'Leary that is still outstanding due to the delays and gamesman ship by EAI to produce one simply eBay sales receipt. Additionally, Judge Cave advised me to transcribe all four of my Discovery audio recordings that occurred prior to filing my law suit. I also have outstanding unpaid expenses for the transcriptions of these audio phone calls. In addition, I have an outstanding invoice from my art expert witness report. Annexed are my outstanding receipts created by the demands of the Court to prove my case. I add, that due to the second repost on the internet with a forged signature, Plaintiff put a freeze on all my credit cards. Proof of my credit card freeze in 2017 is in Doc. 496 filed 06/07/23 EX#3 **EX#2** Credit Freeze. Annexed are the outstanding I invoices totaling over thirteen thousand dollars. **EX.#3 Invoice From Internet Expert Patrick O'Leary.** Please view Mr. O'Leary's affidavit in Doc. 322 filed 12/05/22 or in Doc.496 EX#22 filed 06/07/23. **EX.#4ABC 3-Phone Transcriptions EX.#5 Invoice Art Expert Gayle Skluzachek.** Prior to this lawsuit and up until 2022, I have never had any personal or professional debt.

## I.  PRELIMINARY STATEMENT AND BRIEF CASE SUMMARY

The basis for my appeal is to bring to the Second Circuit's attention factual errors and oversights made by the district Court. This case pertains to an online ad on the website of  WorthPoint.com (second Defendant). The ad was composed by the first Defendant, Norb Novocin who claims he found and sold a 1972 oil painting, signed on the front and back with Plaintiff's name. Mr. Novocin alleges my name and biography were on a website named askART in 2012 and that he gleaned my biography from askART in 2012. First, the terms of use on askART's website do **NOT** permit the transference of any content from askART's website. Plaintiff filed askART Terms of Service and Internet Privacy Policy on July 13, 2020 in Doc. 75 and on May 30, 2023 in Doc. 488 EX#21 D and on June 7, 2023 filed in Doc. 496 as EX.#31. Annexed as **EX#6 A-B** is askART 's Terms/Internet Policy.The first filing in Doc. 75 on July 13, 2020 was due to The Novocins' Motion to Post a Bond against the Plaintiff The Novocins both declared Norb Novocin gleaned my biography from askART in 2012. See **EX.7#A-B.** AskART's own Terms of Internet Policy prohibit any transference of text from their website. Of equal importance, is the fact that my biography was **not** on askART in 2012.

Plaintiff filed proof of my 2015 emails to the author who recommended by biography be listed on askART website, in 2015. My consent to be listed on askART's website in 2015 is documented in two emails, in March and June of 2015. I filed these documents on 05/30/ 23 in Doc. 488 EX#17-18 . I also filed my 2015 askART proof in Doc. 517-4 and Doc. 518-2- filed on 06/29/24 . The two 2015 emails to Bob Bahr my 2015 bio on askART 's website and Wayback Internet Archive with my 2015 bio was filed in my recent 05/12/25 Motion EX.3B-3H.

      To reiterate, in August 2015, a colleague, contacted me about an online webpage, under my name, **EX. #8)** with an indistinguishable signature, devoid of my full name, on WorthPoint's website. Since this time, my name, location, professional branding. identity, signature and factual life events have undergone public distortions. In August 2015, I contacted WorthPoint several times. WorthPoint, willfully misinformed me and said to contact eBay to remove the false 1972 oil painting post. In Nov. 2015, WorthPoint 's employee Anita Brooks stated in a written email I should contact eBay to remove the fake 1972 painting webpage (See **EX#9).** In 2016, on Jan. 22nd and Feb. 1st, I recorded phone calls I had with WorthPoint's Anita Brooks. **(EX.#10)** Ms. Brooks was the same person who emailed me in Nov, 2015, to contact eBay to remove the fake 1972 post. in EX#9. My efforts to removed the fake post on WorthPoint's website from August 2015 ended in March 2016. Month later, the false post was reposted, a second time. In Jan. 2017, for the first time, I contacted The Novocins as well as WorthPoint's Will Seippel. Upon a phone call suggestion by Norb Novocin on Jan. 10, 2017, in late August 2017, my attorneys attempted, via a settlement letter, to remove the false misattribution internet post that was still online, in order to permanently remove and correct these professional public distortions. My attorney via a direct phone call to Marie Novocin, in September 2017, tried to remedy a lost sale of artwork, directly resulting from WorthPoint's 2015 willful denial, verbally and in writing. WorthPoint misdirected me to eBay to remove the false post. My attorneys' 2017 three page letter has been filed numerous times in the District Court in 07/13/20, 08/01/23 and was included in my May 12, 2025 filing with the Second Circuit Court as EX.11A-C. My inability to remove WorthPoint's false internet post, caused me to lose a sale of my artwork to a prominent art collector. These statements above are in No. 17 to

19 in my Fact Statements, in my original complaint, filed Feb. 5, 2018. The false misattribution ad, unethically and incorrectly used my self authored biography that has the statement *"I began my formal training at The Brooklyn Museum School of Art while I was in high school".* Proof of my 2015, lost sale of art was filed in Feb. 5, 2018 and last, on June 14, 2023 in Doc. 504-1- page 20. It is an email dated Jan. 9, 2015 documenting the price inquiry by Prof. Goldstein for my Wisteria Arbor painting. **EX#11A.** In March 2019, Prof. Goldstein wrote a letter **EX#11B,** for a settlement conference on April 25, 2019 held by Judge Ronnie Abrams. On April 24, 2019, Plaintiff filed a letter with the Court with a settlement proposal requesting the signature in red on the back of the alleged 1972 oil painting, to expedite the case due to the Novocins bankruptcy claim. See **EX.#12 Pages 3-10-11-28** in Doc. 22 filed 4/24/19. At no time, prior to Discovery in April 2022, did The Novocins produce any requests, in particular the red signature on the back of the painting. Time revealed the red signature had misspelled my name in three ways. My first name was separated . It spelled with a capital A for Anna and capital M for Maria, incorrectly ending in *a* and not with an **e**.

Plaintiff did **not** paint the 1972 oil painting, nor did I ever have business dealings with either Defendants. Discovery revealed The Novocins have a paid membership to Worth Point's website. Due to the professional harm this ad created, the unseen signature in red on back of the 1972 painting, in WorthPoint's online ad, the potential for other forgeries and misattributions is still a genuine threat. I filed a lawsuit in 2018 because I wanted to verify if there was a signature in red and legally confirm I did not paint a 1972 damaged painting . I also wanted to document both forged signatures. The third reason was to remove my name from the 1972 painting. The fourth reason was to recoup the loss of my artwork to a prominent collector and to amend career losses and damages. Lastly, my appeal is to request Permanent Injunctive Relief from the Court to protect my name/identity from future violations by both Defendants. Based on the lack of response from The Novocins, to my attorney's 2017 settlement letter and the hourly rate of my attorneys,when I filed my lawsuit, I chose to represent myself. I had proof of my 1972 signatures in my Girl Scout notebook along with my nine year old drawings of my Girl Scout badges **EX.#13** matching the same on my Girl Scout sash which proves the Defendants' signatures are not mine.

Plaintiff is seeking legal counsel after a full decade of lost income, lost time and lost career opportunities and legal self representation. WorthPoint's May 22nd attorneys' letter is informing the Plaintiff they will pursue legal action. In my May 12, 2025 Motion, I filed exhibits regarding WorthPoint's 2022, lawsuit against me, in the state of Georgia, despite the lack of personal jurisdiction. Annexed is **EX. #14 A-B-C-D.** The original Ga. complaint did not have the dated as to when it was served. WorthPoint's Motion for Default Judgment was filed on <u>Oct. 31, 2022.</u> Their motion incorrectly wrote I filed my answer on **<u>Nov. 5, 2022</u>** which is not possible. For the record, Georgia Rule Superior Ct. 15 mandates that you can only move for Default Judgment if there has been no filing by the Defendants. WorthPoint's attorneys violated Ga. Rule Sup. Ct 15 by filing Default Judgment when I had timely filed my response. My response is self evident and recorded in the Ga. attorney's caption " <u>Plaintiff's Motion for Entry Of Default Judgment In Response to Defendant's Motion to Dismiss".</u> The Ga. attorney's caption verifies I filed a answer. This is not permitted for default judgments as per Ga.Rule 15. I did obtain an attorney, who was able to have WorthPoint's case in Ga. rightfully dismissed. Plaintiff 's request for a Pro Bono Attorney is based on the aforementioned Ga lawsuit, plus my decade long loss of time and money as a Pro Se litigant in NY. Presently, I cannot afford an appeals' attorney with the accumulated debt from this case.

## II. BRIEF LIST OF THE FACTUAL ERRORS —GROUNDS FOR TO MY APPEAL

1- Plaintiff brings to the Court's attention some of the factual errors that are the foundational grounds for Plaintiff filing my appeal. I begin with two additional and pertinent factual errors, not described or entered in my May 12, 2025 Motion Pursuant to Rule 27, due to the word limitations. On page 24 of Judge Swain's Memorandum filed on 02/20/24, Judge Swain stated that Mr. Novocin's misattribution was done negligently. **EX#15 page 24.** As aforementioned, the Terms and Internet Privacy of askART's website clearly states that all content is non transferrable. It states that *"You may not modify, create derivative works from, participate in the transfer or sale of, post on the World Wide Web, or in any way exploit the site or any portion thereof for any public or commercial use without the express written permission of asART."* Mr. Novocin's use of my biography was not only

incorrect it was unethically transferred and for commercial gain. In addition, askART does not permit derivative works on their website to be re posted on the internet. Moreover, my biography was not on askART until the year, 2015. The Novoicin stated my bio was gleaned in 2012. I filed five forms of proof to verify my facts. In Judge Swain's Memorandum in Doc. 538 on page 33, the Judge wrote I provided *"no evidence other than one Wayback Machine documenting the year 2015".* One main reason for filing my Motion to Reconsider March 19, 2024 in Motion to Reconsider, in Doc. 542 was to restate when I filed these documents and refile my 2015 askART proof which verifies that an oversight was made by Judge Swain. On Nov.10, 2022, I wrote a 3 page letter to the Court regarding all the outstanding EAI Discovery filed in Doc.312 **EX.#16**

**2-** In both of Judge Swain Memorandums on 02/.20/ 24 in Doc. 538 and Doc. 556 filed on 03/07/25, Judge Swain ignored my appeal for my 2015, lost sale of art. Judge Swain in Doc. 538 noted I did not depose Prof. Goldstein. For the record, my lost sale is documented in my attorneys 2017 settlement letter filed in Doc.75 and Doc.527-1. My lost sale is in the original complaint filed on 02/05/18. In 2022, I indeed contacted Prof. Goldstein to be a witness and to be deposed regarding my lost sale of art. In 2019 , Prof. Goldstein confirmed she would be a witness, if need be, when she gave me her notarized letter in early 2019. Unfortunately Prof. Goldstein passed away. In 2022, I informed WorthPoint's attorney, Jana Farmer, of Prof. Goldstein 's passing. My lost sale for $8500 dollars has been duly documented within this case several times. Even though, I submitted the email noting that Prof. Goldstein passed away as evidence to inform Judge Swain of Prof. Goldstein' death, file in Doc. 542. Judge Swain did not comment on my new evidence in Doc. 556. **EX.#17** This omission is further evidence of the Judge's appealable oversight.

**3-** In addition, in Doc. 538 filed on 02/20/24, Judge Swain incorrectly stated on page 25 *" Ms. Trombetta refused to provide discovery evidence regarding her usual income from art sales, and she has offered no admissible evidence demonstrating that she lost opportunities to sell or showcase her work due to the Listing".* **See EX18.** Annexed from my filing on 6/29/2023 in Doc.

517-4 is a letter from the President and Founder of The Italian American Museum stating *"if my name cannot be removed from any works that I did not create it may jeopardize the Museum's ability to show my work in the future"* **See EX19**. Filed on July 6, 2023, are two other letters, one dated May 31, 2023 in Doc.522-5 pages 21 **EX.#20** and the other dated July 3, 2023. The July 3rd letter is a two pages letter by Dr. Joseph V. Scelsa addressed to  Judge Laura Taylor Swain in Doc.522-5 pages - 30 -31 **EX#21**. Both documents explains Dr. Scelsa's involvement with me and to this lawsuit in New York as well as WorthPoint's lawsuit in Ga. It verifies Dr. Scelsa gave me the name of a lawyer to settle this case. On Nov.23, 2022 Plaintiff tried to schedule a settlement conference but all the attorneys declined to settle. Both letters confirms Dr. Scelsa's reasons and his willingness to be an expert witness and his delay with his expert report.

In Doc. 517-4 filed on 06/29/23, I indeed, filed four separate 2015 art sales receipts that took place prior to the online 1972 false misattribution on WorthPoint;s website in 2015. Plaintiff 's first 2015 art sale was in January documented in Doc. 517-4 on pages 13 and 14- **EX#22**. The second art sale receipt in March 2015 is documented in Doc. 517-4 on pages 15 and 16- **EX#23**. The third art sale receipt in March 2015 is documented in Doc.517-4 on pages 17 and 18- **EX#24**. The fourth art sale receipt was a commission that began in July 2015 in three payments. The last payment was in September 2015 and is documented in Doc. 517-4 on pages 19 and 20- **EX#25**. My four 2015 art sale receipts confirm I provided discovery evidence regarding my usual income from art sales. The three letters from Dr. Scelsa, who gave me my solo exhibit in 2015, are what Judge Swain claims were absent. After the 2015 online listing appeared, I had no other sales of my artwork in 2015. Once again, the art collector and relative of Prof. Goldstein who was interested in my Wisteria Arbor painting for $8500 dollars was lost. This was due to the false online, 1972 misattribution. that had a forged signature which appeared under my name in August 2015. Again, I contacted WorthPoint immediately to report this fraudulent listing. WorthPoint's lied and stated the fake online webpage was on eBay's website, not WorthPoint. My inability to remove the fak, 1972 online link from the internet caused my potential collector to retract the sale or my $8500 dollar oil painting, Wisteria Arbor Mandala.

