IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

| | | |
|---|---|---|
| Annamarie Trombetta, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. | ) | |
| | ) | Court of Appeals Docket No.: 3 25-817 |
| | ) | |
| Norb Novocin, Marie Novocin, | ) | |
| Estate Auctions, Inc. | ) | |
| and WorthPoint Corporation | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| _____ | ) | |

**<u>DEFENDANT WORTHPOINT CORPORATION'S REPLY TO
PLAINTIFF'S MOTION FOR REQUEST FOR PRO BONO COUNSEL</u>**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant WorthPoint Corporation*

Counsel:   Adam R. Bialek
           Jana Slavina Farmer

314206112v.1

1. Defendant-Appellee WorthPoint Corporation ("WorthPoint") submits this response to Plaintiff-Appellant Ms. Trombetta's June 2, 2025 motion to request a pro bono attorney ("Motion").

2. Plaintiff-Appellant asserts that she was compelled to file this motion in response to WorthPoint's letter "to pursue legal action for filing [an] appeal." While WorthPoint does not assert a position with respect to the Motion on whether Ms. Trombetta may be represented by a pro bono attorney or have such an attorney appointed for her, WorthPoint objects to the characterizations made by Ms. Trombetta, as well as the false statements submitted to the Court and the mischaracterizations of the events that have transpired. WorthPoint submits this response as it does not want the Court to believe that its failure to respond to the Motion is evidence of its concession that Ms. Trombetta's submissions and assertions are accurate. They are not.

3. Ms. Trombetta references a letter addressed to her, dated May 22, 2025, from Counsel for WorthPoint, identified in the Motion as Exhibit 1 ("Letter"). This Letter, which Ms. Trombetta claims spurred her Motion, was not a threatening letter but rather was designed to stop the unnecessary wasting of resources and urge Ms. Trombetta to consider alternative, more cost- and time-effective options to ongoing litigation. The Letter did not require Ms. Trombetta

i

to, nor imply that she should or must, file the Motion. Rather, after many hundreds of thousands of dollars were spent defending WorthPoint in the District Court case, WorthPoint was merely pointing out to the Plaintiff-Appellant that needless motions will only exacerbate the valid claim it has for expenses and legal fees under 17 U.S.C. 505 as the prevailing party. While Plaintiff-Appellant, if believed, cannot afford to pay WorthPoint back for the time and money it wasted responding to constant attacks, the Defendant-Appellee is entitled to try to remind the Plaintiff-Appellant that if she was going to engage in constant harassment like she did at the District Court, her potential exposure under Section 505 could increase. There was no threat that required Plaintiff-Appellant to bring this motion now, as no claim for relief by WorthPoint has even been submitted.

   4. While WorthPoint does not consent or oppose to the appointment of counsel, WorthPoint would like the Court to understand that Plaintiff-Appellant's submissions are inaccurate and that WorthPoint disagrees with the factual position that Plaintiff-Appellant takes. Apart from the fact that Ms. Trombetta submits false statements (for example, in her Motion Information Statement, Plaintiff-Appellant indicates that "Movant notified opposing counsel," yet she did not notify counsel of the motion and the request for relief until she forwarded the filed papers at 11:21 pm on June 2, 2025), the submission of her argument is riddled with mischaracterizations. Throughout the underlying District Court litigation,

Plaintiff-Appellant filed numerous letters, misrepresenting facts and taking things out of context. As a result, WorthPoint had to file numerous responses that were unnecessary. At one point, the Court allowed WorthPoint to save on expense and time, by not requiring a response unless the Court requested one. WorthPoint would like to do the same here. There is no reason for WorthPoint to waste time and money responding to meritless arguments over and over again, based on false recitations of the record and a clear misunderstanding of the law. The record is clear and the District Court evaluated each claim as it came due. Should this Court deem it worthwhile, we request the same courtesy to avoid wasting resources by responding to meritless letters/motions (other than the appellate brief) only when the Court deems it fit.

5. As to the merits of the Plaintiff-Appellant's request for relief, we defer to the Court. While we do not believe that the Plaintiff-Appellant satisfies the goal of the Pro Bono Counsel Plan in the Second Circuit, it certainly would not hurt for the Plaintiff-Appellant to have a reasonable, legally trained advisor who could restrain her from filing needless motions, letters and other papers. However, the goal of the Pro Bono Counsel Plan "is to provide pro bono counsel to pro se parties in civil appeals in which briefing and argument by counsel would benefit the Court's review. Pro bono counsel may be appointed on an appellant's motion for the appointment of counsel or sua sponte by the Court, but all cases selected for

the appointment of pro bono counsel must be reviewed by a panel of judges for a determination of the propriety of such appointment. Only cases presenting issues of first impression, complex issues of fact or law, or raising potentially meritorious claims or otherwise warranting further briefing and oral argument will be selected for the appointment of counsel." WorthPoint notes that the instant case is not one of first impression; it does not present complex issues of fact or law; and it does not present meritorious claims requiring in depth briefing. The issues in this case are not novel nor complex; they were run-of-the-mill issues that were decided properly by the District Court and do not require significant appellate review.

6. With respect to Ms. Trombetta's request for a pro bono attorney, it should also be recognized that Ms. Trombetta has had counsel over the years, including attorneys who advised her despite not being counsel of record. We believe that if she had pro bono counsel, perhaps counsel would be able to explain to her that the actions she is taking are not warranted nor meritorious and could assist in explaining to Ms. Trombetta our position, since she has not recognized the arguments made and the holding issued by the Court.

7. In the alternative, the Court may wish to consider scheduling an early CAMP conference where these issues can be discussed. Our goal is to ensure that

our client and the Court do not waste any further unnecessary resources on an appeal that lacks merit for an underlying claim that has no basis.

Dated:     New York, NY

June 4, 2025

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*s/ Adam R. Bialek*

Adam R. Bialek, Esq.

Jana S. Farmer, Esq.

150 E. 42nd Street

New York, New York 10017-5639

(212) 490-3000

Fax (212) 490-3038

Adam.Bialek@wilsonelser.com

Jana.Farmer@wilsonelser.com

v