Case No. 25-817          Title:   Trombetta v.   Novocin & WorthPoint Corporation
                                                               Appellant v.   Defendants ~ Appellees

RE: S.D.N.Y ~ N.Y.C
18-cv-0993 ~ Magistrate Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square. New York, New York 10007
November 17, 2025

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse,
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

      Pro Se Appellant, Annamarie Trombetta is contacting the Appeal's Court for the following reasons:

First, I thank the Appeal Court Judges for moving forward with my Appeal. As a Pro Se Appellant, I received the October 31, 2025 Decision mailed on Nov. 4, 2025, after Veteran's day on Nov. 12, 2025. I am reliant on the US Postal Service, snce I am not a lawyer and I am not signed onto Pacer for my Appeal.

I cannot immediately see any docket entry when it are filed. Secondly, due to the case being tolled for months, I do not know when my Appeal's Brief is due. In my July 31, 2025 filing, I reminded the Court of specific dates. I cured my DP Form 1080, which was refiled on May 12, 2025. Pursuant to Local Rule 31.2 (a) (1) (A) my brief should have been filed within 91 days after the D-P Form was filed with the Court. According to this rule of measurement, my brief was due on August 11, 2025. I note that on the Pro Se Scheduling Notification form, if I fail to return a signed scheduling proposal, the Court will issue an order setting a 40-day deadline to file my brief. On August 4, 2025, I requested an extension for filing my Appeals Brief. In Doc. 45, the Court of Appeals denied my request for an extension and stated " *The briefing schedule is tolled until the Court rules on the pending motion for assignment of counsel.* " In Dkt. Entry 46, it states my request for counsel was denied, my appeal will proceed, yet no date for my briefing was designated. I do not know when my case was tolled. In the interest of clarity, can the Appeals Court kindly designate a filing date for my Brief?

      The second aim of this letter is to bring to the Court of Appeals' attention other non frivolous issues and procedural errors which jeopardized the fairness of my case. The errors of the district court prevented me from obtaining and filing pertinent evidence and to use the testimony of my witnesses. Common errors included the district clerk of court printing out my summons for WorthPoint Corporation on the wrong FOIA form. When I requested another summons, the district clerk of court printed summons misspelled "Corportation" and not Corporation. Other errors include the mishandling and overlooking of my timely evidence which Judge Swain deemed late. The district court failed to properly instruct the plaintiff and kept changing or ignoring filing deadlines for discovery, once Judge Cave granted my second amended complaint for fraud. Below in this letter, I will recount and explain what was done and documented, all of which contributed to the other non frivolous issues that caused me to file an Appeal, in addition to Judge Cave's deadline for my expert witness reports before my amended complaint for fraud was due, as noted in Dkt. 46. All of court mistakes and misinformation violated Plaintiff's due process rights. It caused me to lose unnecessary time and money. I am disheartened the Court will not grant me counsel. My letter will explain why I feel this is an injustice.

I remind this Court on June 2, 2025, I filed my request for a Pro Bono attorney due to the threat by Defendants attorneys to sue me for legal fees. I also note that for the first time in my life, I have accrued debt, due to the demands of Judge Cave in relation to this case. This includes Judge Cave's late demand, to have me transcribe into documents, all three phone call audio recordings SEE- Doc. 301 filed on Oct. 19, 2022. These audio recordings were immediately produced in Discovery in April 2022. The cost for the audio transcriptions was in addition to the three reports from my expert witnesses. The date of the first report from my internet expert witness was on December 5, 2022. Its purpose was limited and produced to inform Judge Cave that both Defendants failed to emailed me one, simple, complete and uncut, native electronic email of the alleged, 2012 eBay sales receipt for the alleged sale of the 1972 oil painting. I note to this Court, at the same time Judge Cave ordered my phone recordings to be transcribed, WorthPoint was demanding Discovery I already produced to them. The Novocins had not produce another simple, uncut receipt for the alleged sale of the 1972 painting. Concurrently, I was sued in the state of Georgia, because the error of the district clerk of court pushed the timeline to serve my summons and complaint right near the holiday season. Appellant was ordered to mail Defendants a summons and complaint. Despite this publicly documented order by Judge Abrams in **Doc. 126 filed on Dec.18, 2020 See excerpt below,** WorthPoint claimed I committed torts in Fulton County, a state I have never entered. The premature filings for a Default Judgment created more legal problems and a debt of $85,000 -SEE BELOW I had to hire an attorney to dismiss the case in Ga. WorthPoint's claims were a complete hoax, while their attorney in Ga. prematurely filed for Default Judgment Before the Ga. Court made a ruling on my timely filed Answer to their bogus, improperly served summons and complaint ,that was never mailed to me in New York. In short WorthPoint tried to scam me for money. This is documented in my SAC. **EXHIBIT#1A-B-C -FOIA summons August 7, 2020 and Sept.9, 2020 summons.**

> Accordingly, the Court will permit Trombetta to effectuate service by affixing the sealed summons and amended complaint to the door of Defendants' "actual place of business, dwelling place or usual place of abode" and mailing these documents to Defendants as well.

> 10.
>
> The torts committed by Defendant were knowingly committed by Defendant within Fulton County, Georgia.

> i. Judgment to WorthPoint Corp. in the liquidated sum of $85,000.00 itemized in paragraphs 27 and 28 of Plaintiff's Complaint for the calculation of (1) attorneys' fees, (2) termination and replacement of business insurance coverage, and (3) salaries paid for employees in investigation of the claims raised,

Judge Swain, in Doc. 537,filed on Feb. 8, 2024 on page 5, characterized WorthPoint's lawsuit in the state of Georgia, as an "unrelated " state Court proceedings in Georgia. Within one week, of Judge Swain's Feb. 8, 2024 Memorandum in Doc. 537, I filed a three page response letter on Feb.16, 2024, and despite my early day filing, my letter was prevented from appearing on the Court docket, which violates my rights. For the record, in August 2020 I phoned the clerk of court to double check on first WorthPoint summons since it stated Defendants had 30 days and not 21 days to respond. I asked the clerk if the increase in days on the summons was due to the pandemic . The clerk of court responded . *"if it was signed and sealed it was the right summons"* which it was not. Had the clerk in the district court not made two errors, the date of service would

not have been near the holiday season, Will Seippel filed a claim for IIED.because the summons/complaint was served near the holiday. As a result of the Court's mistake I was improperly and unfairly sued, overworked, abused while fighting four other attorneys in my New York SDNY case for infringements.

