Case No. 25-817                     Title: Trombetta v. Novocin & WorthPoint Corporation

Appellant v. Defendants ~ Appellees

RE: S.D.N.Y ~N.Y.C
18-cv 0993 ~ Magistrate Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, New York 10007

April 13, 2026

To The Honorable Chief Judge Debra Ann Livingston,

To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

Pro Se Appellant, Annamarie Trombetta, is writing the Second Circuit Court of Appeals in response to the Motion by WorthPoint's Attorneys, filed on April 10, 2026, in Doc. 54. The first issue I will address is my request for word extension increase -No. 4 in WorthPoint's letter.

My request originated when I read the rules on Second Circuit's website. Appellees are permitted 16,500 words, while Appellants are limited to 14,000 words. Inserted below is the screen shot from the website which states the word count for each party.

**Local Rule 28.1.1. Cross-Appeals; Word Limitations**

**(a) Appellant's Briefs.** The appellant's principal brief and the appellant's response-and-reply brief is acceptable if each contains no more than 14,000 words.

**(b) Appellee's Principal-and-Response Brief.** The appellee's principal-and-response brief is acceptable if it contains no more than 16,500 words.

In Appellant's case, there are two different, interconnected Defendants. The parties include Norb and Marie Novocin and Estate Auctions Inc. In addition, there is WorthPoint Corporation which includes, Will Seippel, IT tech, Jason Packer, internet witness, Jessie Stricchiola, webmaster Gregory Watkins and the original phone receptionist Anita Brooks, who intentionally mislead me in 2015, to contact eBay to have the false 1972 webpage removed claiming its on eBay's website. In further support of my request for an increased word count, I note the multiple attorneys WorthPoint hired throughout this case to include: Arnold P. Lutzker, Adam R. Bialek, Jana Farmer, Nicole Haimson and John Cahill, in addition to Estate Auction Inc.'s one attorney Anderson J. Duff. Each one of the six listed attorneys all filed documents throughout the case. In addition to eight related parties, two Defendants and six attorneys, there

were three different Judges, Judge Ronnie Abrams, Magistrate Judge Sarah Cave and Judge Laura Taylor Swain. Plaintiff/Appellant has dealt with several individuals, aside from the five different parties in the Pro Se Office in the district court who also contributed to the complexities, mistakes and time loss in my case. This is an abnormal amount of individuals to deal with in one legal case. Moreover, since 2015, I informed WorthPoints employees the webpage was false and incorrect. In 2017, I was forced to deal with removing the online, second posting of the 1972 painting webpage which is fraudulent. Defendants defiance and deception led to this Appeal. I reiterate these facts to support my word extension request.

Secondly, I am thankful to WorthPoint's attorneys who did not object to my request to extend my date to file my Appeal's Brief to Monday, April 20, 2026. As a Pro Se litigant, I hope the Second Circuit Court of Appeals allows the extra days. The complexity of filing a Brief is overwhelming and requires an expertise that many lawyers and long standing attorneys do not command at will.

Third, my question regarding the inclusion of text and or photos in my Appeals' Brief is to make certain with the Appeals' Judges, if this is permitted. In the district court, on several occasions, as a Pro Se Plaintiff, I was misinformed causing further problems. Here are three examples :

1- In 2020, during the pandemic, the courts were closed. Upon its reopening, I was told to wait in the hallway for my summons and complaint. Right before closing I was given a full copy of the complaint and signed, sealed summons. I had no time to review these documents. The next day, I notice the signed, sealed summons had a 30 day response statement and not the standard 20 days to respond statement. I phoned the Pro Se intake, who misinformed me and said if the summons was signed, and sealed, it was verified. I hired a process server and also mailed the incorrect summons to WorthPoint Corp in Ga. I lost time and money, to no avail.

2- In 2022, Judge Cave stated my expert witness reports were scheduled to be submitted before I filed my Proposed Amended Complaint due on Dec. 19, 2022. In 2024, in Doc.537, filed Feb. 8, 2024, Judge Swain agreed with Judge Cave and denied my expert witness reports from being included in the Judge's Decision . In 2025, my appeal is moving forward due to the Appeals Judges decision in Doc. 46 filed on Oct. 31, 2025 which states the following:

> ORDERED that the motion is DENIED. The appeal will proceed as there may be non-frivolous issues raised by Appellant, such as the district court's decision to preclude two expert reports as untimely for failure to meet a discovery deadline that passed before the court granted her permission to file the second amended—operative—complaint.

