IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

| | | |
|---|---|---|
| Annamarie Trombetta, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. | ) | |
| | ) | Court of Appeals Docket No.: 25-817 |
| | ) | |
| Norb Novocin, Marie Novocin, | ) | |
| Estate Auctions, Inc. | ) | |
| and WorthPoint Corporation | ) | |
| | ) | |
| Defendants-Appellees | ) | |

_____)

**DEFENDANT WORTHPOINT CORPORATION'S RESPONSE TO PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME, EXTENSION OF THE WORD LIMIT, APPOINTMENT OF PRO SE COUNSEL AND APPROVAL TO EMBED IMAGES**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant WorthPoint Corporation*

Counsel:     Adam R. Bialek
             Jana Slavina Farmer

314206112v.1

1.      Defendant-Appellee WorthPoint Corporation ("WorthPoint") submits this response to Plaintiff-Appellant Annamarie Trombetta's Motions (Dkt. Ents. 51.1; 52.1; 53.1) seeking an extension of time to file her opening brief, a word extension from 14,000 words to "18,000 to 20,000" words, a third request for pro bono counsel, and permission to embed images within her opening brief.

2.      As an initial matter, recognizing that Ms. Trombetta is a pro se litigant and not wanting to be overly aggressive, we have refrained from previously responding to Ms. Trombetta's requests to the Court.  However, her latest filings contain inappropriate and inaccurate attacks and should be stricken from any record for the appeal.  Moreover, her requests are now harassing and are only needlessly driving up the costs of the litigation for the Defendant.

3.      We recognize that this Court and the District Court have both been very lenient with Ms. Trombetta as she is a pro se litigant, but there needs to come a point in time where it is said that "enough is enough."  WorthPoint has incurred hundreds of thousands of dollars in legal fees unnecessarily, and these latest requests (filled with dozens of unnecessary materials) are likely to add further expense, even though the claims lack merit and were not timely filed in any event.

4.      With respect to the motions, Plaintiff-Appellant has been aware of the 14,000-word limit and April 16, 2026 deadline since January 15, 2026 (Dkt. Ent. 50.1). Plaintiff-Appellant has already filed, and been denied, two motions for

i

314206112v.1

assignment of pro bono counsel (Dkt. Ents. 44, 45, 49, 50). Although Plaintiff-Appellant attaches a single screenshot of email correspondence from the Pro Bono Legal Assistance Project, dated March 19, 2026, to support her claim that she has been "trying to acquire an attorney," this submission is of no import. Regardless, WorthPoint has no objection to Ms. Trombetta's request for a four-day extension to file the opening brief.

5.      However, WorthPoint does not consent to Plaintiff-Appellant's request for an extension of the word limitations. The proceedings before the Southern District of New York ("SDNY") included over 550 docket entries, a significant number of which should never have been filed and which the District Court requested not be filed. Plaintiff-Appellant's twenty-three-page motion for an extension of the word limitations states that her "word extension Motion request is in direct need and correlation to document the Appellees gamesmanship and that of their lawyers to elongate litigation." (*See*, Dkt. Ent. 51.1, at p. 20.) The Defendant-Appellee and its counsel have done nothing to elongate the litigation and it has only been elongated due to Ms. Trombetta's conduct and her repeated requests for extensions. The District Court has already found these allegations to be without merit on at least two separate occasions. (*See*, SDNY Dkt. Nos. 327; 340). WorthPoint respectfully submits that granting additional words to rehash claims of "gamesmanship" that have already been rejected and are not the subject of this

appeal would serve no purpose other than to burden this Court with irrelevant arguments and harass the Defendants-Appellees and their counsel. If Plaintiff-Appellant cannot articulate her case within the standard 14,000-word limit after such extensive proceedings, additional words will not cure that deficiency.

