# Docket #  25-817

## APPEAL'S BRIEF

———————————————

UNITED  STATES COURTS OF APPEALS
FOR  THE  SECOND CIRCUIT

———————————————

Annamarie  Trombetta, Artist

Plaintiff ~ Appellant

v.

Norb and Marie Novocins, Estate Auctions Inc.
and
WorthPoint Corporation

Defendants ~ Appellees

William  Seippel,     worthpoint.com

Jason Packer, Employee at WorthPoint Corporation

———————————————

On  Appeal from the United States District Court
For the Southern District of New York

———————————————

Brief of  Appellant  Annamarie  Trombetta

Annamarie Trombetta,  Pro Se
175  East 96th Street

## Table of Contents

Table of Contents………………………………………………………..Page 2

SDNY Case Information Parties and Attorneys………………………Page 3

FRAP  28(1)  Corporate disclosure statement Rule 26.1……………..Page 4, 5,6

Table of Authorities …………………………………………………….. Page 7

Cases …………………………………………………………………..Page  7

Statutes …………………………………………………………… ..Page 8

Rules ………………………………………………………………… .Page 9

Statement of Subject Matter and Appellate Jurisdiction……………….Page 11

Statement of  The Issues Presented For Review ……………………….Page 22

Statement of  The Case………………………….. ……………………… Page 32

Statement of  The Facts……………………….. ……………………….Page 36

Appellant's Claims …………………………………………………..Page 44

Summary of The Argument……………………….. ……………………..Page 57

Argument……………………………………………………………… Page 60

Certificate of Compliance………………………………………………Page 64

Certificate of Service……………………………………………………Page 65

**SDNY  2018–0993-cv**          **Appeal's  Case No.  25-817**

# United States  Court of Appeals

## For  The

## Second Circuit  District  Of  New York

_____
_____

Appeals  from the United States District Court for the Southern District
of  New York in  Case No.  18-CV-0993,   Judge Laura  Taylor Swain

_____

### BRIEF FOR PLAINTIFF- APPELLANT

**PARTIES**                              **ATTORNEY   LISTING**

Annamarie Trombetta,  Artist                    Pro Se Counsel,  Plaintiff
                                                175   East 96th Street
 Plaintiff,  Appellant                          New York, New York 10128

           vs.

Norb and Marie Novocin, Estate Auctions Inc.      Attorney Anderson J. Duff
                                                353  Ocean Avenue
Defendant, Appellees                            Brooklyn, New York 11226


        and                        Wilson  Elser  Moskowitz Edelman Dicker  LLP

WorthPoint Corporation                          Attorney Adam R. Bialek
                                                150 East 42nd Street
Defendants, Appellees                           New York, New York 10017

 Will Seippel                                    Attorney Jana Slavina Farmer
 CEO, worthpoint.com                           1133 Westchester Avenue
                                                White Plains, New York, 10604

Jason Packer, Employee
 at worthpoint.com

4

# FEDERAL RULE OF APPELLATE PROCEDURE   RULE 28

## FRAP 28 (1)  Corporate disclosure statement Rule 26.1

FIRST APPELLEES—NORB & MARIE NOVOCIN, ESTATE AUCTIONS INC.

Pursuant to FRAP Rule 26.1, first Appellees, Norb and Marie Novocin alleged in Doc. 56 and Doc. 57 and 83 **EXHIBIT #1** from April 23, 2012 until 2019 owned and operated Estate Auctions Inc. Appellant requested proof of EAI's incorporation from attorney Mr. Duff, due to the Appellees' attempt to Post




a Bond for $20, 0000 against Appellant.  Mr. Duff failed to produce any proof of incorporation. Please see Doc. 196 filed Feb. 9, 2022. I obtained and filed proof of EAI's termination of incorporation due to the failure of designating a registered agent. Appellant is unaware of the current status of Estate Auctions Inc. In Jan. 9, 2019 almost a year after I filed my lawsuit in Feb.5, 2018, the Novocins filed for bankruptcy. See Doc. 22 filed April 24, 2019 p.32 - 33(Appendix-C1).It is not clear if EAI was incorporated in Dec. 2012-See **EXHIBIT #2** Addendum.. In Feb. 2022

**Insert at the right is**

**Estate Auctions Inc.**

**Forfeited Certificate**

**of Incorporation**



during a Zoom court hearing,  with the Honorable Judge Brendan Shannon(De)

The Novocins chose to have their bankruptcy case stayed until the outcome of  this

case. Due to the bankruptcy claim, the Novocins  objected to paying Judge Swain's

Judgment I was awarded and filed to be relieved.  In Doc. 22 filed April, 24,

2019(Appendix C-1)  I  proposed  a settlement offer  before Judge Abrams

settlement conference. On page 37 of Doc. 22, there was an article dated  May 24,

2018 with the Novocins'  claim  of a million  in sales per year in the Delaware

Business  Times in 2018 and  in Jan. 9, 2019, the Novcins claimed bankruptcy.

**EXCERPT FROM DOC. 22 PAGE 37**

> Norb and Marie Novocin attending an eBay seller showcase at the Eastern Market in Washington D.C.
>
> Norb Novocin, owner of Estate Auctions, Inc., built his entire business on ebay. The Seaford-based company has eight employees and generates up $1 million in sales per year. His key to success: Start every auction at $1 regardless of the item's value.

**EXCERPT  ON THE RIGHT IS FROM PAGE  37 OF DOC. 22 FILED  APRIL 24, 2019.**

**THE  NOVOCINS 2019 SETTLEMENT AMOUNT  WAS  THE FIRST  NUMERIC TRIO  DIGITS.**



### SECOND APPELLEES WORTHPOINT CORPORATION

Pursuant to FRAP Rule 26.1, second Appellees, WorthPoint Corporation has been incorporated since 2017. To my knowledge it is currently incorporated. The insert below is from a 2015 lawsuit against WorthPoint, photographer Barry Rosen vs WorthPoint and Terapeak in the state of Ca. in Doc. 562-2-08/01/23 -p.4.

> 2.    I am the Chief Executive Officer and Chairman of WorthPoint Corporation ("WorthPoint"), which is located at 3525 Piedmont Road NE, Building 5, Suite 435, Atlanta, GA 30305. WorthPoint provides an online resource for researching and valuing antiques, art, and other collectables.
>
> 3.    WorthPoint was incorporated in Delaware in 2007, and its principal place of business is in Atlanta, Georgia. It has no physical location outside the State of Georgia. WorthPoint has nine (9) employees, none of

WorthPoint Corporation, like Estate Auction Inc., was registered in the state of Delaware. Incorporation began in 2007 and has eight or nine employees according to the registration below and my phone call with Gregory Watkins, see Doc. 504-3 filed 06/14/23 on the top of page 31. To the best of my knowledge WorthPoint Corporation is currently incorporated and is an active online business.

**Insert at right**

**WorthPoint**

**Corporation**

**Certificate of**

**Incorporation**



> *Delaware*
> The First State
> PAGE 1
>
> I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "WORTHPOINT CORPORATION" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-SEVENTH DAY OF AUGUST, A.D. 2008.
> AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "WORTHPOINT CORPORATION" WAS INCORPORATED ON THE SIXTEENTH DAY OF JANUARY, A.D. 2007.
> AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.
> AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

TABLE  OF  AUTHORITIES

CASES

Aaberg v. Francesca's Collections, Inc., No. 17-CV-0115-AJN, 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018) (quoting 17 U.S.C.§ 1202(a) …………………………………………………….…………….. Page  47

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)…………………………Page 58

Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985)…………………………………………………..Page 44

Fletcher et al v. Doig et al, No. 1:2013cv03270……………………………Page  60

Fletcher v Doig BARTLOW GALLERY, LTD, No. 23-2364 (7th Cir. 2025)………………………………………………………….. Page 60

 Gattoni vs Tibi, LLC 254 F. Supp. 3d 659, 664 (S.D.N.Y 2017)………….Page56

Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985) No. 17 Civ.115 (AJN), 2018 Wl 1583037, —-at *5 (S.D.N.Y. March 27, 2018) …………………………………………Page58

Mango v. Democracy Now! Prods., Inc., No. 18 Civ. 10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019) …………………………………Page 53

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 US.663,670-71(2014) ……….Page 19

PetEdge, Inc. v. Garg,564088, at *9 (S.D.N.Y. Feb. 10,2017)…………….Page 54 *United States v. Taxe*, 540 F.2d 961, 965 (9th Cir. 1976), cert. denied, 429 U.S. 1040 (1977). …………………………………………………Page

Fischer vs Forrest o 14 Civ. 1304 (PAE), 2015 WL  195822,  at *9 S.D.N.Y Jan. 13, 2015………………………………………………………Page 58

*Island Software and*

*Computer Service, Inc. v. Microsoft Corporation (413 F.3d 257)*...............Page 62

*Olan Mills Inc.v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994)……...Page 56

*United States v. Taxe*, 540 F.2d 961, 965 (9th Cir. 1976), cert. ……………Page 45

denied, 429 U.S. 1040 (1977).
Polaroid Corp. v.Polarad Electronics Corp.,

287 F.2d 492 (2d Cir. 1961)……………………………………………Page 51,49

” Kinko's, 758 F. Supp. at 1542; see also. e.g., Monogram Models. Inc. v. Industro
Motive Corp., 492 F.2d 1281 (6th Cir.),
cert. denied, 419 U.S. 843 (1974)……………………………………Page 56

Time Warner Cable Inc. v. Directv, Inc.
497 F.3d 144 (2d Cir., August 9, 2007)…………………………………Page 51

## TABLE OF AUTHORITIES

### STATUTES

17 U.S.C. § 106A  Visual Artists Right Act ("VARA")……………………….Page 46

17 U.S.C.S. § § 101-1401…………………………………………………………..Page 32

17 U.S.C.S. § 501(a) Direct Copyright Infringement …………………..Page 22,32

17 U.S.C. § 502(a)…………………………………………………………Page 56

17 U.S.C.S. § 504 Damages Actual or Statutory………………….…..…Page22

17 U.S.C.S. § 507 (b) ………………………………………………………Page 22

15 U.S.C.S. § 1125 False designation of origin……………………….…Page 48,63

 Lanham  Act 15 U.S.C. § 1125……………………………………...……Page 48

Lanham Act. § 43 15 USC § 1125………………………………………..…Page 32

DMCA § 1202(a)  § 1202(b) ……………………………………………….…Page32

§1202(a) → prohibits providing false copyright
management information (CMI),,………………………………………….Page 32

§1202(b) → prohibits removing or altering CMI
 ( author names, copyright notices, metadata)…………………………..Page32

28 U.S.C. § 2071……………………………………………………………..Page12

28 U.S. Code § 2202 Declaratory and Permanent Injunction

28 U.S.C. § 1927  The vexatious litigant statute,…………………………..Page 44

28 U.S.C § 1654 equal rights ……………………………………………….…Page57

28 U.S.C. § 1292…………………………………………………………..Page 13

28 U.S.C. § 1291……………………………………………….…………..Page12

# RULES

Separate Accrual  Rule— 17 U.S.C.S. § 507 (b)……………………..Page 59

Injury Rule— 17 U.S.C.S. § 507 (b)………………………………….Page 59

Local Civil Rule 37.2 (SDNY)

 FRAP 28 (a) (4)……………………………………………………Page 11

FRAP 28(a) (5),…………………………………………………Page 22

FRAP 28 (a) (6), LR 28.1…………………………………………Page 32

FRAP 28 (a) (7)  FRAP 28 (e)………………………………………..Page 36

FRAP 28 (a) (8)……………………………………………………Page 57

FRAP 28 (a) (9)…………………………………………………….Page 60

FRCP Rule 79 SDNY clerk of court filing

Local Rule 37 (c) (1)……………………………………………....Page12

Rule 15 for Fed. R. Civ. P. 15(c)…………………………………....Page20

FRCP Fraud (9)………………………………………………….Page53

FRAP  Rule 26……………………………………………………Page53

FRAP Rule 37 (b)……………………………………………….....Page 59

 Fed. R. Civ. P. 56……………………………………………Page 58, 63, 65

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Pursuant to FRAP 28 (a) (4)

(a)   The District Court (SDNY) had federal jurisdiction pursuant to 28 U.S.C sections 1331, 1367 and 1391 with statutory provisions for 1) Intellectual and Direct Copyright Infringement 17 U.S.C § 106. § 106A , 17 U.S.C § 501(a). 2) the Digital Millennium Copyright Act under §1202(a) and §1202, 17 U.S. Code § 1203 and 17 U.S. Code § 1204 (b) 3 ) the Visual Artists Rights Act, Tort, on two issues/ Right to Privacy falls under the VARA claim, 4) FRCP Fraud (9) for the production and willful double posting of a public online forged signature and the deliberate and willful fraudulent production of Discovery documents in the guise of evidence to prolong any resolution of this case and 5) IIED caused by delayed and vexatious litigation due EAI's fraudulent filed declarations in Doc. 56, 57 and 83 to post a bond for $20,000 and for the production of three visually different, fraudulent eBay sales receipts and for the complete failure of producing one court ordered native electronic format, eBay sales receipt email in Doc. 319 violating FRCP Rule 37 and Rule 26. Concurrently Defendant, WorthPoint Corporation produced fraudulent askART webpages, purported as evidence data pertaining to an email Appellant never used to contact WorthPoint, a fraudulent, labeled "Confidential" copy of Appellants full, uncut biography allegedly downloaded from Terapeak, for publicly purporting and prolonging, online, a known forged signature *"Copyright and Licensed by WorthPoint"*, for willfully inflicting upon the Plaintiff a frivolous lawsuit in another state, Ga. during known deadlines in

Discovery proceedings in SDNY and the willful violation of FRCP Rule 37 and Rule 26 for the failure to produce a court order in Doc. 528, for all unredacted documents to Plaintiff and Judge Swain. All violations are the subject matter in the US Federal Court. This Court, pursuant to statute 28 U.S.C. § 1291, gives the courts of appeals, jurisdiction over "final decisions" of the district courts.

