UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): __25-817__                                          Caption [use short title]

Motion for: __DEFENDANT-APPELLEE WORTHPOINT__

__CORPORATION'S MOTION TO DIRECT APPELLANT__                    Trombetta

__TO FILE A CONFORMING BRIEF__                                      v.

                                                                 Novocin

Set forth below precise, complete statement of relief sought:

Defendant-Appellee, by and through its undersigned

 counsel, respectfully moves this Court, pursuant to the

Federal Rules of Appellate Procedure (FRAP) 27 and 28, and

Second Circuit Local Rules 27.1 and 32.1 for an order

directing Plaintiff-Appellant to file a corrected, conforming

appellate brief that complies with FRAP and this Court's Local Rules.

MOVING PARTY: __Defendant-Appellee WorthPoint__        OPPOSING PARTY: __Plaintiff- Appellant Trombetta__

| ☐ Plaintiff | ☒ Defendant |
| ☐ Appellant/Petitioner | ☒ Appellee/Respondent |

MOVING ATTORNEY: __Adam R. Bialek__          OPPOSING ATTORNEY: _____

[name of attorney, with firm, address, phone number and e-mail]

Adam R. Bialek, Wilson Elser, 150 East 42nd Street, NY   New York, NY 10017, adam.bialek@wilsonelser.com, (212) 915-5133

Anderson J. Duff, 353 Ocean Ave., Brooklyn, NY 11226   anderson@revisionlegal.com, (646) 450-3607

Court- Judge/ Agency appealed from: __Judge Laura Taylor Swain__

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): Plaintiff is proceeding pro se.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date: _____

Signature of Moving Attorney:
_____ Date: May 14, 2026     Service : ☐ Electronic ☒ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# N THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

| | |
|---|---|
| Annamarie Trombetta, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Norb Novocin, Marie Novocin, | ) |
| Estate Auctions, Inc. | ) |
| and WorthPoint Corporation | ) |
| | ) |
| Defendants-Appellees | ) |

**Civil Action No:** 18-cv-00993 (RA) (SLC)

**Court of Appeals Docket No.:** 25-817

_____)

## DEFENDANT-APPELLEE WORTHPOINT CORPORATION'S MOTION TO DIRECT APPELLANT TO FILE A CONFORMING BRIEF

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

_Attorneys for Defendant-Appellee WorthPoint Corporation_

Counsel:     Adam R. Bialek
              Jana Slavina Farmer
              Wisaal Jahangir

335797354v.1

Defendant-Appellee WorthPoint Corporation ("WorthPoint" or "Appellee"), by and through its undersigned counsel, respectfully moves this Court, pursuant to the Federal Rules of Appellate Procedure (FRAP) 27 and 28, and Second Circuit Local Rules 27.1 and 32.1, for an order directing Plaintiff-Appellant Annamarie Trombetta ("Appellant") to file a corrected, conforming appellate brief that complies with the FRAP and this Court's Local Rules.

## I. <u>INTRODUCTION</u>

On or about April 20, 2026, Appellant served her opening brief (the "Brief") in this appeal from the United States District for the Southern District of New York, Case No. 18-CV-0993 (Swain, J). The Brief purports to challenge multiple orders of the district court granting summary judgment in favor of Appellees on claims of copyright infringement, Digital Millennium Copyright Act violations, Visual Artists Rights Act violations, Lanham Act violations, and fraud.

Appellant's Brief is replete with deficiencies that violate both the FRAP and this Court's Local Rules. The Brief fails to comply with the mandatory requirements of FRAP 28 regarding content and organization, FRAP 32 regarding form, and Second Circuit Local Rules 28.1 and 32.1. The Brief's failures include organizational non-compliance, conflating of arguments with evidence, embedding of exhibits and images within the Brief's body, inconsistent formatting, and a

1

noncompliant certificate of compliance, all of which, cumulatively, render the Brief unfit for appellate review and impose an undue burden on both this Court and the Appellees who must respond to it.

Additionally, the question of the timeliness of Appellant's Brief is worthy of this Court's consideration. Appellant served her Brief at 11:51pm on April 20, 2026, the final day of the briefing deadline, which the Court had already extended from the prior deadline of April 16, 2026, while the original briefing schedule had rendered her Brief due November 6, 2025. Notably, after submitting her Brief, Appellant sent three follow-up emails containing the appendix, with the last transmitted at 1:59am on April 21, 2026, after the deadline had passed. Then, beginning around 11:00pm on April 22, 2026, and continuing until just after 11:00am on April 23, 2026, Appellant served a series of additional emails containing what she characterized as "correction files" (ostensibly, "corrected" or updated versions of her exhibits and appendix). The piecemeal, post-deadline nature of these filings is indicative of the lack of preparation and disregard for procedural rules that pervade the Brief as a whole.

