UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-817

Caption [use short title]

Motion for: Plaintiff-Appellant's Opposition Reply

to Appellee WorthPoint Corporation's Motion

To File A Conforming  Brief  by Appellant

Annamarie Trombetta

vs.

The Novocins, EAI and

WorthPoint Corporation

Set forth below precise, complete statement of relief sought:

Appellant is filing a Reply Letter Opposing Appellee's Motion

to Strike my timely filed Appeal's Appendix  bate stamped April 21, 2026

and Appellant's Appeals Exhibits bate stamped April 23, 2026

MOVING PARTY: Annamarie Trombetta     OPPOSING PARTY: The Novocins, EAI and WorthPoint Corp.

☑ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Annamarie Trombetta     OPPOSING ATTORNEY: Adam R. Bialek

[name of attorney, with firm, address, phone number and e-mail]

Adam R. Bialek  Wilson Elser 150 East 42nd Street     New York 10017  adam.bialek@wilsonelser.com(212) 915-5133

Jana S. Farmer Wilson Elser  1133 Westchester Avenue     New York 10604 jana.farmer@wilsonelser.com(914)872-7247

Anderson J. Duff        353 Ocean Avenue     Brooklyn New York 11226 ajduff@hoganandduff.com

Court- Judge/ Agency appealed from: Judge Laura Taylor Swain

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?  ☐ Yes ☐ No

Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes ☑ No  If yes, enter date: _____

Signature of Moving Attorney: _____ Date: May 18, 2026     Service : ☑ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Case No. 25-817                                    Title: Trombetta v. Novocin & WorthPoint Corporation
                                                            Appellant v. Defendants ~ Appellees

RE: S.D.N.Y ~N.Y.C
18-cv 0993 ~ Magistrate Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, New York 10007
May 18, 2026

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

### IN SUPPORT OF APPELLANT'S TIMELY FILED APPEAL'S APPENDIX AND EXHIBITS

Pro Se Appellant, is contacting the Court of Appeals to Reply to Appellees' Motion in Doc, 74, also filed in Doc. 69, to refile my Brief and prevent striking my timely filed, bate stamped Appeal's Appendix and Exhibits. Appellees' Motion in Doc 74 is fraught with misinformation consistent with the unending false and fraudulent evidence produced by both Defendants, overlooked by the district court which is the reason for my Appeal. For the record, after my Dec. 19, 2022, Amended Complaint for Fraud was filed, Defendants attorneys kept trying to have me refile the same Complaint many times as a means to elongate and complicate litigation. Now, in an attempt to continue to create chaos or mistakes in the Appeals court, the attorneys are finding fault with my Brief, Appendix and Exhibits, requesting them to be refiled or stricken, in Doc. 69 and 72. For the record, I contacted my case manager and two other Appeals Court clerks by phone and in person many times, to find out how many pages I can file, how the word count is calculated and when my Appeal's Brief and Appendix were due. As a Pro Se Appellant, I depend on my case manager and the Appeal's Court office clerks for the correct information. I was informed the word count begins after the Statement of Subject Matter. I electronically filed my Brief and Appendix on time. As per required, I filed printed copies of my Brief and Appendix in person, bate stamped April 21, 2026. On this day, I was told I had to file three copies of Appeals Exhibits, by April 23, 2026. Appellees attorneys are criticizing a Pro Se Appellant, knowing the deadline to file their scheduling notification was 14 days after my filings which was May 7, 2026. Appellees filed late responses on or after May 13, 2026, a seven day delay. As attorneys, they are required to know the rules and file on time. I am opposing and requesting my timely filed Appeals Appendix and Exhibits with bate stamped dates, remain on the docket. If I made unintended errors in my Brief, it is due to it being my first Brief. I ask the Court to inform me. so I can refile the necessary corrections as soon as possible.

I hope the Court of Appeals realizes now, why I requested a Pro Bono attorney in Doc. 40 and in Doc. 49 and again in my April 8, 2026 letter. It is clear, based on my filed evidence, the only way both Appellees' can escape liability is to point out minor technical imperfections in my Appea'ls Brief. I note, in my April 8, 2026 letter I asked the Court if I could include inserts of visual text or photos of my evidence in my Brief for the purpose of clear communication. Now in Doc. 69, on page 7 and filed again in Doc. 72 on page 8, Appellees are complaining about my inserted text and visuals within my Appeal's Brief, which FRAP 32 (a) (1) (C) expressly permits.

More importantly, the significance and reason for my Appeal has to do with the two forgeries on a counterfeit painting which was publicly displayed and advertised on the internet for over two years, when in 2015, I informed Appellees it was false. In eleven years, neither Appellees identified the name, gender or source of the signer of these two forged signatures. This unknown status verifies the definition of forgeries defined below. In addition to Appellees failure to identity any person to the two forged signatures, both Appellees, especially Estate Auctions Inc. failed to produce a Court Ordered electronic email of the 2012 eBay painting sale's receipt, violating FRCP 37 (b). Forgeries definition insert at the right :

*plural* **forgeries**

1. the crime of falsely making or altering a writing by which the legal rights or obligations of another person are apparently affected; simulated signing of another person's name to any such writing whether or not it is also the forger's name.

