# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

Annamarie Trombetta, )
)
Plaintiff-Appellant, )
) **Civil Action No:** 18-cv-00993 (RA) (SLC)
v. )
) **Court of Appeals Docket No.:** 25-817
Norb Novocin, Marie Novocin, )
Estate Auctions, Inc. )
and WorthPoint Corporation )
)
Defendants-Appellees )
_____)

## DEFENDANT-APPELLEE WORTHPOINT CORPORATION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DIRECT APPELLANT TO FILE A CONFORMING BRIEF

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

_Attorneys for Defendant-Appellee WorthPoint Corporation_

Counsel: Adam R. Bialek
Jana Slavina Farmer

Defendant-Appellee WorthPoint Corporation ("WorthPoint" or "Appellee"), by and through its undersigned counsel, respectfully submits this reply letter in further support of its Motion to Direct Appellant to File a Conforming Brief (Dkt. 74) (the "Motion") and in response to Appellant Annamarie Trombetta's opposition letter dated May 18, 2026 (the "opposition").

**INTRODUCTION**

Appellant's opposition confirms the deficiencies identified in WorthPoint's Motion. Rather than explain how her Appellant's Brief (the "Brief") complies with the Federal Rules of Appellate Procedure ("FRAP") or this Court's Local Rules, Appellant devotes the bulk of her submission to rearguing the merits (and again submitting additional arguments and including materials that are not cited to the Record) and leveling unsupported accusations against Appellees and their counsel.

Appellant characterizes WorthPoint's Motion as an attempt to "elongate and complicate litigation." The opposite is true. Asking Appellant to comply with the procedural rules governing this Court is not an attempt to complicate matters. It is a necessary effort to establish order, to enable Appellees to respond to clearly articulated issues, and to minimize the constantly increasing and unnecessary costs of this litigation.

## I.  DEFICIENCIES IN APPELLANT'S BRIEF

### A.  Appellant Does Not Dispute the Substantive Deficiencies

The opposition does not meaningfully respond to the violations identified in WorthPoint's Motion. WorthPoint demonstrated that the Brief violates FRAP 28, 30, and 32, as well as Second Circuit Local Rules 28.1, 30.1, and 32.1. The opposition is entirely silent on the vast majority of these deficiencies.

### i. *FRAP 32 (Form) Violations*

The opposition is silent on the nearly eleven single-spaced pages in the Brief's Statement of Issues, in violation of FRAP 32(a)(4). No response is offered regarding the inconsistent typefaces and type sizes throughout, including embedded document excerpts in fonts smaller than 14-point, in violation of FRAP 32(a)(5) and (6). Nor does the opposition address that the 65-page Brief exceeds the 30-page limit, or that this Court expressly denied the motion for leave to file an oversized brief on April 14, 2026 (Dkt. 61.1). Replacing argument with PDF reproductions does not excuse counting those words. To allow otherwise would permit any litigant to circumvent word limits by embedding text as images.

### ii. *FRAP 28 (Content and Organization) Violations*

The Brief's corporate disclosure statement spans three pages of argumentative narrative rather than the simple identification required by FRAP 26.1, yet the opposition offers no response to the Motion's mention of this violation. Similarly

unaddressed is the Brief's jurisdictional statement, which spans ten pages of merits argument rather than the concise statement contemplated by FRAP 28(a)(4). The Brief's Statement of Issues comprises ten pages of rhetorical questions rather than discrete legal questions required by FRAP 28(a)(5), and the Statement of the Case intermixes procedural history with advocacy rather than providing the neutral procedural history required by FRAP 28(a)(6), which are both deficiencies ignored in the opposition. Furthermore, the Argument section of the Brief omits any statement of the applicable standard of review, and the Brief references District Court docket entries rather than appendix pages, in violation of FRAP 28(e). None of these violations are addressed in Appellant's opposition. And none have been remediated since, despite notice of same.

### iii. *Local Rule Violations*

Appellant's opposition fails to address the Brief's noncompliance with Local Rule 28.1, which requires a brief to "be concise, logically arranged with proper headings, and free of irrelevant matter." This Court has authority under Local Rule 28.1 to disregard a noncompliant brief.

