Case: 25-817, 07/17/2026, DktEntry: 80.4, Page 1 of 21

SA252

Case 1:18-cv-00993-LTS-SLC    Document 348-2    Filed 12/27/22    Page 16 of 27

to art colleges. I was accepted to Parsons School of Design located in lower Manhattan. The pulsating pace of this compressed cosmopolitan city was reflected in the school's curriculum. Although I did enjoy the challenges and experiences which expanded my capabilities, I was not satisfied with the level of my drawing and painting skills. In the mid Eighties I attended The New York Academy of Art which focused on teaching the history and traditional techniques from periods of art, such as the Italian Renaissance, the classical and neoclassical periods in France, as well as the Spanish, Dutch and Fleming masters. Here I studied cast drawing, grisaille painting, anatomy, dissected cadavers, yet most influential to me was geometry and perspective.

During this period I traveled once again to France and Italy to study with my teachers who offered summer classes in art history, drawing and painting. I remember when I was in the French countryside feeling as if I was walking into a huge painting. The views felt so familiar due to the talents of Monet, Pissarro, VanGogh, etc. In my solitude I would envision them, particularly VanGogh in a wheat field painting or see the circular hay stacks change colors by sunset right before my eyes. The truth captured in their paintings a century ago felt so real to me, it spiraled an indelible influence. This experience still inspires me to strive towards capturing my subjects with a sense of presence and atmosphere. Visiting Italy again, my ancestral homeland, sharpened my acuity and attraction to works of art on uniquely shaped canvases. There were so many moments that will be with me throughout my life, most notable was to see the chariot markings while walking in the ruins of ancient Rome, or to hear bells toll in St. Mark's Square, and to be within inches of some of the most revered art in the world.

When I returned to the States, the desire to develop artwork in various mediums became the goal. I started attending The National Academy School of Fine Arts to explore and prefect the media of pastels and figure painting, and also to study printmaking. During this time I was employed at The National Academy Museum. The Academy and its intriguing history filled the chasm of my knowledge for the heritage of American art while also informing me of the cultural developments in my country, particularly those in New York. The opportunity to read the Academy's books while I was working at the Museum, was an enlightening experience. I learned, most importantly, about the Hudson River School painters and their personal involvement with writer/poet William Cullen Bryant. This relationship between artists and writers of that time initiated the unfoldment of Central Park. The Park, which is adjacent to The National Academy Museum was already charted territory for my artistic expression. Learning about the creation of the Park intensified my passion for depicting it.

During my tenure at The Academy, a conversation with a museum visit led to my interest in the W.B. Yeats Society of New York , and another trip abroad. Coincidentally and perhaps synchronistically I had been attending lectures on Theosophy about the same time I was learning about Yeats. Crucial to my personal and professional development at that time was my comprehension of why Theosophy influenced the modern movement in the Arts. Yeats, like many other writers, musicians, and artists such as Mondrian and Klee, etc. drew inspiration from the philosophical texts written by the robust Russian, Madame Blavatsky. Within a few months I had won a scholarship under the auspices of the Yeats Summer School in Sligo, Ireland via the Yeats Society of New York.

A short trip to London, preceded the Summer School, where I hunted down John Singer Sargent's charcoal sketch of Yeats at the National Portrait Gallery. This inspired a trip to the Tate, and several other collections. Traveling to England first set the stage for the political, personal, and historical dynamics that I was about to encounter regarding the legacy of Yeats and of Ireland. Before the school commenced, there was a ceremonial service at Drumcliff Church where Yeats is buried. The picturesque view and the enigmatic words of his icy epitaph became etched in my memory on that day and inspired me to create a painting titled after his poem "Under Benbulben" which elaborates on his immortal words. To learn about his family, his life and his vision motivated me to begin a new chapter in creating my own work.

To culminate my journey, when I returned home I gathered the metaphorical leaves and branches that had fallen from my artistic tree, be it ancestral or archetypal and concentrated "souly" on "The Holy Tree" described in Yeats' poem "The Two Trees." This image, inspired by the milieu of a mentor miles away is a tribute to his gifts and determined ways which regenerated and awakened the visionary in me. This catalogue highlights the pictorial progression from that trip and the time that followed.

