**SA2196**

Plaintiff's Evidence 000596

**Plaintiff's Request for Production of Documents No. 4:**
Produced WorthPoint Corporation's Terapeak agreement in 2015.
If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: As discussed with plaintiff during the October 5, 2022 meet and confer, the only licensing agreement for the use of eBay data covering the relevant time period has previously been produced. WorthPoint did not have an agreement during the relevant time period with an entity formally called "Terapeak," however upon information and belief, this was the DBA or an AKA of WorthPoint's licensing partner at the time.

**Plaintiff's Request for Production of Documents No. 5**
Produced WorthPoint Corporation's Terapeak agreement in 2016
If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: As discussed with plaintiff during the October 5, 2022 meet and confer, the only licensing agreement for the use of eBay data covering the relevant time period has previously been produced. WorthPoint did not have an agreement during the relevant time period with an entity formally called "Terapeak," however upon information and belief, this was the DBA or an AKA of WorthPoint's licensing partner at the time.

**Plaintiff's Request for Production of Documents No. 6**
Produce Will Seippel's 2015 Declaration 7 from the 2015 lawsuit Rosen vs. Terapeak SEE ATTACHMENTS If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

3

Plaintiff's Evidence 000597

**RESPONSE:** To the extent that plaintiffs seeks a copy of the documents that were publicly filed, WorthPoint objects to the request on the grounds that plaintiff is able to obtain such filings herself. Subject to and without waiving the foregoing objections, WorthPoint is not in possession of any such document. Plaintiff appears to be seeking a document from a resolved litigation that is at least 7 years old. To the extent that this document is from 2015, it was likely disposed of by WorthPoint years ago as part of WorthPoint's routine document purge procedures.

**Plaintiff's Request for Production of Documents No. 7**
Produce and identify the specific text and page number and the specific text within WP000001-000035, which permits WorthPoint Corporation to download and use eBay data. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is not a proper request for production and on the grounds that it exceeds the scope of permissible discovery allowed by the Federal Rules of Civil Procedure. It is not a function of a discovery process for a defendant to explain the contents or the meaning of a document to a *pro se* plaintiff. Subject to and without waiving the foregoing objections, WorthPoint states that it had previously produced to the plaintiff a copy of its licensing agreement that governs WorthPoint's use of eBay data during the relevant time period, see Bates Stamps WP000001 through WP000035. This document speaks for itself.

**Plaintiff's Request for Production of Documents No. 8**
Explain and state how mass-downloaded listings can obtain licensing rights by WorthPoint. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which**

4

Plaintiff's Evidence 000598

responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: WorthPoint objects to this request on the grounds that it is not a proper request for production and on the grounds that it exceeds the scope of permissible discovery allowed by the Federal Rules of Civil Procedure. It is not a function of a discovery process for a defendant to explain the contents or the meaning of a document to a *pro se* plaintiff. Moreover, WorthPoint objects on the grounds that the demand is incomprehensible as it is unclear how listings can obtain licensing rights. Subject to and without waiving the foregoing objections, WorthPoint states that it had previously produced to the plaintiff a copy of its licensing agreement that governs WorthPoint's use of eBay data during the relevant time period, see Bates Stamps WP000001 through WP000035. WorthPoint invites the plaintiff to read it and determine the scope of this document for herself, including that it applies to more than one listing. WorthPoint is not in possession of any additional documents that "explain how mass-downloaded listings can obtain licensing rights."

**Plaintiff's Request for Production of Documents No. 9**
Produce all text and information a member receives when purchasing membership to WorthPoint Corporation on their website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

RESPONSE: WorthPoint objects to this request on the grounds that it is extremely broad, unduly burdensome, harassing, annoying, not reasonably limited in time and in scope, not reasonably calculated to lead to the discovery of admissible evidence, and is palpably improper and unrelated to any claims or defenses in this matter. By way of one example, WorthPoint's subscribers receive newsletters and this request appears to call for the production of every newsletter that WorthPoint had ever sent out to its members. In light of the foregoing, WorthPoint will not be responding to this request as phrased.