**Insert Below - Page 25. Doc. 538- Judge Swain's Memorandum of Law filed  Feb. 20, 2024**

> appropriate receipts and evidence to establish the value of the infringing material.  Fourth,
> despite her conclusory allegations of reputational damages, it is not clear from the facts in the
> record that the Plaintiff lost <u>any</u> revenue because of the infringement.  Ms. Trombetta refused to
> provide discovery evidence regarding her usual income from art sales, and she has offered no
> admissible evidence demonstrating that she lost opportunities to sell or showcase her work due to
> the Listing.  Fifth, the conduct and attitude of the parties weighs in favor of a modest award of
> statutory damages.  Litigation in this case has been contentious and protracted, particularly due
> to repeated and unnecessary discovery disputes.  Although courts should and do afford certain
> indulgences to <u>pro se</u> plaintiffs, the Court finds that EAI has been cooperative and compliant
> <u>with the difficulties inherent in this litigation.</u>

For the record,  EAI produced a truncated  eBay sales receipt  allegedly in 2012 that did not have the
eBay logo on it on April 27,  2022.  It took seven months,  until Nov. 2022 to produce a complete
eBay sales receipt which was missing the  Visual bold yellow bar under the phrase Congratulation on
the sale and yet this receipt had the eBay colored logo. The  visual difference in the two eBay
receipts is what prompted me to request the electronic native eBay email from eBay to Norb
Novocin. EAI failed to produce the electronic email in Nov. 2022. As aforementioned , I had to
hired an internet expert, Patrick O'Leary to immediately document the failure by EAI. As  noted
above, I have an outstanding invoice from EAI's game.  The difficulties inherent in this litigation
noted by Judge Swain were caused by EAI  in the production of simply discovery requests.

**Other Factual Errors of the Court NOTED in May 12, 2025 Motion Pursuant to  Rule 27**

**4-**      In Judge Swain's  Memorandum in Doc. 538  on page  33, the Judge wrote I provided **<u>no</u>**
**<u>evidence</u>**  other than one  Wayback Machine documenting the year 2015.   Plaintiff filed three  dated
emails.  Two are between Mr. Bahr and I  confirming  my consent for my biography listed on

askART. In Doc.72, filed in July 13, 2020, I filed an email from "Kris", an employee at askART confirming in 2020, that my biography listing was due to a publication a few years ago. My 2015 February, March and June emails from and with Bob Bahr regarding my 2015 askART biography submission are also filed in Doc. 348-1 on Dec. 19th - 27th in 2022, which Judge Swain stated was waived and untimely. All of the evidence described above was filed on 05/30/23 in Doc. 488 EX.#17-EX#18 in Plaintiff's Response to EAI Summary Judgment. Moreover, askART's Terms of Use prohibits the transference of its content from it's website EX#21 Any alleged transference by Norb Novocin of Plaintiff's biography (at any time ) is a violation of askART's Terms of Use. The same 2015 consent and confirmation emails with the askART 2015 and Wayback Machine 2015 evidence was filed again in Doc. 517-4 —Doc. 518-2-6 on 06/29.23. In Plaintiff's May 12, 2025 Motion I filed as EX. 3B—3H, my March and June 2015 emails documenting my consent to have my website biography listing on askART in 2015 as well as the 2015 askART website and the 2015 Wayback Internet Archive documents.

5-    In Judge Swain's Feb.20, 2024 Memorandum, on page 19, the Judge incorrectly stated Plaintiff 's "only" evidence to substantiate my claim that WorthPoint reposted the listing is one March 15, 2017, filing classified as a screen shot by Judge Swain. In my Motion to Reconsider filed on March 19, 2024, in Doc. 542, I listed all the additional computer print outs on pages 27, 28 and 29. I listed and filed the numerous direct computer print outs from WorthPoint's website and Google Search internet listings after March 15, 2017. The verification that my evidence was genuine and is an authentic computer print outs is easily and visually seen on each document. The authentic computer print out proof includes, the date and time in the upper corner and on the bottom of each document is the internet's search engine web address, for example the http:// www.worthopedia/1972 if it is a Google search on the bottom is the code http:www.google.comannamarie+trombetta… In Judge Swain's March 7, 2025 Memorandum on page 6, Judge Swain again mischaracterized as my evidence as "screenshots", Plaintiff's evidence is dated and again on the bottom has the http coding, verifying it is directly printed out from the

computer. Judge Swain incorrectly stated they were *"cached" versions of the webpage even after WorthPoint deactivated the page"*. For the record, cached versions of webpages only last up to ninety days. On Jan. 4, 2017, I emailed WorthPoint to remove the fake oil painting re post on their website . Ninety days from Jan.4, 2017 is April 4, 2017. Neverthelsss, Plaintiff's full biography text remained on the Internet, see evidence-000069 and 000070 and is dated May 7, 2017. These full webpages dated May 7, 2017 is a month longer than any cached version, so therefore it is an authentic webpage from WorthPoint's website and not a cached version. Plaintiff filed in my May 12, 2025 Motion the May 7. 2027 evidence no. 000069-70 as EX.12A-B which contains the full text and content of the 1972 ad on WorthPoint's website. WorthPoint's internet expert, Jessie Stricchiola, misinformed the Court and wrote that Plaintiff's "somehow" changed or manipulated the date on each of the Google Search webpages. Ms. Stricchiola 's clearly tried to deflect and victim blame me yet at the same time failed to explain how it is possible to change the date on a printer. It is Ms. Stricchiola willfully misclassified my evidence, as screenshots as opposed to the my direct computer print outs and in doing so misinformed the Court.

6-    WorthPoint's attorneys and Judge Swain incorrectly stated Plaintiff tried to plead "new claims" in Doc. 368 for Plaintiff's DMCA infringement claims against WorthPoint. Plaintiff documented the DMCA infringement claim in my Amended Complaint, in Doc. 36 on Feb.21 2020 and in Doc. 341 and 342 filed in Dec. 19, 2022. Plaintiff's Feb. 5, 2018, original complaint as well as Doc. 22, filed on April 24, 2019 also includes the DMCA claims. Relevant evidence filed in Doc. 36 include page 36-37-38 and pages 43 to 46, include most of the pages from my website and my biography webpage. I also filed in Doc. 36, the full text of my printed catalog that has the same biography text on my website. On page 8 of Doc. 36, I filed my CMI(copyright management information) and on page 16 in Doc. 36, I listed the violations of Section.1202 (b). Recently, in Plaintiff's May 12, 2025 Motion, some of my old exhibits were filed as EX.14A -C. To be clear, EX.14 C is my website copyright statement, copyright symbol and DMCA logo.

WorthPoint Corp. is responsible for publishing the statement *"Copyrighted Work Licensed by WorthPoint"* and adding a copyright symbol with its WorthPoint's logo. INSERT BELOW.



In Doc. 427 filed on 4/17/23, on page 30 and 31, WorthPoint attorneys lied, stating my DMCA claims are untimely. WorthPoint statement is incorrect in that the DMCA claims were raised in the original complaint filed in 2018 and in Doc. 36 and are timely. WorthPoint's public statement *"Copyrighted Work Licensed by WorthPoint"* fraudulently claims a copyright and licensing agreement that is not authentic and falsely alleges a non existent association that I do not and never had with WorthPoint.

7 - In Judge Swain's Feb. 20, 2024 Memorandum Doc. 538 on page 4, Judge Swain dismissed all four of my phone recordings and deemed them immaterial. All of these phone calls occurred prior to litigation and document all my pursuits to remove the first false post from the internet. Moreover, the calls document exactly what was stated prior to this lawsuit. With Judge Abrams permission, on Feb. 2019 via an in person conference, the Judge permitted me to email and heard my call with Norb Novocin's. Mr. Novocin stated I should "Go For It and Hire An Attorney" The content of the Jan. 10.2017 phone call was filed as EX 15A-E on May 12, 2025. For the record, I confirmed in 2020 with Judge Cave if these calls would be permitted and I was assured. Judge Cave during the Conference Call on Nov. 23 2022, advised me to transcribed the four phone calls. Transcribing four phone calls for this case caused me to have financial debt. Annexed are three out of four outstanding, unpaid invoices for the phone call transcriptions as aforementioned in EX.3- Phone Transcription Invoices. These expenses contribute to my request for a Pro Bono Attorney.

8- Due to Discovery deficiencies and the production of two visually different eBay sales receipts, produced by The Novocin, on April 27, 2022 and months later in Nov. 17,2022, on Nov. 23, 2022,

Judge Cave held a Conference call. Plaintiff was granted the production of the 2012 electronic email from eBay to Norb Novocin to verify if a legitimate sale of the 1972 oil painting occurred. The complete envelope of the 2012 eBay email to Norb Novocin would verify if there was a sale on Dec. 1, 2012. Again, my request was due to the production of two sales receipts, the first being incomplete without the eBay logo, the second missing the bold yellow bar, yet unlike the first produced receipt in April, this second receipt had an eBay logo. The two eBay sales receipts were recently filed as EX. 22 A and B on May 12, 2025, For the record, my Nov 2022, request for the electronic native email was made to EAI's attorney Anderson Duff. On Nov. 23, 2022, during the Conference call, WorthPoint's attorney, Adam Bialek, emailed what he titled " source information". This was filed as EX..23 A to C on May 12, 2025. I did not request the electronic email from WorthPoint's attorneys. Plaintiff's request was for the entire, unbroken electronic email, in one exported file. A true email, exported in its entirety, proves the integrity of the email. An exported email cannot be edited. It is the complete content of the email. It cannot be broken up into parts of an email text, nor can it be cut off in any way. Failure to produce the EAI electric email in its entirety, means the sale of the eBay oil painting is suspect. As a result of the attorneys gamesmanship, Plaintiff 's time and effort were diverted from producing my expert witness report from Patrick O'Leary, my internet expert witness. Time was needed to first decode Defendants unknown "source material" which was nothing but ambiguous coding that I did NOT request. Mr. O'Leary's investigation and findings resulted in his Affidavit with exhibits explaining that the unknown coding emailed by WorthPoint's attorney on Nov. 23, 2022 is nothing more that a third eBay receipt which was different from the two other previous eBay receipts produced by The Novocins. Mr. O'Leary had to write an affidavit to explain to Magistrate Judge Cave that the Defendants willfully avoided producing the Court ordered native electronic email from eBay to Mr. Novocin, allegedly on Dec. 1, 2012. To read Mr. O'Leary's full Affidavit please go to Doc. 322 filed 12/09/22. or in Plaintiff's Response to WorthPoint's Summary Judgment in Doc.496 EX# 22 filed 06/07/23. The expense of Mr. O'Leary's Affidavit and his retainer fee SEE EX. #2 created debt for the Plaintiff and is the essential reason for my request to the Court for a Pro Bono attorney from

9-    On  page one of  Judge Swain's Memorandum   March 7, 2025,  the Judge mistakenly stated again that  my Dec. 19,  2022  filing  Doc. 341 and 342,  are  untimely and incorrectly assumes it is Plaintiff's SAC.  Due on Dec . 19, 2022 ,was  Plaintiff 's Motion for Leave for a Proposed Second Amended Complaint  to include Fraud, Tort, IIED etc. My Second Amended Complaint was granted on Feb.2, 2023  in Doc  366 by Judge Cave. Please note, the original date for my Motion for Leave to Amend my Complaint was on Dec. 12,  2022.  On Dec. 10, 2022  Plaintiff began to feel ill  had to email  Judge Cave on Sunday night, Dec. 11, 2022. Plaintiff phoned Judge Caves chambers due to this emergency on Dec. 12, 2022. My Motion for  Leave to  Amend my Complaint  originally due on the12th, was extended to Dec. 19, 2022.  Plaintiff produced in my  May 12, 2025 Motion as  EX.25 my  Dec.11, 2022   emergency  email  sent to Judge Cave chambers due to Plaintiff's  sudden flu. In Jan. 2023, Plaintiff went to the doctor was diagnosed  with Covid.  **EX.26 A-B Doc. 522 filed 07/06/23 Page 5 and Page 6.**

**10 -**    On Feb. 2, 2023,  Doc  366,   Judge Cave granted  my  Motion to Amend  my Second Complaint. On Feb. 3, 2023 in Doc. 367, Judge Cave issued an Order . On page one it states " *the deadline to complete expert Depositions is Wednesday March, 1, 2023*."  On page two it states  " *Ms. Trombetta may request leave to call at trial witnesses whom she previously proposed as experts, …Ms.Trombetta may call atTrial will be made by the Honorable Ronnie Abrams who will  preside over the trial.* " **See EX.27 Doc.367.**  Upon my Second Amended Complaint being granted and the new order  Doc, 366  Feb. 2nd and  Doc 367 Feb.3rd in 2023, Plaintiff contacted my art expert witness Gayle  Skulzachek to finish her expert witness report to submit  in time. I took  Judge Cave's recommendation seriously and contacted the legal clinic for clarification to  verify if I could submit my expert witness  reports since there may a possibility that they can give  testimony at trial.  Plaintiff, upon contacting the legal clinic did confirm I should contact  my art expert,  and submit my report.  Presently  I have an outstanding invoice from Gayle Skulzachek which is another   contributing factor to my personal debt  I accumulated due to this  lawsuit. As aforementioned, I am not able to afford an attorney. I have incurred this exorbitant amount of expenses due to an  oil painting  bearing a forged signature,  misattributed to me which was publicly on the internet.

## II. PLAINTIFF'S BRIEF PROFESSIONAL HISTORY——

I am a self supporting, professional, visual artist for almost forty years, I have had numerous solo exhibits since 1993. A list of exhibits in the New York area include The Liederkrantz Club NYC, Richmond Town Historic Museum, The Garibaldi Meucci Museum, Wagner College Art Gallery, The Dana Discovery Center in Central Park in celebration of the 150th Anniversary of the park's creation,The Staten Island Museum, The Union League Club Art Gallery founded in part by Frederick Law Olmsted (CP Designer) to exhibit my Central Park Images, and the Italian American Museum. I have been in numerous museum group exhibitions to include. The Arnot Art Museum, The Godwin-Ternback Museum, The Ormond Museum, The Fort Wayne Museum, The Packwood Museum, The National Academy Museum, The Alexandria Museum of Art, The Monmouth Museum of Art, The Metropolitan Museum of Art and numerous others. My biography is listed in Who's Who in America, Who's Who in American Art, Who's Who in American Women, The World's Who's Who of Women, Who's Who in the 21st Century, The1st Edition, 2000 Outstanding Artists & Designers of the 20th Century. In 2018, I was selected for the Marquis' Lifetime Achievement Award. I attended several schools including Parsons School of Design, The New York Academy of Art, The National Academy School of Fine Arts. I attended schools and studied abroad in France, Italy and Ireland. I have never had any unpaid student loans and had no personal or professional debt until this case.