    Appellant now brings to the attention of the Court of Appeals imperative truths significant and non frivolous issues This letter explains why I filed my SAC for fraud which is mainly due to The Novocin / Defendants delayed and failure to produce one native electronic email ordered by Judge Cave on Nov. 23, 2022. For the Court's interest, I shall recount the number of attempts that Appellant endured to obtain proof of one alleged eBay sale that supposedly took place on December 1, 2012. Each attempt resulted in a delayed response and eventually Defendant production of multiple different, deficient documents, none of which looked the same or had the same consistent text in the same location. For said reasons, Appellant can prove there was never a an eBay sale in Dec. 1, 2012. WorthPoint fake 1972 webpage was discovered online after I started an eBay account in June, 2015. To support my statements, in a chronological order I noted all filed documents in my case to prove I tried to avoid filing a lawsuit against Defendants. I recount the following:

1- **In June, 2015**, I opened up an eBay account online. On June 13, 2015, for the first time, I placed a bid for an item on eBay.(Filed on June 29, 2023 in EX#24 in Doc 517-4 page 21). Summarized last in Doc. 542 filed on March 19, 2024 on pages 15-16.

2- **On August 1, 2015,** Alex Raspa, informed me via phone, that there was a strange online webpage, under my name with a forged signature, claiming I painted a four foot painting in 1972, at nine years old. (Last filed on as EX#8 in my June 2, 2025 Letter. Last filed in district court on June 29, 2023 filed in Doc.517-4 page12).

3-**On November 16, 2015**, WorthPoint employee Anita Brooks, directed me to contact eBay to have the 1972 oil painting post removed from the internet. Ebay in Dec. 2015, informed me the fake 1972 internet post was on WorthPoint's website.(SEE EX#9 in my June 2, 2025 Letter. Filed in Doc.518-4 page19 on June 29, 2023).

I4-**In December 2015,** eBay rep named Jamie confirmed that the fake 1972 painting webpage was on WorthPoint's website (Filed on June 14, 2023 Doc.504-1 Page 15 filed on June 14, 2023). On the same eBay phone call, I was transferred to an eBay Sales Specialist named Archer, who stated the 1972 eBay sale is UNDEFINED (Filed on June 29, 2023- Doc. 518-5, page 28 & March 19, 2024 Doc.542 pages 16-17.

5-**In January 2016,** I contacted by phone, email WorthPoint, plus I signed onto WorthPoint's free 7-day trial website to Verify WorthPoint content on their webpage for the 1972 oil painting including the sale price. ( Summarized last in Doc. 542 filed on March 19, 2024 on pages 17 thru 27.

6- **In April 2016,** WorthPoint's fake 1972 oil painting webpage was no longer on the internet.

7- **In October 2016,** I began to receive emails from WorthPoint. was prompted to Google my name and WorthPoint's s fake 1972 oil painting webpage was reposted and remained posted months.
Last filed in Doc. 518-3 and 518-4 on June 29, 2024. Also in Doc. 542 filed March 19, 2024-pages 28-29.

8- **In January 2017,** I emailed WorthPoint to inform them their fake 1972 painting post was reposted. Summarized last in Doc. 542 filed on March 19, 2024 on pages 17 thru 27.

9- **In January 2017,** I had one of my collectors call Estate Auctions Inc. She was advised to send them an email and EAI would respond. EAI failed to respond and on Jan.10, 2017, I phoned and spoke with Marie Novocin to find out who, how and why the fake 1972 post was on the internet again. My aim was to ask The Novocins for help in removing the fake 1972 post which was on the internet again.

10-On **January 10, 2017,** Norb Novocin phoned me and told me to "Go For It" and to hire an attorney. Doc. 527-1 pages 24-28 filed last August 1, 2023.

11- Dated **August 28, 2017,** my attorneys 3-page settlement letter was mailed and verified by phone with Marie Novocin to confirm receipt.Filed last on August 1, 2023 Doc 527-1 on pages 31-33 and as recent as EX. 11 in my May 25, 2025 Motion for Caption Change to the Court of Appeals.

My actions were done to avoid litigation. Time proved both Defendants will consistently produced fraudulent evidence even in Fed. Court to conceal their business scams on people and to avoid financial liability.

Seven years later, on April 27, 2022 (two weeks after the first Discovery deadline) Norb and Marie Novocin, produced a deficient eBay email for the 1972 oil painting "Man With Red Umbrella". It was bate stamped and numbered as EAI000058 -EAI000059 with its date and time. The first alleged eBay sales receipt produced on April 27, 2022— EAI000058, EAI000059 was missing the iconic eBay logo and was cut off on the right side. From April 2022 until November 16, 2022, I consistently requested a full copy of the alleged Dec. 1, 2012 eBay sale of the 1972 oil painting. In 2022, I wrote to Judge Cave to have the Judge order The Novocin/ Defendants to produce a full copy of one eBay sales receipt . The documented attempts to produce one alleged eBay sales receipt was ongoing and noted in Doc. 257, Doc.261 Doc. 274, Doc. 278, Doc. 284, Doc. 289, Doc. 304, Doc. 312 on Nov. 10, 2022, Doc. 315 and Doc. 316 on Nov. 18, 2022.