3- In March 2024, I was misinformed by the New York Legal Assistance Group incorrectly stated, I had fourteen days to file a Rule 59e and Rule 60 motion. In doing my own research, I realized that I was misinformed. I note that by filing my Motion, I was preserving my evidence and facts in my district court case in preparation for my Appeal. If I skipped my Motion filing, I would have more problems. Below is the misinformation from nylag.org.



The three examples aforementioned in the district court adversely contributed to the longevity and numerous filings which adversely effected the outcome and end result of my case. This case should have been a  simple legal procedure, given my dispositive evidence, production of my two childhood  signatures, in print and script  and  my 2015 proof of my bio listing on  askART.

To  address WorthPoint's attorneys objections in Doc. 54, No. 10,  I note in  Doc.  538,  filed by Judge Swain on Dec.13, 2023,  the Judge Ordered all redacted information be produced to the Judge and Plaintiff.  This included WorthPoint's 2009,  Canadian Advanced Economic Research Inc. sub-licensing agreement  bate stamped  WP000009 thru WP000034.  I do not know if Judge Swain received a copy of WP000009  to  WP000034.  I did **not**  receive WorthPoint's unredacted sub licensing agreement as per the  Judge's Order.  Failure to Comply with Discovery obligations violates  Local Civil Rule 37.2 (SDNY) and FRCP 37(b).  WorthPoint's  sub licensing agreement content is  important .  WorthPoint's webpage used a   copyright symbol, its logos and written statement " © Copyrighted work licensed by WorthPoint"  on the oil painting signature photo on WorthPoint' webpage. The  text and content within the sub licensing agreement is imperative to determine  legal permission and adherence of WorthPoint's  written claim in the signature photo.

> ORDERED that Defendant WorthPoint Corporation file under seal, with access to the Plaintiff, Defendant WorthPoint, and court personnel only, the unredacted version of Jason Packer's Declaration (docket entry no. 425-6, 480-2), as well as any other evidence that was redacted to protect proprietary information and offered in connection with WorthPoint's Motion for Summary Judgment (docket entry no. 423), within 7 days of the date of entry of this Order.

Lastly, due to the amount of lawyers,  the number of parties associated with the  two Defendants, the amount of misinformation I had to discern conjoined with the  failure of WorthPoint's attorneys to comply with the Judge's Order,  Appellant is requesting once again that  the Court of Appeals assigned a Pro Bono Attorney to assist me in  my  well needed Appeal.

I  kindly ask the Judges to inform me about the questions and requests  posed in my letters. My sincere appreciation for your anticipated  cooperation and responses.

Pro Se Plaintiff                                                  Respectfully Submitted,

Annamarie Trombetta
175 East 96th Street (12 R)                 —------------ Electronic Signature —------------

New York, New York 10128                      /s/ Annamarie Trombetta, April 13, 2026

_____

Annamarie Trombetta

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Annamarie Trombetta

**CERTIFICATE OF SERVICE***

25-817

Docket Number: _____

v.

Novocin, EAI and WorthPoint Corp.

I, Annamarie Trombetta _____, hereby certify under penalty of perjury that
(print name)

on April 13, 2026 _____, I served a copy of a three page response letter
(date)

to WorthPoint's Opposition Motion Docket 54. _____

(list all documents)

by (select all applicable)**

___ Personal Delivery          ___ United States Mail          ___ Federal Express or other
                                                                    Overnight Courier

___ Commercial Carrier     X ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Adam R. Bialek | 150 East 42nd Street | New York | New York | 10017 |
| Jana S. Farmer | 1133 Westchester Avenue | White Plains | New York | 10604 |
| Anderson J.Duff | 353 Ocean Avenue | Brooklyn | New York | 11226 |
| | | | | |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

April 13, 2026                          Annamarie Trombetta

_____                     _____
Today's Date                                Signature

Certificate of Service Form (Last Revised 12/2015)