6. WorthPoint also objects to Plaintiff-Appellant's third request for appointment of pro bono counsel. The Court has already ruled on Plaintiff-Appellant's prior motion for appointment of counsel (Dkt. Ents. 44, 45) and her subsequent motion for reconsideration (Dkt. Ents. 49, 50), both of which were denied. Plaintiff-Appellant has presented no new circumstances or grounds that would warrant the Court revisiting this issue yet again. There are plenty of pro bono organizations that Plaintiff-Appellant could have consulted and one which WorthPoint knows she did. There is no need to waste WorthPoint's time or the Court's resources in filing the same motion for the third time.

7. With respect to Plaintiff-Appellant's request to include images and photographs in her opening brief, a simple internet search (such as "Can I include pictures in opening briefs to the United States Court of Appeals for the Second Circuit?") would have readily provided Plaintiff-Appellant with an answer to this question. The Court's Local Rules and the Federal Rules of Appellate Procedure are publicly available and address the requirements for appellate briefs. This request further exemplifies Plaintiff-Appellant's pattern of embedding substantive

iii

arguments into procedural requests and burdening the Court and opposing counsel with inquiries that could easily be resolved through basic research.

8.     Plaintiff-Appellant's request was not merely to seek the Court's advice about embedding images, but rather was used to once again improperly reiterate her claims.  Had Plaintiff-Appellant simply sought the advice of the Court through an improper motion, the same could have been accomplished with a one or two paragraph motion, not with a motion that re-describes her claims, and attaches numerous images.

9.     While Plaintiff-Appellant's motions and letter go well beyond a routine procedural request, WorthPoint declines to entertain her meritless and improper substantive arguments. However, WorthPoint notes that this filing is consistent with Plaintiff-Appellant's broader pattern throughout this litigation. *See* Dkt. Ent. 41.1 at ¶4. Despite requests from counsel and warnings from numerous judges throughout these proceedings, Plaintiff-Appellant continues to embed substantive arguments into procedural filings.  While each one of Plaintiff-Appellant's arguments can be disposed of, the Defendants-Appellants shall await the Brief and Record on Appeal before substantively responding.

10.     WorthPoint is compelled to note that Plaintiff-Appellant's filings include numerous baseless accusations, including the statement that "no matter what Court or state, WorthPoint and its attorneys will manipulate the laws," which is not

iv

only unfounded but potentially actionable. (*See*, Dkt. Ent. 51.1). This accusation is particularly egregious given that the Court has already, on at least two separate occasions, found no wrongdoing on the part of WorthPoint or its counsel. (*See*, SDNY Dkt. Nos. 327; 340). While we do not believe that such procedurally insufficient submissions warrant a substantive response, we do ask that they be stricken and not made part of the record. A request for an extension of time, an extension of word limitations, assignment of counsel, and an inquiry about whether she can embed images into her opening brief is not a proper vehicle for presenting appellate arguments, and Plaintiff-Appellant's attempt to do so is improper and prejudicial.

**WHEREFORE**, WorthPoint does not oppose Plaintiff-Appellant's request for an extension of time to file the opening brief to April 20, 2026, but respectfully requests that this Court enter an order: (i) denying Plaintiff-Appellant's request for an extension of the word limitations; (ii) denying Plaintiff-Appellant's third request for appointment of pro bono counsel; (iii) striking the substantive portions of Plaintiff-Appellant's Motions (Dkt. Ents. 51.1; 52.1; 53.1) from the record; and (iv) granting such other and further relief as this Court deems just and proper.

v

314206112v.1

Dated:      New York, NY
              April 9, 2026

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Adam R. Bialek*
Adam R. Bialek, Esq.
Jana S. Farmer, Esq.
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000
Fax (212) 490-3038
Adam.Bialek@wilsonelser.com
Jana.Farmer@wilsonelser.com

cc:

Ms. Annamarie Trombetta
175 East 96th Street
Apt. 12R
New York, NY 10128
annamarietrombettalegal@outlook.com
atrombettaart@gmail.com
trombettaart@yahoo.com

Anderson Duff, Esq.

vi

314206112v.1