(b) The basis for jurisdiction in the court of appeals, pursuant to 28 U.S.C. § 2071, is rule making power, secondly, 28 U.S.C. § 1291, gives the Court of Appeals for the Second Circuit, jurisdiction of appeals from all final decisions of the district courts of the United States Federal Courts. This court has jurisdiction over Interlocutory orders, pursuant to 28 U.S.C. § 1292 which exists in both civil law and criminal law, and it gives jurisdiction over any temporary orders issued during litigation that refers to a ruling or decision made by the district court that is not the final judgment or disposition of the case.

(c) Judgment was entered on Feb.20, 2024. (Doc.538). Before this, Judge Swain's filed a Memorandum on Feb. 8, 2024, in Doc. 537 affirming Judge Caves dismissal of my "late" expert witness reports. Both Judges ignored the additional legal burdens inflicted WorthPoint's IIED lawsuit against Appellant in Ga. Judge Swain callously dismissed these facts WorthPoint's lawsuit founded upon the. cause of action as Appellant's lawsuit in SDNY and wrote it off as " *an unrelated court proceeding*" Doc.537 p 5. Appellees IIED claims are founded the false claim of a court ordered mailing by Judge Abrams due to the lawsuit in SDNY.

On Feb. 16, 2024  Plaintiff/Appellant filed documents which were  never docketed. Plaintiff/Appellant filed an inquiry letter docketed in Doc. 540 and Doc. 541.  No response from the Judge or clerk of court was rendered.  The disappearance of my Feb. 16, 2024 court filings **(EXHIBIT #3)** violates my rights as a Pro Se litigant, 28 U.S.C § 1654 and also violates FRCP Rule 5, 77 and 79.  Appellant  filed a Motion for  Reconsideration Rule 59 (e) Rule 60 on March 19, 2024 Doc. 542.  I filed a Motion  extension  for  mynotice of  Appeal, March 20, 2024,  Doc.543. Despite my  detailed Motion, refilling emails proving my biography was listed on askART in 2015, dispositive evidence, (p.13, Doc. 542) and many exhibits proving the cause of action was due to EAI  WorthPoint's reposting after both Appellees knew it was fraudulent,   Judge Swain was unchanged in  Doc 556 on  March 7, 2025 . Appellant paid and  filed my Notice of Appeal  April 4, 2025 (Doc.557).

(d)  In the district court there were four  final Orders by Judge Swain. I filed them  in my Appendix pages 125 to 178.   Judge Swain 's first order in Doc. 528 made A request for all redacted filings by WorthPoint to be produced to the Judge and Plaintiff. As aforementioned WorthPoint failed to produce its AERS 2008 sub licensing agreement. I did file Doc.531 to inform Judge Swain. The other  three orders rendered erred  decisions, based on either incorrect  information, errors, oversights or bias.  Appeals  can only be done in this court. My case was filed Feb. 5, 2018.  Judge Swain  was   assigned to my case on June, 15, 2023.  On page one of  Doc. 538,  Judge Swain  noted  Judge   Abrams Order filed in Doc 187 filed Dec. 21, 2021. Insert below, is page 3 of Doc.  187,  by Judge Abrams and it is

14

noted, all sales of my artwork stopped. I lost a sale of an $8500 painting I exhibited in my two 2015 NYC solo exhibits. Judge Abrams wrote, August through November of 2015, I was searching how to take the 2015 post down. **To clarify, in August 2015 I immediately** contacted WorthPoint first, before eBay. Worth Point willfully lied and **mislead / stating disinformation to me** . WorthPoint's falsely informed and stipulated that any removal of its false 1972 oil post required I contact eBay **since the 1972 painting sale was made on eBay.** In August 2015 to November I spoke to Ms. Anita Brooks. Written proof I contacted WorthPoint's Anita Brooks on Nov.16, 2016 and has been filed many times in Doc.33, Doc. 274, Doc. 517-4, Doc. 518-4. **-EXHIBIT #4 Plaintiff's Aug.30, 2022 Testimony.**

Case 1:18-cv-00993-RA-SLC Document 187 Filed 12/21/21 Page 3 of 26

taken without permission from her copyrighted website. *See* Compl. at 2–3; Pl.'s Opp. at 21. Trombetta asserts that the 2015 post's description of the painting as "shabby chic," as well as the relatively low price at which the painting sold, caused her harm by "interfer[ing] with her bonafide credentials." Compl. at 3. Following the publication of the 2015 post, Trombetta claims that "all sales and prospects for [her] artwork came to a grinding halt," and she "lost the sale of a painting to a potential collector in the amount of $ 8500 dollar." Pl.'s Opp. at 4. Trombetta thus sought to have the 2015 post taken down to prevent it from further damaging her reputation. Compl. at 2–3.

Trombetta claims to have spent from August through November of 2015 researching how to take the 2015 post down, including by speaking with eBay staff about the matter. Pl.'s Opp. at 6. In December 2015, Trombetta spoke with a Worthpoint employee about removing the 2015 post. Compl. at 4. But in February 2016, it remained active. Pl.'s Opp. at 9. On February 3, 2016, she again spoke with a Worthpoint employee about the 2015 post, and on February 20, 2016, she communicated with this same employee, as well as Seippel, about the post. Compl. at 4. Trombetta contends that shortly after this, on March 3, 2016, Seippel instructed an employee to file a temporary removal request with Google to have the 2015 post taken down. Pl.'s Opp. at 6. In the fall of 2016, however, she alleges that the 2015 post reappeared. Compl. at 4. Despite her numerous attempts to have the post removed, it "was on the internet until the spring of 2017." Compl. at 7. Specifically, she alleges that on May 9, 2017, she searched on Google "1972 original oil painting Man with Red Umbrella signed Anian[aric Trombetta]," and there were five results that populated in response to that search from Worthpoint.com, the first of which appears to be a link to another web post similar to the 2015 post. *See* Compl. at 42 ("Exhibit 5") (the "2017 post").

**INSERTED AT RIGHT**

**WORTHPOINT'S. EMPLOYEEE ANITA BROOKS NOV. 16, 2015 DELIBERATE DISINFORMATION TO CONTACT eBAY.**

Here is the e-mail that my contact forwarded to me from Worthpoint
NOV 16, 2015 1 06 15AM EST
Anita B. replied
Hello,
We do not buy or sell anything on the site. Rather we buy sales records from various auction houses and sites and compile them into a price guide to help users determine the value of antiques and collectibles.
If this particular item sold on EBay, I recommend trying to contact EBay, as they may be able to provide you with the additional information you are seeking.
Kind Regards,
The WorthPoint Team
www.WorthPoint.com
(877) 481-5750
Regards,

Customer Support Team
WorthPoint, Inc.

Conversely to Judge Abrams statements in Doc.187, regarding my lost income and lost sale of artwork for $8500, Judge Swain's in Doc. 538 on page 25 adversely and incorrectly wrote —it is not clear that I lost any revenue. All of the

> despite her conclusory allegations of reputational damages, it is not clear from the facts in the record that the Plaintiff lost any revenue because of the infringement. Ms. Trombetta refused to provide discovery evidence regarding her usual income from art sales, and she has offered no admissible evidence demonstrating that she lost opportunities to sell or showcase her work due to the Listing. Fifth, the conduct and attitude of the parties weighs in favor of a modest award of statutory damages. Litigation in this case has been contentious and protracted, particularly due to repeated and unnecessary discovery disputes. Although courts should and do afford certain indulgences to pro se plaintiffs, the Court finds that EAI has been cooperative and compliant with the difficulties inherent in this litigation.

Judge's harmful, inaccuracies and false statements are inconsistent with my filed evidence. I point out one filing in Doc. 517-4 filing contains evidence that refutes all of Judge Swain statements on page 25 in Doc. 538. In Doc. 517-4 Proof that Mr. Novocin was a member of WorthPoint in May 2014, a year before I found this fraudulent and burdensome 1972 webpage posted online. On pages 7 and 8, is an email and letter from Prof. Susan Goldstein regarding her inquiry on the price of my Wisteria painting Prof. Goldstein issues a letter on the loss of my $8500 sale of my painting prior to Judge Abrams settlement conference on April 25, 2019. Appellants' three page 2017 settlement letter has also been filed many times noting the loss of my painting sale. On page 9 is a email from fact witness and professional colleague Mr. Goodwillie who went out of his way to

show my work to gallerists in the early summer of 2015.  Due to this cheap, "shabby chic" damaged painting  website lost interest in possibly representing me. On page 10, the founder and director of The Italian American Museum who wrote a letter on my behalf on the damage and impact  this fraudulent post and public forgery had on my art career and on page 11,   this fraudulent post was listed with my exhibit at the Italian American Museum. Another colleague documented that he found the fraudulent webpage online under my name and contacted me to inform me about its and  found it to be quite an embarrassment. On pages 13 thru 21 are my 2015 art sales receipts . I note  on page 29 is the same document in Doc. 33, the Nov. 2015  eBay email with the  quote by WorthPoint's Anita Brooks. Most importantly,  the 1972 painting  webpage on  WorthPoint Corp's website stated my biography was  on  askART who  got it from my website.  That statement directly links my website to the 1972 webpage.   My claim for DMCA §1202(a) § 1202(b) should be enforced due to the online, public, written connection  by the false 1972 webpage on WorthPoint's website with EAI's company description  to the unauthorized use of my bio with the linking statement *" here is  the information about her from AskART as they got it from her website :Annamarie Trombetta"*

> Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - ) Lived/Active: New York The nature of an artist's life, creativity and

   These statements conjoined with a forged signature photo. WorthPoint's logo and written claim *"Copyrighted work licensed by WorthPoint"* and copyright symbol competes with, confuses and misinforms the public about my true websitewith my trademark triangle logo and CMI.



In Judge Abrams Doc. 187 page 4 (inserted below) it is noted on Jan. 17, 2020, I filed a proposed amended complaint to include WorthPoint in Dkt 33. WorthPoint's misinformation quote disputed any responsibility or power to remove the false 1972 painting website.. I emailed Anita Brooks quote to eBay to discern who was responsible for the removal of the 1972 webpage and which website had the power to remove the 1972 painting webpage. WorthPoint's pattern to deny and dispute the truth, in time reveals its pattern od lying. This isevident from my initial contact with them. To verify the extent of my search to find out who

> Case 1:18-cv-00993-RA-SLC Document 187 Filed 12/21/21 Page 4 of 26
>
> January 17, 2020, she filed a proposed amended complaint which included claims against both the EAI Defendants and the Worthpoint Defendants. Dkt. 33. One month later, in response to a motion to dismiss filed by the EAI Defendants, Trombetta filed a document entitled "Plaintiff's Response in Opposition to the Motion to Dismiss," Dkt. 36, which has since been deemed the operative complaint, *see* Dkt. 40 at 2 n.2.