## II.  LEGAL STANDARD

This Court possesses inherent authority and express authority under the Federal Rules of Appellate Procedure and its Local Rules to manage its docket, enforce compliance with procedural rules, and require parties to file conforming

2

335797354v.1

briefs. FRAP 28 prescribes mandatory content requirements for appellant's briefs, and FRAP 32 imposes mandatory formatting and length requirements. While pro se plaintiffs are given great latitude, they are not exempt from these rules.

The Second Circuit has consistently enforced these requirements, recognizing that compliance with the rules of appellate procedure is essential to the orderly administration of justice and the ability of opposing parties and the Court to address the merits of an appeal. While this Court may afford certain latitude to pro se litigants, pro se status does not excuse wholesome noncompliance with the rules governing appellate briefs. Plaintiff/Appellant's piecemeal service of the improperly drafted appellate papers has encroached on Appellee's time to respond. The deficiencies in Appellant's Brief further make it onerous for the Appellee to respond within the ordinary timeframe and exacerbates the work that Appellee's counsel will need to do to address the deficiencies in the brief.

### III. <u>DEFICIENCIES IN APPELLANT'S BRIEF</u>

#### i. **Violations of FRAP 32 (Form of Briefs)**

*A. Noncompliant Cover Page (FRAP 32(a)(2))*

FRAP 32(a)(2) requires that the cover of an appellant's brief include: (A) the number of the case centered at the top; (B) the name of the court; (C) the title of the case as prescribed by FRAP 12(a); (D) the nature of the proceeding and the name of the court below; (E) the title of the brief, identifying the party or parties for whom

3

the brief is filed; and (F) the name, office address, telephone number, and email address of counsel representing the party for whom the brief is filed.

Appellant's cover page is deficient in several respects. The cover bears the title "APPEAL'S BRIEF" rather than the proper designation "Brief for Plaintiff-Appellant" or "Brief of Appellant." The cover omits the required "nature of the proceeding" (i.e., "On Appeal from a Judgment of the United States District Court for the Southern District of New York"), and while it lists Appellant's address, it omits the required telephone number and email address.

Additionally, the cover improperly lists individual employees (William Seippel and Jason Packer) as separate defendants below the named corporate party, even though these individuals were not named party-appellees in the caption as reflected in the district court docket. Jason Packer and Worthpoint.com were removed from the Caption on July 16, 2020 (Doc. 80) pursuant to an endorsement on a letter filed by WorthPoint. William Seippel was later dismissed from the case. Neither of those orders was appealed. The district court's final judgment (Doc. 538) entered judgment in favor of "WorthPoint" on all claims, not against Packer or Seippel individually. The judgment entered was against the corporate entity, Estate Auctions, Inc., and the individual Novocins, and the dismissal was in favor of the corporate entity, WorthPoint, not against Packer or Seippel individually. Accordingly, the inclusion of Jason Packer, William Seippel, and

4

Worthpoint.com on the Brief's cover page appears to identify them as a party-appellee when they are not. Appellant's appeal lacks clarity to know exactly what she is claiming, and her confusing Brief strays from the notice of the appeal she filed. In her notice of appeal, Appellant specifically appeals "all aspects of the March 7, 2025 memorandum, judgment and order." (Dkt. 4). Despite the scope of the appeal being limited to only the March 7, 2025, order, Appellant's Brief does not concisely state so, and instead raises other, extraneous issues and claims.

B. *Noncompliant Line Spacing and Margins (FRAP 32(a)(4))*

FRAP 32(a)(4) requires that text must be double-spaced, margins must be at least one inch on all four sides, and no text other than page numbers may appear in the margins.

The Brief contains substantial portions that are single-spaced or have reduced line spacing, based on the volume of text and the embedded exhibits and document inserts. Specifically, the almost 11 pages of Statement of Issues Presented for Review are all single spaced. The Brief also contains numerous handwritten annotations in the margins and embedded images and text that extend into the margins in violation of FRAP 32(a)(4).