2. the production of a spurious work that is claimed to be genuine, as a coin, a painting, or the like.

3. something, as a coin, a work of art, or a writing, produced by forgery.

4. an act of producing something forged. forge.

**FORGED SIGNATURE ON THE INTERNET ON THE FRONT OF THE 1972 PAINTING**

**FORGED RED SIGNATURE WRITTEN IN WORTHPOINT'S AD ON BACK OF 1972 PAINTING**




Moreover, Appellees are objecting I listed WorthPoint's owner Will Seippel and employee Jason Packer in my Appeal. I, indeed, verified the inclusion of these names with my Appeals' Court case manager and the clerks because both names appear on the district court docket in CV 18-0093 and on the Appeal's Docket under parties. Most importantly, Will Seippel issued a Declaration in Doc. 61, filed on June 29, 2020. Jason Packer issued a Declaration produced on Jan. 19, 2023, which had visual charts purporting Mr. Packer permanently removed the fraudulent 1972 Oil Painting Man With Red Umbrella webpage on Feb. 3, 2016. Significant to this fraudulent claim are Packer 's false charts purporting I used my artist website email address annamarie@trombettaart.com to contact WorthPoint which is a blatant lie. Both filed declarations, one by Jason Packer as Attachment 6 in Doc. 475 filed on April 17, 2023 and Will Seippel's Declaration state he was aware of the false webpage in Jan. 2016. It was allegedly removed Feb. 4, 2016 and is filed in Doc 61-1 and as Attachment 7 filed in Doc. 475 on April 17, 2023. WorthPoint's **declarations** claim they **removed** all data from WorthPoint's website. In Doc. 517 -7 on page 24, is an email from Will Seippel to Appellant dated Feb. 20, 2016, it states. WorthPoint **will remove the false webpage.** . In my Appeals' Exhibit and inserted below is WorthPoint's email dated April 24, 2017 sent to my email trombettaart@yahoo.com. In support of my above statements, I am filing a list of Exhibits that irrefutably verify and prove the truthful facts in this case.

To the right is an excerpt from Jason Packer's Declaration with a false charts using Appellant's website email address **annamarie@trombettaart.com.** Appellant **never** used my website email address to contact WorthPoint at any time.



**Below No. 5 in Doc. 61, Will Seippel's LIE of the 1972 webpage permanent removal on Feb. 4, 2016.**

**Below is a sent email by WorthPoint April 24, 2017 to Appellant 's email trombettaart@yahoo.com.**



Annexed as **EXHIBIT #1**   Will Seippel sent email to Appellant on Feb. 20, 2016 stating he will remove false post.
Annexed as **EXHIBIT #1A** Will Seippel 's <u>2020</u>  falsely declares Feb. 4, 2016  is date of  false webpage removal.
Annexed as **EXHIBIT #2**   Jason Packer's false Declaration claiming I used  <u>annamarie@trombettaart.com</u>
Annexed as **EXHIBIT #2A**  Jason Packer's false Declaration false chart with false date Feb. 3, 2016.
Annexed as **EXHIBIT #3**  Google listing with WP's reposted  false 1972 Oil Painting webpage  April 27, 2017
Annexed as **EXHIBIT #3A** WP 's  sent email to Appellant printed out  April 27, 2017 same time as Google Listing.
Annexed as **EXHIBIT #4** Sent emails from WorthPoint to Appellant's website email <u>annamarie@trombettaart.com</u>
Annexed as **EXHIBIT #4 A** WorthPoint's Jan. 29, 2016 sent  Payment Decline email  for  WP Membership.
Annexed as **EXHIBIT #4B** WorthPoint Terms of Use sent email to Appellant on **MARCH 25, 2022** <u>during lawsuit.</u>

### IN SUPPORT  OF APPELLANT'S  REQUEST FOR PERMANENT  INJUNCTIVE RELIEF  AS A  NECESSITY

Appellant brings to the Court of Appeals attention, an email sent  on March 25th <u>in the year  **2022,**</u>  from WorthPoint,   to my professional website address <u>annamarie@trombettaart.com,</u>  six  years after Jason Packer and Will Seippel allegedly claim  all data was removed from  WorthPoint's website.   Their sent, 2022  emailed to Appellant, confirms my  email information was still in  WorthPoint's database. Jason Packer's  Declaration and  charts,  produced in  Jan. 2023 are undeniably and verifiable **FALSE.**   WorthPoint's 2022 Terms of Use sent email was two years into this  litigation.   Since August 2015, WorthPoint and  EAI,  forcibly invaded  my life,  unethically grabbed my self written  biography and caused unending problems and propaganda, that  damaged my integrity and reputation.  Their  willful deceit   and failure to initially,   permanently remove the false 1972 webpage in August 2015 conjoined with their  sent 2022 email during litigation, supports my request for  **Permanent  Injunctive  Relief.**