### iv. *Scope of the Appeal*

Also unaddressed is that the troubling issue that Notice of Appeal specifically appeals "all aspects of the March 7, 2025 memorandum, judgment and order" (Dkt. 4), yet the Brief raises extraneous issues beyond the scope of that order.

3

v. *Appellant's Excuses Do Not Excuse Noncompliance*

Rather than address these deficiencies, Appellant asserts that "if I made unintended errors in my Brief, it is due to it being my first Brief." Appellant cannot simultaneously claim ignorance of the rules to excuse her noncompliance while attempting to wield those same rules against WorthPoint in her opposition.

Moreover, this Court has already provided Appellant guidance on multiple occasions. On January 15, 2026, the Court advised her that a principal brief may not exceed 14,000 words (Dkt. 50.1). On April 14, 2026, the Court expressly denied her motion for leave to file an oversized brief (Dkt. 61.1). Appellant's claim that she consulted clerks "many times," without showing any evidence of her efforts, yet producing a thoroughly noncompliant Brief, is simply not credible and does not excuse her failure to follow this Court's express directives.

Appellant also renews her request for pro bono counsel, which this Court has already denied on several occasions (Dkt. 46, 50, 61). The appointment of pro bono counsel would not solve the deficiencies in Appellant's Brief as the Court has provided ample guidance on this issue. Appellant's failure to adhere to Court guidance and Court rules has been consistent throughout the litigation, requiring Defendant WorthPoint to correct the record to protect its interest and defend itself, not to elongate the litigation, create chaos, or any other baseless insinuation

Appellant proclaims. This Court is not responsible for appointing pro bono counsel to a plaintiff.

### B. Appellant's Claim That FRAP 32(a)(1)(C) Permits Embedded Images Is Misplaced

Appellant contends that FRAP 32(a)(1)(C) "expressly permits" embedding visual text images in the Brief. She also seems to imply she had permission from the Court to "insert [] visual text or photos." In Appellees' Supplementary Papers to Motion (Dkt. 53), she made this request; however, the request was not addressed due to the disorganization of her submissions and requests for relief. *See*, Dkt. 61. Knowing that her motion to extend the word limit was denied (*id*.), and motion to appoint pro bono counsel was denied (*id*.), Appellant took the Court's silence on the matter as approval. It was not, and at the very least, Appellant should have sought clarification from the Court before producing a disorganized Brief.

Regardless of her request, she mischaracterizes the rule. FRAP 32(a)(1)(C) provides that "[p]hotographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original." The rule addresses the permissible *method of reproduction*, not authorization to embed "visual text," scanned documents, email printouts, court orders, newspaper clippings, certificates of incorporation, deposition excerpts, or eBay receipts throughout a brief. Simply put, the term "visual text" does not fall within "photographs, illustrations, and tables."

Even if certain photographs or illustrations were permissible under FRAP 32(a)(1)(C), the Brief's embedded materials go far beyond what that provision contemplates. These materials inflate the word count, disrupt uniform formatting, and belong in the appendix under FRAP 30. Virtually every substantive section of the Brief contains embedded document reproductions, rendering the Brief noncompliant as a whole.

### C. Appellant's Claims Regarding Timeliness Are Unavailing

Appellant asserts her Brief and Appendix were timely filed and bate-stamped on April 21, 2026. WorthPoint does not dispute that the original Brief was filed. However, beginning at 11:13 p.m. on April 22, 2026, and continuing until just after 11:00 a.m. on April 23, 2026 (two to three days after the briefing deadline), Appellant served a series of additional emails containing purported "correction files," which consisted of revised or updated versions of her exhibits and appendix. Appellant did not seek leave of this Court before serving these supplemental materials, nor did she file a motion for leave to amend or correct her Brief or appendix. Nor did she meet and confer with Appellees' counsel to determine whether they would have any position on such "corrections."

There is no provision in the Federal Rules of Appellate Procedure or this Court's Local Rules that permits a party to unilaterally revise, supplement, or replace appendix materials after the briefing deadline has passed. Appellant's claim that a

clerk "told" her to file exhibits by April 23 does not excuse the submission of corrected exhibits after the court-imposed deadline.