I wish to acknowledge certain individuals who have enhanced my artistic sensibilities as a person, as well as an artist. These individuals include Everett Raymond Kinstler, Raymond Steiner, Harvey Dinnerstein, Burton Silverman, the artist's in The Painting Group particularly Aaron Shikler, David Levine, Danny Schwartz, Irene Hecht. I thank them for their help and guidance in my life.

Source:
The website of the artist

EXHIBIT #13B

\** If you discover credit omissions or have additional information to add, please let us know at registrar@AskART.com.*

copyright © 2000-2014 AskART all rights reserved ® AskART and Artists' Bluebook are registered trademarks

A | B | C | D-E | F-G | H | I-K | L | M | N-P | Q-R | S | T-V | W-Z
frequently searched artists 1, 2, more...
art appraisals, art for sale, auction records, misc artists

WP000144

**SA253**

Exhibit #14

Gmail - FW: Activity in Case 1:18-cv-00993-RA-SLC Trombetta v. Novocin et al Letter

M Gmail

Annamarie Trombetta <atrombettaart@gmail.com>

## FW: Activity in Case 1:18-cv-00993-RA-SLC Trombetta v. Novocin et al Letter

**Bialek, Adam** <Adam.Bialek@wilsonelser.com>                                Fri, Dec 2, 2022 at 4:05 PM
To: Anderson Duff <ajd@hoganduff.com>, Annamarie Trombetta <annamarietrombettalegal@outlook.com>, Annamarie Trombetta <atrombettaart@gmail.com>
Cc: "Haimson, Nicole" <Nicole.Haimson@wilsonelser.com>, "Farmer, Jana S." <Jana.Farmer@wilsonelser.com>

Dear Ms. Trombetta:

I agree with Mr. Duff here. Moreover, as I previously noted and stated during the call, I was providing things **as a courtesy** to you as your fights with Mr. Duff on matters that had been resolved were taking too much time and effort and causing my client to unnecessarily spend money. This is a case where no good deed goes unpunished. I did not have to send Mr. Duff's prior production of the sales receipt, nor the meta data, but since his disclosure was available to me, I saw no reason why not to try to short circuit the issue and provide to you what had already been produced. I informed you and the Court during the call that I was doing it as a courtesy so we could put the issue to bed. If my courtesies for you are only going to generate more attacks on me, my firm and my client, then I do not need to help you. I have tried to be helpful recognizing that you are pro se and claim that you have no idea of the rules (even despite the Court's multiple explanations and directions). Your attempts to malign me for trying to be helpful will not be forgotten. And, like Mr. Duff's claims, will be used to seek reimbursement of my client's fees under Section 505 of the Copyright Act.

I strongly urge you to heed the advice of the Court. Try to pick up the phone next time and have a meet and confer. You will save time, money and aggravation of all concerned. And for someone who is so bent out of shape over a claim about her reputation since someone paid $182.50 for a damaged painting by an artist who signed the work A. Trombetta, you might consider how your intentionally misleading, frivolous and attacking misrepresentations might impact others. You have no problem sullying someone else's reputation INTENTIONALLY, while you claim what was done to you as **a simple mistake** (at best) is egregious. It is my understanding the neither my client nor the Novocins even knew who you were before this, and there has been no evidence produced to the contrary.

You close your letter with: "I truly filed this lawsuit to legally "Declare" I am not the artist, nor is it my signature on their 1972 oil painting "1972 Man With Red Umbrella. To date, neither Defendant has identified the artist." At some point, your intentions must have changed, and for reasons that defy comprehension. If you truly only wanted to declare that you are not the artist who painted the painting sold by the Novocins to Ms. Correia on eBay in 2012, then this case would have been over long ago. And, if you stepped back and considered that WorthPoint (and I presume the Novocins) had no way of knowing who painted the painting,, then you would have tried to resolve this matter long ago. Yet, you continue to believe that this case is worth hundreds of thousands of dollars and refuse to negotiate a settlement that reflects what you want. It is for that reason, you and the defendants are going to waste hundreds of more hours on a case where you cannot get from my client the relief you are seeking (nor will you prevail as there are several defenses that will prevent you from recovering anything from WorthPoint). If you instead want to address the stated intent of your lawsuit, rather than seek hundreds of thousands of dollars, please let us know. In the interim, please follow the Court's directions and refrain from your misguided attacks.