5

Plaintiff's Evidence 000599

**Plaintiff's Request for Production of Documents No. 10**
Produce and set forth all meta data particularly regarding Confidential evidence WP000038, WP000039, WP00040 (Meta data is the code with the true content and message text that is within the code. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

RESPONSE: WorthPoint objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome as phrased (to the extent that it seeks "all meta data [sic]"). Subject to and without waiving the foregoing objections, this request furthermore seems to suggest a misunderstanding by the plaintiff of the nature of the document Bates Stamped WP00038-40. As previously indicated to plaintiff on multiple occasions, this document is a receipt of the download of the data for the painting "Man with the Red Umbrella" from WorthPoint's licensing partner. This document itself contains the metadata that WorthPoint received from its licensing partner as part of the download. There is no additional metadata on metadata for the download.

WorthPoint was able to locate the data on its server showing the deletion of the subject listing and the fact that it was never reposted after the deletion. The document showing this data is being produced herewith.

**Plaintiff's Request for Production of Documents No. 11**
Identify, submit and produce documents that permit WorthPoint Corporation to claim and state in writing "© Copyrighted work and licensed by WorthPoint". **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

RESPONSE: WorthPoint objects to this request on the grounds that it has responded to this request multiple times on prior occasions as part of previous discovery responses and responses to plaintiff's numerous and duplicative Rule 37 letters. At this stage, plaintiff's continuing

6

Plaintiff's Evidence 000600

requests are harassing and annoying. WorthPoint invites plaintiff to read the document

WP000001-000035, which has been produced five months ago. Moreover, WorthPoint objects

to the characterization that a document is needed to permit WorthPoint to post a copyright

notice on its webpage.

PLEASE TAKE NOTICE, WorthPoint reserves the right to amend and/or supplement this

response during the pendency of this action.

DATED: October 11, 2022

Very Truly Yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

_/Jana Slavina Farmer_____
Adam R. Bialek
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Adam.Bialek@wilsonelser.com

Jana A. Slavina Farmer
1133 Westchester Ave
White Plains, NY 10604
(914) 323-7000 (phone)
(914) 323-7001 (facsimile)
*Attorneys for Defendant WorthPoint*

TO:     Annemarie Trombetta
*Plaintiff Pro Se*
175 East 96th Street, Apt. 12R
New York, NY 10128

Anderson Duff
Hogan Duff, LLP
Attorney for Defendants
Norb Novocin, Marie Novocin
And Estate Auctions, Inc.
43-10 Crescent St. Ste. 1217
Long Island City, NY 11101

7

**SA2201**

Plaintiff's Evidence 000602

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Annamarie Trombetta,

     Plaintiff      C.A. NO. 18-CV-993 (RA) (SLC)

VS.

Norb Novocin, Marie Novocin and
Estate Auctions Inc. and WorthPoint Corp.,

     Defendants

## DEFENDANT'S WORTHPOINT CORP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH REQUEST FOR INTERROGATORIES

Pursuant to Rule 33 for the Federal Rules of Civil Procedure, Defendant WorthPoint Corp.

("WorthPoint") hereby responds to Plaintiff's Fourth Request for Interrogatories.

**Plaintiff's Interrogatory No. 1**
State in writing if Norb Novocin ever had or has a membership with to WorthPoint Corporation website. If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

**RESPONSE:** WorthPoint objects to this request on the grounds that this request is duplicative as

testimony to this effect has previously been elicited from Norb Novocin in this matter.

WorthPoint further objects to the extent that this request seeks proprietary business information

and information as to WorthPoint's members. Subject to and without waiving the foregoing

objections, WorthPoint confirms that Norb Novocin is a paid subscriber to worthpoint.com.

**Plaintiff's Interrogatory No. 2**
State the years and dates when Norb Novocin has membership with WorthPoint Corporation. If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

1

CONFIDENTIAL

Plaintiff's Evidence 000604

**RESPONSE**: WorthPoint objects to this request on the grounds that it is more appropriately directed to Norb Novocin. WorthPoint further objects to the extent that this request seeks proprietary business information and information as to WorthPoint's members.