My appeal is due to multiple factual errors and oversights made by District Court listed above. For the foregoing reasons, I asks the Court to grant my Motion Request for a Pro Bono Attorney due to the proposed legal action noted in the recent letter by WorthPoint's attorney. See EX. #1, and any other reliefs that Court deems just and proper.

Pro Se Plaintiff

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128

Respectfully Submitted,

——————— Electronic Signature ———————

/s/ Annamarie Trombetta. June 2, 2025

Annamarie Trombetta



**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

EXHIBIT #1A

May 22, 2025

**Jana S. Farmer**
Phone: 914-323-7000
Jana.farmer@wilsonelser.com

**VIA EMAIL**
annamarietrombettalegal@outlook.com
atrombettaart@gmail.com
trombettaart@yahoo.com

      Re:    *Annamarie Trombetta v. Norb Novocin, et.al.*
               Civil Action No. 18-cv-993
               2nd Cir. Docket No. 25-817
               Our File No. 19701.00006

Dear Ms. Trombetta:

As you are aware, we represent the dismissed Defendants William Seippel and WorthPoint Corporation (collectively referred to as the "WorthPoint Defendants") in connection with the above-referenced litigation. We are in receipt of your filings regarding your appeal of Judge Laura Taylor Swain's March 7, 2025 Order, which denied Plaintiff's Motion for Reconsideration of the Court's February 20, 2024 Judgment and Order granting summary judgment in favor of the WorthPoint Defendants and dismissing all of your claims against our clients in their entirety (as you know, Mr. Seippel was dismissed earlier in the litigation).

We encourage you to review Judge Swain's Decision and Order, which outlines in detail the legal and factual deficiencies in your claims. An appeal to the United States Court of Appeals for the Second Circuit is governed by strict procedural rules. The recent denial of your "Motion to Amend" underscores the strict nature of Second Circuit proceedings and the Court's intolerance for violations of same. *See,* ECF No. 31. The Court will consider only the record that was developed during the District Court proceedings. No new discovery, evidence, or materials will be permitted. In addition, the appellate process involves significant time and cost. All parties are required to comply with specific briefing schedules, formatting rules, and disclosure requirements, including disclosure of whether legal counsel has been utilized.

To avoid further litigation, you may wish to consider voluntarily dismissing the appeal with prejudice, and providing a release of all claims against the WorthPoint Defendants in the New York action. In return, WorthPoint's insurers will not seek recovery of attorneys' fees they incurred to date. This offer applies only to the above-referenced New York litigation and does not extend to any claims or proceedings pending in Georgia or in any other jurisdiction, or any other disputes you have with Mr. Seippel.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasola • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

312353579v.1

If you choose to continue with the appeal, the WorthPoint Defendants will reserve the right to seek reimbursement of all attorneys' fees incurred during the appellate process, in addition to the legal fees already incurred from the underlying litigation.

As you may know, Section 505 of the Copyright Act (17 U.S.C. 505) provides that the Court may "award a reasonable attorney's fee to the prevailing party." This statutory authority provides a clear basis for WorthPoint to pursue recovery of its attorneys' fees. The claims you advanced were dismissed entirely, and the legal and factual grounds underlying those claims were insufficient to survive summary judgment. Insofar as the WorthPoint Defendants were the prevailing party, the WorthPoint Defendants can recover the costs of the action plus legal fees. If the Court issues an award of the fees as it should, the judgment may follow you for many years. This letter serves as a final good faith effort to resolve the New York litigation before such action is taken.

Moreover, you previously stated that you were undertaking this action not for the money, but rather to correct the record that you were not the creator of the painting Man with Red Umbrella. During the case, WorthPoint did not contest your claim that you were not the artist of this painting and you had some success against the Novocins which should put this issue to rest. Accordingly, there is no basis upon which you should be continuing with this action, unless your prior statements of your intent were disingenuous.

Should you choose to pursue the appeal and not succeed, WorthPoint, reserves the right to seek to recover all attorneys' fees incurred at both the District Court and Circuit Court of Appeals levels. The potential consequences of a high six-figure fee award can be severe and, in some cases, financially overwhelming. This is not intended to cause you undue concern, but to provide a clear understanding of the risk involved in continuing to litigate this matter against WorthPoint.

We implore you to carefully consider this opportunity to end the litigation before further damage is sustained. We look forward to hearing from you.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Jana S. Farmer*
Jana S. Farmer

cc:     All counsel

*(handwritten)* 2 19 P. 1   Annual Free Credit Report 877- 322-8228

**experian.**

WorthPoint Corp. Plaintiff Trombetta Supplemental Rule 37 Responses

Prepared for: ANNAMARIE TROMBETTA
Date: October 10, 2017
Report numbe

Page 1 of 4

*(handwritten, left margin)* EXHIBIT 3

**Dear ANNAMARIE TROMBETTA**

As you requested, we have placed a security freeze on your personal credit report from Experian. Your personal identification number is 000004073842615. Please retain the number as you must submit this number in order to temporarily or permanently remove the security freeze from your credit report. If you would like to create a single-use personal identification number to be used by a certain credit grantor, log on to www.experian.com/freeze.



Scan me with your smart phone for special offers from Experian.

To **temporarily** remove a security freeze for a period of time in order to apply for credit or for any transaction that requires that another party access your personal credit report, log on to www.experian.com/freeze or call 1 (888) EXPERIAN (1 888 397-3742), then enter your identification information and personal identification number. To temporarily remove a security freeze for a specific party, provide your single-use personal identification number to the party you wish to grant access to your report.

Fees to temporarily remove a security freeze by state are: Alabama, California, Colorado, Florida, Guam, Illinois, Kentucky, Michigan, Mississippi, Nevada, New Hampshire, Oklahoma, Oregon, Rhode Island, Utah, Wisconsin and Wyoming - $10; Connecticut - $10.64*; South Dakota - $10.65*; Pennsylvania - $10.70*; Texas - $10.83*; Washington - $11.01*; Puerto Rico - $11.15*; Iowa - $12; Idaho - $6; Arizona, Arkansas, Kansas, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, North Dakota, Ohio and Vermont - $5; Hawaii - $5.20*; New Mexico - $5.26*; West Virginia - $5.30*; New York - $5.44*; Louisiana - $8; Georgia, Montana and Nebraska - $3; Alaska - $2. (* includes taxes)

All other states have no charge for temporarily removing a security freeze. There is no fee in any state for victims of identity theft who provide a copy of a valid identity theft report filed with a law enforcement agency.

To **permanently** remove a security freeze, log on to www.experian.com/freeze or call 1 (888) EXPERIAN (1 888 397-3742). You also may write to us (Washington, D.C. residents must request permanent removal of a security freeze in writing). Send your request to: Experian Security Freeze, P.O. Box 9554, Allen, TX 75013.

Be sure to include the following information:

- Your full name including middle initial (and generation such as JR, SR, II, III)
- Social Security number

PO Box 9701
Allen, TX 75013

0000833 01 AB0.600 **AUTO T12 2242 10128-6206048
ANNAMARIE TROMBETTA
175 E 98TH ST APT12R
NEW YORK NY 10128-6206



Plaintiff's Evidence 000694

Plaintiff's Evidence 000690

WorthPoint Corp. Plaintiff Trombetta
Supplemental Rule 37 Responses

TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

**TransUnion.**

| File Number: | |
| --- | --- |
| Page: | 1 of 4 |
| Date Issued: | 10/10/2017 |

*217*

*Page 1*

*EXHIBIT #2B*

*EXHIBIT #4B*

P7HMH000302134-I009643-041351471

ANNAMARIA M TROMBETTA
175 E 9   ST APT 12R
NEW YORK, NY 10128-6206

Thank you for contacting TransUnion. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.

At your request, a TransUnion Security Freeze has been added to your credit report. Please keep this letter for future reference.

This Security Freeze will remain on your credit report until you request its removal in writing. If you change your state of residence, you must notify us in order to update your address and have the security freeze rules and any applicable fees applied for that state. Should you wish to temporarily or permanently remove the TransUnion Security Freeze from your credit report, you will need to provide TransUnion with your Security Freeze Personal Identification Number (PIN), which is listed below. Also listed below is the fee you were charged for adding the freeze to your credit report.

4.          Fee: $0.00

Re: Security Freeze

You may obtain a new TransUnion Security Freeze Personal Identification Number (PIN).

If you know your current PIN, you may call (888) 909-8872. You may be asked to verify your identity again.

If you do not know your PIN or you have lost the PIN that was issued to you when you added the Security Freeze to your credit file, you may request a new one by writing to the address below. Please provide proof of identification, such as a copy of your driver's license, passport, birth certificate or other proper identification forms. For additional information on replacing your lost PIN, call our toll free Telephone Number (888) 909-8872.

Re: Security Freeze

What does a Security Freeze mean?
When your TransUnion credit report is frozen, all third parties whose use is not exempt by law will be unable to access your credit report without your consent. The Security Freeze may delay, interfere with or prohibit the timely approval of any subsequent request or application you make that involves access to your credit report.

Additionally, while your report is frozen, companies that provide consumer data to TransUnion will not be allowed to update name and address information on your credit report. If your name or address changes while your file is frozen, please notify TransUnion directly at the address provided so that we can update your personal information.



# Invoice

*EYHIBIT' #3A*

**Bill To:**

**Annamarie Trombetta**
**Apt 12R**
**175 East 96th Street**
**New York, NY 10128**

**Patrick O'Leary**
**eWitness, LLC**
**PO Box 11341**
**Hauppauge, NY 11788**

| Date | Invoice No. | P.O. Number | Terms | Project | |
|------|-------------|-------------|-------|---------|---|
| 12/15/22 | 2022-12-01 | | | | |

| Item | Description | | Quantity | Rate | Amount |
|------|-------------|---|----------|------|--------|
| Professional Fees | Advanced Evergreen Retainer | | 20 | 375.00 | 7,500.00 |

*Please make all Checks/MOs payable to Patrick O'Leary / eWitness*

We appreciate your prompt payment.

Plaintiff000861

**Total**     **$7,500.00**

*EXPERT Affidavit #1*                                                          PATRICK MICHAEL O'LEARY

EXHIBIT #3B

This response from the Defendants is merely the HTML coding of the body of the eBay email, which is **NOT** compliant with the discovery request made by Ms. Trombetta. As I explained above, Ms. Trombetta gave the Defendants step-by-step instructions, practically holding their hand on how to respond correctly. *(Unfortunately, from the outside looking in, this behavior of the Defendants seems to occur frequently.)*

Nonetheless, I took this HTML code in the Defendant's second email response from **November 23rd, 2022,** and put it into a file on my *ExpertWitness.com* server. The output of that file is as follows.

4th Ebay Sales Receipt



*You can verify these by clicking on or directing your browser to the following web address URLs:*

| Item | Date | Verification Link |
| --- | --- | --- |
| HTML from the *eml* file | November 17th, 2022 | http://www.expertwitness.com/at4.html |
| HTML from *sent* email | November 23rd, 2022 | http://www.expertwitness.com/at3.html |

EXPERT Affidavit #1                                    PATRICK MICHAEL O'LEARY

I am returning to the **first** email (eml file) the Defendants sent to Ms. Trombetta **on November 17, 2022**. The following screenshot shows this email opened by the email application program.



To be clear, the HTML source information sent to Ms. Trombetta on **November 17, 2022** (in email) produced the *same visual* document that she received on **November 23, 2022** *(in eml format that she could not view before my assistance)*.



**Here is the first problem!**

Ms. Trombetta requested the Original or Raw Message Data for the 2012 eBay sale.

Unfortunately, from my analysis and inspection, I can state that she was **not** sent the raw email message with all the SMTP data as requested.

*FIRST EBAY sales receipt*

Defendant, Estate Auctions Inc. in discovery, turned over **two versions** of the receipt for the eBay sale in question.

*Exhibit#3D*

**Bates 58-59**

EAI000058

Wednesday, April 27, 2022 at 11:30:09 Eastern Daylight Time

| | |
|---|---|
| Subject: | Fwd: Your eBay item sold! 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz (330833102936) |
| Date: | Tuesday, January 10, 2017 at 5:28:43 PM Eastern Standard Time |
| From: | eBay EAI |
| To: | Norb Novocin, marie novocin |

*Date in April, 2022*

--------- Forwarded message ---------
From: eBay <ebay@ebay.com>
Date: Sat, Dec 1, 2012 at 9:54 PM
Subject: Your eBay item sold! 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz (330833102936)
To: ebay@novocin.com

*eBay Logo is Missing*

eBay

eBay sent this message to Norb & Marie Novocin (estateauctionsinc).
Your registered name is included to show this message originated from eBay. Learn more.

*Yellow Bar is Present*

## Congratulations, your item sold!

Dear estateauctionsinc,

You did it! Your item sold. Please ship this item to the buyer after your buyer pays. As soon as your buyer pays, print

Complete one of the following:

*Account Link is Missing*

- Print a shipping label. Avoid a trip to the post office, print and pay for your label at home. Printing shipping la is you reduced pricing on some shipping services, and when you print shipping labels on eBay, your tracking i automatically.
- Provide shipping and tracking information. When you upload tracking information to eBay, we'll send it to yo the item is on its way. This will save you time, and may result in fewer questions from buyers and higher det
- Mark your item as shipped in My eBay. Do this, and we'll let your buyer know the item is on its way. This wil result in fewer questions from buyers and higher detailed seller ratings.

You should always leave feedback for your buyer to encourage them to buy from you again.

*IMG ALT field is Present*

| 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz | 1972 Original Oil Painting Man ) Annamarie Trombetta yqz |
|---|---|
| | Sale price: $181.5 |
| | Quantity sold: 1 |
| | Sale date: Dec-0 |
| | Buyer: nina d |
| | 9mack |
| | [conta |
| | Buyer's shipping address nina d |
| | 14215 |
| | reno, |
| | Sell another item | Send invoice |

*Document is cut off*

### Select your email preferences

- Want to reduce your inbox email volume? Receive this email as a daily digest. For other email digest options, go to Notification Preferences in My eBay.
- Don't want to receive this email? Unsubscribe from this ema !.