The second alleged eBay sale receipt was produced months later on Nov. 16, 2022, bate stamped EAI000060. This one, unlike EAI000058, had an eBay color logo, yet it was missing the iconic eBay Yellow bar enveloping and the slogan *"Congratulations your item sold.!"* There was an additional yellow button which said Go to my eBay on EAI000060, which is not in the first eBay receipt in EAI000058, produced six month earlier. Most importantly, EAI000060 did not have the forwarded email header information that appears at the top of EAI000058. It does not have —*Subject :Fwd" Your ebay item sold.....Date : Tuesday January 10, 2017 at 5:28:43 Eastern Standard Time.* **Attached as EXHIBIT #2 to review is EAI000058 - EAI000059, and the Nov. 16, 2022 mail from Anderson Duff documented the attachment of with second fraudulent eBay sales receipt bate stamped EAI000060.** I filed the same documents as EX.16 A-B-C EAI000058 to EAI000060 in my June 2, 2025 letter to request Counsel from this Court.

A Conference Call on Nov. 23, 2022 was scheduled. due to the different visual icons and missing or additional text in the two bate stamped documents produced by the Defendants. Also WorthPoint's falsely accused me of not producing an electronic email sent to Will Seippel on Feb. 20, 2016, I note that prior to the Nov.23, 2022 Conference Call, I filed an electronic formatted email so that both Defendants had an example of what I was expecting. This electronic email was noted by Judge Cave on page 16 of the Nov. 23, 2022 transcript . The electronic email I produced was filed on Nov. 22, 2022 in Doc. 317 as EX.#4 **Attached as EXHIBIT#3 is Doc. 526-1 Last filed on August 1, 2023.** Please see page 31 in EX. #3. On page 3 of Doc. 526-1, the transcript recorded that I asked for an extension for my expert witnesses. On p age 4 it is on record that neither Defendant wanted a settlement conference. On page 7 of the Conference call Transcript, Judge Cave asks me if there is a dispute that the eBay sale took place. My response is inserted below which justifies why I was requesting an electronic native formatted email which CANNOT be cut or manipulated when exported in one envelope. **Attached EXHIBIT#4 is Doc. 319 filed Nov. 23, 2022 Order.**

Case 1:18-cv-00993-LTS-SLC Document 526-1 Filed 08/01/23 Page 22 of 36

```
 1                                                              7
 2  click on to view image. But I did not see that in the
 3  PDF. And, again, since that was asked of me and I
 4  understand why, then I just would like --
 5          THE COURT: There's no dispute that the eBay
 6  sale took place, right, that's not disputed?
 7          THE PLAINTIFF: Again, the verification of the
 8  original or the raw coding and email will conclusively
 9  validate that. All I can tell you with most certainty
10  is that I did not paint this image, I have produced my
11  signature --
```

During the Nov. 23, 2022 Conference call, both Defendants, WorthPoint's attorneys in particular, emailed me unidentifiable/ambiguous coding, titled Source Code during the Nov. 23, 2022 Conference Call with Magistrate Judge Cave. Defendants Source Information is filed on pages 7, 8 and 9 in Doc. 526- 1. What is important to note is that there is none of the Dec. 1, 2012 text content from eBay in this alleged "false evidence". In the district court I filed the authentic native electronic email of Defendants' Nov. 23, 2022 sent Source Information , as an example of show what a native electronic email should contain. Please see in EX. 2 on pages 12 thru 16 which is an authentic electronic native email. Please note on page 12 it titled "Original Message with a Message ID and code. A native electronic email print out has the full emails, time it was created. Inserted below an portion of the Defendants Nov. 23, 2022 sent email in electronic native format.

```
Case 1:18-cv-00993-LTS-SLC   Document 526-1   Filed 08/01/23   Page 12 of 36

Original Message

Message ID:   <21BC38C09AD4514693C6FCF2B58A34CE0294D6A097@WILEXCSRVPD10.WEMED.com>

Created at:   Wed, Nov 23, 2022 at 11:33 AM (Delivered after 6 seconds)

From:         "Bialek, Adam" <Adam.Bialek@wilsonelser.com>

To:           Annamarie Trombetta <annamarietrombettalegal@outlook.com>, Annamarie Trombetta
              <atrombettaart@gmail.com>, "ajd@hoganduff.com" <ajd@hoganduff.com>,
              "ajd@andersonjduff.com" <ajd@andersonjduff.com>

Subject:      RE: Email

SPF:          PASS with IP 216.71.146.94   Learn more

DKIM:         'PASS' with domain wilsonelser.com   Learn more

DMARC:        'PASS'   Learn more
```

On the bottom of each page (pages 12 thru 16) is the http://mail code. The Defendants email of the Source Information does NOT have any http:// mail google.com with a numeric coding, SEE Insert below.

```
SHA384; 23 Nov 2022 11:33:34 -0500
Received: from WILEXCSRVPD10.WEMED.com ([10.254.5.251]) by WE-
EXCCAS-03.WEMED.com ([10.254.5.132]) with mapi id 14.03.0513.000;
https://mail.google.com/mail/u/0/?ik=fd353d6ffe&view=om&permmsgid=msg-f:1750305307703913463
```

Due to Defendants gamesmanship, on Dec. 5, 2022 in Doc. 322, I filed Patrick O'Leary's's Affidavit report. My internet expert's report revealed WorthPoint's email content titled "Source Information", emailed to me during the Nov. 23rd Conference call, was yet, a third, version of an alleged eBay sale receipt with inconsistent text and visual, logos and symbols, different than the other two alleged eBay sales receipts. On Dec. 5, 2022 aside from filing Mr. Patrick O'Leary's Affidavit, I also filed in Doc.322, as EX#5 WorthPoint's request for the Feb. 20, 2016 email etc. in the native electronic format as stated on Judge Cave's order in No. 5 in Doc. 319.**Attached as EXHIBIT#5 is Plaintiff's electronic native sent email to Will Seippel on February 20, 2016 ordered and noted in No. 5 a in Judge Cave in Doc. 319** Please note the requested native electronic email is unbroken and is 64 pages of meta data. It is not cut off on the right side nor or the bottom of each page as is the case with EAI/ The Novocin Defendants' evidence. An authentic electronic native email exported, NEVER has a black background with white type. Inserte below is No. 5.