August 2015 I contacted WorthPoint and the NYPD Det. Randy Rose on 08/09/15 due to its forged signature. Due to the second repost I issued a credit freeze -2017. **EXHIBIT #5 A Doc. 33, 274, 518-4 p.19 -WP Anita Brooks false /dispute quote. EXHIBIT#5 B NYPD Det. RandyRose 08/09/15 email Doc. 518-5 - 06/ 29/23. EXHIBIT #6 Oct. 2016- WorthPoint Sent email-Google Listing- Credit Freeze**

In Doc. 538, page 17, Judge Swain overlooked my contact with WorthPoint in 2015 when I was intentionally misdirected to eBay for months. To clarify, WorthPoint's infringing second repost began late 2016 and continued . I hired and sent a settlement letter to EAI in August 2017. Discovery revealed the Novocins are paid members with WorthPoint Corp. The extent of their business

dealing is as ambiguous to me their aporetic evidence. Not having any knowledge of either party's business conjoined with EAI's admission in 2019 that they had nothing to do with their 1972 painting ad being on WorthPoint's website was the "cause of action" to amend my lawsuit. It was indeed the second posting, that caused me to contact both parties in Jan. 2017, verifying the definition of the "separate accrual rule." on page 17 and 18 of Doc. 187. Judge Abrams' noted the "separate accrual rule" that is applicable (holding that the "standard rule" is that a claim accrues "when the plaintiff has a complete and present cause of action"). Filed in Doc. 518-5 on pages 36, 37 and 38 is Judge Abrams Doc. 187 And terms of the separate accrual rule from Doc. 187. **EXHIBIT #7 Doc. 518-5 36, 37- 38** Therefore, Appellant within the statutes of limitations. The second infringement is verified by my first contact with the Novocins in 2017. See Petrella v. Metro-Goldwyn-Mayer, Inc., 572 US.663,670-71(2014). In addition, WorthPoint was not ignorant to the fact that they reposted the 1972 webpage as evidence in WorthPoint's Jan. 4, 2017 email produced by WorthPoint in Discovery WP000134 Doc. 504-3 inserted below. The written correspondence by Will Seippel and Jason Packer in Jan. 2017 and failure to for either of Seippel and/or Packer to respond to me, verifies that they were not ignorant to the true facts that the repost occurred and was online in 2017. In Doc. 33, Doc. 36, filed is an email dated March 3, 2016 that document Packer asking Seippel to file a temporary removal w/Google for the URL. Inserted- Packer's 2017 claim he filed a temporary Removal w/Google to flush out the URL. In 2017, unlike 2016, I sent one email.

Moreover, their email produce by WorthPoint's attorneys in Discovery in April

2022, is a paradox full of contradictions to Jason Packer's Declaration produced

on Jan. 19, 2023 which was requested by Judge Swain in Doc. 528 on Dec. 13,

2024. Mr Packer declared and filed evidence in SDNY Federal Court the alleged

date for permanently removing the 1972 webpage was Feb. 4, 2016. Insert-No.4

> 4. On or about February 4, 2016, I was tasked with permanently removing from WorthPoint's data processing server and website the information about the listing for the 1972 oil painting "Man with the Red Umbrella, " which was originally posted with the URL "https://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172" (the "URL"). This is the listing that has been identified by plaintiff in this case. I permanently deleted this URL on February 4, 2016. Since February 4, 2016, the URL has never been reposted, and it does not currently exist on WorthPoint's site.

From the beginning before I became a Plaintiff, I was induced by fraud,

misrepresentations, and deception by WorthPoint and EAI to possibly have

Plaintiff refrain from filing a timely action against either party, WorthPoint,

in particular. Appellant' initial Original Complaint, named WorthPoint's employees

I directly spoke with and emailed I filed on Feb. 5, 2018. In my SAC filed on Dec.

19, 2022. Plaintiff did note all the applicable Fed. R. Civ. P. 15(c) in Doc. 341 and

Doc.342.-See insert Plaintiff's SAC for addition Fraud Rule 9 claims supports

> Pursuant to Rule 15, Rule 15 (a) (2), Rule 15 (c) (1) (a), Rule 15 (d) and Rule 26.01 of the Federal Rules of Civil Procedure and this Court, Plaintiff hereby respectfully submits this Memorandum in Support of Plaintiff's Motion for Leave to File a Proposed Amended Complaint to add Fed. Rule of Civil Procedure Fraud 9 (b) and for the Plaintiff's Request for Permanent Injunction and Other Equitable Relief ("Amended Complaint"). Rule 15(c)(1) indicates that an amendment to a complaint will relate back to the date of the original pleading if certain conditions are satisfied. First, the law that provides the applicable statute of limitations must allow the relation back. Fed. R. Civ. P. 15(c)(1)(A).

and further describes the.circumstances in which my amendment to a pleading Related  back to the date of the original pleading—Doc. 1—Doc. 33, 36.

Aforementioned,  I noted  on page one of Doc.538, Judge Swain noted Doc. 187.  Also on page one of Doc. 538  and Doc. 566, in both Docs.  Judge Swain in error  stated incorrectly deemed by SAC waived, citing Dockets 333 and 370. Apparently  he Judge did not read in Doc. 370, Judge Cave wrote that Doc. 366 is the SAC. Due the Defendants deception and fraudulent evidence conjoined to the original  fraudulent evidence  can be deduced to  four prongs of Fraud1) the completely  fraudulent 1972  webpage and its two forged signatures and false

| 366 | Feb 2, 2023 | ORDER granting 348 Motion to Amend/Correct 348 MOTION to Amend/Correct., 1 Complaint. The Clerk of Court is respectfully directed to (i) close ECF No. 348, and (ii) mail a copy of this Order to Ms. Trombetta at the address below. |
|---|---|---|

| 370 | Feb 13, 2023 | ORDER. Because the Court had already indicated that the PAC will serve as the operative pleading in this action, (see ECF No. 366), the Revised Complaint is STRICKEN. No further amendments will be permitted. The Clerk of Court is respectfully directed to (i) strike ECF No. 368, and (ii) mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 2/13/23) (yv) (Entered: 02/13/2023) |
| | | Main Document          Order Striking Document from Record          Buy on PACER |

copyright and licensing claims  2) the initial willful  disinformation  and concealment of  the fact by both Defendants prior to filing this lawsuit 3) EAI Defendants filing  fraudulent declarations  to financially exploit Plaintiff  for the court to post a  $20,000 bond. WorthPoint  filed a frivolous IIED lawsuit in Ga. despite a public  court order by Judge Abrams permitted and ordered me to mail my summons complaint to Will Seippel's  home (Appendix p. 127-129 Doc.126). 4) Throughout  Discovery  both Defendants willfully produced fraudulent evidence  intended to conceal the fact that there was never a sale on eBay in 2012 nor was  my  biography was ever on askART in 2012 evidenced in the deliberate, delayed and deficient  documents  produced to prolong this lawsuit  in the district court and cause IIED, to mentally,  financially  and physically exhaust me.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Pursuant to FRAP 28(a) (5)

Whether the district court properly awarded summary judgment to the plaintiff and/or both Defendants on the claims of intellectual and copyright infringement, 17 U.S.C.S. § 501(a) 17 U.S.C.S. § 507 , § 504 , DMCA DMCA § 1202(a) § 1202(b), VARA claims 17 U.S.C. § 106A Visual Artists Right Act, Fraud Rule 9, after Plaintiff submission of uncontroverted proof of my ownership of copyrighted work without permission or the removal of my CMI and 2015 listing on askART?

Whether the district court properly foresaw the triable issues regarding both. Defendants in juxtaposition of Plaintiff's claim that Defendants copied alleged to make a sale for profit using substantial excerpts of Plaintiff's self authored copyrighted biography?

Whether the Copyright Act is constitutional as applied to this case despite the. Defendants claim of vagueness regarding the Copyright Act when the legislative history and the cases are clear that commercial copying for the purpose of sales or advertising sales of Plaintiff's substantial intellectual and copyrighted work is indeed copyright infringement?

Whether the district court saw with respect to both Defendants if it raised a triable issue with respect to their alleged affirmative defenses?Whether the district court, after the evidence established that both Defendants should have known that their actions violated Plaintiff's copyrights, the district court declared the Defendants' infringement to be willful?

Whether the district court should have properly awarded Permanent Injunctive Relief protecting Plaintiff's other works from infringement by the Defendants when the Defendants kept infringing?

Whether the district court should have properly awarded Permanent Injunctive Relief protecting Plaintiff's other works from infringement by the Defendants when both Defendants demonstrated attempts to financially profit by filing a Motion to Post a Bond against Plaintiff?

Whether both Defendants raised a triable issue with respect to their alleged affirmative defenses?

Whether the district court should have properly awarded Permanent Injunctive Relief protecting Plaintiff's other works from infringement by the Defendants when both Defendants demonstrated attempts to financially profit by filing a lawsuit against Plaintiff in the state of Ga, when Plaintiff was ordered by Judge Abrams to dutifully mail a summons and complaint to Mr. Seippels' dwelling?

**The Following Statement of Issues are base on quotes from Judge Swain in in Doc. 538 filed 02/20/24 Page 3.**

> Registration"), 447 ("Trombetta Decl.") ¶ 8.) EAI Defendants represent, and Plaintiff disputes without offering any relevant evidence, that Norb Novocin found all information regarding the Painting and Plaintiff's biography on a website called askArt, a paid subscription service that provides a database of information about works of art, biographies of artists, and other related information. (EAI 56.1 ¶¶ 5, 16.) Norb Novocin represents that, as a paid subscriber for askArt,

Whether the district court erred/ignored or was aware of Appellant's multiple. filings of proof documenting signed onto eBay for the first time in June 2015. Please see Dockets filed in Doc. 72, p.17 in Doc. 320 and Doc.517-4 pages 21-23.

Whether the district court erred/ignored Appellant's multiple filings of proof that my biography listing on askART in 2015 is evidenced in my March 5, 2015 and June 6, 2015 emails to Bob Bahr, who recommended my biography listing to askART? 488 Ex. 18-18A-B Doc. 504-2 page 2,3, 4 —517-4 and 518-2.

Whether the district court is aware that askART's dated capture documenting Sept. 22, 2015 website capture and Wayback Machine's internet archives capture with the same date, Sept. 22, 2015 was done without Plaintiff's input or control? Please review Doc. 488 Ex. 18-18A-B Doc. 504-2 p.3-4-5 Doc. 517-4 p.30, 31, 32, 33 & 36?

Whether the district court erred/ignored are was not aware, **only** Appellant's biography from my website was listed on askART's website—-in 2015?

Whether the district court erred/ignored are was not aware Appellant's **DID NOT have any visual images of my artwork** on askART's website?

Whether the district court erred/ignored and was not aware Appellant's DID NOT have any images/photos or Appellant's **visible signatures** on askART's website?

Whether the district court erred/ignored are was  not aware  Appellant's DID NOT have any photos of  Appellant's  hand painted or written signatures on the internet.

Whether the district court Judges  have avoided  entitling me to damages, actual and statutory including circularity in determining  the extended uses  that were "commercial" ?

**The Following Statement of Issues direct quote from Judge Swain Doc. 538 filed 02/20/24  Page 3**

> information.  (EAI 56.1 ¶¶ 5, 16.)  Norb Novocin represents that, as a paid subscriber for askArt, he believed he was free to obtain content regarding artists' biographies from the website and that he "always tried to attribute such biographies to their sources." (Docket entry no. 422 ("EAI Mem.") at 8; EAI 56.1 ¶¶ 6, 7.)

Whether the district court erred/ignored  the Initial Violation  of  askART's  Terms of    Service and Internet Policy by Defendants Norb and Marie Novocin?   Please see Plaintiff's filings  in Doc.72 p.28,Doc 73p.28-29 Doc. 75   Doc. 488 Ex.21B Doc. 542.See Docket 25-817 No. 5

Whether the district court erred/ignored  the initial Violation   askART's Terms of Service by  both Defendants Norb and Marie   Novocin  who  filed Declaration in 2020, affirming  they "Glean" from askART   the askART biography in a year 2012,  when in fact  Plaintiff's  biography was   initially listed in the year 2015 and at no other time? Please view Declarations  See Doc. 56 Marie N.- Doc. 57 and 82.

Whether the district court erred/ignored the attempts by both Defendants, EAI and WorthPoint Corp  at commercial exploitation which  occurs "when the copier directly and exclusively acquires conspicuous  advantageous and/or  financial rewards" from their use ? (Free advertisement for EAI—enticement to sign onto WorthPoint's - Worthapedia membership).

Whether the the district court erred/ignored  the fact that Norb Novocin was a paid subscriber to askART since Nov.23, 2001 ?    Filed in Doc.488-2  p. 24 to 30 and Doc. 497-4 p.18 to 24. Norb Novocin's membership to askART   is long standing. Plaintiff's biography from askART was not in 2015. Again askART prohibits transferring its website data  especially for commercial use.

24

**Norb Novocin**

**askART**

**Membership**

**Started in 2001**

Below are answers on * items requested in the Subpoena data September 2, 2022, and received via email by askart@askart.com September 14, 2022.

RE: United States Southern District, Court of New York, Subpoena - Case Action No: 2018 CV: 0993
Plaintiff: Annamarie Trombetta
Defendants: Estate Auctions Inc., Norb and Marie Novocin, WorthPoint Corporation.