C. *Noncompliant Typeface and Type Size (FRAP 32(a)(5)-(6))*

FRAP 32(a)(5) requires that a brief use either a proportionally spaced typeface of 14-point or larger for text and footnotes, or a monospaced typeface of no more

335797354v.1

than 10½ characters per inch. FRAP 32(a)(6) requires that the text of a brief be set in a plain, roman style, with italics or boldface permitted only for emphasis.

Appellant's Brief uses multiple, inconsistent typefaces and type sizes throughout. Portions of the Brief appear in a standard serif or sans-serif font, while other portions (particularly embedded document excerpts, court orders, and other inserts) appear in different fonts, sizes, and styles. The embedded content includes text that is visibly smaller than 14-point type, compressed formatting, and varying line spacing. The inconsistency in typeface and type size occurs throughout the entire *65*-page Brief and renders it noncompliant with FRAP 32(a)(5) and (6). Furthermore, the certificate of compliance does not identify the typeface, type style, or font size used.

D. *Embedded Images, Screenshots, and Document Reproductions*

Although FRAP 32 does not expressly prohibit images within a brief, the Brief's extensive embedding of photographs, screenshots, scanned document excerpts, newspaper clippings, certificates of incorporation, email printouts, deposition excerpts, court orders, eBay receipts, and handwritten annotations throughout the body of the Brief violates the form requirements of FRAP 32 and the purpose of FRAP 30's appendix rules.

These materials inflate the word count, disrupt the uniform formatting required by FRAP 32(a), and at best would belong in the appendix under FRAP 30,

6

not in the body of the Brief. Virtually every substantive section of the Brief (including the corporate disclosure statement, the jurisdictional statement, the statement of issues, the statement of the case, the statement of facts, and the argument) contains multiple embedded document reproductions.

*E. Brief Exceeds the Page and Word Limit (FRAP 32(a)(7); Local Rule 32.1(a)(4)(A))*

FRAP 32(a)(7) accepts a principal brief of 30 pages, or otherwise a principal brief that contains no more than 13,000 words or uses a monospaced face containing no more than 1,300 lines of text. Second Circuit Local Rule 32.1(a)(4)(A) limits a principal brief to 14,000 words. Appellant filed a motion on April 2, 2026, to extend the word limit to between 18,000 and 20,000 words (Dkt. 52.1), and this Court expressly denied the motion for leave to file an oversized brief on April 14, 2026 (Dkt. 61.1). Appellant was advised by this Court on January 15, 2026, that a principal brief may not exceed 14,000 words (Dkt. 50.1).

Appellant's Brief, standing at 65 pages, exceeds the 30-page limit, even when not counting the cover page, disclosure statement, table of contents, or table or authorities per FRAP 32(f).

Appellant's Certificate of Compliance states that "this brief contains 14,000 words or less." However, the certificate does not state the actual word count of the Brief, as required, but instead uses the vague and impermissible formulation "14,000

7

words or less," which provides no verifiable information regarding the Brief's actual length. As noted above, Appellant was informed by this Court on January 15, 2026, that a principal brief may not exceed 14,000 words (Dkt. 50.1). Moreover, replacing argument with PDF reproductions of prior arguments and submissions to the Court does not excuse the Appellant from counting those words in her calculation. To allow such conduct would allow any litigant to create an image for purposes of expanding a word count without counting the words in the image.

*F. Noncompliant Certificate of Compliance (FRAP 32(g))*

FRAP 32(g)(1) requires that a brief include a certificate of compliance that states "the number of words in the document" as "counted by the word-processing system used to prepare the document." The certificate must conform to Form 6 in the Appendix of Forms to the Federal Rules of Appellate Procedure.

Appellant's certificate states only: "I, Annamarie Trombetta certify that this brief contains 14,000 words or less." This certificate is deficient because it: (1) fails to state the actual number of words; (2) fails to identify the word-processing system used; (3) fails to state that the Brief complies with the applicable type-volume limitation of FRAP 32(a)(7)(B); and (4) does not conform to the required Form 6 format. FRAP 32(g)(1) requires the certificate to "state the number of words," not an approximation or range. The vague certification "14,000 words or less" does not satisfy this requirement. Additionally, given the Brief's 65 pages and dense content

8

(including embedded exhibits and images), it is questionable whether the Brief actually falls within the 14,000-word limit.