### PREJUDICE   TO APPELLANT AND IN THE INTEREST  OF JUDICAL PROTOCOL AND  FAIRNESS

Appellees twice filed Motion  attempts,  to block and criticize  Appellant's  Appeal 's Brief, Appendix and Exhibits,   while  concurrently Appellee's attorneys   failed  to  follow any legal protocol  regarding  the addition  of a <u>new attorney named  Wissal  Jahangir Esq</u>   listed in  both Doc. 69 and Doc. 72.   The Court of Appeals  requires all attorneys to file an application of Acknowledgment  and  Notice of  Appearance, as expressly  noted in FRAP  46. In the district court, WorthPoint's attorneys would always  changed  and added new attorneys without any  notice of appearance.  As a Pro Se  Appellant, I  objects to allowing WorthPoint's attorneys to add a new,   third  lawyer,   who has no history with the district court case  and did not follow FRAP 46,   prior filing their  Doc. 69-74  Motions.

Typical for  Defendants/Appellees  attorneys  is to  assert false statements, create unnecessary problems, block my exhibits and evidence  while concurrently assigning  a rotation of lawyers to create  the errors and chaos  they caused in this case. See Doc. 471- Omission of WP Mem or Law Motion Doc. 427.   I  point out to this Court, EXHIBIT #5,  which  verifies my childhood 1972  signatures that I produced April 2022. Despite this production WorthPoint's attorneys in July 2023 kept stating I have to   prove the signatures were authentic and mine.  Annexed as EXHIBIT# 5 is my signature with a drawing and my Girls Scout Sash with location decals.  This proves  I had nothing to do with  EAI's painting or  the fraudulent   online webpage in 2015,  which was nothing but propaganda. Defendants  delayed  Discovery and failure to produce one full eBay receipt resulted in three dissimilar,  eBay

receipts.  EAI and WorthPoint  produced ambiguous coding in the guise of one electronic eBay  sales receipt email, confirms that both parties willfully committed fraud, before, during and after  this litigation. I add that after Judge Swain's decision , EAI was reluctant  to simply pay the fine awarded by  the district court.  EAI's failure to comply with accepting responsibility for their actions from 2017  to the 2024 district court award,  further supports my timely filed Appeal.  The loss of my time,   missed career opportunities, is all due to the stubborn lies and desire of Appellees to dominate my life, to further mistreat my name and brand and to  cause continued harm to my by hindering my artistic career. Annexed as **EXHIBIT #5**  Appellent's 1972 signature in print and script with my Girl Scout Sash  location decals. Annexed as **EXHIBIT #5A**  Fraudulent 1972 painting ad dated May 7, 2017.

## APPELLANT'S  PRAYER FOR RELIEF

Wherefore the  Plaintiff- Appellant  respectfully requests  the Court  to enter an Order  to prohibit any new and unacknowledged attorney from being added to this Appeal, as I am self represented against two Appellees and three attorneys. I ask the Court of Appeals to check the dates of April 21, 2026 on all my hand delivered, bate stamped  Brief and Appendixes and the date of April 23, 2026 on my Appeals Exhibits as per  expressed as the last date to file  by the clerk of the Court of Appeals.  Please note at no time was my Appeals Brief and Appendix filed on April 22, 2026. WorthPoint's attorneys are blatantly lying, when they were over a week late in filing a scheduling notification.  If Appellant needs to correct, modify or change my Appeal's Brief , I kindly direct the Court to instruct me on doing so as I ask that the Court of Appeals  to  grant relief as it deems just and proper.

Respectfully Submitted,

Pro Se Plaintiff

———————  Electronic Signature  —————

Annamarie Trombetta

175 East 96th Street (12 R)          /s/  Annamarie Trombetta,  May 18, 2026

New York, New York  10128          _____

Annamarie   Trombetta,  Appellant

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Annamarie Trombetta

_____

v.

The Novocins, EAI and WorthPoint Corporation

_____

**CERTIFICATE OF SERVICE\***

25-817

Docket Number: _____

I, <u>Annamarie Trombetta</u>, hereby certify under penalty of perjury that
          (print name)
                                            Appellant's Opposition Letter to Appellee's Motion to Strike

on <u>Monday, May 18, 2026</u>, I served a copy of <u>_____</u>
       (date)

<u>Four page letter with 1080 Form and Certificate of Service</u>

(list all documents)

by (select all applicable)\*\*

___ Personal Delivery       ___ United States Mail       ___ Federal Express or other Overnight Courier

___ Commercial Carrier    **X** E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Adam R. Bialek | 150 East 42nd Street | New York | New York | 10017 |
| Jana S. Farmer | 1133 Westchester Avenue | New York | New York | 10604 |
| Anderson J. Duff | 353 Ocean Avenue | Brooklyn | New York | 11226 |
| Anderson J. Duff | 150 West 62nd Street | New York | New York | 10022 |
| | | | | |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

<u>May 18, 2026</u>                            <u>Annamarie  Trombetta</u>

       Today's Date                                  Signature

Certificate of Service Form (Last Revised 12/2015)