### D. Appellant's Inclusion of Non-Party Individuals on the Cover Is Improper

Appellant claims she "verified" including William Seippel and Jason Packer because their names appear on the docket. However, Jason Packer and Worthpoint.com were removed from the caption on July 16, 2020 (District Court Doc. 80), and William Seippel was later dismissed (District Court Doc. 187). *See also*, District Court Doc. 538. Neither dismissal was appealed. The final judgment ran in favor of "WorthPoint" as a corporate entity. Appellant's Notice of Appeal specifically appeals "all aspects of the March 7, 2025 memorandum, judgment and order" (Dkt. 4). That judgment ran in favor of WorthPoint, not against Packer or Seippel individually. Informal clerk verification does not change this legal reality.

### II. APPELLANT'S OPPOSITION IMPROPERLY RAISES MERITS ARGUMENTS AND IRRELEVANT ISSUES

Rather than addressing the procedural deficiencies at issue, Appellant devotes the bulk of her opposition to rearguing the merits, alleging forged signatures (none of which were alleged to have been performed by the Defendant/Appellee), a counterfeit painting, and purportedly false declarations by WorthPoint employees. These arguments are irrelevant to whether her Brief complies with the procedural rules.

Additionally, Appellant asserts that WorthPoint "forcibly invaded" her life and "unethically grabbed" her biography. WorthPoint denies these additional allegations; apart from being untrue, they are entirely irrelevant to the procedural motion before the Court. Appellant's continued inclusion of merit-based arguments in procedural submissions further demonstrates the organizational deficiencies WorthPoint's motion seeks to correct.

## III.   APPELLANT'S PRAYER FOR RELIEF IS IMPROPER

Appellant's opposition includes a "Prayer for Relief" requesting, among other things, that the Court prohibit the addition of new attorneys and verify her filing dates. As a threshold matter, Appellant is not the moving party and has not filed a cross-motion or proper procedural vehicle for affirmative relief. Appellant's attempt to seek relief in an opposition letter, without filing motion papers required by FRAP 27 and this Court's Local Rules, is procedurally improper and should be disregarded.

## IV.   PREJUDICE TO APPELLEE CONTINUES

WorthPoint is materially prejudiced by the Brief's noncompliance. WorthPoint cannot meaningfully respond to a brief that scatters arguments across multiple sections, embeds arguments in the form of screenshots in the body circumventing the word limit, and surpasses the court-permitted page allotment by at least 30 pages. Appellant's continued violations are not the result of lack of counsel as she suggests. If this was the case, she would not make such baseless

8

accusations against WorthPoint citing to the similar rules she fails to follow. The dereliction of following rules unnecessarily increases the costs imposed upon WorthPoint.

WorthPoint recognizes that Appellant is a pro se litigant and is not seeking dismissal of the appeal at this juncture for her ministerial mistakes (we submit that the Court will dismiss the appeal on the merits, once Appellee can submit its Brief responding to clear questions raised). While this Court may afford certain latitude to pro se litigants, pro se status does not excuse wholesale noncompliance with the rules governing appellate briefs. WorthPoint merely seeks for Appellant to comply with the rules so that Appellees can identify and respond to the precise issues raised on appeal.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Appellee WorthPoint Corporation respectfully requests that this Court enter an order:

1. Directing Appellant to file a corrected, conforming brief and appendix that fully comply with Federal Rules of Appellate Procedure 28, 30, and 32, and Second Circuit Local Rules 28.1, 30.1, and 32.1, within fourteen (14) days of the date of the Court's order;

2. Striking or disregarding Appellant's unauthorized post-deadline "correction files" served between April 22 and April 23, 2026;

9

3.  Tolling WorthPoint's deadline to file its responsive brief until thirty (30) days after service of Appellant's conforming brief and appendix;

4.  Granting such other and further relief as this Court deems just and proper.

Dated: May 26, 2026

Respectfully submitted,

Adam R. Bialek, Esq.
Jana A. Slavina Farmer, Esq.
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
150 East 42nd Street
New York, NY 10017
*Attorneys for Defendant-Appellee WorthPoint Corporation*

10

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(c) because it contains 2107 words, excluding the parts of the motion exempted by FRAP 32(f).