Regards,

Adam

Adam Bialek
Attorney at Law

*Motion To Dismiss* EXHIBIT

#5 — Georgia

Fulton County Superior Court
***EFILED***LW
Date: 6/14/2022 4:01 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

WORTHPOINT CORP., SHARI SEIPPEL,

AND WILLIAM SEIPPEL

Plaintiff,

vs.

ANNAMARIE TROMBETTA

Defendant

) Case
) No.:     2022CV366175
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Mary Trachian-Bradley (mtrachian@briskinlaw.com)
BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street, Suite 300, Alpharetta, GA  30009

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This __6/14/2022__ day of _____, 20 ___

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20___

Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

*No Date or Signature Empty*

Fulton County Superior Court
***EFILED***LW

*[handwritten: Motion to Dismiss]* **EXHIBIT 16**

10.

Trombetta was directed to file her purported Amended Complaint by January 17, 2020. On that date Trombetta filed a pleading entitled "Proposed Amended Complaint."

11.

Trombetta then untimely filed a pleading entitled the "Operative Amended Complaint" on February 21, 2020.

*[handwritten: Wrong]*

12.

Trombetta's Amended Complaint alleged claims against WorthPoint, worthpoint.com, WSeippel, and Jason Packer, a WorthPoint employee.

13.

On March 19, 2020, Trombetta was ordered to effect service of the Amended Complaint on WorthPoint and WSeippel. Ms. Trombetta failed to properly effect service.

14.

On April 6, 2020, Trombetta was again ordered to effect service of the Amended Complaint on WorthPoint and WSeippel no later than May 21, 2020. Ms. Trombetta failed to properly effect service.

15.

Approximately one (1) full year after filing the Amended Complaint, Trombetta arranged service of process on WorthPoint and WSeippel. On Jan 1, 2020, service was delivered via certified mail to WorthPoint. On January 4, 2020, service was delivered via Certified Mail to WSeippel and SSeippel's home residence.

*[handwritten: Wrong Year / Wrong Year]*

Page 3 of 7

1/14/2021                                      USPS.com® - USPS Tracking® Results

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

## USPS Tracking®                                                    FAQs >

*Exhibit # 8 Page 1*

*17*

Track Another Package +

---

Tracking Number: 70190160000091348478                          Remove ✕

Your item was delivered to an individual at the address at 1:54 pm on January 11, 2021 in
ROSWELL, GA 30075.



☑ **Delivered**

January 11, 2021 at 1:54 pm
Delivered, Left with Individual
ROSWELL, GA 30075

Get Updates ⌄

---

Text & Email Updates

---

Tracking History

January 11, 2021, 1:54 pm
Delivered, Left with Individual
ROSWELL, GA 30075
Your item was delivered to an individual at the address at 1:54 pm on January 11, 2021 in ROSWELL, GA
30075.

January 11, 2021, 6:10 am
Out for Delivery
ROSWELL, GA 30075

ps://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70190160000091348478                    1/2

*U.S. Postal Service™*
*CERTIFIED MAIL® RECEIPT*
*Domestic Mail Only*

*For delivery information, visit our website at www.usps.com®.*
*Roswell GA 30075*
*Certified Mail Fee   $3.55*
*Extra Services & Fees (check box, add fee as appropriate)*
*☐ Return Receipt (hardcopy)        $0.00*
*☐ Return Receipt (electronic)      $0.00*
*☐ Certified Mail Restricted Delivery  $0.00*
*☐ Adult Signature Required         $0.00*
*☐ Adult Signature Restricted Delivery  $0.00*
*Postage   $2.80*
*Total Postage and Fees   $9.20*
*01/04/2021*
*Sent To William H. Seippel Sharon A. Seippel*
*Street and Apt. No., or PO Box No. 90 Inwood Terrace*
*City, State, ZIP+4 Roswell, Georgia, 30075*
*PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions*

*Jan 11, 2021*
*Mailed 06 on Jan 4, 2021*

Exhibit A6
Page 1

Fulton County Superior Cour
***EFILED***i
Date: 10/28/2022 3:45 PN
Cathelene Robinson, Clerl

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

WORTHPOINT  CORP.,  SHARI
SEIPPEL, AND WILLIAM SEIPPEL,

    PLAINTIFFS,

V.