Subject to and without waiving the foregoing objections, WorthPoint confirms that Norb Novocin is a paid subscriber to worthpoint.com from May 15, 2014 to present.

**Plaintiff's Interrogatory No. 3**
State in writing the dates of employment (the months and years) when Gregory Watkins was employed at WorthPoint Corporation. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE**: September 2008 through April 2016.

**Plaintiff's Interrogatory No. 4**
State in writing the **last** day of employment (the months and years) when Gregory Watkins was no longer employed at WorthPoint Corporation. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE**: WorthPoint objects to this request on the grounds that it is duplicative insofar as Interrogatory No. 3 requests the last date of employment as well. Mr. Watkins was no longer employed by WorthPoint after April 2016; the exact date is not available. Mr. Watkins performed services for WorthPoint in an independent contractor capacity until September 2016.

**Plaintiff's Interrogatory No. 5**
State in writing the dates of employment (the month and years) when Anita Brooks was employed at WorthPoint Corporation. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information**

2

CONFIDENTIAL

**SA2203**

Plaintiff's Evidence 000605

which responds to this request and does not fall within your claim of privilege or other immunity.

**RESPONSE:** June 2015 to March 2017.

**Plaintiff's Interrogatory No. 6**
State in writing the **last** day of employment (the month and year) when Anita Brooks was no longer employed at WorthPoint Corporation. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative insofar as Interrogatory No. 5 requests the last date of employment as well. Ms. Brooks was no longer employed by WorthPoint after March 2017; the exact date is not available.

**Plaintiff's Interrogatory No. 7**
State the name of the WorthPoint Corporation employee who **POSTED** the "1972 Man With Red Umbrella Oil Painting sold on eBay by Estate Auctions Inc with Plaintiff's biography to the www.worthpoint.com website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative of

plaintiff's prior similar request, and it mischaracterizes the manner in which eBay data is made

available on WorthPoint's service. Subject to and without waiving the foregoing objections,

WorthPoint states that there were no such employees that manually posted this specific listing.

**Plaintiff's Interrogatory No. 8**
State in writing the month and year when the WorthPoint Corporation employee posted "1972 Original Oil PaintingMan With Red Umbrella WorthPoint Ad "to the WorthPoint website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

3
CONFIDENTIAL

Plaintiff's Evidence 000606

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative of plaintiff's prior similar request, and it mischaracterizes the manner in which eBay data is made available on WorthPoint's service. Subject to and without waiving the foregoing objections, WorthPoint states that there were no such employees that manually posted this specific listing. Furthermore, WorthPoint is not in possession of any information as to when this listing was posted on WorthPoint's website. Based on the Google Analytics records WorthPoint previously produced, this listing had no traffic (i.e., no person had viewed it) prior to August 2015.

**Plaintiff's Interrogatory No. 9**
State in writing the month and year WHEN the WorthPoint Corporation employee REMOVED the "1972 Original Oil PaintingMan With Red Umbrella WorthPoint Ad" from the WorthPoint website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative of plaintiff's multiple prior requests, and mischaracterizes the listing. Subject to and without waiving the foregoing objections, WorthPoint removed the subject listing on February 4, 2016.

**Plaintiff's Interrogatory No. 10**
State the **name** of the WorthPoint Corporation employee that REMOVED the "1972 Man With Red Umbrella Oil Painting sold on eBay by Estate Auctions Inc with Plaintiff's biography from the www.worthpoint.com website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it mischaracterizes the listing. Subject to and without waiving the foregoing objections, Jason Packer, who is an independent contractor to WorthPoint, removed the subject listing from WorthPoint's website.