Page 1 of 2

EAI000059

**Email reference id: [645d0df16f2e440759d3654f8349706648]**
Please don't remove this number. eBay customer support may ask you for this number, if you should need assistance.

Learn More to protect yourself from spoof (fake) emails.

eBay sent this email to you at ebay@novocin.com about your account or registered service on eBay.com.

eBay sends you emails based on the preferences you set for your account. To unsubscribe from this email, change your communication preferences. Please note that it may take up to 10 business days to process your request. Visit our Privacy Policy and User Agreement if you have any questions.

Copyright © 2012 eBay Inc. All Rights Reserved. Designated trademarks and brands are the property of their respective owners. eBay and the eBay logo are trademarks of eBay Inc. eBay Inc. is located at 2145 Hamilton Ave, San Jose, CA 95125.

Defendant, Estate Auctions Inc. turned over a discovery response of the receipt for the eBay sale in question.

EXHIBIT #3E



EAI000060

**Bates 60**

**Yellow Bar is Missing**

**Ebay Logo is Present**

**Account Link is Present**

**IMG ALT field is missing**

**ebay**

**Congratulations, your item sold!**

---

Here is the second problem:

**Question:** How do we have *THREE* different screenshots for the same eBay sales receipt?   (#1, #2 are the same but different from both #3 and #4.)

**Question:** Why can't the Defendants comply with a simple discovery request?

**Answer:**  Something nefarious is obviously going on here by the Defendants.

4 Ebay Sales Receipts — ALL DIFFERENT

PATRICK MICHAEL O'LEARY

EXHIBIT #3B

## Timeline of the Ebay Receipt History



Looking at the eBay receipts from a birds eye view in a timeline, it is pretty obvious something underhanded is going on. You can scroll up to see bigger pictures of each image.

Doc 322

*EXHIBIT #4 A*

# WILLIE CHU  INTERNET AND COMPUTER SERVICES

# INVOICE

Wilson Elser Moskowitz Edelman & Dicker L 1133 Westchester Avenue
White Plains, NY 10604

Annamarie Trombetta  175 East 96th Street (12 R) New York, New York 10128

Date    February 20 , 2023

Court Transcript for CV-18 :00993
Trombetta vs. Novocin and WorthPoint Corporation

Project Title  Telephone Transcription

Project Description:  Gregory Watkins   Time  17 : 34

| | | |
|---|---|---|
| Transcription of Phone Call | $ | 100 |
| Hours | | |
| Ten and a half hours to proof/correct Transcription of phone call | $ | 765 |
| | | $865 |
| | Total | $865 |

EXHIBIT # 4 B

# WILLIE CHU INTERNET AND COMPUTER SERVICES

# INVOICE

Wilson Elser Moskowitz Edelman & Dicker L 1133 Westchester Avenue
White Plains. NY 10604

Annamarie Trombetta  175 East 96th Street (12 R) New York, New York 10128

Date    February 20 , 2023

Court Transcript for CV-18 :00993
Trombetta vs. Novocin and WorthPoint Corporation

Project Title  Telephone Transcription

Project Description: Anita Brooks    Time  12 : 45

| | | |
|---|---|---|
| Transcription of Phone Call | $ | 100 |
| Hours | | |
| Six  and a half hours to proof/correct Transcription of phone call | $ | 585 |
| | | $685 |
| | Total | $685 |

EXHIBIT#4C

# WILLIE CHU  INTERNET AND COMPUTER SERVICES

# INVOICE

Wilson Elser Moskowitz Edelman & Dicker L 1133 Westchester Avenue
White Plains. NY 10604

Annamarie Trombetta  175 East 96th Street (12 R) New York, New York 10128

Date   November 25, 2022


Court Transcript for CV-18 :00993
Trombetta vs. Novocin and WorthPoint Corporation


Project Title  Telephone Transcription

Project Description:  Norb Novocin Phone Call      Time  5:13


| | | |
|---|---|---|
| Transcription of Phone Call | $ | 100 |
| Hours | | |
| Four and a half hours to proof/correct Transcription of phone call | $ | 405 |
| | | $505 |

|  | Total | $505 |
|---|---|---|

*Abigail Hartmann Associates*

Fine and Decorative Art Services
415 Central Park West, Fifth Floor
New York, New York 10025
Tel: 212-316-5406
www.abihgailhartmann.com



February 21, 2023

Annamarie Trombetta

Re:  Annamarie Trombetta Expert Witness Consultation

## CONSULTATION INVOICE

**CONSULTATION FEES**

| | | | |
|---|---|---|---|
| 2.00 hours reviewing material with artist/alone pre report (2022/2023) | @ $400.00 per hour | $ | 800.00 |
| 2.00 hours reviewing material with artist/alone pre report (2022/2023) | @ no charge | $ | 00.00 |
| 6.00 hours reviewing/writing report (2/10, 2/20, 2/21/2023) | @ $400.00 per hour | $ | 2,400.00 |
| 1.50 hours reviewing report with artist (2/21/2023) | @ $400.00 per hour | $ | 600.00 |
| 2.00 hours research/review (staff) | @ no charge | $ | 00.00 |
| 1.00 hours computer processing | @ $ 50.00 per hour | $ | 50.00 |
| | | $ | 3,850.00 |

Appraisal Total.....................................$    3,850.00
Expenses Total.......................................    0 0.00
Total...................................................$    3,850.00
Initial retainer received..........................-         .00
Balance Due..........................................$    3,850.00

### PLEASE PAY...........................$    3,850.00

Payable upon receipt.
Please enclose one copy of invoice with payment.
Thank you.

Should you wish to wire payment to AHA, the following are our payment instructions *(note direct deposit/ACH payments have a different code)*
    Bank:  Bank of America
    Account name:  Gayle M. Skluzacek dba Abigail Hartmann
    Routing number: 0
    Account number: 09

Appraiser / Consultant - Gayle M. Skluzacek, AAA

EXHIBIT #1

**Abigail Hartmann Associates**

Fine and Decorative Art Services
415 Central Park West - Fifth Floor
New York, New York 10025
Tele: 212-316-5406
www.abigailhartmann.com

Exhibit #5B

February 21, 2023

Re:  Civil Case No. 18-cv-00993-RA--HBP

To whom it may concern,

Annamarie Trombetta had asked me to provide an expert witness report
to support her case.  Unfortunately, I was not able to provide this
document until the New Year due to my obligations to other clients.
I had a medical emergency in my immediate family last week which
further delayed the completion of my report for Ms. Trombetta.  This
sequence of events should not reflect upon nor be considered neglect
on the part of Ms. Trombetta.

Sincerely,

Gayle M. Skluzacek, AAA

EXHIBIT #21

## askART
What's my art worth?    Auction Records    Research Art    Buy / Sell    Our Services                    Sign In    Subscribe

Enter artist name or use alphabet        a b c d e f g h i j k l m n o p q r s t u v w x y z

# Terms of Service and Internet Privacy Policy
EXHIBIT #6

## ACCEPTANCE OF TERMS

Welcome to askART. These terms and conditions of use apply to and govern your use of the askART Web site (the "Site"). By using this service, you agree to the terms and conditions outlined below. If you do not agree to these terms and conditions, please do not use this site. The right to use askART services is personal and not transferable to any other person or entity.

Unless explicitly stated otherwise, any new features or service offerings that augment the current Service (as defined below) shall be subject to these Terms of Service.

askART reserves the right to change, modify, add or remove portions of these terms at any time, without notice to you. Usage of the site after changes are posted means you have accepted all such terms as posted.

As a Subscriber, unless otherwise agreed upon, the Subscriber account is limited solely to you and does not include usage by additional people or entities. You will be allowed almost unlimited access unless the activity level reaches our most active list, as determined in our sole discretion. In such case we reserve the further right in our sole discretion to issue replacement passwords at any time, and if appropriate, offer the service at a price to you to reflect this higher level of service usage. We also reserve the right to terminate your account with or without notice if we determine an abuse regarding the spirit of this agreement. We will confirm with you before making a custom pricing change, in which case you may subscribe on those different pricing terms. If you do not accept such different pricing terms, you or askART may elect to discontinue your subscription at any time.

askART reserves the right to cancel an account if in our sole determination there is unusual usage, not limited to automatic searches, storage or piracy of our data. Further, askART reserves the right to terminate any account for any reason not identified in these Terms of Service and that is not prohibited by law.

## LICENSE TO USE THE SITE

askART grants you a non-exclusive, non-transferable, limited right to access, use and display of the Site and the materials thereon for your personal use only, provided that you comply fully with these terms and conditions of use. You shall not interfere or attempt to interfere with the operation of the Site in any way through any means or device including, but not limited to, spamming, hacking, uploading computer viruses or time bombs, or the means expressly prohibited by any provision of these terms and conditions of use.

## OWNERSHIP; RESTRICTIONS; TRADEMARKS

askART owns, controls, licenses or has the right to use and provide the Site and all material on the Site, including, without limitation the askART Artist database, text, images, artist biographies, price valuation reports, articles, photographs, illustrations, audio and video clips, (collectively the "Content"). The Site is protected by copyright as a collective work and/or compilation, pursuant to U.S. copyright laws, international conventions, and other copyright laws. askART is the owner of the copyright in the entire Site. askART owns a copyright in the selection, coordination, arrangement and enhancement of the Site. You agree to abide by any and all copyright notices, information or restrictions displayed on the Site. askART does not grant permission to users of the site to reproduce images of original works of art.

You may not modify, create derivative works from, participate in the transfer or sale of, post on the World Wide Web, or in any way exploit the Site or any portion thereof for any public or commercial use without the express written permission of askART. You are responsible for complying with all applicable laws, rules and regulations regarding your use of any such downloaded Content. In the event of any permitted copying, redistribution or publication of material from the Site, no changes in or deletion of author attribution, trademark, legend or copyright notice shall be made.

askART and Artist Bluebook are trademarks and service marks of askART, Inc. ALL RIGHTS RESERVED. All other trademarks, service marks, product names and company names or logos appearing on the Site are the property of their respective owners. Any use of such trademarks, service marks, product names and company names or logos, including the reproduction, modification, distribution or republication without the prior written permission of the owner of same, is strictly prohibited.

## USE OF INFORMATION

As a user of the Site, you acknowledge that you may provide information regarding your tastes and preferences, and you hereby authorize askART, Inc. and its affiliates to use such information in connection with any online or offline offering or any electronic mail offering directed to you. askART, Inc. is committed to protecting your privacy. Any information that askART, Inc. collects about you will be used to enhance your utilization of the Site. By using our web site, you consent to the collection and use of this information by askART, Inc. and its affiliates.

By uploading material to any forum or by submitting any comments, recommendations or data ("information") to us, you automatically grant (or represent and warrant to us that the owner of such rights has expressly granted) to us a perpetual, royalty-free, irrevocable, nonexclusive right and license to use, reproduce, modify, adapt, publish, sublicense, translate, create derivative works of and distribute such information worldwide and/or incorporate such information into any form, medium, or technology now known or later developed. In addition, you represent and warrant to us that all so-called moral rights in the information have been waived.

askART Site Terms and Privacy Policy

EXHIBIT # 21D (1)

Plaintiff's Evidence 000342

# askART

**What's my art worth?**   **Auction Records**   **Research Art**   **Buy / Sell**   **Our Services**      **Sign In**   **Subscribe**

Enter artist name or use alphabet            a b c d e f g h i j k l m n o p q r s t u v w x y z

EXHIBIT #6 B

# Terms of Service and Internet Privacy Policy

### ACCEPTANCE OF TERMS

Welcome to askART. These terms and conditions of use apply to and govern your use of the askART Web site (the "Site"). By using this service, you agree to the terms and conditions outlined below. If you do not agree to these terms and conditions, please do not use this site. The right to use askART services is personal and not transferable to any other person or entity.

Unless explicitly stated otherwise, any new features or service offerings that augment the current Service (as defined below) shall be subject to these Terms of Service.

askART reserves the right to change, modify, add or remove portions of these terms at any time, without notice to you. Usage of the site after changes are posted means you have accepted all such terms as posted.

As a Subscriber, unless otherwise agreed upon, the Subscriber account is limited solely to you and does not include usage by additional people or entities. You will be allowed almost unlimited access unless the activity level reaches our most active list, as determined in our sole discretion. In such case we reserve the further right in our sole discretion to issue replacement passwords at any time, and if appropriate, offer the service at a price to you to reflect this higher level of service usage. We also reserve the right to terminate your account with or without notice if we determine an abuse regarding the spirit of this agreement. We will confirm with you before making a custom pricing change, in which case you may subscribe on those different pricing terms. If you do not accept such different pricing terms, you or askART may elect to discontinue your subscription at any time.

askART reserves the right to cancel an account if in our sole determination there is unusual usage, not limited to automatic searches, storage or piracy of our data. Further, askART reserves the right to terminate any account for any reason not identified in these Terms of Service and that is not prohibited by law.

### LICENSE TO USE THE SITE

askART grants you a non-exclusive, non-transferable, limited right to access, use and display of the Site and the materials thereon for your personal use only, provided that you comply fully with these terms and conditions of use. You shall not interfere or attempt to interfere with the operation of the Site in any way through any means or device including, but not limited to, spamming, hacking, uploading computer viruses or time bombs, or the means expressly prohibited by any provision of these terms and conditions of use.

### OWNERSHIP; RESTRICTIONS; TRADEMARKS

askART owns, controls, licenses or has the right to use and provide the Site and all material on the Site, including, without limitation the askART Artist database, text, images, artist biographies, price valuation reports, articles, photographs, illustrations, audio and video clips, (collectively the "Content"). The Site is protected by copyright as a collective work and/or compilation, pursuant to U.S. copyright laws, international conventions, and other copyright laws. askART is the owner of the copyright in the entire Site. askART owns a copyright in the selection, coordination, arrangement and enhancement of the Site. You agree to abide by any and all copyright notices, information or restrictions displayed on the Site. askART does not grant permission to users of the site to reproduce images of original works of art.