> 5. Ms. Trombetta shall produce to Defendants, the following:
>
>    a. the February 20, 2016 email and attachments in native electronic format;

Defendants (The Novocins) production of Judge Cave's order in No. 1 a in Doc. 319, is completely fraudulent. The text is incomplete and cut off plus there is no http:// with the email and code on each page. I add that WorthPoints Attorneys on August 30, 2022, requested I produce, in a printed out format the "Meta Data" from my Feb. 20, 2016, Yahoo email I sent to Will Seippel. Inserted below from Page 1a. **PLEASE NOTE** any AUTHENTIC native electronic printed out email has an http:// tag at the TOP and BOTTOM on of each page . Highlighted in yellow is the http://on the top and bottom of each page. **Attached as EXHIBIT#6A is my sent email dated Oct. 28, 2022. To WorthPoint with the electronic email - EXHIBIT# 6F is a 5 page print out version of electronic native sent email on Feb. 20, 2016 originally produce in my Deposition responses to WorthPoint before Oct. 2022.**

**TOP OF FIRST PAGE OF META DATA PRINT OUT —http://apis.mailyahoo.com……**



**BOTTOM OF PAGE 1 WITH http://apismail.yahoo.com…..each page of Meta Data for Feb. 20, 2016 email**



I request the Second Circuit Court of Appeals to review the electronic native email dated Feb. 20, 2016 in **EX.#5** and the print out of the electronic native email in **EX.#6A-F** both dated Feb. 20, 2016. I am requesting this Court to compare my native electronic email and the print out against The Novocins/ Estate Auctions Inc court ordered bate stamped as EAI000073 to EAI000079 evidence for the alleged 2012 eBay sale of the 1972 oil painting "Man With Red Umbrella". The Nov. 23, 2022 sent Source Information and EAI EAI000073 to EAI000079 has deficient text devoid of the content and wholeness of the one 2012 email.
1- Each page is missing text on right side and at the bottom of each page.
2- The black background with the white text is abnormal. No native electronic has a black background with white text. The alleged 2012 eBay email is not electronic export. Nor is this text printed out in its entirety.
3- Another important fact which proves the EAI000073 to EAI000079 is fraudulent is that each page is missing the http:// identity code that should be on the top and bottom of each page.

     In response to EAI and attorney Anderson Duff's production of EAI000073 to EAI000079, on Dec. 9, 2022, in Doc. 331, I immediately wrote a letter to inform Judge Cave. Due to the intentional manipulation and delays, I eventually became ill due to the stress and the amount of work I was doing. On the eve of Sunday Dec. 11, 2022, I directly emailed the chambers of Magistrate Judge Cave to inform the Judge that I was extremely ill. On Monday, Dec. 12, 2022, I phoned the Judge's Chambers to confirm if Judge Cave received my email. I also wanted to inquire if my Proposed Amended Complaint was still due that day.

> 1. The parties shall file a joint letter certifying the completion of fact discovery by **Thursday, December 15, 2022**.
>
> 2. To the extent that Ms. Trombetta wishes to amend her complaint, by **Monday, December 19, 2022**, she shall file her motion to amend the complaint (the "Motion") attaching the proposed amended complaint. By **Tuesday, January 10, 2023, Defendants shall file their response to the Motion.** By

On the same day, Dec. 12, 2022, Anderson Duff filed a letter with the Court in Doc. 334 and also filed as 334-1- the same deficient, cutoff print out pages with white text on a black background . **Attached as EXHIBIT #7A is Doc.334 -Mr. Duff's Letter and EXHIBIT #7B Doc.334-1 Not a native electronic email.** Judge Cave on the same day, Dec. 12, 2022, issued an Order in Doc. 333. Duly documented in Doc.333 in No. 1 is Judge Cave's order to certify completion of fact discovery by Dec. 15, 2022, despite my complaint letter in Doc. 331 informing the Judge that EAI000073 to EAI000079 is not authentic. I note Judge Cave's Dec. 12th Order in No. 2 is proof that I was to file my **proposed** amended complaint, due on December 19, 2022.—- SEE EXCERPT ABOVE. Attached as EXHIBIT #6 is Doc.333 filed on Dec. 12, 2022—Please note dates.

I also note that Judge Cave, on December 12, 2022, in addition to her order to complete fact Discovery by Friday December 15, 2022, Judge Cave also designated **February 14, 2023** as the completion of all discovery . This was before I filed my proposed amended complaint. Judge Cave ordered Defendants to produce e a more fulsome version of EAI00073 EAI00079 in Doc. 333. Th Novocins FAILURE to produce the ordered native electronic email was not addressed or stated by Judge Cave in Doc. 333. I ask the Court of Appeals to revie Doc. 334 EX.5B. Defendants FAILED to produce the full pages in EAI00073-EAI00079.

> Case 1:18-cv-00993-RA-SLC Document 333 Filed 12/12/22 Page 2 of 2
>
> c. The parties shall file a joint status report certifying the completion of all discovery by **Tuesday, February 14, 2023**. The parties shall adhere to the individual practices of the Honorable Ronnie Abrams concerning the filing and contents of any motion(s) for summary judgment or pretrial filings, including a proposed joint pretrial order.
>
> 4. By **Tuesday, December 13, 2022**, Defendants shall file a response to Ms. Trombetta's letter requesting a more fulsome production of the data for "EAI00073 thr[ough] [] EAI00079[.]" (ECF No. 331). To the extent Ms. Trombetta raises merits issues for the Court's consideration, the Court reaffirms, (see ECF Nos. 221; 236; 244; 271; 286; 297; 302; 321), that any evidentiary or merits issues are not yet ripe, and may be appropriately raised at the summary judgment and/or trial stages of this case.