1. *askART Memberships issued to Norb and Marie Novocin and Estate Auctions I.*

| Name on account | Subscrption Plan | Start Date | End Date |
|---|---|---|---|
| Norb Novocin | Subscriber Member | 11/23/2001 | 12/23/2001 |
| Norb Novocin | Subscriber Member | 12/28/2001 | 1/28/2002 |
| Norb Novocin | Subscriber Member | 1/30/2002 | 2/28/2002 |

**The Following Statement of Issues direct quote from Judge Swain in Doc. 538 filed on 02/20/24  Page 4**

¶ 17; EAI 56.1 ¶¶ 27-33.) The exact details of these phone calls are disputed and are ultimately immaterial, but it is clear that the parties were unable to conclude the matter in a manner satisfactory to the Plaintiff at that time. (Id.)

**The Following Statement of Issues direct quote from Judge Swain in Doc. 538 Doc. 556 filed 03/07/25 Page 6**

Whether the district court erred/ignored Appellant's filed evidence verifying WorthPoint's employee, Anita Brooks'Nov. 16, 2015 written statement  intentional misdirecting  Appellant  to contact eBay to remove the online 1972 webpage  with the forged  signature?   Filed  in Doc. 33, Doc 36, Doc.274-1 Doc. 517-4 p. 29.

Finally, Trombetta again proffers various pieces of evidence that are not relevant to any dispositive findings in this action. These include transcripts of phone calls between Trombetta and the EAI Defendants (Motion at 29-33), records of her pre-February 2017 discussions with WorthPoint requesting that the platform remove the misattributed listing from their website (id. at 17-25), and disputes over her preferred email address (id. at 40).

Whether the district court erred/ignored Appellant's eBay's phone call audio and transcript   produced in Discovery  to verify  the 1972 painting sale on eBay was "undefined" ?   Please read Doc. In 517-7 06/29/23, page 2 to 22.

Whether the district court erred/ignored Appellant's eBay's phone call  audio and transcript  affirming a third party app was used when I told eBay the webpage was false and signature is a forgery?  Please read Doc. In 517-7 06/29/23, page 2 to 22.

Whether the district court erred/ignored Appellant's  three in one audio phone call and transcripts  produce to WorthPoint employee Anita Brooks on Jan. 22, 2026, on Feb. 1, 2016?   Please read and review Doc. 504-3 filed on 06/14/23 Ex.#13

Whether the district court erred/ignored Appellant's   audio phone call  in which I verified  to all parites/Defendants that the 1972 painting  webpage on WorthPoint's website was   completely fraudulent ?

Whether the district court erred/ignored  the fact that Appellant informed Anita Brooks twice  their 1972 eBay painting sale   and webpage and copyright and licensing claim was under a forged  signature on Jan. 22, 2016  and Feb. 1, 2016?

Whether the district court erred/ignored Appellant's  third  audio phone call  and transcripts  produce for my Feb. 3, 2016,  call  with Gregory Watkins, who was WorthPoint's registered agent to report Copyright infringements ?Doc.504-3 32-46.

Whether the district court erred/ignored Appellant's  third  audio phone call  and transcripts  produce to WorthPoint on Feb. 3, 2016,  with Gregory Watkins and was aware that I gave my email address trombettaart@yahoo.com to Mr Watkins as documented  on page Doc. 504-3 on page 32.

Whether the district court erred/ignored Appellant's Jan. 10, 2017 phone call audio and transcripts  with first Defendant/Appellee and was aware that Norb Novocin admitted he sold the 1972 oil painting ?  (last filed in Doc. 518-2 page 18).

Whether the district court erred/ignored Appellant's Jan. 10, 2017 phone call audio and transcripts  with first Defendant/ Norb Novocin and was aware that he admitted the 1972 oil painting was damaged and signed front and back ?   See Doc. 518-2 page 18.

Whether the district court erred/ignored Appellant's Jan. 10, 2017 phone call audio and transcripts  with first Defendant Norb Novocin and was aware he  admitted the 1972 oil painting ***did not have any provenance*** documented in Doc.518-2 page 20.

Whether the district court erred/ignored  or was aware that Appellant's Jan. 10, 2017 phone call audio and transcripts  with first Defendant  Norb Novocin that  I

noted/ informed Mr. Novocin that he committed fraud, and Appellant did not paint his oil painting is documented? Doc. 518-2 page 20.

Whether the district court erred/ignored Appellant's Jan. 10, 2017 phone call audio and transcripts with first Defendant and that Mr. Novocin's stating I should go for it and hire an attorney ? Documented in Doc. 518-2 page 20.

Whether the district court erred/ignored or was aware that Judge Abrams permitted Appellant to send via email the Novocin phone call?

Whether the district court erred/ignored or was aware that Judge Abrams used Mr. Novocin's suggestion quote "to go for it and hire an attorney in Doc.?

**The Following Statement of Issues direct quote from Judge Swain Doc. 538 filed 02/20/24 Page 21 of 35.**

> inconsistently. Plaintiff refused to answer questions during her deposition regarding her past income as an artist. (Trombetta Dep. at 244:12-16.) Nor has she proffered any admissible evidence establishing that she suffered any general reputational damages in the art industry. (See supra at 12-13 (finding Mr. O'Leary's proffered expert testimony inadmissible).) During a status

**The Following Statement of Issues direct quote from Judge Swain Doc. 538 filed 02/20/24 Page 25 of 35.**

> record that the Plaintiff lost any revenue because of the infringement. Ms. Trombetta refused to provide discovery evidence regarding her usual income from art sales, and she has offered no admissible evidence demonstrating that she lost opportunities to sell or showcase her work due to the Listing. Fifth, the conduct and attitude of the parties weighs in favor of a modest award of statutory damages. Litigation in this case has been contentious and protracted, particularly due to repeated and unnecessary discovery disputes. Although courts should and do afford certain indulgences to pro se plaintiffs, the Court finds that EAI has been cooperative and compliant with the difficulties inherent in this litigation.

Whether the district court erred/ignored or was aware of Appellant's attorneys August 2017 settlement letter filed in Doc. 74 p.21 -23, Doc. 73 and Doc. 75 p. 37-39 and to attempt to recover Appellant's lost $ 8500 oil painting ?

Whether the district court erred/ignored  Appellant's 2015 art sales receipts in Doc. 517-4  on  pages 13 thru 20?

Whether the district Whether the district court erred/ignored  Appellant's 2015 inclusion on askART by author Bob Bahr who wrote in 2015 Central Park Plein Air Past in Outdoor Magazine?

Whether the district Whether the district court erred/ignored or was aware that Prof. Susan Goldstein who furnished a letter in March 2019 regarding the loss of my painting sale to her aunt, could not testify or be deposed due to her passing?

Whether the district court erred/ ignored a non binding precedent and misread the Appellants timeline to establish the applicable  statute of limitations for WorthPoint second reposting of fraudulent webpage, and misapplied other cases in finding the Internet Archive's uses to be "commercial." ?

Whether the district court erred/ignored  the Copyright Act, including Section 107, shows the importance Copyright protects creativity and original works. The district court Judges ignored the unique  content of  Appellants self authored biography which could only be applicable to Appellant ?

Whether the district court erred/ignored  the Copyright Act " Originality"  is a precondition to  copyright protection ?

Whether the district court Judge Swain was aware of EAI's delayed production of one complete eBay sales receipt email for the 1972 oil painting sale?

Whether the district court erred/ignored or was aware that  Appellant's cause of action  for this  lawsuit was solely due to the second repost  of the 1972 painting webpage  causing secondary losses ?  And that the true source/ Defendant of the repost was unknown when Appellant   filed on  Feb. 5, 2018?

Whether the district court was aware that   Appellant's amendment to include WorthPoint Corp was  due to the Novocins admission they were not responsible for the second  reposting of the 1972 webpage on WorthPoint's website?

Whether the district court erred/ignored or was aware of   Defendants Norb and Marie Novocin   violations  of the  who both filed Declaration  that they  "Glean" from askART website  Appellant's askART biography which is prohibited and violates the Terms of    Service and Internet Policy ?    Please see all the filed Docs.72-p 28 73-p. 28, Doc. 75 p.16, Doc.488 Ex.#21D and in Doc. 542.

Whether the district court was aware that EAI consistently delayed Discovery, documented in ten dockets : Doc. **230**, Doc. **237**, Doc. **257**, Doc**. 266**, Doc. **278**, Doc. **284**, Doc. **287,** Doc. **312,** Doc **320**, Doc. **331** and Doc. **339.**

Whether the district court erred/ignored or was aware that WorthPoint's fraudulent askART false evidence of Plaintiff's biography was counterfeit, bate stamped. twice, with four different numbers, WP000141 WP000142 WP000143 WP000144 on Aug. 30, 2022? Please see Doc. 517-4 pages 34-38

Whether the district court erred/ignored or was aware of WorthPoint's fraudulent confiscation of Plaintiff's full website biography and purported it to be from Terapeak, bate stamped it WP00038, WP00039 WP00040 "Confidential"? See Doc.496-6 Exhibit #33

Whether the district court erred/ignored was aware that WorthPoint reposted the fraudulent 1972 webpage with a photo featured forged signature and a fraudulent copyright and licensing written claim with a copyright vector adhered by WorthPoint Corporation?

Whether the district court erred/ignored or read Order in Doc. 187 filed on Dec. 21, 2021, written by the first assigned, the Honorable Judge Ronnie Abrams?

Whether the district court erred/ignored Judge Abrams Order in Doc. 187 filed on Dec. 21, 2021 documenting Appellant's timeline of the first and second repost on pages 2 and 3 ?

Whether the district court erred/ignored that Appellant filed pages 17, 18 and 19 Judge Abrams Order regarding the separate accrual rule for DMCA § 1202(a) § 1202 (b) claims? Please review Doc. 518-5 on pages 36, 37 and 38

**The Following Statement of Issues direct quote from Judge Swain Doc. 538 filed 02/20/24 Page 9 of 35.**

record. (See id. at 14-15.) In particular, Plaintiff disputes whether the email address Jason Packer identified as one of two users who looked up the price of the Painting on WorthPoint's website — annamarie@trombettaart.com — was truly Plaintiff's preferred email address. (See Packer Decl. ¶ 19; Pl. Stricchiola Opp. at 11.) This factual dispute is ancillary to any material disputes in this action and, in any event, was not relevant to any of Stricchiola's conclusions.

Whether the district court erred/ignored Google support instructions on  how to permanently remove webpages. Doc. 518-4 p. 2 to 8**.**

Whether the district court Judges  relied on  fraudulent, flawed and dated evidence produced by  Defendants  employee Jason Packer purporting Plaintiff's website email address <u>annamarie@trombettaart.com</u>, was used to  accessed  WorthPoint's database in 2016?

Whether the district court Judge Swain was aware that Plaintiff  **NEVER**  used Plaintiff's website email  address at <u>annamarie@trombettaart.com</u> to email /contact WorthPoint at any time ?   or that   WorthPoint's Figure 10 chart is counterfeit?

**JASON PACKER' S**

**FRAUDULENT DATA**

**AND  USE OF PLAINTIFF'S**

**EMAIL.  ADDRESS**



Whether the district court erred/ignored or   misinterpreted  Appellant's 2016 and 2017  evidence, misled by Defendants expert to be "cached"  or "screen shot" of WorthPoint's  true, active, real time webpages in March, April and May of  2017.

Whether the district court erred/ignored or was aware  Appellants real time computer print outs of  WorthPoint  reposted  listings on Google in 2016  through May 2017 have dates in the top upper right ?

Whether the district court erred/ignored or was aware  Appellants real time computer print outs of  WorthPoint  reposted  listings on Google in 2016  through May 2017 have an http: url tagline that records the link in the bottom  ?

Whether the district court erred/ignored and  was aware of  Appellants real time print outs of  WorthPoint  reposted  listed on Google in 2016   through May 2017 and recognized at the same time,  WorthPoint was emailing  Appellant. See Doc.

Whether the district court erred/ignored and failed to acknowledge  WorthPoint internet expert Jessie Stricchiola  failed to acknowledge or comment on  2016  and through May 2017recognized  WorthPoint  emails to Appellant.

Whether the district court erred/ignored or  was aware of  the willfulness, of both Defendants  and the successive production of fraudulent evidence?

Whether the district court erred/ignored or was fully aware of the extent of the willfulness, and the successive production of fraudulent evidence, by Defendants while concurrently failing to fulfill court orders issued by Judge Cave (EAI) and Judge Swain (WPC) ?

Whether the district court erred/ignored or was fully aware of the violations of ABA rules of conduct to include Rule 3.2, Delay of Litigation— and Rule 8.4(d) engage in conduct that is prejudicial to the administration of justice.