### ii. Violations of FRAP 28 (Content and Organization of Briefs)

*A. Noncompliant Corporate Disclosure Statement (FRAP 28(a)(1) and 26.1)*

FRAP 28(a)(1) requires that a brief include the corporate disclosure statement mandated by FRAP 26.1. FRAP 26.1 requires only a statement identifying any parent corporation and any publicly held corporation owning 10% or more of a party's stock.

Appellant's "corporate disclosure statement" spans approximately three full pages (pages 4 through 6 of the Brief) and far exceeds the scope of the required disclosure. Rather than providing the simple identification required by FRAP 26.1, Appellant's statement contains extensive argumentative narrative about the Novocins' bankruptcy proceedings, settlement proposals, the history of Estate Auctions, Inc.'s incorporation and forfeiture, embedded images of certificates of incorporation from the Delaware Secretary of State, excerpts from a Delaware Business Times newspaper article, excerpts from prior litigation involving WorthPoint, and Appellant's characterization of the parties' business dealings. This material is argumentative, irrelevant to the disclosure's purpose, and improperly placed.

335797354v.1

## B. Noncompliant Jurisdictional Statement (FRAP 28(a)(4))

FRAP 28(a)(4) requires a statement providing "the basis for the court of appeals' jurisdiction" along with identification of the relevant statutes, the filing dates of the operative judgment and notice of appeal, and an assertion of timeliness.

Appellant's jurisdictional statement spans approximately ten pages (pages 11 through 20 of the Brief) and vastly exceeds the scope of what FRAP 28(a)(4) contemplates. Far from a concise statement of jurisdiction, the section contains lengthy factual narrative, argument regarding the merits of Appellant's claims, block quotations from district court opinions, embedded images of court documents, discussion of the alleged disappearance of court filings, assertions of judicial bias, and references to exhibits.

## C. Noncompliant Statement of Issues (FRAP 28(a)(5))

FRAP 28(a)(5) requires "a statement of the issues presented for review." Appellant's Statement of Issues spans approximately ten pages (pages 21 through 31 of the brief). Rather than containing a concise listing of discrete legal questions, Appellant's Statement of Issues enumerates dozens of repetitive, argumentative, and often multi-sentence questions, many of which are rhetorical rather than legal in nature. These questions are interspersed with block quotations from Judge Swain's Memorandum Opinion, embedded data tables, and extensive factual assertions. Many questions direct the Court to review specific docket entries and exhibit pages,

10

335797354v.1

which is inappropriate for a statement of issues. The Statement of Issues is so voluminous and argumentative that it fails to apprise either this Court or Appellees of the discrete legal questions actually presented on appeal.

*D. Noncompliant Statement of the Case and Statement of Facts (FRAP 28(a)(6))*

FRAP 28(a)(6) requires "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record."

Appellant's Statement of the Case (beginning at page 32) does not provide a concise procedural history. Instead, it intermixes procedural history with argument, unsupported and meritless characterizations of the evidence as "fraudulent" and "counterfeit," references to exhibits embedded in the text, and extensive advocacy for the merits of Appellant's claims. The section fails to present the procedural history in a neutral, organized manner that would assist the Court in understanding the progression of the case below.

Appellant's Statement of Facts (beginning at page 35) spans approximately nine pages and contains multiple embedded images and document excerpts, including email printouts, payment notices, eBay receipts, and charts. Rather than citing to the appendix, the Statement of Facts directs the reader to specific district

11

court docket entries and exhibit pages, contrary to the requirements of FRAP 28(e) and FRAP 30.

### E. Noncompliant Summary of Argument (FRAP 28(a)(7))

FRAP 28(a)(7) requires a "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings."

Appellant's Brief does not contain a compliant summary of the argument. While the Brief includes a section captioned "Summary of the Argument" beginning at approximately page 56, this section does not provide the succinct, clear, and accurate overview that FRAP 28(a)(7) contemplates. Instead, it continues the pattern exhibited throughout the Brief of interweaving factual assertions, argumentative advocacy, and references to embedded exhibits, rather than distilling the legal arguments into a concise summary that would orient the reader to the structure and substance of the argument to follow. A proper summary of the argument should identify each discrete legal issue on appeal and briefly state the appellant's position on each; Appellant's purported summary fails to do so. Such failure hampers the Appellee's ability to determine the exact arguments it needs to counter in its brief.

### F. Noncompliant Argument Section (FRAP 28(a)(8))

FRAP 28(a)(8) requires that the argument section contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of

12

335797354v.1

the record on which the appellant relies." The argument must set forth the applicable standard of review for each issue.