ANNAMARIE TROMBETTA,

    DEFENDANT.

Civil Action

File Number: 2022 CV 366175

## AFFIDAVIT OF FREDDI SIMON

STATE OF _____ New York _____ :

COUNTY OF _____ New York _____ :

PERSONALLY APPEARED before me, the undersigned officer duly authorized by law to administer oaths, MR. FREDDI SIMON, who after first being duly sworn, deposes and states as follows:

1.

My name is Freddi Simon. I am over the age of majority, and I am competent in all respects to testify regarding the matters set forth herein. I give this affidavit voluntarily in support of the Affidavit of Service filed with this Court on September 1, 2022 and dated August 30, 2022. I have personal knowledge of the facts stated herein and know them to be true and correct.

2.

I have been employed as a private process server for approximately (4) years.

1



3.

I was asked to perfect personal service on the Defendant on August 30, 2022.

4.

I was provided a picture of the Defendant and was told an address where the Defendant would be present.

5.

I was informed upon my arrival at the address noted that the Defendant was still upstairs. I waited outside of the building until such time as I saw the Defendant exit. I knew it was Defendant because I had verified the clothing worn by the Defendant on that day.

6.

At approximately 7:35 pm, I approached the Defendant and called her name several times.

7.

The Defendant was engaged in a phone call and originally failed to stop as I called her name.

8.

As Defendant was on the phone, I approached her asking her questions related to service of process. At this time, she looked up at me and stated, "sorry." *False Statement*

9.

I started handing her the Summons and Complaint. *False Statement*

10.

I was forced to place the legal documents directly on her arm, by her elbow, when the Defendant refused to extend her arm to take the Summons and Complaint.

Exhibit #18
Page 3

11.

At this time, the Defendant grabbed the Summons and Complaint and walked away.

12.

Service was perfected at approximately 7:40-7:50pm.

False Statements

FURTHER AFFIANT SAYETH NOT.

_____
FREDDI SIMON

Sworn to and subscribed before me
This 28ᵗ day of October, 2020.

_____
Notary Public

My commission expires: 9-25-2025

_____

[NOTORIAL SEAL]

SELENA INES ADAMES
NOTARY
NO. 01AD6365042
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
09-25-2025
PUBLIC
STATE OF NEW YORK

Page 3 of 3

Exhibit #9

Fulton County Superior Court
***EFILED***MH
Date: 10/31/2022 4:34 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

page 1

| | |
|---|---|
| WORTHPOINT CORP., SHARI SEIPPEL, AND WILLIAM SEIPPEL, | |
| PLAINTIFFS, | Civil Action |
| V. | File Number: 2022 CV 366175 |
| ANNAMARIE TROMBETTA, | |
| DEFENDANT. | |

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COME NOW** Plaintiffs WORTHPOINT CORP., SHARI SEIPPEL and WILLIAM SEIPPEL (hereinafter collectively referred to as "Plaintiffs") and move pursuant to O.C.G.A § 9-11-55, for judgment on all counts of Plaintiffs' ("Complaint") against Defendant ANNAMARIE TROMBETTA, and show this Court the following:

1.

Plaintiffs caused Defendant to be served personally with a true and correct copy of the Summons and Complaint, which service was perfected by a private process server on August 30, 2022, as reflected in the *Affidavit for Entry of Service* filed on September 1, 2022.

2.

Service was properly effectuated as set forth in the two (2) Affidavits of Service filed with this Court.

3.

Defendant acknowledged receipt of the Summons and Complaint on August 30, 2022.

*Exhibit #9 Page 2*

4.

More than thirty (30) days elapsed prior to Defendant sending an electronic copy of a responsive pleading. The electronic copy was (1) untimely and (2) did not effectuate proper filing within the State of Georgia.

5.

More than thirty (30) days elapsed prior to Defendant filing her first responsive pleading on November 5, 2022

6.