4
CONFIDENTIAL

Plaintiff's Evidence 000607

**Plaintiff's Interrogatory No. 11**
Explain and state then how mass-downloaded listings can obtain licensing rights by WorthPoint. If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: WorthPoint objects to this request on the grounds that it is incomprehensible insofar as it is uncertain what is meant by "then how mass-downloaded listings can obtain licensing rights by WorthPoint." Subject to and without waiving the foregoing objections, and trying its best to interpret the request, WorthPoint states that it licenses the use of eBay data in several categories of eBay's past sales, including the category of art, as opposed to licensing the use of individual results of past sales. The listings in the licensed categories are then made available to WorthPoint by its licensing partner for download and WorthPoint then downloads multiple listings made available to it at the same time. WorthPoint refers plaintiff to its document production, Bates Stamps WP000001-WP000035, which sets forth the relevant category that the subject listing came under and how this data is licensed.

**Plaintiff's Interrogatory No. 12**
Explain and identify the text in WorthPoint Corporation's licensing agreement that allows WorthPoint Corporation to claim and state in writing "© Copyrighted work and licensed by WorthPoint". If you claim that part of any response is privileged or otherwise immune from discovery; (a)identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: WorthPoint objects to this request on the grounds that it is duplicative of plaintiff's multiple prior requests. This request is furthermore vague and ambiguous as to the instruction to "explain and identify the text in WorthPoint Corporation's licensing agreement that allows WorthPoint Corporation to claim and state in writing "© Copyrighted work and licensed by

5
CONFIDENTIAL

Plaintiff's Evidence 000608

WorthPoint," and that the request assumes facts not in evidence. Subject to and without waiving the foregoing objections, WorthPoint again encourages plaintiff to read its document production, Bates Stamps WP000001-WP000035, as it sets forth the conditions of WorthPoint's license of eBay data for the relevant time period. WorthPoint furthermore refers plaintiff to responses Nos. 14, 19, and 20 to WorthPoint's Responses to Plaintiff's Second Set of Interrogatories, dated July 1, 2020.

**Plaintiff 's Interrogatory No. 13**
Explain what rights or authority WorthPoint claims to mass download the 1972 Oil painting. If you claim that part of any response is privileged or otherwise immune from discovery; (a)identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: WorthPoint objects to this request on the grounds that it calls for a legal conclusion and on the grounds that the request itself is vague, ambiguous and virtually-incomprehensible. WorthPoint did not mass download the "1972 Oil Painting." In addition, one cannot "mass-download" a single record of a past sale nor is it possible to "download" an oil painting. *See also*, Response No. 11, which sets forth that WorthPoint did not license the use of a single past sale but rather licensed the use of multiple past eBay listings in various categories.

**Plaintiff 's Interrogatory No. 14**
Explain the terms of the Fair Use legal rules that permits WorthPoint Corporations to use Plaintiff 's self authored Biography. If you claim that part of any response is privileged or otherwise immune from discovery; (a)identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

RESPONSE: WorthPoint objects to this request on the grounds that it calls for a legal conclusion, to which no response is required.

**Plaintiff 's Interrogatory No. 15**

6
CONFIDENTIAL

Plaintiff's Evidence 000609

Explain in detail WorthPoint Corporation licensing agreement that was mentioned in the 2015 lawsuit Rosen vs. Terapeak SEE ATTACHMENTS **If you claim that part of any response is privileged or otherwise immune from discovery; (a)identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it is not reasonably limited in subject matter, time or scope, it seems to seek a legal conclusion to which no response is required and it is vague as to what is meant by "Explain in detail WorthPoint Corporation licensing agreement that was mentioned in the 2015 lawsuit Rosen vs. Terapeak."

As such, WorthPoint will not be responding to this request.

PLEASE TAKE NOTICE, WorthPoint reserves the right to amend and/or supplement the above responses during the pendency of this action.

DATED: October 11, 2022

Very Truly Yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s Jana S. Farmer
Adam R. Bialek
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Adam.Bialek@wilsonelser.com

Jana A. Slavina Farmer
1133 Westchester Ave
White Plains, NY 10604
(914) 323-7000 (phone)
(914) 323-7001 (facsimile)
*Attorneys for Defendant WorthPoint*

TO:    Annemarie Trombetta
*Plaintiff Pro Se*

7
CONFIDENTIAL