You may not modify, create derivative works from, participate in the transfer or sale of, post on the World Wide Web, or in any way exploit the Site or any portion thereof for any public or commercial use without the express written permission of askART. You are responsible for complying with all applicable laws, rules and regulations regarding your use of any such downloaded content. In the event of any permitted copying, redistribution or publication of material from the Site, no changes in or deletion of author attribution, trademark, legend or copyright notice shall be made.

askART and Artist Bluebook are trademarks and service marks of askART INC. ALL RIGHTS RESERVED. All other trademarks, service marks, product names and company names or logos appearing on the Site are the property of their respective owners. Any use of such trademarks, service marks, product names and company names or logos, including the reproduction, modification, distribution or republication without the prior written permission of the owner of same, is strictly prohibited.

### USE OF INFORMATION

As a user of the Site, you acknowledge that you may provide information regarding your tastes and preferences, and you hereby authorize askART, Inc. and its affiliates to use such information in connection with any online or offline offering or any electronic mail offering directed to you. askART, Inc. is committed to protecting your privacy. Any information that askART, Inc. collects about you will be used to enhance your utilization of the Site. By using our web site, you consent to the collection and use of this information by askART, Inc. and its affiliates.

By uploading material to any forum or by submitting any contents, recommendations or data ("Information") to us, you automatically grant (or represent and warrant to us that the owner of such rights has expressly granted) to us a perpetual, royalty-free, irrevocable, nonexclusive right and license to use, reproduce, modify, adapt, publish, sublicense, translate, create derivative works of and distribute such information worldwide and/or incorporate such information into any form, medium, or technology now known or later developed. In addition, you represent and warrant to us that all so-called moral rights in the information have been waived.

https://www.askart.com/SiteTerms.aspx                                    Page 1 of

Please Note

NORB NOVOCIN

DEPOSITION EXHIBIT #8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNAMARIE TROMETTA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-0993-RA-SLC |
| | ) |
| NORB NOVOCIN, MARIE NOVOCIN, | ) |
| ESTATE AUCTIONS, INC., WORTHPOINT | ) |
| CORPORATION, WORTHPOINT.COM, and | ) |
| JASON PECKER, | ) |
| | ) |
| Defendants. | ) |

EXHIBIT #7A

**DECLARATION OF NORB NOVOCIN IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND**

I, Norb Novocin, declare as follows:

1.      Together with my wife and co-defendant in this case, Marie Novocin, I owned and operated Estate Auctions, Inc. from April 23, 2012 until 2019.

2.      Estate Auctions curated a wide array of art and similar items that it sold through an online storefront on eBay.

3.      In 2012, Estate Auctions listed a painting on its eBay storefront that I personally inspected. The painting was signed on the front by "A. Trombetta" and featured an inscription reading "Annamarie Trombetta 'Gifted' 1997, 'Painted' 1972" in red along its back stretcher (the "Painting").

4.      As was our typical practice, I conducted research to identify the artist who signed the Painting using online research tools designed for that purpose such as *AskArt.com*.

5.      When researching the Painting, I found only one artist whose name matched "A. Trombetta" and that artist was the Plaintiff, Annamarie Trombetta. Because "Annamarie

1

Plaintiff000174

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff's Evidence  000332

ANNAMARIE TROMETTA,               )
                                  )
              Plaintiff,          )        Case No. 18-cv-0993-RA-SLC
                                  )
        v.                        )
                                  )
NORB NOVOCIN, MARIE NOVOCIN,      )
ESTATE AUCTIONS, INC., WORTHPOINT )
CORPORATION, WORTHPOINT.COM, and  )
JASON PECKER,                     )
                                  )
              Defendants.         )
                                  )

EXHIBIT #7B

**DECLARATION OF MARIE NOVOCIN IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND**

I, Marie Novocin, declare as follows:

1.      Together with my husband and co-defendant in this case, Norb Novocin, I owned

and operated Estate Auctions, Inc. from April 23, 2012 until 2019.

2.      Estate Auctions curated a wide array of art and similar items that it sold through

an online storefront on eBay.

3.      In 2012, Estate Auctions listed a painting on its eBay storefront that my husband

Norb personally inspected. The painting was signed on the front by "A. Trombetta" and featured

an inscription reading "Annamarie Trombetta 'Gifted' 1997, 'Painted' 1972" in red along its

back stretcher (the "Painting").

4.      As was our typical practice, my husband Norb conducted research to identify the

artist who signed the Painting using online research tools designed for that purpose such as

*AskArt.com.*

1

Plaintiff 000076

*Damage to my Reputation*          EXHIBIT #

April 7, 2022

8

To Whom It May Concern:

My name is Alex Raspa and I am the Senior Sound Post Production Technician at NYU's Tisch School of the Arts, Post Production Center. I have worked here in the Film and TV Department at the Kanbar Institute of Film & Television since 2006.

In 2015, Annamarie invited me to an opening for an exhibition at the Italian American Museum here in New York, where some of her wonderful paintings were being shown.

A few months after this, I did a Google search of Annamarie's name and was led to a website, Worthpoint, that mentioned the sale of one of her paintings, "Man with a Red Umbrella" on Ebay. I was very surprised by this because I didn't know that Annamarie was selling any of her paintings that way. Upon closer inspection, I saw her name misspelled once as "Trombette," and then, when I read that this canvas was supposedly painted in 1972, I realized that "Man with a Red Umbrella" could not possibly be hers, as she was only a little kid then. Finally, the artist's signature shown was "A. Trombetta," which I knew was not the way Annamarie signed her paintings. I of course got in touch with her right away and let her know that what I saw on that website was evidently fraudulent. It was clearly going to affect her ability to sell her paintings and make a living.

*Wrong Spelling for Trombette*

Sincerely,

Alejandro Raspa

Alex (Alejandro) Raspa
Post Production Sound Senior Technician & Instructor
Post Production Center
Maurice Kanbar Institute of Film & Television
Tisch School of the Arts, New York University
721 Broadway, Room 1163
New York, NY 10003

*Exhibit #19*

Plaintiff 000016



## Annamarie Trombetta---Inquiry about Worthpoint Website---Oil Painting

**From:** Annamarie Trombetta (trombettaart@yahoo.com)

**To:** spoof@ebay.com

**Cc:** ippermissions@ebay.com

**Date:** Thursday, November 26, 2015, 10:07 AM EST

To the E Bay Staff,

My name is Annamarie Trombetta.   I am an artist and I received an e-mail that informed me about a website named Worthpoint.com.

When I googled me name Annamarie Trombetta I found this Marilyn Monroe link below. At the bottom of the Maryiln Monroe link is a link to  a painting that Worthpoint is  stating that I painted.  My biography is listed in great detail, however I did NOT paint this image.

Please review the information below.   I am requesting a response as soon as possible.

Here is the  e-mail that my contact forwarded to me from Worthpoint
NOV 16, 2015  |  08:35AM EST
**Anita B. replied:**
Hello,
We do not buy or sell anything on the site. Rather, we buy sales records from various auction houses and sites and compile them into a price guide to help users determine the value of antiques and collectibles.
If this particular item sold on EBay, I recommend trying to contact EBay, as they may be able to provide you with the additional information you are seeking.
Kind Regards,
The WorthPoint Team
www.WorthPoint.com
(877) 481-5750

Regards,

Customer Support Team
WorthPoint, Inc.

Marilyn Monroe 1988 Vintage Michael Ochs Archive Chanel ...
www.worthpoint.com › Worthopedia™

1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz; Handmade New Mexican Folk Art Church Birdhouse LARGE Lark Sedona ...

1/3

EXHIBIT #13

EXHIBIT#16
Doc 5043

# PHONE TRANSCRIPT   OF

# WORTHPOINT'S EMPLOYEE

# ANITA   BROOKS   AND

# PLAINTIFF

# ANNAMARIE   TROMBETTA

Plaintiff 000072

Yahoo Mail – No Subject

EXHIBIT #34

EXHIBIT #11A

## (No Subject)

From: susan goldstein (goldenvoices@gmail.com)

To: trombettaart@yahoo.com

Date: Friday, January 9, 2015, 12:13 PM EST

Dear Annamarie,

Congrats! The work was stunning and so were you. I hope you are experiencing great success!

As I am in love with The Wisteria painting, how much is it?

Turner, Saturday nite?

Love and Blessings,

Sudha aka Susan

Sale of Artwork Jan. 9, 2015

Plaintiff 000073

EXHIBIT #4

(2)

Lost Sale

EXHIBIT #11B

Susan B. Goldstein
531 East 52nd Street Apt 8 A
New York, New York 10022
goldenvoices@gmail.com

March 4, 2019

United States Southern
District of New York
500 Pearl Street
New York, New York 10007

Re:    Sale of Oil Painting    Wisteria Arbor Mandala by Artist Annamarie Trombetta

To The Honorable Judge Ronnie Abrams:

I, Susan B. Goldstein, am extending this letter to the court on behalf of Artist Annamarie Trombetta in reference to the loss of a sale for one of her most beautiful paintings, Wisteria Arbor Mandala which is on her professional website.

I am a retired Professor in the Communications Dept. at Baruch College in New York City. I have been familiar with the artist Annamarie Trombetta for quite some time. It was a pleasure to attend Ms. Trombetta's openings and lectures at the Union League Gallery on Park Avenue and The Italian American Museum in "Little Italy". The exhibits were spectacular and I felt compelled to bring Annamarie's work to the attention of my aunt who is an avid art collector.

Upon viewing the photos from Ms. Trombetta's exhibitions my aunt was interested in purchasing the oil painting "Wisteria Arbor Mandala" which was eighty five hundred dollars. This was a significant investment for her collection. My aunt's personal assistant came upon a listing under Annamarie Trombetta In reference to an Oil painting done in 1972 that was damaged. The post was on some site Worthpoint which sells items of low quality and standard to include the works of "Thomas Kincaid.

As a result of this finding, I phoned Ms. Trombetta about this listing under her name which she responded that she was not aware of the internet listing. Ms. Trombetta assured me that it was not her painting and did not know why her full name was associated with such a site. I encouraged Annamarie to try and have this horrible and dreadful listing removed from the internet at once.

My aunt's assistant did point out that the description on the Worthpoint internet site reference the artist Annamarie Trombetta's website. The oil painting my aunt wished to purchase is on Annamarie's website. The reference to the website of Artist Annamarie Trombetta on the Worthpoint site is the main reason why my aunt decided not to purchase the painting. It was indeed a favorite Image, however the amount of money for the painting and the association with such a "cheap and disreputable site" was too problematic to facilitate the sale of Annamarie's lovely painting. Losing the sale of eighty five hundred dollars is quite a disappointment also my aunt has quite a collection of art and to not be included in her collection is an even greater misfortune.

It is with my full support that I applaud Ms. Trombetta with her legal pursuits. These unorthodox and disreputable internet site have created so many problems for Ms. Trombetta at a time when she should have been celebrating and selling her work and her successes.

Very Truly,

March 4, 2019

Professor Susan B. Goldstein                    Notary

MOHAMMED I ALI
NOTARY PUBLIC, STATE OF NEW YORK
01AL6336792
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES DECEMBER 17, 20__

EXHIBIT #12-A

Plaintiff Annamarie Trombetta's website has been on the internet since 2003. This exceeds the Lanham Act requirement " **a registered mark becomes incontestable after five years of continuous post-registration use.** " All of the website pages have a copyright circle with the letter C and the statement  " All work on this site are © Annamarie Trombetta".   In addition there is the **DMCA** logo.   Most importantly  there is the artist's personal  triangular shaped logo for business evidenced in the artist distinctive  personally designed trademark designation logo which is on each and every  page of the artist's website.

Plaintiff Annamarie Trombetta enters into evidence xerox copies of the Plaintiff's website.

**EXHIBIT  A -**Home Page Website  with copyright symbol  and statement  All rights reserved by Annamarie Trombetta .

**EXHIBIT  B—** Biography Page —Estate Auction copied verbatim  the first half of my biography.

**EXHIBIT  C—** The Contact page on the Plaintiff's website with the Plaintiff's e-mail and telephone.  Prior to using  the Artist's Biography the Defendants could have contacted the Artist to authenticate any works.  The Defendants refuse to accept accountability for violations.

**EXHIBIT D—**Video Page from Artist Annamarie Trombetta's   duly documented an dated  in 2004 Solo Exhibit  "Central to  Staten Island at the  Staten  Island Museum.

**EXHIBIT E—**Entered into evidence is the **Defendant's photo feature** of a signature in Oil Paint on canvas  "A . Trombetta"

**EXHIBIT F-**description of the fraudulent painting Man with Red Umbrella signed Annamarie Trombetta

**The signature in the photo which was placed next to my biography creates a false illusion or confusion to anyone that**  views this signature **to appear to belong to Artist Annamarie Trombetta.**  Last is the xerox of the description of the fraudulent painting Man(or Woman) with Red Umbrella signed Annamarie Trombetta  EXHIBIT F- as in fraudulent. As the photo reveals the signature is A. Trombetta not Annamarie Trombetta  and it was not by the Plaintiff's/Artist hand nor does it resemble the artist's true signature.

The exhibits and Lanham Act Laws 15 U.S. Code § 1125 and § 1125(a)] False designations of origin, false descriptions, and dilution forbidden 15 U.S.C. § 1051 et seq. validate and exceed the plausible evidence as positive proof of violations to the Plaintiff by the Defendants .

   **II.   The Visual Artist's Right's Act 17 U.S. Code §106A. Rights of certain authors to attribution and integrity .   This is a Federal Law that includes moral rights  The Law below states:**

(a)Rights of Attribution and Integrity.—Subject to section 107 and independent of the exclusive rights provided in section 106, the author of a work of visual art—
(1) shall have the right—
(A) to claim authorship of that work, and

Plaintiff000387B

EXHIBIT #12B

Laws 1.  18 U.S. Code § 1028. Fraud and related activity in connection with identification documents, authentication features, and information (a) Whoever, in a circumstance described in subsection (c) of this section 1) knowingly and without lawful authority produces an identification document, or a false identification document; (2)knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority;2.   Under the Identity Theft and Assumption Deterence Act, it is a federal crime when a person "knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law."