Despite Judge Cave's overlooking the obvious fraudulent evidence that Estate Auctions Inc produced in EAI000073 to EAI000079 and my ill health, I still filed two additional letters to Judge Cave informing the Judge how the EAI000073 to EAI000079 evidence was fraudulent and how the text could be typed, manipulated, selected and/or copied from other emails. Once again, by exporting the the alleged 2012 eBay sent to Norb and Marie Novocin in alleged 2012, any manipulation or fraud could NOT be possible as the electronic email cannot be exported in bits, pieces or partially cut off. A true email export should be fully contained, unbroken and have a white background with black type. Please note EAI000073 - EAI000079 is fraudulent evidence and all pages are incomplete. On Dec.16, 2022, Judge Cave issued a second Order for me to file a letter to certify fact discovery was completed. In response to Judge Cave's Order, I filed Doc. 338 and Doc. 339 requesting reconsideration of EAI production of one native electronic email to inform the Court **HOW** EAI's evidence was completely fraudulent. I explained how an authentic email should be properly exported in a one envelope as a PDF. My request was to conclusively rule out, all possibilities that Defendants made any errors or mistakes. Duly documented below is an excerpt of Dockets 338 and 339 that proves/certify I requested another complete version of the eBay 2012 email again. I obeyed Judge Cave's Order. I filed that fact Discovery, was complete accept for the EAI 2012 email. Attached as **EXHIBIT #8 is Judge Cave's Dec. 12, 2022 Order in Doc. 333.**



It is important to convey to the Court of Appeals that on Dec. 19, 2022 Judge Cave deemed, in **Doc. 340, inserted below,** Plaintiff's fact discovery as closed, despite my efforts to have Defendants EAI produce a full response to producing the authentic 2012 eBay sales receipt, which was cut off at the top and bottom of each page. This lawsuit was filed due to bits and pieces of true and false information that EAI patched together in their fake 1972 oil painting ad on WorthPoint its webpage that appeared under my name and professional credentials. More importantly, on Dec. 19, 2022, Judge Cave's order deemed the Novocins' failure to produce one native electronic email as resolved. I have to note to the Court of Appeals in Doc. 327, Judge Cave's Dec. 19, 2022 order **never** referenced Mr. Duff having filed Doc. 334 on Dec. 13, 2022 which was printed cut off pages with white text on a black background that cannot be read in its entirety and stamped as EAI000073 to -EAI000079.



Inserted below is Doc. 327, on Dec. 8, 2022 and states that the Court deems production of emails a completed issue. Judge Cave's Memo was filed a week before Defendants filed Doc. 334 and before my SAC.



As per Judge Cave's order in Doc. 333, on Dec. 19, 2022, (SEE **EXHIBIT #8** ) I filed my proposed amended complaint for fraud in two separate documents, EAI, the Novocins was in Doc.341 and WorthPoint was in Doc. 342. On the same day, Dec. 19, 2022, there was a death in my extended family which I noted in one of my letters in Doc. 347, to Judge Cave. On Dec. 21, 2022 in Doc. 344, Judge Cave granted my Motion to Amended Complaint to include Fraud. Due to Judge Cave's order to file 341 and 342 as one document, I had to figure out how all the documents could be up ploaded due to the size of the file. Eventually Judge Cave approved Doc. 348 filed on Dec. 27, 2022 as the operative amended complaint.

On Jan.23, 2023 in Doc. 359, I wrote a letter to Judge Abrams and Judge Cave to oppose WorthPoint's witnesses Jason Packer and Jessie Stricchola due to flagrant false statements that were filed by WorthPoint after I filed an Amended Complaint for Fraud. Clearly, both Defendants do not have an issue with filing fraudulent evidence in Federal Court. This brazen action does not hinder both Defendants from continuously filing fake documents & statements. It is the primary reason I filed my Appeal seeking a Permanent Injunctive Relief against both Defendants. I feel it is imperative. Jason Packer in his Declaration stated that I used my Website email to look up the 1972 painting webpage on WorthPoint's website and the last date I looked up the pricing was Feb. 3, 2016. I never use my website to send emails, therefore, WorthPoint is trying to create doubt and deception to bolster Mr. Packer's lie. Noted in my Jan. 22, 2016 yahoo email address their is a notation of WorthPoint's 7 day free trail membership . The starting date of the paid access to WorthPoints worthapedia pricing would have began on Jan. 29, 2016. In Jan. 2016, WorthPoint failed to phone or email back after I contacted them about the fake post.I terminated my credit card I used to access a free 7 day trial.

On Feb. 2, 2023, Judge Cave granted my Amended Complaint to include fraud. The public docket did not state that Judge Cave deemed my Amended Complaint as the operative complaint which is not in tandem with



the district court protocol. On Feb. 9th in Doc. 368 and Feb. 10, 2023 in Doc. 369, I filed my summarized and numbered Amended Complaint The insert above is the public Doc. 366 filed on Feb. 2, 2022 which is devoid of any notation about Judge Cave's decision . It is not noted that the Judge deemed my original complaint to act as the operative complaint.

    I also note that in Doc. 333 filed on Dec.12, 2022, noted as C, Judge Cave wrote Feb. 14, 2023 would be the deadline for all parties to file a joint letter certifying the completion of all discovery. I also note that in Doc. 333 filed on Dec.12, 2022 in No. 1, Dec. 15, 2022 was the end of fact discovery. Once again Judge Cave issued two orders for me to file a letter that I am certifying fact discovery, which was coerced. I had a discovery dispute /issue with EAI000073 to EAI000079 and Defendants failure to produce one native electronic email. Based on Judge Cave's statements prior to filing my Amended Complaint, as a Pro Se litigant, I assumed Discovery would be open and that there was no need for me to request Judge Cave to

reopen Discovery once my Amended Complaint was granted. In Doc. 375 filed on Feb.23, 2023, Judge Cave referenced Doc. 333 —Please see below. EXCERPT BELOW FROM DOC. 375 No. 4

> (4) As the Court has previously explained, the parties must follow the deadlines the Court has set, (see ECF Nos. 221; 236; 238; 244; 271; 286; 297; 302; 321; 333; 340; 364; 367), which supersede the default deadlines in Federal Rule of Civil Procedure 26(a)(2)(D).