**The Following Statement of Issues direct quote from Judge Swain Doc. 538 filed 02/20/24 Page 33 of 35.**

Although Trombetta has not proffered photographic evidence of the copyright management information on her website prior to the eBay post, she testified that her "website always had a copyright notice and statement[.] 'All work on this site are [sic.] © Annamarie Trombetta. All rights reserved." (See docket entry no. 447 ¶ 8.) However, Trombetta has not provided any admissible evidence to establish that any alteration or removal of the alleged CMI was done intentionally; Mr. Novoein testified that he was unaware of any CMI associated with Plaintiff's

Whether the district court erred/ignored or failed to acknowledge Appellant filed the year my website was online in 2003 which always had my copyright management information (CMI) and my personal logo?

Whether the district court erred/ignored or failed to acknowledge Appellant filed my website biography with copyright management information (CMI) and my personal logo in Appellant's FAC to include WorthPoint in this lawsuit was filed in Doc. 36?

Whether the district court erred/ignored or failed to acknowledge that the 1972 painting webpage content linked my website to this fraudulent webpage in the statement *" here is the information about her from AskART **as they got it from her. website** :Annamarie Trombetta"* ?

Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - ) Lived/Active: New York The nature of an artist's life, creativity and

Whether the district court erred/ignored or failed to acknowledge that the 1972 painting webpage content linked my website to this fraudulent webpage in the statement *" here is the information about her from AskART __as they got it from her. website__ :Annamarie Trombetta"* and also had a forged signature and *"Copyrighted work licensed by WorthPoint"* and copyright symbol within the webpage?

Whether the district court erred/ignored or failed to acknowledge that the 1972 painting webpage content linked my website with the a forged signature and false *"Copyrighted work licensed by WorthPoint" with a* copyright symbol and that it competes with, confuses and misinforms my audience ?

Whether the district court erred/ignored or failed to acknowledge or is unaware, an artists does not receive any resale profits of any paintings sold on the secondary market , such as the 1972 painting ?

Whether the district court erred/ignored or failed to acknowledge or is aware that counterfeit artworks sold on the secondary market , such as the 1972 painting, can benefit the seller and not the artist?

Whether the district court erred/or failed to acknowledge or is aware that Norb Novocin gave testimony regarding the importance of a secondary market to the value of an artist's ?

Whether the district court erred/ignored are was not aware, the 1972 oil painting was NOT on askART's website ? **EXHIBIT # 8 Filed Testimony by Norb Novocin RE askART- Art Market.   Judge Swain p.3—askART  Terms of Use.**

## STATEMENT OF THE CASE

FRAP 28 (a) (6), LR 28.1

The original claims for my lawsuit filed Feb. 5, 2018 was for intellectual, and copyright infringement 17 U.S.C.S. § § 101-17 U.S.C.S. § 501(a) , 17 U.S.C.S. § 507  (b) VARA 17  U.S.C.  § 106A  Visual Artists Right Act ("VARA"), Defamation, DMCA § 1202(a) §1202(b)  and the Lanham Act. § 43 15 USC § 1125

 Please note,  I am appealing Judge  Abrams decision  in Doc. 23 filed  Oct 2, 2019, to reverse the Lanham Act decision due to my Appeal. I have noted below another decision by Judge Cave on Nov. 23, 2022, so the Court of Appeals can

review all of EAI's alleged evidence, eBay sales receipts, the means of payment alleged eBay and Pay Pal.  Please view Doc. 322., Dec. 5, 2022.

## .  IMPORTANT FACTS  :

 **No Sale :** <u>In  2015 **eBay**, by phone,  stated the 1972 painting sale was undefined.</u>

**Conversely:** <u>In 2017 the **Novocins**, by phone, purported he sold the 1972 painting.</u>

**EXHIBIT #9 A  Norb Novocin phone transcript Jan. 2017- 5 pages**

**EXHIBIT #9 B Selected eBay phone transcript.WP website post.Undefine Sale**

Discovery production by both Defendants was abnormally difficult, delayed or denied resulting  in many counterfeit or concealed documents.  Aforementioned I noted details of the  many fraudulent,  counterfeit, multiple  eBay sales receipts, all done to  conceal  there was never a sale in 2012, for a 1972 painting on eBay, as eBay's specialist named Archer stated in 2015 on  p. 16  and p. 19 in Doc. 517-7.

## BRIEF PROCEDURAL HISTORY

The  cause of action   was  due to the second reposting in 2016 thru mid 2017, of  a fraudulent  internet webpage  for an  alleged eBay sale in 2012, purporting  to be "the Seller" is Defendant  Norb Novocin.   I  initially  found  the online ad under  my name listed on  Google, in  August  **2015** on WorthPoint Corp's website. I note the  the 1972 webpage stated my biography on  askART who <u>got it from my website.</u>   In a phone call with eBay in  2015 eBay stated the sale was undefined. This is why I never contacted EAI in 2015.  Six  month  later  the fraudulent

webpage was reposted online under my name again. To solve this problem again, in Jan. 10, 2017, I sent an email WorthPoint who never responded. I phoned Marie Novocin once in 2017. She claimed EAI had no records. Norb Novocin phoned me back confirming he was the eBay seller, there were two signatures, front and back of the painting yet in both posting no images of a 1972 painting or the red signature were visible. Novocin suggested I go for it an hire an attorney.

On Feb. 5, 2018, I filed my lawsuit, after my attorney sent a settlement letter and phoned the Novocins    In Feb. 2019 and in April 2019, Judge Abrams held conferences I was permitted to email the Jan. 2017 phone call with Norb Novocin. The Novocins admitted no responsible for the two separate 1972 webpage postings.

Judge Abrams granted permission to amended my Complaint in Doc. 33, Doc 36, granted by Judge Cave in Doc. 40.  Due to the pandemic court closures, problems obtaining a signed, sealed summons ensued,  In time this delay contributed to WorthPoint's frivolous lawsuit in the state of Ga. I was improperly served a complaint in New York, speaking on the phone, on a street corner, out doors, stopped at a red light, on August 30, 2024, after a nine hour deposition with WorthPoint's attorneys.  On the same day Defendants produced a counterfeit, backdated an archived askART with my biography. Due to Defendants consistent delays counterfeit Discovery documents Plaintiff moved to file a second amended complaint to include fraud, FRCP Rule 9, Tort and IIED, on Dec. 19, 2022, in Doc. 340, Doc. 341 and Doc 348. On Feb. 2, 2022 my SAC was granted

in Doc. 366. Judge Cave refused three motions I filed to reopen Discovery. There were many discovery disputes to clarify. Summary Judgment was ordered by Judge Cave due on GoodFriday Passover on April 7, 2023, a day even the stock market is closed. I filed a request for an extension. Nearing the end of summary judgment, Judge Swain was assigned June 15, 2023. Following, I filing many exhibits again. The Judge's many errors rendered an unjust judgment. Despite filing a reconsider motion, the final judgment was unchanged. Judge Swain ignored, blocked or found ways not to grant my claims in Doc. 538 -Doc. 556.

Judge Swain's ruling states: *WorthPoint's motion for summary judgment is granted in its entirety, EAI's motion for summary judgment is granted in part and denied in part, Plaintiff's motion for summary judgment as against WorthPoint is denied in its entirety, and Plaintiff's motion for summary judgment against EAI is granted in part and denied in part. This Memorandum Order and Opinion resolves docket entry nos. 400, 403, 408, 418, 423, 432, 437, 439, and 443. On Plaintiff's VARA claim, judgment will be entered for Ms. Trombetta and against Estate Auctions, Inc. and Norb Novocin, jointly and severally in the amount of $1,000. On Plaintiff's direct copyright infringement claim, judgment will be entered for Ms. Trombetta and against Estate Auctions, Inc., and Norb Novocin in the amount of $1.00. Judgment will be entered in favor of Estate Auctions, Inc. and Norb Novocin with respect to all remaining claims. Judgment will also be entered in favor of Marie Novocin and WorthPoint on all claims.*

### STATEMENT OF  THE FACTS

FRAP 28 (a) (7)  FRAP 28 (e)

PLAINTIFF'S  PRIMA FACIA FACTS——FIRST—SECOND—THIRD

### FIRST—FRAUD— I  INFORMED  WP STAFF &  BOTH  NOVOCINS

1- Prior to litigation in 2015-2016-2017—  and now, verified in court filings,  are all my  emails, attorney settlement letters, and phone call  transcripts, with  both Defendants.   I informed all parties,  I did not paint their 1972 oil painting . I informed multiple parties their  1972 webpage, signature was fraudulent, my website biography was incorrectly used. I requested  permanent  removal of  their online  webpage immediately  in 2015-2016 and again in 2017,  due to  the  second posting  **Doc. 504-2 p 6-12, Doc 517-6—phone calls  Doc.517-9 phone calls.**

2- **PLEASE NOTE:**  In each of  the  phone  calls  I  consistently stated to eBay, twice  to WorthPoint's Anita Brooks and Gregory Watkins and in 2017 to Norb Novocin, the  1972 webpage was completely fraudulent.   Judge Abrams did hear my phone call with Norb Novocin in Feb. 2019.  Requests to submit my phone calls to Judge Cave  is  recorded in  Docs. 76,  119, 222, 261 , 302.  In Judge Swain's Order in. Doc. 538, she stated the phone calls were disputed.   They were recorded in real time. Defendants never responded to my phone call transcripts. These calls document facts , mainly  that I informed all    parties  the webpage was completely fraudulent-in 2015-2016 and 2017. Phone Call Transcripts  WP Doc.503-3  Ex. #13-A. Brooks Ex. #14 G. Watkins  eBay Doc. 517-7 p.2 Novocin Doc.518-2

### SECOND—  PLAINTIFF 'S  1972  AUTHENTIC  TWO SIGNATURES

3- Plaintiff  proved  I  did not sign or paint the 1972 painting advertised as being sold on eBay in 2012. I  produced two  1972 signatures in print and script  with drawings that matched the badges on my Girls Scout  sash. **Doc. 527-1 p. 20.**

### THIRD PRODUCED PROOF OF ASKART BIO   LISTING IN 2015

4 -Plaintiff  on the first Discovery deadline in April 2022,  produced  my  2015 biography evidence on askART 's website.  Due to the Noviocins filed  Motions and Declarations to Post a Bond  on July 6, 2020,  I requested  to submit the

same  evidence . In Doc. 68-69  Judge Cave denied my request.

5-   Three forms of proof are prima facie  evidence.

   A- Emails—Phone Call Transcripts and  2017 Settlement Letters
    prove  Defendants were notified their online website is fraudulent.

   B- Authentic True 1972 signatures in Print and Script.

   C- Ask ART 2015 listings —Please see **Doc.  517-4 p. 30-33**

   **or  in Addendum   EXHIBIT #10  2015 askART  biography**

   I note  in Judge Cave's Order in  Doc. 121  Order Denying Motion for a Bond,
   filed on Oct. 29, 2020, EAI Defendants argued that " *Plaintiff's   premature.*
   *discovery requests are unnecessarily broad. (Doc.82 at 3).* In Doc.121, under
   Extent and scope of discovery, Judge Cave wrote " *Given that there is one*
   *plaintiff and two groups of defendant and Plaintiffs claims involve a narrow set*
   *of events, discovery in this action is not likely to be complex or extended.* There
   were over five hundred and fifty docket entries in this case.

   Since 2015, I stated in  emails and recorded phone calls,  declaring the  1972
   webpage, painting and  photo features signature  and WP claim are fraudulent.

## FOURTH—PROOF OF  WEBSITE COPYRIGHT REGISTRATION & CMI

 6-  Plaintiff's filed proof that my website was created in 2003 and so was my
     self authored biography that is in my catalog which was printed.  before  my
     website was online. Plaintiff's CMI  was consistently present. Fact witness
     Vanessa Ploski also verified  and gave testimony to these fact.  Plaintiff filed
     my  Copyright Gov registration. Doc. 517-3 p 1-15 Doc. 504-1 Website CMI.
     The   1972 painting webpage content linked my website to this fraudulent webpage
     in the  statement " *here is  the information about her from AskART <u>as they got it</u>*
     <u>*from her.  website*</u> *:Annamarie Trombetta"*

## FIFTH—-PROOF OF PROFESSIONAL  MUSEUM EXHIBITS

 7- Plaintiff  produced proof of my 2015 art sales,  full catalogues, museum
    brochures, my biography listing in Who's Who in American Art,, loss of
    gallerists' interest, letters from museum directors, art appraisers etc, to support
    my unliquidated  damages claim. I was  awarded a nominal amount—See
     Doc. 517-1, Doc. 517-2  Doc. 517-4. My 2015 Exhibition Price List is in Doc.

542. My lost sale of $8500 painting is and the Jan. 2015 email price request and letter from by Prof. Goldstein is in Doc. 542. Sadly when I contact her to be deposed, I learned of her passing. JudgeSwain in Doc. 538 and 556.denied granting me my lost sale citing Prof. Goldstein should have been deposed. I did inform WorthPoint's attorneys of this fact.