Appellant's Argument section (beginning at page 60) is relatively brief compared to the improperly inflated preceding sections and lacks the organized, point-by-point legal analysis required. The Brief does not include a statement of the applicable standard of review for any issue presented on appeal. The argument is disorganized, mixing factual assertions (often inaccurate) with legal conclusions (also inaccurate), and fails to separately address each claim (copyright infringement, DMCA, VARA, Lanham Act, fraud) with discrete legal analysis supported by relevant authority.

Moreover, much of the substantive argument that should appear in this section has been improperly scattered throughout the jurisdictional statement, statement of issues, statement of the case, and statement of facts. Indeed, Appellant devotes approximately sixteen pages (pages 43 through 58) to sections captioned "Appellant's Claims," "Appellant's Appeal of the Lanham Act," "Fraud Rule 9," and "Summary of the Argument," all of which contain substantive legal argument but are placed outside the formal Argument section, in violation of FRAP 28(a)'s prescribed organizational structure.

13

G. *Noncompliant Record References (FRAP 28(e))*

FRAP 28(e) requires that references in a brief to parts of the record be made using the abbreviation and form prescribed in FRAP 28(e) and must cite to the relevant page of the appendix.

Throughout the Brief, Appellant references district court docket entries by their ECF document number (e.g., "Doc. 538," "Doc. 517-4 p. 30") rather than citing to the pages of the appendix filed pursuant to FRAP 30. While a handful of references do cite to appendix pages, the vast majority of record references throughout the Brief use district court document numbers rather than appendix page citations, in violation of FRAP 28(e). Such conduct will require the Appellee to review separate docket entries, further burdening the Appellee in preparing its respondent's brief.

### iii. Untimely and Piecemeal Service of the Appendix and Unauthorized Post-Deadline "Correction Files"

FRAP 31(a) requires that the appellant serve and file a brief within the time provided by the rules or by order of the court. FRAP 30(a) requires that the appellant file an appendix "with the brief."

Appellant has filed multiple motions for an extension of time to file her Brief, including on August 4, 2025 (which was denied as unnecessary) and on April 2, 2026, along with supplementary papers on April 8, 2026 (Dkt. 44, 45, 52, 53). The

14

335797354v.1

Court ultimately granted her an extension and made clear she had until April 20, 2026, to file the opening brief (Dkt. 61.1).

Here, although Appellant's Brief was served at 11:51 p.m. on April 20, 2026 (the last day of the briefing deadline), the three emails containing the appendix were not completed until 1:59 a.m. on April 21, 2026, after the deadline had expired. The appendix was therefore not served concurrently with or even on the same day as the Brief, in violation of FRAP 30(a) and Local Rule 30.1.

More troubling, beginning at 11:13 p.m. on April 22, 2026, and continuing until just after 11:00 a.m. on April 23, 2026 (two to three days after the briefing deadline), Appellant served a series of additional emails containing purported "correction files," which consisted of revised or updated versions of her exhibits and appendix. Appellant did not seek leave of this Court before serving these supplemental materials, nor did she file a motion for leave to amend or correct her Brief or appendix. Nor did she meet and confer with Appellee's counsel to determine whether we would have any position on such "correction."

There is no provision in the Federal Rules of Appellate Procedure or this Court's Local Rules that permits a party to unilaterally revise, supplement, or replace appendix materials after the briefing deadline has passed. Appellant's unauthorized post-deadline submissions should be stricken, or at a minimum, disregarded.

15

335797354v.1

### iv. Violations of Second Circuit Local Rules

*A. Local Rule 28.1 — Content Requirements*

Second Circuit Local Rule 28.1 requires that a brief adhere to specific content requirements, including that it "be concise, logically arranged with proper headings, and free of irrelevant matter." This Court has authority under Second Circuit Local Rule 28.1 to disregard a brief that does not comply with this rule.

As detailed above, Appellant's Brief fails to satisfy these requirements. The statement of issues is voluminous and argumentative rather than concise, the statement of the case intertwines advocacy with procedural history in a manner that obscures rather than clarifies the proceedings below, and the Brief is riddled with irrelevant matter that Appellees and this Court must parse through.

*B. Local Rule 32.1 — Form Requirements*

Second Circuit Local Rule 32.1 incorporates and supplements the form requirements of FRAP 32.