At the time that Defendant filed her response on November 5, 2022, Defendant was in default.

7.

No costs have been paid by Defendant, and said default has not been opened as a matter of right in the manner set forth in O.C.G.A § 9-11-55.

8.

By virtue of Defendant's failure to open her default, Defendant has admitted all well-pleaded allegations contained in the Complaint, as well as all reasonable inferences that could be drawn from such allegations. Stroud v. Elias, 247 Ga. 191, 193 (1981).

9.

The facts alleged in the Complaint show that Defendant is liable to Plaintiffs for claims for abusive litigation and emotional distress.

10.

The torts committed by Defendant were knowingly committed by Defendant within Fulton County, Georgia.

11.

Plaintiff WorthPoint Corp. is entitled to an order of default judgment against Defendant, pursuant to O.C.G.A. § 9-11-55, as to their request for Eighty Five Thousand and 00/100 Dollars ($85,000.00) in damages for abusive litigation.

12.

Plaintiff William Seippel is entitled to an order of default judgment against Defendant, pursuant to O.C.G.A. § 9-11-55, as to his request for Forty Thousand and 00/100 Dollars ($40,000.00) in damages for abusive litigation.

13.

Plaintiffs William Seippel and Shari Seippel request that the Court enter an order for default on their claim for emotional distress and set such matter for a hearing.

**WHEREFORE,** Plaintiffs pray that this Court enter a Default Judgment against Defendant showing that Plaintiffs are entitled to:

1.  Liquidated Damages in favor of Plaintiff WorthPoint Corp for Eighty Five Thousand and 00/100 Dollars ($85,000.00) for abusive litigation.

2.  Liquidated Damages in favor of Plaintiff William Seippel for Forty Thousand and 00/100 Dollars ($40,000.00) for abusive litigation.

3.  Damages for infliction of emotional distress and attorney fees in an amount to be determined by the Court; and

3.  Such further relief as the Court should deem just and appropriate.

Respectfully submitted this 31st day of October, 2022.

BRISKIN, CROSS & SANFORD, LLC

By: /s/ Mary Trachian-Bradley
    Mary Trachian-Bradley
    Georgia Bar Number 774440
    Attorney for Plaintiffs

33 South Main Street, Suite 300
Alpharetta, GA 30009
(770) 410-1555
(770) 410-3281 (fax)
mtrachian@briskinlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via electronic filing which

provides service on all parties of record.

Respectfully submitted this 31st day of October, 2022.

BRISKIN, CROSS & SANFORD, LLC

By: /s/ Mary Trachian-Bradley
    Mary Trachian-Bradley
    Georgia Bar Number 774440
    Attorney for Plaintiffs

33 South Main Street, Suite 300
Alpharetta, GA 30009
(770) 410-1555
(770) 410-3281 (fax)
mtrachian@briskinlaw.com

Case 1:18-cv-00993-LTS-SLC    Document 353    Filed 12/29/22    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                   Plaintiff,

    -v-

NORB NOVOCIN, MARIE NOVOCIN, ESTATE
AUCTIONS, INC., AND WORTHPOINT
CORPORATION,

                 Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

The Court is in receipt of multiple iterations of pro se Plaintiff Annamarie Trombetta's

("Ms. Trombetta") proposed amended complaints (ECF Nos. 341-1, 347-1, 348-1), memoranda

of law in support of her request for leave to amend (ECF Nos. 341; 342; 345; 348), and

corresponding exhibits (ECF Nos. 341-2 – 341-3; 347-2; 348-2).  For purposes of clarity, the Court

deems Ms. Trombetta's filing at ECF No. 348 as the operative motion to amend the complaint

(the "Motion"), proposed amended complaint (the "PAC"), and corresponding exhibits.

(ECF Nos. 348 – 348-2).  Accordingly, should Defendants choose to oppose the Motion, they shall

file their opposition in accordance with the briefing schedule set in the Court's order issued on

December 28, 2022.  (ECF No. 350).  The Court reaffirms that although Defendants have a right

to oppose the Motion, the Court strongly encourages Defendants to consider not opposing the

Motion, and instead preserve all arguments in opposition to the PAC to raise at summary

judgment.