Plaintiff has endured for about four years the ordeal of fraudulent information removed and reposted on the internet. Every civilized and reasonable attempt to free the Plaintiff of this fraudulent posting —painting and purchase has caused a great deal of loss—frustration and insult to the Plaintiff. The signature of the artist on their painting increases the value of the work. Without the signature there is no authenticity to the artwork. To have my reputation associated with another unknown signature has caused my branding, my identity and my reputation to be severely compromised. The Defendants unacknowledged these facts which may indicate that they are susceptible to do it again; hence one of the reasons for this lawsuit.

Lastly this lawsuit and this submission holds valuable information to all artists, photographers, writers and the like that are sole proprietors vulnerable to misappropriation of their work. I sincerely hope this information can assist other should they find themselves in an unwanted litigation suit.

The Plaintiff in the hope of a resolution offers the Settlement terms before the Defendants and The Honorable Judge Ronnie Abrams for review as a means to end this legal matter.

### Settlement Offer from Plaintiff Annamarie Trombetta

The Plaintiff had a conditional offer A) The Plaintiff Requests the amount of $70,000 to settle this case. If the Defendants can submit all the information —-documents —-photos and statements that were duly documented prior to this law suit and settlement —

-The Plaintiff agrees to deduct the amount by each article of information that is supplied by the Defendant's Norb Novicin and Marie Novicin—-Estate Auctions Inc

The Requested Articles —-Documented Statements are as follows

1.  Submission of the 12 photographs duly written on the internet of the Actual Original Oil Painting Entitled Man (or Woman ) with the Red Umbrella.

2. The Name —Address —and Contact Phone Number of the Actual Owner of the painting. Notification Letter to the purchaser from Estate Auctions informing them that Artist Annamarie Trombetta is not the creator of this painting.

3. A photograph of the actual signature in Red described on the back of the painting.

4. Photographs of the tears or torn canvas in the description of the painting.

Plaintiff0003871

EXHIBIT # 2C

Case 1:18-cv-00993-RA-SLC   Document 22   Filed 04/24/19   Page 11 of 38

11 of 13

5.   The Name and Address  and a statement from the of the Lawyer that the Novicins consulted with regarding the Settlement Letter  sent by the Law Firm of Cahill Partners on behalf of the Plaintiff Annamarie Trombetta

6. The Letter Settlement Letter sent by Megan Noh of Cahill Partners Inc.

7.  A copy of the response letter by Marie Novicin to the Better Business Bureau

8. A written confirmation that all internal records and any publicly accessible data  including website metadata in regard to the sale of this painting have been corrected and removed.

9. If possible  a copy of the Defendant's 2012  Income taxes that reported the sale of the painting.

10.  An explanation and or  statement as to WHY the painting was sold in 2012  and is devoid of any proof  still on the Internet in 2015.

For each piece of Proof that is entered by the Defendants and or their attorneys the Plaintiff will lower the amount of the  settlement.

I enter into the court documents for Case No.18-CV-0093-RA-HBP  Trombetta Vs. Norb

Novicin —Marie Novicin—Estate Auctions the information pertinent to  the validity, violations

and infringements set upon the Plaintiff.

Plaintiff Annamarie Trombetta wishes to thank the court for their consideration, time and effort

pertaining to this matter.

Respectfully submitted,

April  23, 2019

Annamarie Trombetta

Plaintiff , Pro se` Litigant

175 East 96th Street

New York , New York 10128

Anderson J. Duff

244  Fifth Avenue Stue 2230

New York, New York 11101

Plaintiff000387J

https://anally.yahoo.com/#6650641469

*EXHIBIT # 120*

*Exhibit M*

| Subject: | Marilyn Monroe 1988 Vintage Michael Ochs Archive Chanel Perfume ... www.worthpoint.com › Worthopedia™-----Artist Annamarie Trombetta |
|---|---|
| From: | Annamarie Trombetta (trombettaart@yahoo.com) |
| To: | will@worthpoint.com; |
| Date: | Wednesday, January 4, 2017 11:28 AM |

Mr. Sieppel,

Please allow me to Re-introduce myself. My name is Annamarie Trombetta. I am an artist . Last year I found a MISATTRIBUTION of a painting that I did NOT create on your website--Worthpoint.com which came up on the internet under my name. Specific personal content from my professional biography on my personal artist website was copied, transplanted and posted on your site. A picture of a painted signature on canvas signed A. Trombetta that was NOT MY signature was also photo featured on the Worthpoint.com website listing.

On February 20, 2016 I contacted you via e-mail. Prior to contacting you I had spoken several times with your employer Anita and eventually I was on the phone at length with your webmaster Mr. Gregory Watkins regarding the FRAUDULENT posting of a painting that I did not create. I requested that this Fraudulent listing be permanently removed. I also sent a notice to the company website. SEE BELOW

---

## Ticket #57565: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

**WorthPoint** | Feb 20, 2016 10:24AM EST
Thank you for submitting your request. We have received your request and are working on responding to you as soon as possible. If you have any additional information to add to this case, please reply to this email.

Thanks in advance for your patience and support.

This message was sent to trombettaart@yahoo.com in reference to Case #57565.

---

[[7e0d850a2b9039a31cbf23ab9ae58ea3fc4a46c9-641

I am contacting you once again almost a year later because I found yet again a listing from Worthpoint.com under my name--Annamarie Trombetta artist. Below is today's listing January 4th 2017 of subjects and site which come up when I Google Annamarie Trombetta artist. PLEASE REVIEW --- The Marilyn Monroe listing was the first place where my name was Falsely associated along with the fraudulent painting and signature attributed to me that was listed on Worthpoint.com.

A year ago I took time, energy and effort to contact you and your company regarding the false attribution and requested that it should be removed. I have NEVER HAD ANY ASSOCIATION with WORTHPOINT.com---NOR have I ever had any business with Worthpoint.com and yet in a Google



Plaint's Evidence 000495

*Motion To Dismiss* EXHIBIT

#5 — Georgia

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

WORTHPOINT CORP., SHARI SEIPPEL,

AND WILLIAM SEIPPEL,

**Plaintiff,**

vs.

ANNAMARIE TROMBETTA

**Defendant**

Case No.: 2022CV366175

EXHIBIT #14 A

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Mary Trachian-Bradley (mtrachian@briskinlaw.com)
BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street, Suite 300, Alpharetta, GA 30009

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service, unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___6/14/2022___ day of _____, 20____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

No Date or Signature Empty

EXHIBIT #6 B(1)

Fulton County Superior Court
***EFILED***MH
Date: 10/31/2022 4:34 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WORTHPOINT CORP., SHARI SEIPPEL, AND WILLIAM SEIPPEL, <br><br> PLAINTIFFS, <br><br> V. <br><br> ANNAMARIE TROMBETTA, <br><br> DEFENDANT. | Civil Action <br><br> File Number: 2022 CV 366175 |

EXHIBIT #14B

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT
### IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COME NOW** Plaintiffs WORTHPOINT CORP., SHARI SEIPPEL and WILLIAM SEIPPEL (hereinafter collectively referred to as "Plaintiffs") and move pursuant to O.C.G.A § 9-11-55, for judgment on all counts of Plaintiffs' ("Complaint") against Defendant ANNAMARIE TROMBETTA, and show this Court the following:

1.

Plaintiffs caused Defendant to be served personally with a true and correct copy of the Summons and Complaint, which service was perfected by a private process server on August 30, 2022, as reflected in the *Affidavit for Entry of Service* filed on September 1, 2022.

2.

Service was properly effectuated as set forth in the two (2) Affidavits of Service filed with this Court.

3.

Defendant acknowledged receipt of the Summons and Complaint on August 30, 2022.

**EXHIBIT #6B (2)**

**4.**

More than thirty (30) days elapsed prior to Defendant sending an electronic copy of a responsive pleading. The electronic copy was (1) untimely and (2) did not effectuate proper filing within the State of Georgia.

**EXHIBIT #14C**

**5.**

More than thirty (30) days elapsed prior to Defendant filing her first responsive pleading on November 5, 2022

**6.**

At the time that Defendant filed her response on November 5, 2022, Defendant was in default.

**7.**

No costs have been paid by Defendant, and said default has not been opened as a matter of right in the manner set forth in O.C.G.A § 9-11-55.

**8.**

By virtue of Defendant's failure to open her default, Defendant has admitted all well-pleaded allegations contained in the Complaint, as well as all reasonable inferences that could be drawn from such allegations. Stroud v. Elias, 247 Ga. 191, 193 (1981).

**9.**

The facts alleged in the Complaint show that Defendant is liable to Plaintiffs for claims for abusive litigation and emotional distress.

**10.**

The torts committed by Defendant were knowingly committed by Defendant within Fulton County, Georgia.

EXHIBIT 14 Motion To Dismiss

## M Gmail

Plaintiff's Evidence 000490

Annamarie Trombetta <atrombettaart@gmail.com>

## Third and Last Attempt to Request a Signature for the Waiver for Summons Plus the submission of the Dec. 2, 2020 Summonses and Amended Complaint

Will Seippel <will.seippel@worthpoint.com>                    Tue, Dec 8, 2020 at 11:18 PM
To: Annamarie Trombetta <atrombettaart@gmail.com>
Cc: Will Seippel <will@worthpoint.com>, WorthPoint Support <support@worthpoint.com>, Arnie Lutzker
<arnie@lutzker.com>, info@lutzker.com, dmca@lutzker.com

On this, we should take the max time we have to get back to her under the law. Not a day earlier. Since we are not
obligated to go at her expanded pace then why go faster?  Maybe she does not have the money to hire someone which is
why she is throwing a tantrum. Won't this be the first time she has to spend money. We have to, so should she. There is
nothing for us to do until she dips into her pocket. Maybe she won't and we are done.
[Quoted text hidden]

EXHIBIT
# 14D

Email
from
William
Seippel
Dec 8, 2020

EXHIBIT #15

buyers "to be able to associate somebody of value" to the painting — which cuts against a finding that Mr. Novocin misattributed the Painting deliberately to increase its value. (Id. at 54:8-12, 62:17-24.)

Plaintiff argues that Mr. Novocin should have noticed the misspelling of her name on the back of the Painting, should have realized that the date of the Painting did not line up with Trombetta's biography and career timeline, and should have conducted further research to find the Painting's true creator — as was his usual habit. (Docket entry no. 488 ("Pl. Second Mem.") at 8-10; see also Norb Novocin Dep. at 58:11-14, 65:11-16.) While Plaintiff may be correct on these points, even when viewing the evidence in the light most favorable to her, Mr. Novocin's failure to act with prudent care at best establishes that he misattributed the Painting negligently. Plaintiff's evidence is therefore insufficient to frame a genuine issue of fact as to whether Mr. Novocin made the incorrect attribution willfully, and Plaintiff's claim against EAI is dismissed to the extent Plaintiff seeks an award of statutory damages for willful conduct.

Absent a finding of willfulness, courts must consider six factors to determine the appropriate award of statutory damages: (1) the infringer's state of mind, (2) the expenses saved, and profits earned, by the infringer, (3) the infringer's cooperation in providing evidence concerning the value of the infringing material, (4) the revenue lost by the copyright holder, (5) the conduct and attitude of the parties, and (6) the deterrent effect on the infringer and third parties. Bryant, 603 F.3d at 144.

The first five factors weigh in favor of a modest award of statutory damages. First, as previously discussed, Mr. Novocin's commission of the infringement was neither willful nor wholly innocent — the record shows Mr. Novocin could reasonably have discovered that the Painting was not Ms. Trombetta's work if he had exercised due care before creating the post.



November 10, 2022

The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

**RE: Outstanding Discovery Deficiencies by Estate Auctions Inc.**
    **1) Outstanding Production for the FULL Estate Auctions Inc. eBay confirmation of the alleged
    sale of the "1972 Original Oil Painting titled Man With Red Umbrella" which was
    misattributed as being signed Annamarie Trombetta.**
    **2) Plaintiff's Request from Norb Novocin for Buyer's Sales Receipt and the Form of Payment
    for the 1972 oil painting she purchased on eBay from Estate Auctions Inc. in 2012.**

To Honorable Judge Cave and The Honorable Judge Abrams,

Pro Se litigant, Annamarie Trombetta, brings to the Court attention the numerous times Plaintiff has
requested the complete production of the eBay Estate Auctions Inc sales receipt confirming the alleged
sale of the "1972 Original Oil Painting "Man With Red Umbrella" which was misattributed and listed as
signed by New York artist, Annamarie Trombetta. To date, Estate Auctions Inc. and Defendants Norb
and Marie Novocin have failed to produce the eBay sales receipt, in its entirety. Plaintiff informs the
Court that the same request for the complete production of the eBay receipt from EAI was documented
by the WorthPoint attorneys on September 21, 2022 during the Deposition of Norb Novocin. The EAI
eBay sales receipt is WorthPoint's Exhibit #4 and the call for production of this receipt was made on the
day of the Novocins Depositions on September 21, 2022. It is November 10, 2022 and the document is
still not produced. No explanation has been set forth by attorney Anderson Duff or EAI.

Plaintiff informs the Court that at the Meet and Confer on Friday October 28, 2022 Plaintiff brought the
production of the full eBay receipt to Mr. Duff's attention. On Saturday, October 29, 2022, Plaintiff
sent attorney Anderson Duff an email to remind him to produce these documents by Monday October
31, 2022. **EXHIBIT #1 October 29, 2022 Plaintiff's email to Mr.Duff for Full Production of eBay
receipt.** Attached within my email to Mr. Duff, Plaintiff sent the actual Deposition pages from 74
through to page 79 in which attorney Jana Farmer identified Exhibit #4 to Norb Novocin (page 74) and
Mr. Novocin saw and confirmed it was a truncated eBay receipt by Estate Auctions Inc. of the alleged
sale on Dec. 1, 2012 of the "1972 Original Oil Painting titled Man With Red Umbrella". Mr. Novocin 's
confirmed the deficiency and affirmed that he would produce the full eBay receipt (page 77). In Mr.
Novocin's Deposition on page 74 thru page 79 the above facts are documented . Mr. Novocin also stated
he "keeps all his ebay emails " (page 75). **EXHIBIT #2 Norb Novocin Deposition Page 74 thru
to Page 79. EXHIBIT #3 NON confidential Incomplete email RE eBay Sale of 1972 Oil Painting.**

Plaintiff reminds the Court of the most recent documented response by attorney Anderson Duff to my
request on the 28th and the 29th of October 2022 and also by WorthPoint's attorneys, to produce in it's
entirety, the eBay Estate Auctions Inc. sales receipt for the "1972 Original Oil Painting titled Man With
Red Umbrella". This was noted on October 31, 2022 in Plaintiff's Letter in Doc. 306 — Plaintiff
wrote to the Court :
    *On and around 1:30 pm attorney Mr. Duff responded regarding the Defendants' Dec. 1 , 2012
email from Estate Auctions Inc. from eBay regarding the sale of the 1972 Original Oil Painting Man With
Red Umbrella. Mr. Duff wrote :*

*"I will pass along a new copy of the single email referenced in your email below as soon as I receive
it from my clients."* — statement by Estate Auctions Inc. attorney Anderson Duff.