I continued to write letters to Judge Abrams and Jude Cave requesting a brief reopening of fact discovery once my Amended Complaint was granted. Both Defendants filed their responses on Feb. 16, 2023. Immediately, the next day, I had a subpoena for Jason Packer issued on Feb. 17, 2023 which is on the court docket. WorthPoints attorneys objected and blocked my subpoena to produce all the emails for annamarie@trombettaart.com that Mr. Packer indicated I used in his Declaration. Despite being blocked and denied by the Judge, on Feb. 23, 2023 in Doc. 377 , on March 5, 2023 in Doc.382, on March 8, 2023 in Doc. 386 and again on March 10, 2023 in Doc. 388 , I asked for discovery to be briefly reopened. As aforementioned, Judge Cave wrote in Doc. 333 on Dec. 12, 2022 that Feb. 14, 2023 was the end of all discovery. In addition to the Judge's notation of Doc. 333 , WorthPoint's attorney Adam Bialik in his letter, dated Dec. 15, 2022, also noted Judge Cave's Doc. 333. Mr. Bialik also wrote and confirmed in Doc. 336 that additional fact discovery may or likely will, be needed. Inserted below is Mr. Bialik's Dec. 15, 2022 excerpt in Doc. 336. I also note again, Feb. 2, 2023 was the date my Amended Complaint was granted.



One of the quintessential reasons I am writing this letter is to enlighten the Court of Appeals regarding Judge Cave's pattern of changing the rules and/or the due dates on filings. By doing so, as a Pro Se litigant it was doubly difficult to keep up or understand some of Judge Cave's Orders. Aside from multiple changes such as ordering Attorney Anderson Duff to produce Doc. 334-1 and his letter a complete uncut production EAI000073 to EAI000079, when Mr. Duff FAILED to do so, Judge Cave deemed EAI000058-EAI000060,

which look completely different from one another, as adequate evidence. This is in Doc. 387 filed on March 10, 2023. More alarming is Judge's demonstration of the numerous mistakes and/or bias decisions, written by Judge Cave. Please see **EXHIBIT #9 Judge Cave's Order in Doc. 387 filed on March 10, 2023**. Each one demonstrates an intention or careless attention to the true facts involving my means of proving Defendants willfully committed fraud, in in Fed. Court. As aforementioned is No. 1. Defendants failed to produce one simple native electronic email date Dec. 1, 2012 PDF, which should look like the attached pages 12 to 16 in EXHIBIT#3 or the native electronic email in **EX. #5**. I also note that in **EX. #3** in Doc.526-1 on page 27 of 36, there are transcript documents from the Nov. 23, 2022 Conference Call. I explained in lines 15 to 25 I printed and exported the electronic codling Feb. 20, 2016 email I sent to Will Seippel-SEE **EX. #3 and EX#5** —Below is a screen shot of lines 15 to 25 from the transcript on Nov.23, 2022.

```
14          THE COURT:  What data?
15          THE PLAINTIFF:  That's what I did in my --
16          THE COURT:  Ms. Trombetta --
17          THE PLAINTIFF:  (continuing) -- responses, I
18  printed out, I was requested to print out the February
19  20, 2016, email. I printed out the text, the actual
20  email, then I went to the raw message and print out
21  most of the coding. And then after the October 28th
22  meet and confer I figured out a way to export the raw
23  message into a PDF file and I forwarded that to both
24  defendants as requested. I'm just asking for the same
25  type of consideration as I am extending to the
```

Moreover, and of utmost importance, is Judge Cave's admission in the transcript pages on Nov. 23, 2022 that the authentic of EAI's evidence is important. In lines 5 and 6 and 8 thru 16, which is filed in Doc. 527-1 on page 31, Judge Cave acknowledged another example of a raw native electronic email in a PDF format, I filed as EX. 4 in Doc. 317, filed on Nov. 22, 2022. I deliberately filed a raw native electronic email so Defendants would see what it was that I was requesting. Both Defendants failed to produce my court granted request.

```
 4  know, maybe you're going to be able to agree, but
 5  maybe not. And so the authenticity of the document is
 6  important.
 7          MR. DUFF:  Sure.
 8          THE COURT:  And what I'm interpreting Ms.
 9  Trombetta to be saying is she wants to confirm that
10  the PDF and the raw email that was sent to her are, in
11  fact, the actual authentic documents. And so if you
12  look at exhibit 4 to her letter yesterday, which is
13  ECF number 317, it's a bunch of garbled characters
14  that make no sense to me but I am sure to an IT person
15  they'll say, yes, this is the metadata for an email.
16  And so --
```

Most important, I bring the Court's attention to Judge Cave's mistakes in Doc. 387 filed March 10, 2023.

**In No. 1, in** Judge Cave's order in Doc.387 filed March 10, 2023, the Judge fails to mention the failure by the Defendant to produce a full native electronic email of the Dec. 1, 2012 eBay sale, in a digital email . It never produced /exported as an electronic email by Defendants as ordered on Nov. 23, 2022 in Doc.319 noted in No. 1a. Judge Cave's oversight is an example of improper exclusion when relevant evidence is unjustly withheld; it can potentially alter the verdict in my case.

**In No. 2,** Judge Cave's Order in Doc. 387 filed on March 10, 2023, the Judge made an obvious clerical error and stated on Dec. 13, 2022, the Court struck my revised proposed amended complaint in Doc.368 . The date Doc. 368 was stricken on Feb. 9, 2023, not Dec. 13 2022. This written statement is completely incorrect.

**In No. 3,** Judge Cave's Order in Doc.387 filed on March 10, 2023, the Judge stated fact discovery closed on Dec. 19, 2022. Again, on Dec. 12, 2022 in Doc. 333 on page 2, in c. Judge Cave wrote both parties shall file a joint letter certifying all discovery closed on Feb. 14, 2023—SEE on page 7 of this letter.