8- In April 2022 WorthPoint Defendant did produced my 2016 emails to Will Seippel and Jason Packer and Greg Watkins webmaster, Anita Brooks and the one email I sent in 2017 to Seippel and Packer. Neither one responded to me. This proves I informed all parties and requested WP to permanently remove their false of webpage their two postings,
In **Doc. 504-3 Doc 517-8. Also in-Doc. 33, Doc. 36**

9. In April 2022 WorthPoint Defendant produce a page document named Trombetta Terapeak which had meta data coding but contained my entire biography, bates stamped WP000038 WP000039 WP000040 and marked **Confidential.** WorthPoint in Discovery was purporting that my entire biography was in ad in 2013. Originally when it was downloaded the 1972 webpage contained my entire biography. It is not WorthPoint's property and Since Sept. 2003 it was uploaded on the internet and is public- It is a way to cause a dispute. Filed in Doc. 496-6 Ex.#33 SJ and 542 p.76-78
**EXHIBIT #11 WP000038 WP000039 WP000040 and Doc. 1 Aug.15 ad**

10- EAI's Defendants three important things produced and bate stamped as EAI00001-EAI0002 EAI0003, Plaintiff;s 2017 attorney settlement letter sent In August 2017 before this lawsuit **. Doc. 527-1 p.31-33.**
The red signature which misspells my name three ways. Doc. 517-5 EAI000058-59—the first eBay cut off sales receipt. **Doc 527-1.**

11. Plaintiff in May 18,2022 in Doc. 224-225 filed an Amended Complaint for fraud due to Defendants fraudulent evidence. WorthPoint failed to produce Any photos of the 1972 painting and EAI delayed photos of the 11972 oil. WorthPoint's sub licensing agreement - a Canadian 2009 AERS Doc. Judge Cave decided I should wait till the end of Discovery to file a SAC to include Fraud.

**THE TESTIMONY BY WORTHPOINT EMPLOYEE JASON PACKER HAS   NO MERIT AND IS BASED ON FALSE  INFORMATION**

12.      Defendants WorthPoint's produced emails by Jason Packer in in Doc. 504-3 page 41 confirming the 2017 repost with the Feb. 20, 2016 first notice fraudulent artwork with the Case reference #57565  noting in the response my  email address   trombettaart@yahoo noted  See**. Doc. 504-3-41.**

This message was sent to ~~tromb...tbart@yahoo.com~~ in reference to Case #57565.

On Jan. 9, 2023, after I filed my SAC on Dec. 19, 2022, Packer produced a Declaration. **filed <u>Doc.425 -Ex6,</u>**   Packer  declared  he  permanently removed the  false 1972 webpage on Feb. 4, 2016. which contradicts the  Feb 20, 2016 email inside the Jan. 4,  2017 email to and from Will Seippel. Jason Packer.  Doc. 517-7 . Moreover, Packer claimed I used my website email **annamarie@trombettaart.com** to sign onto  WorthPoint's price look up



12.  Jason Packer, filed false  misleading statements and charts regarding my website email is in **Doc. 517-5 on p. 14 - 15,** Packer  claims that I used my websites email to look up the price of the 1972 painting. Inserted   is an email <u>**sent**</u> WorthPoint on  Jan. 29, 2016  **-from**  WorthPoint sent to annamarie@trombet-taart.com. . The email said there was a problem with  my payment.  I did not have access  to WorthPoint's inventory look up on Feb. 3, 2016. The access ended on Jan. 29, 2016. See  Doc. 425 Packer Declaration and Doc. 443 Plaintiff's Oppositon. Once again, Mr. Packer declared he permanently removed the 1972 webpage post on Feb. 4, 2016. This is another  contradictory  statements made my by WorthPoint.



**13.** On page 3 and Jason Packer's Declaration, Mr. Packer stated and submitted a chart that states from August 2015 through Feb 28, 2016 there were 128 pageview. Mr. Packer is confirming my statements that I found the 1972 webpage under my name on the internet on August. 1, 2015. It is documented  That I emailed Mr. Seippel on Feb. 20, 2016 and he responded the same day. **Doc. 517-7.** Please review my filed Google support which explains how to
Remove webpages how to index or file a no index. Please note temporary Google requests only LAST six months.  Appellant is filing as EXHIBIT #12 Jason Packer's March 3, 2016 email to Will Seippel asking him if he should File a Temporary Google Request **EXHIBIT #12 Doc. 33 Temp Google Re** Please view Doc. **518-4 Google support instructions**


**THE TESTIMONY BY WORTHPOINT EXPERT WITNESS JESSIE STRICCHIOLA HAS   NO MERIT AND IS BASED ON FALSE INFORMATION**

14. In Jan. 2023, WorthPoint's interent expert Jessie Stricciola issued a report. There were several errors made. The first two are that she wrote she read my internet Expert's report and did not agree with it. First, Mr. O'Leary's report is was filed On Dec. 5, 2022 in Doc. 322-please view . On every page is the word Affidavit. Jessie Stricciola wrote Mr. O'Leary's report was done on Dec. 25, 2022 which is  Christmas Day and she classified his Affidavit—again written on every page  and said she read his Declaration.   Ms. Stricchiola could not explain why my Google Listings had 2017 dates in the upper right had corner and wrote in her

report that  I , the Appellant must have manipulated the dates on the printer. She failed to stateHow one can change the dates. With so many documented careless documented  Errors, I declined to depose Ms. Stricchiola.

15, Doc. 1 dated August 1, 2015 and in Doc. 518-3 p.13-14.  dated May 7, 2017  both of the two webpages  ends mid sentence with  three dots …   Inserted-Moreover the content of my  self authored website biography has been public since 2003. WorthPoint has no right to claim it is "Confidential" when it is my intellectual and Copyright property. The fact that WorthPoint violated Judge Swain's court order to produce all redacted documents further verifies WorthPoint is not entitled to label content that is mostly my property as  "Confidential".

> Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time...
>
> **Similar Items**

 16.   Defendants  on August 30, 2022, WorthPoint produced a counterfeit, back-dated askART. Manufactured document that is devoid of my name in the URL header and only has the code. Secondly there's a grammatical error within the document.EAI produce on email from Kris at askART which is missing the  @ symbol in the emailDefendants evidence is consistently incorrect, or missing key elements.WP000141 WP000142 WP000143 WP000144 -Doc. 517-4p.34-38 **EXHIBIT #13 Counterfeit askART bio—URL missing name grammar  error**

17. Defendants  on August 30, 2022, had someone follow me after I left the nine  Hour deposition.I was improperly served a complaint in New York, speaking on the phone, on a street corner, outdoors, stopped at a red light, on August 30, 2024,

18.WorthPoint's lawsuit in Ga was riddled with false dates, statements and in the End was dismissed. Will Seippel filed it so that Appellant would be overworked and burdened with not only a lawsuit in New York against four  attorneys but a lawsuit in another state with different local rules. On October 31, 2022 WorthPoint's law firm in Georgia filed for  a Default Judgment when my filed Answer to their complaint had NOT been reviewed or  decided. Doc. 526-3



19. The date of the filing was October 31st and statement No. 5 has a date of November 5, 2022. At the same day, and time Discovery was due in New York. Please view  Defendants  August 30, 2022,  Lawsuit in Georgia Doc. 526-3



20.  In late October/ November EAI and Mr. Duff still did not produce a Complete copy of the eBay 2012  1972 painting sales receipt that was emailed to the Novocins.   Produced on Nov. 16, 2022 Below is a mini side by side. Each one is different. See Doc. 527-1



21. During a phone conference on Nov. 23 2022  WorthPoints attorneys emailed me Source Information which was ambiguous code. The text of the Call is in **Doc.526-1** documenting my request to verify there was a sale on eBay in 2012.

22. The Novocins were ordered to produce one electronic native format eBay email. They failed to produce an electronic    2012 email.

42

23. On a thrid attempt to get one electronic email,Mr Duff produced  printed truncated  documents cut off on the right top,  left and bottom Please see Doc. 527-2. In this Doc. I filed my expert  witness testimony —Please review.

24.   Appellant asks the Court of Appeals to review all the 2016 into 2017 Google Listing and  sent email from WorthPoint  to Appellant in  Doc. 518-3. Please note the date and time in the upper right hand corner and the http:// www. on the bottom. A full webpage date May.7, 2017 on  Page 13 14.—the second reposting

## BOTH DEFENDANTS INFRINGEMENTS WERE WILLFUL

—— WorthPoint Defendant willfully caused DELAYS and chaos, in responding to Plaintiff in 2015 Doc. 33, p 20, misleading me to  contact eBay. Five years later, in Dec. 2020,  when I contacted WorthPoint's attorney to sign the summons waiver see in Doc.518-1 p.19, Seippel instructed his lawyer to take his time getting back to me.   In 2022, over a year  and a half later,  Seippel filed a frivolous  lawsuits in Ga due to Judge Abrams order to mail to Seippel's home  a summons and com-plaint. His  claim stating due to mailing at the holiday season it cause IIED. Again Mr. Seippel intentionally delayed responding to me. Although Seippels suit was dismissed due to premature filing of Default Judgment See Doc.280,  Doc. 525-3 Doc. 527-1 p. 8 to 41.  I was burdened with legal obligations in two states, which taxed   Judge Cave's  patience and that of my own.

-—— EAI Defendants also willful intended to caused delays, moreover to conceal that fact there was never a sale on eBay e. Defendants  verified  my phone call with eBay in 2015 imparting while online that painting sale  was undefined.  In 2017, however when  I spoke with Norb Novocin, he  made a series of  s admission he sold the 1972 oil. concurrently while the webpage was back on the internet, I did not know the truth of the matter.. Inserted is a side by side mini view to the two eBay emails. Even on a small scale, it is self evident, the two receipts are dissimilar. Once again, during litigation, July 2020, I asked  Judge Cave for permission to submit my evidence to avoid wasting time and to find out the truth. Appellant has filed EAI's dissimilar evidence in Doc. 527-1 p. 2 to 5.

—-Both parties have engaged in inequitable behavior (including fraud, deceit, unconscionability, and/or bad faith) related to the subject matter of that party's claim. The elements of fraud and misconduct are materially in the production of fraudulent evidence driven by a deceptive intent. Both Defendant created a vexatious litigation statute,28 U.S.C. § 1927 .

## APPELLANT' S CLAIMS

### Intellectual and Copyright Infringement

*Intellectual Copyright Infringement* 17 U.S.C.S. § 501(a) *Direct Copyright Infringement*17 U.S.C.S. § 507 (b) To prevail on these claims : the elements of intellectual and copyright infringement are met by "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist, 499 U.S. at 361. Others may copy elements of a work that are not original. Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985). I establish I owned "a valid copyright" and that EAI and WorthPoint copied the "constituent elements of my work that is original." Accordingly to be original under the Copyright Act the work must originate from an author, and must be the product of an author's exercise of skill and judgment. Creative works by definition are original and are protected by copyright, but creativity is not required in order to render a work original. Originality requires only that the.author makes the selection or arrangement independently and that some minimal amount of creativity is

present in the work of the author and has to have a distinguishable variation will.

My self authored biography is more that a  "modicum" of creativity  which is all

that is required.  My self authored biography can only be applicable to me. It  is

personal with  details about my life, education, travels, philosophy etc.  Section

106 of the Copyright Act  gives copy right holders the exclusive right to distribute

and sell copies of their works. It is   clear that any act which is inconsistent with

the exclusive rights of the copyright  holder, as enumerated [in the Act], constitutes

infringement"),*see  United States v. Taxe*, 540 F.2d 961, 965 (9th Cir. 1976), cert.

denied, 429 U.S. 1040 (1977).  Despite being original, my biography is authentic

prior to being added to my website it is in my personal catalog—See Doc. 517-1

517-2  As mentioned my  biography was  first printed in 2003 before it was on the

internet.  The Purpose And character of Defendants' use was  to  profit, advertise

and entice my followers to perhaps join WorthPoints membership. The introduction

to the false 1972 ad began with a description  of EAI.  Moreover  the use of my

biography was incorrect and in addition  the content was altered, mutilated, mid

sentence. The Defendants  on page  30 of  Doc. 538 Judge Swain stated *"Because*

*Plaintiff's copyright registration was not  effective until June 18, 2018, almost six*

*years after the alleged infringement, her  available remedies are limited by statute*.
"
 Based on her statement Judge Swain  was either unaware or did not consider that

the 1972 painting sale did not occur  based EAI's deficient and inconsistent failure

to produce simple document.   In the  case of   Gattoni vs Tibi, LLC 254 F. Supp. 3d 659, 664 (S.D.N.Y 2017) unlike  Gattoni  I registered and amended my complaint and filed my Copyright.  registration with the district court as soon as I became aware that I need to do so.  It  is common  knowledge  that copyright comes into being the moment it is fixed  in a tangible medium, however the laws change.  Moreover, as aforementioned  EAI and WorthPoint's webpage stated that askART obtained my bio from my  website. Defendants website should not have been linked to my website. Last, There was no sale, therefore the use is.  immediately deemed intentional and is.  deceptive, dishonest and just plain fraud. Congress and the courts however,  have set the originality standard to serve "the goal of copyright": to "provide an economic incentive to create original works." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 535 (2023).The question of copyright has always been joined with that of commercial value." Jane C. Ginsburg, Creation and Commercial Value: Copyright Protection of Works of Information, 90 Colum. L. Rev.1865,1866 (1990) (Ginsburg).