As discussed above, Appellant's Brief violates multiple provisions of FRAP 32, including the typeface and type-size requirements, the word-count limitation, and the certificate of compliance requirements. The Brief's extensive use of embedded images, documents, and non-uniform formatting further renders it noncompliant with the form standards prescribed by this Court's Local Rules.

*C. Local Rule 30.1 — Appendix Requirements*

Second Circuit Local Rule 30.1 requires that the appendix be served and filed concurrently with the brief. Under Local Rule 30.1, only if the parties stipulate, or if the court on motion directs, the parties may file a deferred appendix as provided in FRAP 30(c).

As described above, Appellant's appendix was not completed until around 2:00 a.m. on April 21, 2026, after the April 20, 2026, briefing deadline had expired. Appellant then served unauthorized "correction files" containing revised exhibits and appendix materials between April 22 and April 23, 2026, without seeking leave of Court or stipulation from Defendants. This piecemeal, post-deadline service of the appendix violates Local Rule 30.1 and undermines the orderly appellate process.

## IV.  PREJUDICE TO APPELLEE AND INTEREST OF JUDICIAL EFFICIENCY

WorthPoint is materially prejudiced by the Brief's noncompliance. WorthPoint cannot meaningfully respond to a brief that scatters its arguments across multiple sections that are supposed to serve different functions, embeds exhibits within the body of the brief rather than the appendix, fails to present discrete legal issues for review, and seems to exceed the applicable word limit. WorthPoint is further prejudiced by Appellant's unauthorized post-deadline "correction files," which create uncertainty as to which version of the appendix and exhibits constitutes

17

335797354v.1

the operative filing, and which force Appellees to expend resources reviewing and comparing multiple iterations of materials that should have been finalized before the briefing deadline. The Brief's organizational deficiencies force Appellees to expend significant time and resources attempting to discern the actual legal arguments being raised, the standards of review Appellant invokes, and the specific record evidence on which Appellant relies. The failure to provide proper appendix citations requires Appellees to independently locate and verify each record reference, a burden that FRAP 28(e) and FRAP 30 are specifically designed to eliminate.

The Appellees recognize that Appellant is a Pro Se litigant (albeit one who has a long history of filings and interactions with the Court) who should be granted some latitude when it comes to the specific rules of court. However, this should not be granted to the extent that it causes the Appellees to incur more expense trying to decipher the Appellant's true arguments and support. Appellant is not requesting a complete disregard of Appellant's appeal, but rather is seeking to have the Appellant comply as closely as possible to the rules such that the Appellees can respond to the exact issues Appellant is raising.

Moreover, the interest of judicial efficiency is served by requiring a conforming brief before merits briefing proceeds. Permitting the Brief in its current form to stand would burden this Court with the task of parsing through a disorganized and improperly formatted submission, delay the resolution of this

18

appeal, and potentially require this Court to address threshold procedural issues at the merits stage. Ordering a conforming brief at this juncture will ensure that all parties and the Court are able to address the merits of this appeal adequately, in accordance with the rules that govern proceedings in this Court.

## V.    PRAYER FOR RELIEF

WHEREFORE, Defendant-Appellee WorthPoint Corporation respectfully requests that this Court enter an order:

1.  Directing Appellant to file a corrected, conforming brief and appendix that fully comply with Federal Rules of Appellate Procedure 28, 30, and 32, and Second Circuit Local Rules 28.1, 30.1, and 32.1, within fourteen (14) days of the date of the Court's order;

2.  Striking or disregarding Appellant's unauthorized post-deadline "correction files" served between April 22 and April 23, 2026;

3.  Tolling WorthPoint's deadline to file its responsive brief until thirty (30) days after service of Appellant's conforming brief and appendix;

4.  Granting such other and further relief as this Court deems just and proper.

Dated: May 14, 2026                    Respectfully submitted,

                                       Adam R. Bialek, Esq.
                                       Jana A. Slavina Farmer, Esq.
                                       Wisaal Jahangir, Esq.

19

335797354v.1

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

150 East 42nd Street
New York, NY 10017
*Attorneys for Defendant-Appellee
WorthPoint Corporation*

20

335797354v.1

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains fewer than 5,200 words, excluding the parts of the motion exempted by FRAP 32(f).

Dated: May 14, 2026

_____

Adam R. Bialek
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, NY 10017
*Attorneys for Defendant-Appellee*
*WorthPoint Corporation*

21

335797354v.1