The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Trombetta

at the address below.

Dated:      New York, New York      SO ORDERED.
          December 29, 2022

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:     Annamarie Trombetta
          175 East 96th Street, Apt 12R
          New York, New York 10128

**SA266**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                        Plaintiff,

        -v-

NORB NOVOCIN, MARIE NOVOCIN, ESTATE
AUCTIONS, INC., AND WORTHPOINT
CORPORATION,

                        Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

On December 27, 2022, pro se Plaintiff Annamarie Trombetta filed the operative motion to amend the complaint (ECF No. 348 (the "Motion")), proposed amended complaint (ECF No. 348-1 (the "PAC")), and corresponding exhibits (ECF No. 348-2). (See ECF No. 353). On January 24, 2023, Defendants filed separate letter indicating that they do not oppose the Motion, and instead preserve all arguments in opposition to the PAC for their forthcoming motions for summary judgment. (ECF Nos. 360; 362). Because Defendants consent to the Motion, the PAC "is the governing pleading in this action." Castro v. Covenant Aviation Sec., LLC, No. 12 Civ. 3037 (PAC) (KNF), 2013 WL 3070319, at *1 (S.D.N.Y. May 7, 2013), adopted by, 2013 WL 3811474 (S.D.N.Y. July 22, 2013); see Brock v. Dep't of Mental Health & Addiction Servs., No. 20 Civ. 1889 (CSH), 2022 WL 601812, at *2 (D. Conn. Mar. 1, 2022).

The Clerk of Court is respectfully directed to (i) close ECF No. 348, and (ii) mail a copy of this Order to Ms. Trombetta at the address below.

Dated:    New York, New York        SO ORDERED.
             February 2, 2023

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:    Annamarie Trombetta
           175 East 96th Street, Apt 12R
           New York, New York 10128

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| Annamarie Trombetta, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. ) | |
| ) | **NOTICE OF MOTION IN LIMINE** |
| Norb Novocin, <u>et al.</u>, ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### <u>DEFENDANT WORTHPOINT CORPORATION'S OMNIBUS MOTION IN LIMINE CONCERNING EXPERTS</u>

**PLEASE TAKE NOTICE**, that upon the (a) Declaration of Jana Farmer, Esq., dated April 7, 2023 and the exhibits annexed thereto, (b) the Memorandum of Law, dated April 7, 2023, and (c) all of the prior pleadings and proceedings, Defendant, WorthPoint Corporation, will move this Court by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, before the Honorable Ronnie Abrams at the United States District Court, Southern District of New York, 40 Foley Square, Room 2203, New York, New York 10007, on a date to be determined by the Court, for an Order: (a) precluding the testimony and report of Plaintiff-designated experts Dr. Joseph Scelsa and Ms. Gayle M. Skluzacek; and (2) the testimony and affidavit, as well as the unfounded inferences and conclusions on liability and damages from Mr. O'Leary, as well as any testimony on issues not contained within his disclosure; (3) any documentary evidence that Plaintiff attempts

281853446v.1

to introduce that she had not disclosed during discovery; and, (4) granting such other and further

relief as this Court may deem just and proper.

THEREFORE, WorthPoint respectfully requests that the instant motion be GRANTED in

its entirety.

Date: April 10, 2023

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

*s/ Jana Farmer*

Jana A. Slavina Farmer, Esq.
1133 Westchester Ave
White Plains, NY 10604
(914) 323-7000 (phone)
(914) 323-7001 (facsimile)
*Attorneys for Defendant WorthPoint*

TO:
Annamarie Trombetta
*Plaintiff Pro Se*
175 East 96th Street, Apt. 12R
New York, NY 10128

Anderson Duff
Hogan Duff, LLP
Attorney for Defendants
Norb Novocin, Marie Novocin
And Estate Auctions, Inc.
43-10 Crescent St. Ste. 1217
Long Island City, NY 11101
(646) 450-3607
ajd@hoganduff.com

281853446v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Annamarie Trombetta,,

                Plaintiffs,

         -against-

Norb Novocin, et al.,

                Defendants

------------------------------------------------------------------------X

Civil Action No: 18-cv-00993
(RA) (SLC)

**DECLARATION IN SUPPORT
OF DEFENDANTS' MOTION
IN LIMINE**

**JANA S. FARMER**, hereby declares the following under the penalties of perjury;

    1.      I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for the defendant, WORTHPOINT CORPORATION (hereinafter "WorthPoint").  By virtue of my association with this firm and my work with this file, I am fully familiar with the facts and circumstances of this action as set forth herein.