EXHIBIT #16B

Again, today is November 10, 2022 and the FULL production of the eBay Estate Auctions Inc. confirmation of the alleged sale of the "1972 Original Oil Painting titled Man With Red Umbrella" which was misattributed as being signed Annamarie Trombetta is still OUTSTANDING and NOT PRODUCED by Norb Novocin and or Estate Auctions Inc. To date, no explanation has been set forth by Mr. Duff for this lack of production of the eBay Dec. 1, 2012 receipt of sale for the 1972 oil painting.

Plaintiff has written and noted to the Court about several deficiencies and unanswered Interrogatories and Production of Documents in Discovery that Plaintiff sent to EAI and Mr. Duff in February, 2022. Moreover, in the summer months, Plaintiff wrote to the Court on August 8, 2022, filed in **Doc. 257,** EAI's late failure to produce Discovery responses. Again in **Doc. 259** filed on August 11, 2022, in **Doc. 261** filed on August 15, 2022, in **Doc. 266** filed on August 22, 2022 which was Plaintiff request for production of deficiencies from both Defendants (WorthPoint and EAI) and once again on September 16, 2022 in **Doc. 278** Plaintiff noted to the Court the failures by EAI to produce discovery responses.

In Doc. 265, filed on August 19, 2022, attorney Anderson Duff filed a one page letter stating that he has produced all discovery Also in Doc. 282, filed on September 22, 2022, attorney Anderson Duff submitted a one page letter to the Court and failed to send any copy of his letter to the Plaintiff, despite my requests to Mr. Duff. **EXHIBIT #4 Plaintiff's request of Doc. 282 Mr. Duff's September 22, 2022 letter to the Court.**

Plaintiff's Interrogatories and Production of Documents were in pursuit of EAI's deficient eBay Dec. 1, 2012 sale's receipt for the 1972 oil painting plus all and any written forms of payment (checks-credit card- Pay Pal) or additional eBay receipts from the buyer or from EAI to the buyer. Additionally, Plaintiff was requesting photos of the front signature "A.Trombetta and the location of the red pencil signature in the back of the 1972 canvas. Estate Auctions Inc. failure to produce my requested information led to Plaintiff pursuing the eBay buyer of the 1972 oil painting. Plaintiff's efforts and outreach with the use of subpoenas to the buyer caused by the direct FAILURE of attorney Anderson Duff to produce my requests in writing has still failed to produce any and all written proof of payment for Man With Red Umbrella. I did receive from the buyer, an additional photo of the front signature "A. Trombetta". I also found out where the signature in red pencil was located, on top of the stretcher bar. The alleged buyer, however, responded that <u>she did NOT</u> have any written proof of payment in a recent email to Plaintiff. **EXHIBIT #5 Email from Owner of "1972 Original Oil Painting titled Man With Red Umbrella".**

## ESTATE AUCTIONS INC. DEFENDANTS DEFICIENCY IN PRODUCTION OF DOCUMENTS

1)First, in light of the outstanding FULL production of the eBay Estate Auctions Inc. of the alleged sale of the "1972 Original Oil Painting titled Man With Red Umbrella" misattributed as being signed Annamarie Trombetta, Plaintiff is requesting from the Court that attorney Anderson Duff produce requested these documents by Plaintiff and by the WorthPoint attorneys as noted in the Deposition of Norb Novocin on September 21, 2022—immediately.

2) Secondly, as duly documented on Page 75 of Mr. Novocin's Deposition that he " DOES NOT THROW E-MAILS AWAY", Plaintiff is requesting the eBay emails from the buyer confirming the proof of payment between Estate Auctions Inc, and the buyer for the sales transaction of the 1972 oil painting—immediately.

3) Third, I am requesting the the form of payment and the written payment transaction whether it was Pay Pal, check, credit card, cash or any other means of payment between the buyer and the accepted seller, Norb Novocin—immediately.

EXHIBIT #16C

At this stage of Discovery and litigation, the FAILURE to produce the ebay sales receipt and the mode of payment for the "ALLEGED" sale of the 1972 Original Oil Painting Man With Red Umbrella" is inexcusable and can be verifiably viewed, at this time, as willful concealment.

**PLAINTIFF'S DOCKET 22 FILED ON APRIL 24, 2019  PLAINTIFF'S SETTLEMENT OFFER PROPOSAL  AND REQUESTS FROM ESTATE AUCTIONS INC. NORB & MARIE NOVOCIN.**

Plaintiff notes to the Court that THREE YEARS AGO, Plaintiff, in Docket 22, on April 24, 2019, filed a 13 page settlement proposal (with Exhibits) to Estate Auctions Inc and the Court.   Plaintiff on page 10 and 11 out 13, requested several items from Estate Auctions Inc. that I asked in February 2022. Plaintiff, for a period of three full years has been requesting from EAI documents without a full resolution. Here it is at the end of Discovery, in 2022 and the production for the key evidence which is still the Dec. 1, 2012 eBay sales receipt and the form and proof of payment for the 1972 oil painting is still not produced.

Additionally, Plaintiff notes to the Court that on February 1, 2022, attorney Anderson Duff informed the Court that his clients Norb and Marie Novocin were held up in bankruptcy court due to the Plaintiff's litigation. Upon hearing this Plaintiff agreed to writing a settlement letter before Discovery began. On February 15, 2022, Plaintiff submitted my first settlement letter. Both Defendants falsely stated that I never gave a monetary amount. Plaintiff had to submit a letter with my evidence to refute the false claim. Plaintiff was ordered to write a secondary letter and upon doing so both Defendants cancelled the settlement conference that Judge Cave had calendared.

Lastly, to reiterate, Plaintiff made a point of informing the Court during the summer months in the documents listed above in August 2022 and in September 2022 about the deficient Discovery responses by EAI. Through the buyer, I have been able to obtain some information but not all that is significant to prove that the sale occurred. As the Court can see now, Mr. Duff did not comply or produce these most quintessential documents regarding the alleged 1972 oil painting sale. This sale is what gave rise to the posting of this 1972 eBay sale records on the website of WorthPoint Corporation.

Plaintiff is once again requesting the Court to take note of the pertinent absence of evidence relevant to proving that Estate Auctions Inc. sold the 1972 oil painting. How and in what form the payment for the alleged sale was transacted still needs to be produced. These two items of evidence are well overdue and need to be immediately produced by the Defendants. Failure to immediately produce these two items should constitute Default Judgement in favor of the Plaintiff.

November 10, 2022                                          Respectfully Submitted,

Annamarie Trombetta                        ——— Electronic Signature———-
175 East 96th Street (12 R)
New York, New York 10128                     /s/ *Annamarie Trombetta   November 10, 2022*

                                                           Annamarie Trombetta

Re: Siddha Yoga Ashram Manhattan

From: t~ ▓▓▓▓▓▓▓
To: trombettaart@yahoo.com
Date: Tuesday, April 5, 2022, 2:12 PM EDT

Date April 5, 2022

Hello Annamarie,

I'm sorry you are just now learning the news that Susan Goldstein passed away.

Sincerely,

T~ ▓▓▓▓▓▓▓▓▓▓▓▓▓

Siddha Yoga Ashram
SYDA Foundation

EXHIBIT #17

http://www.siddhayoga.org/

---

From: Annamarie Trombetta <trombettaart@yahoo.com>
Sent: Tuesday, April 5, 2022 11:29:11 AM
To: T.
Subject: Siddha Yoga Ashram Manhattan

Date April 5, 2022

Dear Ms. F. ▓▓▓▓▓▓▓▓

I am contacting you regarding Siddha Yoga member  Susan Goldstein.

I met Susan Goldstein through Siddha Yoga.  I am an artist and Susan used to attend several exhibits
either solo or group exhibitions  were I showed my artwork.

I need to contact Susan and I have not heard back from her phone or email.  Do you know
how she is??   The last time I saw Susan Goldstein was at a group exhibition I was in at the Dacia Gallery
back in 2019.

Can you kindly let me know as soon as possible.

Sincerely,
Annamarie Trombetta
Tel. 212 427-5990
www.trombettaart.com

1·2

Second, by negligently failing to research Trombetta's work, however, Mr. Novocin did not appear to save himself any expenses and he was ultimately able to sell the Painting for only a relatively small price — $181.50; it is unclear from the factual record how much of that price constituted a net profit. (EAI 56.1 ¶ 22.) Third, EAI has been cooperative in providing the appropriate receipts and evidence to establish the value of the infringing material. Fourth, despite her conclusory allegations of reputational damages, it is not clear from the facts in the record that the Plaintiff lost any revenue because of the infringement. Ms. Trombetta refused to provide discovery evidence regarding her usual income from art sales, and she has offered no admissible evidence demonstrating that she lost opportunities to sell or showcase her work due to the Listing. Fifth, the conduct and attitude of the parties weighs in favor of a modest award of statutory damages. Litigation in this case has been contentious and protracted, particularly due to repeated and unnecessary discovery disputes. Although courts should and do afford certain indulgences to pro se plaintiffs, the Court finds that EAI has been cooperative and compliant with the difficulties inherent in this litigation.

The final factor directs the Court to consider the deterrent effect of the award of statutory damages. Again, this factor weighs in favor of a modest award. Deterrence is an important consideration within the statutory framework of VARA. "If potential infringers believe that they can violate VARA at will and escape liability because [artists] are not able to provide a financial valuation for their works, VARA will have no teeth." Cohen, 320 F. Supp. 3d at 446. Still, the goals of general deterrence manifest more strongly in cases involving willful violations of VARA or otherwise egregious conduct. See, e.g., id. Neither circumstance is present here. As to the goal of individual deterrence, the Court finds that a modest judgment against EAI — which, even at the lowest end of the statutory range ($750), will constitute over

Plaintiff 000075

B

# AMTEARLICAANN

## MUSEUM

EXHIBIT #19A

April 6, 2022

Joseph V. Scelsa, Ed.D.
Founder and President
jvscelsa@
italianamericanmuseum.org

T 212 965 9000
C 917 642 4922

151 Mulberry Street
New York, NY 10013

To Whom It May Concern:

I am the Founder and President of the Italian American Museum in New York City.

In February 2015, Anna Marie Trombetta exhibited a one woman show at the Italian American Museum entitled, "Central Park Imagery en Plein Air". Her work was compelling and captured the elegance of Central Park in a profound way. Her use of color, light, detail and perspective is truly a thing of beauty and grace to behold.

I have been informed that someone has attempted to use her name on works not of her creation. This in no way should be seen as a reflection on her works but unfortunately it could devalue them.

I sincerely hope her name can be removed from any works not created by her. If not it may jeopardize our ability to show her work in the future.

Sincerely,

Dr. Joseph V. Scelsa

Administrative Office
1806 Hering Avenue
Bronx, NY 10461

www.ItalianAmericanMuseum.org



EXHIBIT #20

# M Gmail

Annamarie Trombetta <artofannamarie@gmail.com>

---

## As requested

---

Italian American Museum <italianamericanmuseum@gmail.com>                     Wed, May 31, 2023 at 3:53 PM
To: Annamarie Trombetta <artofannamarie@gmail.com>

**To Whom It May Concern,**

**This email dated May 31, 2023 is to confirm the following phone communication with Annamarie Trombetta .**

**On November 23, 2022 I received an email from Annamarie Trombetta regarding my expert witness report.**
**After the Thanksgiving holiday I briefly phoned Ms. Trombetta to inform her to ask for an extension of time for**
**my report.**

**In December 2022, I had funeral obligations to attend to  and had planned a Holiday vacation and was out of the country until the New Year.**

**I also wish to confirm during our in person meeting in late September,  I suggested Ms. Trombetta hire an attorney to**
**try and settle this case.  Annamarie had planned and I believe did request settlement talks on the November 23, 2022**
**call with the Judge.  She was disappointed to convey the Defendants immediately rejected her settlement request.**

**During a phone conversation with Annamarie in January 2023, she expressed she was not feeling well  and  was experiencing   extreme fatigue. I suggested to Annamarie to go see a doctor to make sure she did not have Covid or the flu.  She informed me in February when we communicated about the report, that she was Covid free.**

**This matter is taking valuable time away from a talented artist who really should be painting instead of litigation over a painting she did not paint and a signature that was not hers.**

**Very truly yours,**

**Dr. Joseph V. Scelsa**

--
Cav. Uff. Joseph V. Scelsa, Ed.D.
**Founder and President**
**Italian American Museum**
Professor Emeritus
Queens College
The City University of New York

# A M E R I C A N
## M U S E U M

Ex #16 A

EXHIBIT #21A page 1

Joseph V. Scelsa, Ed.D.

Founder and President

jvscelsa@
italianamericanmuseum.org

T 212 965 9000
C 917 642 4922

151 Mulberry Street
New York, NY 10013

RE: Expert Witness Testimony for Artist Annamarie Trombetta Case :0993

July 3, 2023

To the Honorable Chief Judge Laura Taylor Swain:

I am writing on behalf of artist, Annamarie Trombetta who had a solo exhibition at the Italian American Museum (IAM) in 2015. Ms. Trombetta has unfortunately been misattributed as the artist who painted a damaged oil painting, allegedly created in 1972. She could not have painted this painting since she was a small child. What makes this claim even more ridiculous is the size of the damaged painting which is roughly four feet high, taller than her size at that age.