**In No. 4,** Judge Cave's Order in Doc.387 filed on March 10, 2023, the Judge referenced said Doc. 333.

**In No. 5,** Judge Cave's Order in Doc.387 filed on March 10, 2023, Judge Cave designated April 7, 2023 as the due date for summary judgement . This date was on Passover week and Good Friday. I note that even the stock market is closed on Good Friday.

From the above statements, particularly in Doc. 387, it is self evident that Judge Cave made many errors and demonstrated a bias or perhaps is mental unstabile, in regards to this last order. Judge Cave's numerous errors, coupled with the willful production of fraudulent evidence by not one but two Defendants, who hired four attorneys to handle one simple case was an extreme burden for one artist . I did produced my 1972 signature, in script and in print, proving the Defendants 1972 ad and photo featured signature was completely fraudulent. The bias of Judge Cave and the Defendants intentional filing of fraudulent declarations and fraudulent evidence has been ongoing for years. Please see DOC. 56 DOC. 57 filed June 26, 2020 declared with a penalty under perjury statement.

I add that five years ago on, July 13, 2020 in Case 1:18-cv-00993- I filed. direct print outs from of the Terms of Service and Internet Privacy Policy on the website of askART with askART's a DMCA Infringements Rules in Doc. 72 on page 28, in Doc. 73, and also on page 28 in Doc. 75, in Plaintiff's Memorandum of Law. My intentional triple filing of askART "s Terms of Service and Internet Privacy Policy was to assure Magistrate Judge Cave saw and commented on the Defendants violation of askART's Terms in their fake 1972 ad. **In summary the Novocincs' ad should have never been created.** The deliberate intent by the Defendants to purposefully attempt to file in Federal Court Declarations admitting taking content from askART's website which prohibits such an act should have been noted by the district court. The insert below states *"the information about me is from AskArt as they got it from her website."* The fake 1972 oil painting ad also states the painting was Signed Annamarie Trombetta which spelled my name correctly. Litigation proved neither black signature, in the photo, nor the written in red claim on the stretcher, was true.

>>>>> UP IN THIS AUCTION <<<<< 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta New York Listed Artist - Shabby Chic Condition

- DESCRIPTION - Please be patient there are 12 photos to be loaded in this auction. Up in this auction is a wonderful and delightful oil on canvas painting of a man (I guess it could be a woman) with a red umbrella. This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher, Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her

tp://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

Page 2 of 7

Case: 25-817, 11/18/2025, DktEntry: 47.1, Page 13 of 16

13 of 16

Unfortunately for me , Judge Cave refrained from any statements regarding the Defendants violation of askART's Terms of Use in Doc. 121 filed on . My three askART Terms of Service and Internet Privacy Policy filed separately were filed in Docs. 72-73-75 to insure the evidence was not overlooked. The Terms of Use and Internet privacy was last filed in Doc. 542 filed on March 19, 2024 as the last exhibit .I remind the Court that Defendants' fraudulent 1972 painting is dated four years prior to The **Copyright Act of 1976** which is the primary basis of copyright law in the United States. I note that in Doc. 121 by Judge Cave, the subject of the askART Terms of Use and Internet Privacy Policy is **NEVER** stated, written or included in the Judge 's decision . The absence and /or failure of Judge Cave to comment on the Defendants transferring content from askART's website particularly for commercial use is clearly prohibited and written on askART's Terms of Use and Internet Privacy and not in he Judge's seven page decision /order. I note however and inserted below, that on page 6 of Doc. 121, Judge Cave addressed Defendants complaints about me as "transgressions of Court instructions".

> Case 1:18-cv-00993-RA-SLC Document 121 Filed 10/29/20 Page 6 of 7
>
> These transgressions of Court instructions by an unrepresented pro se plaintiff stand in contrast to the repeated, willful violations of court orders that other courts have found warranted the imposition of a bond. For instance, several of the cases cited by Moving

Defendants oil painting ad content is in direct conflict with askART's policy. I also note Judge Cave decision was "without prejudice" . As a Pro Se litigant and now Appellant, I bring the content of Doc. 121 and my filings of askART's policy to bring attention to the other non frivolous issues I have brought to the Court of Appeals attention . **Attached as EXHIBIT #10 is Doc.121 filed by Judge Cave on October 29, 2020.** After Judge Cave's "without prejudice" decision both Defendants ignored, delayed or gaslit Appellant throughout litigation. The goal by the Defendants was to demand unnecessary documents to create so many problems to force me to withdraw my claims and terminate my lawsuit. Once again, the process of litigation proved to me that it was imperative to request Permanent Injunctive Relief against both Defendants.

One of the most recent and clear cut examples of Defendants attempts to gaslight Appellant is noted and demonstrated when I was ordered by Judge Cave to write a fourth settlement request to the Defendants. On April 20, 2023, in Doc. 449 , three years after the Motion to Post A Bond in July 2020, Magistrate Judge Cave rendered my <u>expert disclosures as untimely</u> while at the same time ordered me to email a fourth settlement demands to Defendants. When I emailed Defenadants my fourth written settlement, I restated that I attempted to settle this matter in 2017, by hiring an attorney who wrote a settlement letter, prior to filing a lawsuit. Attorney Anderson Duff immediately emailed me back, insinuating that I never made a settlement offer in 2017 and requested I forward this offer to him. I note, my attorneys 2017 settlement letter is on pages 21 to 23 in **Doc. 74** , which is titled *"Plaintiff's Response to Attorney Anderson Duff's Declaration"* Below is Anderson Duff's May 16, 2023 email documenting his request. to produce my 2017 settlement letter I filed on July 13, 2020, as aforementioned. I have filed Mr. Duff;s May 16, 2023 email, in Doc. 527-1, August 1, 2023 as EX. 12 on page 30. My three page settlement letter is also in Doc 527-1 on pages31to 33. For the Court's convenience, I have inserted Mr. Duff's May 16, 2023 email below.