*Visual Artist Rights Act   VARA*

The Visual Artists' Rights Act grants the author of "a work of visual art" rights of "attribution and integrity" "to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C.A. § 1 06A (The Act defines a "work of visual art," in relevant part, as a "painting . . . existing in single copy." 17 U.S.C.A. § 101. It is in this claim that the  strong **BIAS**

of Judge Swain is illuminated. On page 20  Doc. 538, the Judge wrote " *Nor does EAI dispute* that Plaintiff did not create the Painting. (Id.) This establishes  Trombetta's prima *facie case for a violation of VARA*."   Judge Swain failed  to state in writing that I produced not one but two 1972 childhood signatures. "Damages for violations of VARA's rights of attribution and integrity are  supposed to be governed by general copyright law and include both actual and statutory damages. Judge Swain failed to do her job and note my artwork sale is Doc. 517-4 This Judge is prone towards decisions based on hearsay rather than facts.

*The Digital Millennium Copyright Act* makes it unlawful "to knowingly, and with the intent to 'induce, enable, facilitate, or conceal infringement,' . . . 'provide' or 'distribute' . . . false 'copyright management information' or 'CMI.'" Aaberg v. Francesca's Collections, Inc., No. 17-CV-0115-AJN, 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018) (quoting 17 U.S.C. § 1202(a). WorthPoint's logo

**WORTHPOINT'S FALSE  CMI**

and written claim*"Copyrighted work licensed by WorthPoint"* and copyright  symbol



competes with, confuses and misinforms the public about my true website with my trademark triangle logo and CMI.

**PLAINTIFF'S  TRUE   CMI**



My biography in my catalog and my  "biography from my website" were written

in the 1972 webpage. Defendant false incorrectly use my property . My CMI was present since my website was uploaded online in 2003. Moreover, the DMCA , Section 1202 (a) and 1202 (b)focuses on copyright management information which states it is illegal to knowingly falsify copyright management information.

APPELLANT'S APPEAL OF THE LANHAM ACT

DATE.            DOCKET                     JUDGE

Oct. 2, 2019        Doc. 23                Judge Ronnie Abram

REGARDING   REVERSAL  OF ORDER ON  THE  LANHAM   ACT

In the beginning of my case, I filed Doc.22 with exhibits, explaining my branding for my business includes my self designed logo as a mark of original distinction, see Appendix Doc. 517-3 p.12-15. The Lanham Act 15 U.S.C. § 1125 is for a false designations of origin, false descriptions, and dilution. Art collectors are investors, ie shareholders and at times procure other collectors, make introductions to curators or gallerists to increase any purchases.The Lanham Act in pertain to a civil action 15 U.S.C. § 1125(a) involves the prong known as "Personality Rights' is the right of a person to control the commercial use of her or his image, name, likeness, or other defining aspect of one's persona. This can be a photo or drawing but even something more ephemeral like an idiosyncratic gesture or the distinctive sound and style of a singer. It should be noted that a cause of action seeking redress is not the exclusive purview of the famous, and fame per se is not an element that need be proven. Courts are concerned with the value of the property in question, and tend not to find in favor of those without notoriety, often,

it seems, because there is no perceived value in the public persona of the average person. I ask the Court of Appeals to view  Doc. 517-1, Doc. 517-2 Doc. 517-4. In Doc. 517-2 I have filed my Museum solo exhibits, I have photos with the NYC Mayors, Holiness Dalai Lama, my exhibition catalog with my self authored biography.and price list in Doc.542. In  order to prevail under the Lanham Act, a celebrity/artist/  has to prove that the consuming public is likely to be confused and mistakenly believe  there is an endorsement or  affiliation where none  exists. Under this  right,  the Plaintiff must show that the  use is unauthorized, but whether there is consumer confusion is irrelevant to the outcome.  Appellant have. consistently articulated and now proven, it was not my signature on the internet, nor did I have any business with  Defendants or eBay.  My name  was used, spelled correctly  Annamarie Trombetta yet  on their painting    of the first name has three differences  Anna( space ) **M**ar**ia**  and is not authentic  to mine, It is similar as  in the  case Polaroid Corp. v. Polarad   Electronics Corp. *(SDNY origin, affirmed on appeal)* **Citation:** 287 F.2d 492 (2d Cir. 1961), similar yet distinctly different names.  It is  not uncommon for  artists signatures to be forged nor was it ever   un common for artists to develop what is known as a  trademark or logo for their business brand.  German Renaissance artist, Albrecht Dürer (1471–1528)  had a distinctive "AD"  monogram and could attest to the problems of identity in the contemporary  market. Dürer was one of the most  famous artists in Europe, by the early sixteenth  century, primarily due to his  woodcut and engraved prints, which

were copied. Aside from being one the most copied artists of his day, Dürer was also litigious.Unlike Dürer, the 1972 painting is not a copy of my work, it is a painting by an unknown person and who knows how or why it bares my name. Discovery, proved EAI Defendants produce three dissimilar eBay receipts. The f failure of EAI to produce one native electronic Ordered by Judge Cave on Nov. 23, 2022 in Doc. 319 is a violation of Rule 26 and Rule 37 of Discovery. Their failure in tandem with producing three dissimilar eBay receipts reveals that both Defendants have NEEDLESSLY prolonged litigation and subjected me to a great loss of time, money and career opportunities. One of the main reasons for my. appeal is to be granted Permanent Injunctive Relief. The willful patterns of deceit and disregard was and still is palpable. I have not been able to update my website due to this lawsuit. I add that since 2015, neither Defendant has identified who created the painting, ergo the 1972 painting is a bonafide forgery, still baring my name and the signer is still at large. The danger of my name being scribbled on any thing deemed a work of art has fueled my appeal particularly the way the judgment was rendered in the district court. The unauthorized use of my self authored biography stating it was from my website with Defendants *"Copyrighted work licensed by WorthPoint"* and copyright symbol did create the confusion and dilution and the loss of a painting sale to a collector that would have donated or willed her collection to a museum. I noted my lost painting sale for $8500 to an important art collector throughout my filings. Again, art collectors to sole proprietor artists are like company shareholders. My success increases the value of

my artwork.  It is not only myself that is effected it is those who bought my work and invested in my  career.   The Lanham Act states :

(**1**)Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(**a**) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(**b**) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

There is one more element to the Lanham act which is "Personality Rights' I note the case  Polaroid Corp. v.  Polarad  Electronics Corp. *(SDNY ori gin, affirmed on appeal)* **Citation:** 287 F.2d 492 (2d Cir. 1961).That has similar yet distinctly different names.  I add another case ,  Time Warner Cable Inc. v. Directv, Inc.497 F.3d 144 (2d Cir., August 9, 2007)  The Second Circuit held the  plaintiff Time Warner Cable Inc. ("Time Warner") was  likely to prevail on false advertising claims advanced under Section 43 of the Lanham Act as a result television advertisements defendant Directv ran, which were found to be literally false.  Affirming the decision of the District Court, the Second Circuit held that, when seen in context, these advertisements falsely claim that the quality of the picture a user of an

HD TV receives from Directv is better than the picture received from Time Warner cable. Irreparable injury was presumed because, even though the advertisements at issue did not directly refer to Time Warner, the viewing audience would see the advertisement as targeted at plaintiff. As a result, the Second Circuit affirmed so much of the District Court's decision that enjoined Directv from further publication of these offending advertisements in markets where Time Warner operates. In reaching this result, the Second Circuit held that an "advertisement can be literally false even though it does not explicitly make a false assertion, if the words (. Appellant biography and WorthPoint's written licensing and copyright claim or images, such as the forged signature considered in context, necessarily and. unambiguously imply a falseness.

The false 1972 painting webpage displayed a signature that was not mine with a false copyright and licensing claim by WorthPoint which is the textbook definition of creating a false designation of origin. Defendants signature confused/ altered my signage, which includes my known trademark triangle with my initials which was not known to Judge Abrams in 2019. My branding logo is used on my website, in the signage of my name and is a means of distinction for my brand. My designed logo was initiated to protect me from any artwork I did not create which subjects my brand logo and name to counterfeit authorship. Any false artworks, such as the 1972 oil painting that bares a similar name subjects my brand and name to more counterfeit artwork. This is why I requested

Permanent Injunctive Relief against Defendants. have been quickly concluded as being counterfeit. My original logo is a way I can identify my branding. For the record, in the late 15th C, Northern Renaissance artist Albrecht Durer (1471-1528)dealt with a trademark signature infringement. English artist William Hogarth also lobbied for legal protection . The Copyright Act which is now known as Hogarth's Act came into being in or around 1735.

My request in the district court for Permanent Injunctive Relief against both Defendants is in part due to the way both Defendants and their attorneys tried to further exploit me using legal means such a posting a bond, or WorthPoint suing me in another state where there is no personal jurisdiction. Both lawyer have vio lated court order to produce Discovery and perhaps the Court of Appeals should impose sanctions or a bond. see Mango v. Democracy Now! Prods., Inc., No. 18 Civ. 10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019) .

FRAUD Rule 9

Pleading Rule 9(b) of the Federal Rules of Civil Procedure permits allegations of malice, intent, knowledge, and other conditions of the mind to be alleged "generally". An action based upon fraud must be commenced within six years of the date the cause of action accrued, or within two years of the time, the Plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is greater. To plead such allegations sufficiently, one must offer.

sufficient facts to render the condition-of-the-mind allegation plausible. "In order to properly plead fraud with particularity, the complaint must allege the time, and content of the fraudulent representation such that a defendant can prepare an adequate response to the allegations." The Second Circuit standard goes beyond general statements when alleging intent. Plaintiff met this standard by "(1) I alleged the facts to that show Defendants had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious.misbehavior or recklessness. Norb Novocin has been a member of askART since 2001. took place in 2015.see " PetEdge, Inc. v. Garg,564088, at *9 (S.D.N.Y. Feb. 10,2017). The elements of fraud are:

1 -A lie or falsehood is made. Advertising that a nine year old child painted a four foot high oil painting meets this criteria. 2- By the defendant with scienter, and the statement is false, or that there is no basis for believing that the information is factual. I stated I did not paint in 1972. In their ad they included my birth year, 1963 and my statement "I began my formal training when I was in high school "

3- The defendant intends to cause the plaintiff to do or not do some particular act based upon their falsehood or lie. WorthPoint first lies intended and cause me to lose time trying to remove the false post several times WorthPoint lawsuit in Ga. truly caused intense IIED, I had nothing to do with the Defendants 4- The plaintiff is justified in relying on the falsehoods or lies told by the defendant. In

2015 and again in 2017  I as well as my fact witness  Willie Chu in  Doc. <u>Doc.425</u> <u>-Ex 3</u>  both contact Google's phone service G-suite and we were both told only the website owner can remove content and webpages off it site. 5- <u>Harm results from</u> <u>the plaintiff's reliance on the defendant's statements. Causation loss is "the causal</u> <u>link between the alleged misconduct and the economic harm ultimately suffered by</u> <u>the plaintiff.</u>  I lost a decade of my life due to both Defendants willful, ruthless, Disregard for others people's livelihood.  I ask the court review Doc. 341 and 342 also Doc. 366  which is my SAC.   and read I FRAUD ~ COUNT VIII ~

 Tangile Conversion  (Biography in Catalog ) Taking And Misappropriation of Appellant's  Website and Catalog Biography.