    2.      I submit this declaration in support of WorthPoint's motion seeking an Order pursuant to F.R.E., precluding, on summary judgment and at trial: (1) the testimony and report of Plaintiff-designated experts Dr. Joseph Scelsa and Ms. Gayle M. Skluzacek; and (2) the testimony and affidavit, as well as the unfounded inferences and conclusions on liability and damages from Mr. O'Leary, as well as any testimony on issues not contained within his disclosure; (3) any documentary evidence that Plaintiff attempts to introduce that she had not disclosed during discovery; and (4) for such other, different and further relief as the Court in its discretion may deem just and proper.

    3.      This matter emanates from a claim that a painting that was sold by co-defendants (Estate Auctions, Inc. and the Novocins) on eBay in 2012 was wrongfully attributed to Plaintiff, and a claim that WorthPoint's subsequent publication of the reported sales information on its

8563939v.1

platform, which gives subscribers access to historical prices for the sale of art and collectibles, violated Plaintiff's copyright. As against WorthPoint, Plaintiff claims that the 2015 report of the sale of a painting she claims she did not paint, with the biographical information that was attached, damaged her.[1]

4.      Annexed hereto as **Exhibit "A"** are seven (7) documented communications from WorthPoint's counsel to Plaintiff concerning the need for expert disclosures for Plaintiff's proposed experts Dr. Scelsa, Ms. Skluzacek and Mr. O'Leary.

5.      Annexed hereto as **Exhibit "B"** is the expert disclosure and "Affidavit" for Patrick O'Leary.

6.      Annexed hereto as **Exhibit "C"** is Plaintiff's untimely February 16, 2023 disclosure and expert report of Dr. Scelsa.

7.      Annexed hereto as **Exhibit "D"** is the Transcript of the November 23, 2022 Conference with the Court wherein Ms. Trombetta was advised that if she was going to claim emotional distress, she would need to provide a medical report showing causation, medical records and an authorization to obtain the treating provider's file.

8.      Annexed hereto as **Exhibit "E"** is the Plaintiff's untimely February 21, 2023 disclosure and report of Ms. Skluzacek.

9.      Annexed hereto as **Exhibit "F"** is the Deposition Transcript of Mr. O'Leary.

Based upon the facts described in the attached Memorandum of Law, the exhibits annexed hereto, the countless documents filed by Plaintiff on the docket and the Court's responses thereto, and the proceedings heretofore had herein, it is clear that the Plaintiff's expert disclosures for Dr.

---

[1] Plaintiff's claims against WorthPoint are untimely and are otherwise not meritorious. WorthPoint will separately be moving for summary judgment.

8563939v.1

Joseph Scelsa and Gayle Skluzacek are untimely and inadequate, Dr. Scelsa and Ms. Skluzacek are not competent to act as experts based on their disclosures and the opinions they seek to render, and that Patrick O'Leary's expert "Affidavit" is irrelevant to the issues in this matter and he is otherwise not competent to render the opinions he seeks to provide based upon his disclosure.

**WHEREFORE**, WorthPoint seeks an Order pursuant to F.R.E, precluding, on summary judgment and at trial: (1) the testimony and report of Plaintiff-designated experts Dr. Joseph Scelsa and Ms. Gayle M. Skluzacek; and (2) the testimony and affidavit, as well as the unfounded inferences and conclusions on liability and damages from Mr. O'Leary, as well as any testimony on issues not contained within his disclosure; (3) any documentary evidence that Plaintiff attempts to introduce that she had not disclosed during discovery; and (4) for such other, different and further relief as the Court in its discretion may deem just and proper.

Date: April 7, 2023

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

*s/ Jana S. Farmer*
Jana S. Farmer, Esq.

8563939v.1