It behooves me to inform Your Honor that these companies also associated the Italian American Museum with their fraudulent painting. Annamarie's 2015 exhibit at IAM was linked to this fraudulent internet listing. As the director of the Museum, I find such associations to be unethical aside from being false and unwanted.

I have written many letters on behalf of Ms. Trombetta regarding this prolonged legal matter and find the extent of work imposed on Ms. Trombetta to be excessive and harmful to her health. I have been counseling her by phone and I am concerned for her well being as I am a licensed Mental Health Counselor in New York State.

On May 31, 2023, I wrote a letter in support, including my expert witness report that I submitted in February 2023. I did so because Ms. Trombetta and her talent have been damaged by this unfortunate internet link. I know Ms. Trombetta to be kind, patient and tolerant. She did inform me that she contacted the companies many times before her lawsuit. I support her efforts to protect her name and professional contacts which were adversely affected by this public display of a forged signature next to her biography. This type of public display can affect the prices of her artworks and her livelihood.

In my last letter, I affirmed that Ms. Trombetta was not in any way negligent in pursuing my testimony. My schedule is consistently quite full, as the Museum is

Administrative Office
1806 Hering Avenue
Bronx, NY 10461

www.ItalianAmericanMuseum.org

# AMERICAN
## M U S E U M

EX#14B
EXHIBIT #21B

currently under construction and I am busy preparing for its reopening, hopefully this year.

In September 2022 we did meet in person. At that time, I suggested settling her lawsuit and furnished Ms. Trombetta with the name of an attorney. She immediately contacted him. On November 23, 2022, Ms. Trombetta sent me an email updating me on her case and the need to write her report. Due to unexpected circumstances detailed in my letter dated May 31, 2023, I was unable to accommodate her deadline of December 2022. I affirm that I asked Ms. Trombetta to request an extension to fulfill the requirements for my expert witness report which are quite specific.

As a Mental Health Counselor, I impress upon the Court the anguish and stress that has been put upon Ms. Trombetta due to this fake oil painting she did not paint. It would be a great hindrance to Ms. Trombetta if I were not permitted to give testimony on her behalf. Over time, I have watched a bright talent who had a successful exhibit at my Museum, become unnecessarily saddened and burdened with problems. All of which she had no control or involvement in creating, it is a public misinformation. Ms. Trombetta is the only artist on the internet that has her name and lives in New York.

Her opponents have demonstrated cruel tactics and unethical means in order to adversely affect Ms. Trombetta's rights and personal freedom. I kindly urge the Court to permit my testimony. Ms. Trombetta has been fighting to clear her name and I applaud her efforts. My involvement is in part, due to the moral imperative that is at stake in this case. No one should claim an artist painted an oil that they did not create. This has taken so many years to resolve this matter and is one of the reasons I agreed to give testimony on her behalf.

I add this letter to my others in April 2022 and my most recent letter on May 31, 2023. I sincerely hope Your Honor will permit my testimony in this case. Ms. Trombetta is well deserving and needs the support to prove her claims, defend her name and repair her reputation.

Sincerely,

Joseph V. Scelsa, Ed.D., LMHC

**Administrative Office**
**1806 Hering Avenue**
**Bronx, NY 10461**

www.ItalianAmericanMuseum.org

Plaintiff 000077

EXHIBIT #22A

EXHIBIT #20

A

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128
Tel. & Fax (212) 427-5990
E-mail trombettaart@yahoo.com
Website www.trombettaart.com

### Receipt for Purchase of Artwork by Annamarie Trombetta

DATE _____ January 27 2015 _____

SOLD

Phone:

Apt 122

Address _____ New York 10025

Receipt of Payment    Check

Size    10 inch by 12 inch   Framed

Medium    Oil Painting

TITLE  Spiral Stairs Ascending/Descending

Oil        1
Etching
 Pastel  ******
 Watercolor
Quantity_____1_____
Other_____

**\* Check #** __6102__

Price  1)   $ 1600        2)                    3)                4)
       5)                 6)              7)                 8)
Total _____

New York Sales Tax    $140 _____ -------------------
-------------------
 Tax Exempt
Number _____
PICK UP IN PERSON_____---Delivered by Artist Annamarie Trombetta
_____ --------------------------------
-------------------------
 Shipping Fee _____ date _____

Platinum 000078

$1740

Total Amount _____

First        To be Paid in Full By Check
Balance _____
Second Balance

_____

_____

NEW YORK SALES TAX

Any purchase made in New York State requires me by law to charge NY Sales Tax.

Tax Exempt Numbers with Receipts are Required

Total Amount _____ $1740_____

Artist _____

Date _____

Collector _____

Date _____

****
Varnishing Painting

In the best interest for the painting, I recommend one coat of Conserve- Art Varnish.

This should be applied six months to a year after the painting is completed.   This is done

free of charge.

Plaintiff 000079

EXHIBIT
#23 A

EXHIBIT
A

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128
Tel. & Fax (212) 427-5990
E-mail trombettaart@yahoo.com
Website www.trombettaart.com

Receipt for Purchase of Artwork by Annamarie Trombetta
From Central Park Imagery Exhibition at The Union League Club
Art Gallery 38 East 37th Street New York, NY 10016

DATE _____ March 6, 2015 _____

SOLD

Phone:
Address _____ 5 _____ 3 B _____ ew York 10019

Receipt of Payment     To be Paid by Check
Size   12 1/2 inch x 16 1/2 inch     Framed
Medium   Watercolor   Image Size
TITLE     The Secret Garden Watercolor-{-Mary and Dickon-}

Oil
Etching
Pastel
**Watercolor ******
Quantity_____1_____
Other_____

* Check # ____977____

**Price 1)**  $ 995      2)              3)            4)
5)                  6)          7)            8)
   Total _____

New York Sales Tax   $87.00
Tax Exempt Number_____
PICK UP IN PERSON_____--Delivered by Artist Annamarie Trombetta __XXX__

Plaintiff 000080

EXHIBIT (handwritten)

Shipping Fee _____ date _____
                    $1082
Total Amount _____

First        To be  Paid in Full  By  Check
Balance _____
Second Balance        NONE

_____

_____


NEW YORK SALES TAX

Any purchase made in New York State requires me by law to charge NY Sales Tax.

Tax Exempt Numbers with Receipts are Required

                     $1082
Total Amount _____



of Conserve- Art Varnish.

This should be applied six months to a year after the painting is completed.   This is done

free of charge.

Plaintiff 000081

EXHIBIT #27 A

EXHIBIT #22A

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128
Tel. & Fax (212) 427-5990
E-mail trombettaart@yahoo.com
Website www.trombettaad.com

Receipt for Purchase of Artwork by Annamarie Trombetta
From Central Park Imagery Exhibition at The Union League Club
Art Gallery 38 East 37th Street New York, NY 10016

DATE          March 8, 2015

SOLD

Phone:

Addrei                                        h Floor
                                              128

Receipt of Payment        To be Paid by  Check
Size    10 inch x 12 inch     Framed
Medium    Oil    Image Size   8 inch x 10 inch Oval
TITLE    City Winter Park  Oval

Oil    *************
Etching
Pastel
Watercolor
Quantity_____1
Other_____

* Check # 1127

Price 1)  $ 1500     2)              3)            4)
5)    Total  $1500  6)           7)         8)


New York Sales Tax    $131.00
Tax Exempt  Number_____
PICK UP IN PERSON_____ --Delivered by Artist Annamarie Trombetta __XXX__

Plaintiff 000082

*EXHIBIT A 22B* (handwritten)

Shipping Fee _____ date _____

$1631

Total Amount _____

First          To be Paid in Full By Check
Balance _____
Second Balance        NONE

_____

*EXHIBIT #24B* (handwritten)

NEW YORK SALES TAX

Any purchase made in New York State requires me by law to charge NY Sales Tax.

Tax Exempt Numbers with Receipts are Required

          $1631.oo

Total Amount _____

Artist _____

Date ____ 3/8/2015 _____

Collector _____

Date ____ 3/8/15 _____

****
Varnishing Painting

In the best interest for the paint

This should be applied six mont

free of charge.

Plaintiff 000083

EXHIBIT
#25A



**Annamarie Trombetta**
175 East 96th Street (12 R)
New York, New York 10128
Tel. & Fax (212) 427-5990
E-mail trombetta01@yahoo.com
Website www.trombetta01.com

### Receipt for Purchase of Artwork by Annamarie Trombetta

DATE _____ September 18, 2015 _____ _____

SOLD

Phone:
Address    G
      1
      W      .. Jersey 07086

Receipt of Payment    Paid by Check   in three installments
Size            14 inch Round Tondo
Medium        Oil
TITLE          The Secret Garden Wedding Commission

**Oil**   \*\*\*\*\*\*\*\*\*\*\*\*
Etching
Pastel

Quantity_____1_____
Other_____

First #136 Second #138 #
\* Check s # __3 in total_____

Price 1) $2500      2)          3)         4)
5)        6)         7)       8)
   Total   _Deposit Check #136_
                #138
                #

New York Sales Tax    Purchase is Out of State
Tax Exempt Number_____
PICK UP IN PERSON_____

Plaintiff 000084

EXHIBIT #25B

EXHIBIT #25 B

Shipping Fee _____ date _____
                              $2500
Total Amount _____

First          To be Paid in Full By Check
Balance _____
Second Balance

Third Balance   To be Paid on December 13, 2015
_____

NEW YORK SALES TAX    None
Any purchase made in New York State requires me by law to charge NY Sales Tax.
Tax Exempt Numbers with Receipts are Required

                              $2500
Total Amount _____
                       Annamarie Trombetta
Artist



  **Gmail**　　　　　　　　Annamarie Trombetta <atrombettaart@gmail.com>

---

## CV-18-00993 Plaintiff Annamarie Trombetta-Sudden Flu
1 message

---

**Annamarie Trombetta** <atrombettaart@gmail.com>　　　　　　　Sun, Dec 11, 2022 at 11:48 PM
To: Cave NYSD Chambers <Cave_NYSDChambers@nysd.uscourts.gov>

To the Honorable Judge Cave,

I am presently very ill with a stomach flu which came upon me this morning and has not improved.

May I ask for a brief extension to recover.
My submission is due Dec 12th
however, it is difficult to stand upright

Kindly convey your decision at your earliest convenience.

Respectfully,
Annamarie Trombetta
Tel (212) 427-5990

EXHIBIT
#26A

#5



EXHIBIT #26B

Name: ANNAMARIE TROMBETTA
Address: 175 E 96TH ST APT 12R
NEW YORK, NY 10128

MRN: ...656
DOB: 0../05/1963

To Whom It May Concern:

Ms. Annamarie Trombetta was seen and evaluated in the office on 1/12/23 for fatigue and possible covid related syndrome.

Sincerely,

Christine Miglino, DO

Electronically signed by : CHRISTINE MIGLINO, MD; May 16 2023 9:34AM EST (Author)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                                    Plaintiff,

        -v-

NORB NOVOCIN, MARIE NOVOCIN, ESTATE
AUCTIONS, INC., AND WORTHPOINT
CORPORATION,

                                    Defendants.



CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

The Court is in receipt of <u>pro se</u> Plaintiff Annamarie Trombetta's ("Ms. Trombetta") letter dated February 2, 2023 seeking clarification of the expert discovery deadlines. (ECF No. 365 (the "Letter-Motion")). The Letter-Motion is GRANTED to the extent that the Court responds to the two questions Ms. Trombetta has posed as follows:

(1) The deadline for initial expert reports <u>was</u> **Monday, December 19, 2022,** (<u>see</u> ECF Nos. 333; 340 at 2), the deadline for rebuttal reports <u>is</u> **Tuesday, February 7, 2023,** and the deadline to complete expert depositions <u>is</u> **Wednesday, March 1, 2023.** (ECF No. 361). Defendants <u>may</u> have meritorious objections to Ms. Trombetta's experts, which they will lodge at the appropriate time. In the meantime, however, the parties must follow the schedule the Court has set, (<u>see</u> ECF Nos. 221; 236; 238; 244; 271; 286; 297; 302; 321; 333; 340; 364), which supersedes the default deadlines in FRCP 26(a)(2)(D). <u>See</u> Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders.").

(2) Ms. Trombetta may request leave to call at trial witnesses whom she previously proposed as experts, but Defendants will have the right to oppose her request, and the ultimate determination of which witnesses Ms. Trombetta (and Defendants, for that matter), may call at trial, will be made by the Honorable Ronnie Abrams, who will preside over the trial. The deadline for a final pretrial order, in which the parties will list the witnesses they intend to call at trial, has <u>not</u> been set, and will not be set, until after the parties complete expert discovery and any dispositive motions have been decided.

Ms. Trombetta is reminded that there is a legal clinic in the Southern District of New York to assist parties in civil cases who do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of or run by the Court and it cannot accept filings on behalf of the Court. The Clinic is located at the Thurgood Marshall United States Courthouse, 40 Centre Street, Room LL22, New York, New York 10007, which is just inside the Pearl Street entrance to the Courthouse. The Clinic is open on weekdays from 10:00 a.m. to 4:00 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling (212) 659-6190.

The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Trombetta at the address below.


Dated:        New York, New York            SO ORDERED.
              February 3, 2023

_____
SARAH L. CAVE
**United States Magistrate Judge**

2

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Trombetta

**CERTIFICATE OF SERVICE***

Docket Number: 25-817

v.

Novocin and WorthPoint Corpo

I, Annamarie Trombetta, hereby certify under penalty of perjury that
(print name)
on June 2, 2025, I served a copy of Motion Statement and
(date)
Affidavit in Support of Requesting A Pro Bono Attorney with Financial Affidavit
(list all documents)

by (select all applicable)**

___ Personal Delivery          ___ United States Mail          ___ Federal Express or other
                                                                      Overnight Courier

___ Commercial Carrier          _X_ E-Mail (on consent)

on the following parties:

Anderson Josiah Uff 353 Ocean Avenue Suite 4E Brooklyn, New York 11226
Name          Address          City          State          Zip Code

Adam Ross Bialek 150 East 42nd Street New York, New York 10017
Name          Address          City          State          Zip Code

Iona A. Slavina Farmer 1133 Westchester Avenue White Plains, New York 10604
Name          Address          City          State          Zip Code

Name          Address          City          State          Zip Code

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

June 2, 2025
Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)