> Case 1:18-cv-00993-LTS-SLC   Document 527-1   Filed 08/01/23   Page 30 of 41
>
> Mail - Annamarie Trombetta - Outlook
>
> **Re: Plaintiff's Fourth Settlement Letter**
>
> Anderson Duff <ajd@hoganduff.com>
> Tue 5/16/2023 8:41 PM
>
> To: Annamarie Trombetta <annamarietrombettalegal@outlook.com>
> Cc: Farmer, Jana S. <Jana.Farmer@wilsonelser.com>; Adam Bialek <adam.bialek@wilsonelser.com>; Cahill, John <John.Cahill@wilsonelser.com>
>
> EXHIBIT # L /2
>
> Ms. Trombetta:
>
> If you offered to settle this action for $8,000 in 2017, please forward that offer to all parties as I do not believe you ever offered to settle for anything below tens of thousands of dollars. The monetary demands in your letter, totalling several hundred thousand dollars, are far and away above what you could recover in the best case scenario for you. As your demands are not tethered to reality, my clients will not agree to a settlement conference and will move forward with our demand for attorneys' fees, as has been explained to you many, many times during the past several years.
>
> Best,
>
> -Anderson-
> 646.450.3607
> HoganDuff.com
>
> From: Annamarie Trombetta <annamarietrombettalegal@outlook.com>
> Date: Tuesday, May 16, 2023 at 8:35 PM
> To: "Farmer, Jana S." <Jana.Farmer@wilsonelser.com>, Adam Bialek <adam.bialek@wilsonelser.com>, "Cahill, John" <John.Cahill@wilsonelser.com>, "Anderson J. Duff" <ajd@hoganduff.com>
> Subject: Plaintiff's Fourth Settlement Letter
>
> To All Parties,
>
> Attached is Plaintiff's Fourth Settlement Letter.
>
> Sincerely,
> Annamarie Trombetta

In summary, both Defendants have willfully prolonged litigation by consistency violating laws and terms of use while concurrently filing fraudulent evidence and false. statements. This lawsuit has been unnecessarily prolonged when it is clear, and duly documented that I informed both Defendants I was not the artist who painted their 1972 oil painting . The signature in black in the photo on WorthPoint's website was not mine, nor was it legible even to Norb Novocin who created the ad. Willfully committing fraud. particularly in Federal Court is a criminal offense. Additionally, the district court and their decisions and errors made by the Judges have adversely affected the outcome of my case which should have been very simple to prove.

There are four irrefutable factual truths and non frivolous issues I will ad to the ones stated above :

**First——** AskART does not permit any party, even its paid members to transfer any content on its website as is written in the askART Terms of Service and Internet Privacy Policy. Defendant never should have created their alleged 2012, eBay ad for 1972 oil painting with a written admission my biography was from askART.

Case: 25-817, 11/18/2025, DktEntry: 47.1, Page 15 of 16

15 of 16

**Second**—I informed both Defendants a decade ago that I did not paint in oils in 1972 because I was nine years old. I also informed both parties that the black signature is not by my hand. I also knew the signature in red could not be mine as well. The failure of both Defendants to respect these facts is criminal. I also informed both Defendants I would produce my 1972 signature in print and script proving I did not create their 1972 oil painting. At present, the danger and threat that these Defendants can still sign or forge my name on paintings, etc and create a false secondary art market using my name, on unauthentic works, is possible.

**Third**—The failure of the Novocin Defendants to produce one complete eBay sales receipt for their alleged eBay sale on Dec. 1, 2012 confirms my askART evidence that it was never on askART's website in 2012. The aforementioned bits and pieces demonstrated in Defendants evidence in EAI00073 to EAI00079 by the district court confirms my current filing in the Second Court of Appeals.

**Fourth** — I informed and produced at least six documents proving my biography was never on askART in 2012. My proof determines who recommenced my biography to askART. My evidence states the time and date and conclusively proves the year was 2015. **Attached as EXHIBIT#11 A to G is my askART Evidence.**

Despite all my evidence proving my biography was listed on askART's website in 2015, Judge Swain wrote in Feb. 20, 2024 Memorandum, on page 33, in Doc. 538 that Plaintiff only produced one document by Wayback Internet. Despite my March 19, 2024 filing for Reconsideration to include my evidence of my 2015 evidence (SEE EX. #11 A to G), Judge Swain's March 7, 2025 decision in Doc. 556, failed and/or did not comment on all the evidenced I filed I have attached my filed evidence to this letter **EXHIBIT #11 A to G.**

I respectfully request the Court of Appeals to review all the issues documented within this letter pertaining to the errors and bias that has been documented in filings in the district court. I ask the Court of Appeals to reconsider my request for a Pro Bono Attorney and I ask the Court to designate a date to file my Brief.

Respectfully Submitted,

Pro Se Plaintiff

——————— Electronic Signature ———————

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128

/s/ Annamarie Trombetta. November 17, 2025

Annamarie Trombetta

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Trombetta, Annamarie

                                                                        **CERTIFICATE OF SERVICE\***

                                                                                 25-817

v.                                                                  Docket Number: _____

Novocin and WorthPoint Corp.

I, **Annamarie Trombetta**, hereby certify under penalty of perjury that
    (print name)
on **November 17, 2025**, I served a copy of **Appellant's Nov. 17, 2025 Letter**
    (date)
**To The Court Re: Other Non Frivolous Issues and File of Appellant Brief**
                                            (list all documents)

by (select all applicable)\*\*

\_\_\_ Personal Delivery        \_\_\_ United States Mail        \_\_\_ Federal Express or other Overnight Courier

                                      X

\_\_\_ Commercial Carrier         \_\_\_ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Adam R. Bialik | Wilson Elser, Moskowitz | New York | NY | 10017 |
| Jana Farmer | Wilson Elser, Moskowitz | New York | NY | 10604 |
| Anderson J. Duff | 353 Ocean Avenue | Brooklyn | NY | 11226 |
| | | | | |
| | | | | |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

November 17, 2025

    Today's Date                                                                   Signature

Certificate of Service Form (Last Revised 12/2015)