 **APPELLANT IS  ENTITLED TO THE INJUNCTIVE RELIEF   NOT AWARDED BY THE DISTRICT COURT.**

Appellant ask the Court of Appeals, given my prima facie,  dispositive evidence, my  1972 signatures and 2015 evidence conjoined with the fact that I Informed all parties use of my biography was inaccurate, I did not paint the 1972 oil painting and the signature on WorthPoint's website was not mine, that the court determines  both Defendants have willfully  infringed plaintiffs' copyrights, and Intellectual property.  In addition to these violations there is the VARA claim, Fraud claim and of course, the trauma of IIED due to an unnecessary lawsuit. In considering "defendants' refusal to abide by existing law and their  unfounded challenges to  Appellant's rights, copyright law," , VARA, the DMCA,  FRAUD

Rule 9, since the district court did not do anything , I ask I ask the Court of Appeals to enjoin defendants from "copying any of plaintiffs' existing or future copyrighted works without first obtaining the necessary permission." 855 F. Supp. at 913. Such a permanent injunction generally issues as a matter of course under 17 U.S.C. § 502(a) upon proving past infringements and a likelihood of future infringements: "While liability has yet to be been determined, there is strong history and a possible continuing of infringement and a significant threat of future infringement exists, a court must enjoin infringement of future copyrighted works." Kinko's, 758 F. Supp. at 1542; see also. e.g., Monogram Models. Inc. v. Industro Motive Corp., 492 F.2d 1281 (6th Cir.), cert. denied, 419 U.S. 843 (1974). The district court instead treated all the infringements in suit and their. similar infringements of numerous other violations in the aggregate as though all these instances that Defendant did to me are governed by the same principle. The need here for an injunction, moreover, is plain where defendants have already demonstrated a pattern of producing falsified documents, filed in Federal Court. The injunction will enjoin defendants "from copying any of plaintiffs' existing or future copyrighted works without first checking the authenticity or obtaining the necessary permission." 855 F Supp. at 913 . I am requesting an injunction to the best of my present knowledge the power to grant injunctive relief is not limited to registered copyrights. . . ." *Olan Mills Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); . For all of the foregoing reasons, the decision of the Court of Appeals is requested and should be affirmed. Insert below Doc.538 p.3

56

> ten-day period. Plaintiff does not allege that EAI reused or reposted Plaintiff's biography after 2012, and nothing in the record suggests that EAI would use the biography again in the future. (EAI 56.1 ¶¶ 8, 23.) To the extent that Plaintiff seeks injunctive relief to remove *any* saved data of the now-removed eBay post and WorthPoint Listing that may be in the possession of *any* third party on the entire internet (Pl. MSJ at 38), she has provided no basis from which the Court can find that such relief is remotely within EAI's power to fulfill. Nor has Plaintiff shown that, without an injunction, she will suffer any injury, let alone "irreparable injury" that is incapable of compensation through monetary damages. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

## SUMMARY OF THE ARGUMENT

FRAP 28 (a) (8)

Plaintiff, now Appellant sums of my reasons for filing an Appeal, to defend my rights as a ProSe litigant, as a matter of law. As a matter of law and as a Pro Se litigant I am supposed to have equal rights noted in the statute 28 U.S.C § 1654. This was not the case in the district court, exemplified by the utter Disappearance of my court filed February 16, 2024 documents. By right I had At least two weeks to respond to Judge Swain's Feb. 8, 2024 Memorandum in Doc.537. By law I am entitled to protect my intellectual property, name, identity and signature when it is being incorrectly and ill used . As a matter of law, I had the right to the same equality and the same due process of my case, yet that was not the case in my lawsuit. Judge Cave set the deadline for my expert witness reports to be due on the same day I filed my Amended Complaint to include

Fraud.  My expert witness are entitled to review the documents that were produced in  Discovery, as a matter of law.

Under Fed. R. Civ. P. 56, summary judgment is appropriate when no "genuine issue" of "material fact" exists to be tried:  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff  evidence was  irrefutable and abundant. I did not fail to file it.  I  proved I did not paint the 1972 oil painting,  by  producing my two 1972 signatures ,  a fact that renders any disputes or discovery  irrelevant and yet my  1972  signatures  were not mentioned in Judge  Swain Memorandum Doc. 538.' Plaintiff filed the dated April  24,2017 emails sent  by WorthPoint to Plaintiff concurrently the fraudulent 1972 posting was shoved into my bonafide credentials.  Filed  in **EXHIBIT #  14  Worth Point April 24, 2017 sent email to Plaintiff p.7  and WorthPoint's April 2017  Google Listing p.8 .  Dated May 7, 2027  is a real time active webpage print out —p. 1 and p. 2 Filed last  on June 29, 2023.** This dated evidence  due to  WorthPoint bullish, forceful emails and unethical internet posting are in.   Doc. 517-3 from  2 to p. 15 . As in the case of Fischer vs Forrest 14 Civ. 1304 (PAE), 2015 WL  195822,  at *9 S.D.N.Y Jan. 13, 2015, WorthPoint

continued its infringing conduct despite my cease and desist emails in 2015 and 2016, All of my evidence was either suppressed, ignored, dismissed The Judge stated WorthPoints reposting documents were cached. he Judge said the same as to one of my askART documents and the other 2015 askART evidence she failed to comment or acknowledge.

In doing this Judge's my dispositive evidence and the Google listing would not invoke the Separate Accrual Rule Accrual Rule— 17 U.S.C.S. § 507 (b) which begins with each successive infringement. int reposted the false webpage well after I informed them it was false and to remove it permanently, Judge Swain dismissed my phone calls which I have been trying to file with the court since 2020. I had three fact witnesses and three expert witness, the testimony of the fact witness were dismissed and expert witness reports were dismissed as being un timely, when the deadline was before I filed my SAC. In addition, I am once again submitting my . All proof that my 2015 askART biography listing which Judge Swain ignored as well. The Defendants were granted summary judgment despite both EAI violating Doc. 319 of Nov. 23, 2022 and WorthPoint violating Doc. 527 on Dec. 13, 2023. As a matter of law violating FRCP 37(b) Failure to Comply with Discovery obligations should preclude both Defendants and yet Judge Swain granted both parties summary judgment.

I bring to the Court's attention a case that has similarities. Artist Peter

Doig was misattribution to a painting he too did not paint. In his case the true artist was discovered. In my case, the creator of the 1972 oil is still unknown. Fletcher et al v. Doig et al, No. 1:2013cv03270, Doig like Appellant chose to file an Appel in order to receive sanctions to compensate Mr. Doig and all parties invested for their time and needless Fletcher v Doig BARTLOW GALLERY, LTD, No. 23-2364 (7th Cir. 2025).

## ARGUMENT

FRAP 28 (a) (9)

As a Pro Se Litigant I am invoking my right to the Due Process Clause of the Fourteenth Amendment which prohibits all states from depriving "any person of life, liberty, or property, without due process of law."

The Second Circuit, decisions can reverse the errors made in the district courts. The United States Court of Appeals for Second Circuit addresses pivotal issues regarding copyright infringement , misattribution claims and the proof of willfulness at the summary judgment stage. In the Appellant's case the basis for Defendant's infringement was allegedly to advertise the sale of a 1972 painting. EAIL, failure to produce one eBay email, resulted in three dissimilar receipts. During a Conference Call on Nov. 23, 2022, Plaintiff requested and was granted the production of the Dec 1, 2012 eBay sales receipt email for the sale of the 1972 painting. Below from the Nov. 23, 2022 call, Doc. 526-1 p.22 Judge Cave asked

if there was a dispute **if** the eBay sale took place. Plaintiff's response in the insert

was the verification of the original / raw coding  email will validate the sale.

```
understand why, then I just would like --
          THE COURT:  There's no dispute that the eBay
sale took place, right, that's not disputed?
          THE PLAINTIFF:  Again, the verification of the
original or the raw coding and email will conclusively
validate that.  All I can tell you with most certainty
is that I did not paint this image, I have produced my
signature --
```

During the call WorthPoint's attorneys emailed me  ambiguous coding titled

"Source Information "  See in Doc.526-1 pages 6 to 10 titled EXHIBIT #3

 Nov. 23, 2022 Source Information.  My request was to EAI and attorney Mr. Duff

And EAI. In Doc. 319 on Nov. 23, 2022 in No. 1a and  1b. To produce one

electronic email  and the means of payment for the 2012 eBay painting sale.

I am appealing Doc. 319 Order.  In my  Appendix —it is D. Doc. 319- Cave, Nov.

23, 2023. The electronic email was NOT produced.  In my  Appendix—as E.

Doc. 323-Dec. 6, 2022, Judge Cave is asking WP attorneys for coding of

000058-59 when WorthPoint's attorneys allegedly sent it on Nov.23, 2022 during

the call. The Source Information by WP is  the basis for Mr. O'Leary's Affidavit.

I contacted my internet expert Patrick O'Leary to decode the  ambiguous coding.

On Dec. 5, 2022, I filed Mr. O'Leary's Affidavit in Doc.322-4 and again in

Doc488-4 on May 30, 2023  In  **EXHIBIT# 15  Mr. O'Leary's Affidavit/**

**Experts CV and Testimony.**  In my Appendix  as F. Is Doc.333 on Dec. 12, 2022

and notes the due dates of Discovery as Feb.7, 2023, I also  note  No. 4  Doc. 331

which is EAI 000073 to 000079. Each page  is an incomplete  piece of  an

alleged Bay email —yet it is not an electronic email nor are any of the pages

 entire page of information. The other Orders I am appealing  are Doc. 340 on

Dec. 19, 2022 which closed Discovery before I filed my SAC, Doc. 364, 384.

In summary, Judge Cave's six order, force a summary judgment that failed to

fulfill one simple request -the  2012 eBay   sales receipt  for one painting allegedly

sold. Which is the basis/ reason for the online webpage on WorthPoint's website

that caused the misattribution.  The failure to produce one complete email in print

or electronically verifies there was never a painting sale on eBay  and my name

and personae were  used to piggyback off of my success in 2015.  I end and add

The other Orders I am appealing are the four by Judge Swain Doc. 528, 537, 538

and the last Doc. 556  on March 7, 2025.

The district court erred/ignored  or was aware of  the  willfulness, of both

Defendants  production of fraudulent evidence.  The Second Circuit court  must

First  see that my appeal involves, primarily, the proof and confirmation  needs.

for finding, at  the summary. judgment stage, that copyright infringement was

"willful."  and to consider  the issue of willfulness as in determine the appropriate

 Course of action  and or award of   statutory damages as in Island Software and

Computer Service, Inc. v. Microsoft Corporation (413 F.3d 257).-   The statues I

am listing are 17 U.S.C.S. § 504 Damages Actual or Statutory and 15 U.S.C.S. § 1125 False designation of origin, false descriptions  forbidden.

Plaintiff's prima facie evidence regarding my two signatures, the year by biography was listed on askART, and the 2017 Google Listing that prompted me to contact initially contact the Novocins to try and remove the second posting  from the internet.

Under Fed. R. Civ. P. 56, summary judgment is appropriate when no "genuine issue" of "material fact" exists to be tried:  "Rule 56(c) mandates the entry of summary judgment.

## CONCLUSION

Plaintiff, now Appellant  is seeking relief from this post decade long Ordeal due to an online webpage in which  I had no involvement. I had no animosity or  connection  with either Defendants or this fraudulent painting that bares my name, I am requesting my name be removed from this  painting.  I seek relief in the  unliquidated , statutory and actual damages I have lost and moreover to be granted Permanent Injunctive Relief   against WorthPoint Corporation and Estate Auctions Inc.

I therefore respectfully ask that the Court reverse the judgment of the district court with a finding of fact in favor of the Appellant . In the alternative the court short remand the case for either an oral  argument Or a fair and impartial trial before an unprejudiced jury on proper  evidence and under correct instructions as is just and proper.

63

Annamarie Trombetta                          Respectfully Submitted,
Pro Se Plaintiff
175 East 96th Street
New York, New York 10128        —-———— Electronic Signature —————

                                        /s/ Annamarie Trombetta, April 20, 2026

                                        _____

                                                    Annamarie Trombetta

# CERTIFICATE  OF  COMPLIANCE

I,  Annamarie Trombetta certify that this brief contains  14,000 words

or less.

Annamarie Trombetta                              Respectfully Submitted,
Pro Se Plaintiff
175 East 96th Street
New York, New York 10128        —-————— Electronic Signature —————

                                        /s/ Annamarie Trombetta, April 20, 2026

                        _____

                                        Annamarie Trombetta

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Annamarie Trombetta

**CERTIFICATE OF SERVICE***

Docket Number: **25- 817**

v.

Novocin and WorthPoint Corp.

I, **Annamarie Trombetta**, hereby certify under penalty of perjury that
(print name)

on April 20, 2026, I served a copy of **Appendix Brief**
(date)

Table of Contents, SDNY Contact Sheet, SDNY 18-cv-0993 Doc. #1 thru Doc. 557, Five Orders, Judgment , Notice of Appeal
(list all documents)

by (select all applicable)**

___ Personal Delivery          ___ United States Mail          ___ Federal Express or other Overnight Courier

___ Commercial Carrier          **X** E-Mail (on consent)

on the following parties:

| Adam R. Bialek | 150 East 42nd Street | New York | New York | 10017 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Jana S. Farmer | 1133 Westchester Avenue | White Plains | New York | 10604 |
| Name | Address | City | State | Zip Code |
| Anderson J. Duff | 353 Ocean Avenue | Brooklyn | New York | 11226 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

April 20, 2026

Today's Date

Annamarie Trombetta

Signature

Certificate of Service Form (Last Revised 12/2015)