OK, so you have a working relationship.

00;35;09;15 - 00;35;10;28
**Archer**
That's what isshowing up in here, but it's….I. You know, to be honest, this is the first time I... I had this WorthPoint website open.

00;35;19;06 - 00;35;57;20
**Annamarie Trombetta**
OK? And and again, all I can tell you is that I contacted WorthPoints and they said that they don't sell anything. It's it was sold on eBay. What is it for? It's yes. I don't know specifically. I was told that it's a database that ...that people go to to see the value of info of paintings, antiques, artifacts, anything that's for sale. I know as much as you do, sir. I was told to call eBay in order to find out who the seller was. But since I can't find out who the seller was because of the limited database, that eBay has, how… how old is the company? I how old is eBay?

00;36;24;05 - 00;36;27;04
**Archer**
Since I believe it's 1997 or 1996

00;36;28;03 - 00;36;37;14
**Annamarie Trombetta**
1996. So it's a 20 year old company and, and basically you're telling me that you don't have a database for all the items that you sell.

00;36;41;16 - 00;37;15;02
**Archer**
We have databases to see specific information for specific period of time. Right. Yeah. There's a lot of sales there's a lot of information that can be seen.
So there's a time frame, so how long we can see those information that are on our website if there's only an item number showing up here, they cannot be searched as to when the item was first listed or the date of the item was ended but I don't get the information that I can  get if you have an item number.

00;37;15;24 - 00;37;16;18
**Annamarie Trombetta**
So your telling me That because there isn't an item number. It's now impossible for you to find out who the seller is.

00;37;26;21 - 00;37;43;02
**Archer**
Basically yes it is possible  If we search for this title and the search results on ebay. I mean, I know I mean, normally if an item gets sold, it's only going to show up at the website for six months 60 days rather…60 days.

00;37;43;03 - 00;38;10;22
**Annamarie Trombetta**
 I understand. I understand the concept this, but for someone to have for WorthPoint, to have the permission to put eBay on to the source, then

**SA2705**

indirectly or directly, eBay is connected and responsible for the
information

00;38;11;21 - 00;38;25;15
**Archer**
Possible Yes. So that can be true that if this owner who created this
part of their Web site didn't provide any ah.. specific information. They
just copied  what was under this description it's impossible for us to
check or confirm

00;38;27;26 - 00;38;31;26
**Annamarie Trombetta**
It's possible or impossible
00;38;31;26 - 00;38;32;28

**Archer**
Impossible,

00;38;33;22 - 00;39;19;23
**Annamarie Trombetta**
Impossible So basically what I have is ah it's basically copyright
infringement. Your Web site has a great deal of information regarding
copyright infringement. In other words, WorthPoints. And eBay is
associating my name because it says it right in the title. Annamarie
Trombetta. Is it possible for eBay to take this down since you say you
don't know who the seller is and it's impossible for you to find out who
the seller was? Is it possible for you ....for eBay . . .to take this off
the Internet?

00;39;26;21 - 00;39;39;06
**Archer**
We can but you have that option because it bears your name in their site.
You can request  for Worth point to remove this breach on their site.
It's on their site.

00;39;39;06 - 00;39;58;06
**Annamarie Trombetta**
 So it's my responsibility. Now, to have WorthPoint, take it down, but
it's associated with eBay because there's a link to eBay. So does eBay
have any responsibility in in.. assisting me with taking this down.

00;39;58;29 - 00;40;11;18
**Archer**
If it's free If we really have a  specific link for the sale.. all
right... It only shows the link of the home page of eBay. Having it
confirmed  that it's sold on eBay.
But if it  shows a source which it's UNDEFINED  it's only a website  It's
only a page . . It's a homepage  So let's say if we have a partner to
this website.. right?

00;40;26;09 - 00;40;32;03
**Annamarie Trombetta**
It's a home page, but then it clicks on to the actual website of eBay.

00;40;32;10 - 00;40;40;26
**Archer**
eBay. Yeah. But if I'm going to be the one to create this page, I can get and add any webpage 's link, to any link on my page not just eBay

00;40;41;19 - 00;40;48;07
**Annamarie Trombetta**
Well, let me ask you this. Can can an unknown party put anything on the Internet.

00;40;52;01 - 00;40;56;04
**Archer**
that's possible.

00;40;56;17 - 00;41;20;04
**Annamarie Trombetta**
That's possible.

**Archer**
Yeah, it's coding.

**Annamarie Trombetta**
Coding. Well, how would you know whether it was coded because that would solve the riddle that an unknown party put this on the Internet. Would that be in the URL of worth point

00;41;23;12 - 00;41;27;09
**Archer**
I really can't understand this information. That said, assist you further. Like getting those information We need to find out for their seller is, but I don't have much information to link it to our database.

00;41;36;28 - 00;41;57;28
**Annamarie Trombetta**
OK, so is there anybody or any department, maybe a legal department that I can contact to find out how I can either determine who the seller is or possibly to get this link with eBay off the Internet.

00;42;01;01 - 00;42;06;26
**Archer**
And if they help you further, I can't pull up any correct information associated with the sale now because it's UNDEFINED Nothing is showing up here …Ah ..just the source.. that it's sold on eBay.

00;42;16;08 - 00;42;33;13
**Annamarie Trombetta**
OK, if its undefined, but what's not undefined is the association of my name with your company with WorthPoint and with this piece of artwork and with the signature, it is my name that is being used.

00;42;35;19 - 00;42;46;12
**Archer**

**SA2707**

You know if you want this page to be removed you should contact WorthPoint it's on their Web site. The page is associated with this but we Don't have the right to remove this page

00;42;47;18 - 00;42;54;25
**Annamarie Trombetta**
You don't have the right to remove the page.

**Archer**

No,

**Annamarie Trombetta**

but it's it's linked and it's linked to eBay.

00;42;58;01 - 00;43;09;25
**Archer**
But it's copyrighted to your name and you have all the right to request and remove it this page?

00;43;09;26 - 00;43;27;06
**Annamarie Trombetta**
Sir The purpose of my call is to get this off the Internet. This has been going on since August 2015. It is now December. I keep contacting Worth Point and they're telling me to contact you. I have no idea what's true and what's not.

**SUDDEN  HANG UP AND SOUND DIAL TONE BEEPING**

**SA2708**

EXHIBIT #8  List and Number by Month

February to December 2022

Plaintiff's Problems with Defendants

**SA2709**

# FEBRUARY 2022  CASE MANAGEMENT REPORT

## PLAINTIFF'S FEB. 15, 2022 SETTLEMENT LETTER

# MARCH 2022  WORTHPOINT'S ATTORNEYS FALSE CLAIM .  LETTER TO THE COURT  PLAINTIFF WROTE NO MONETARY AMOUNT WHICH WAS NOT TRUE.

| | | |
|---|---|---|
| 195 | 02/01/2022 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: Pursuant to the discovery conference held today, February 1, 2022, discovery in this case will proceed as follows: 1. A model confidentiality stipulation and protective order is available on the Court's page on the Southern District's website. The parties shall promptly meet and confer concerning a protective order in this action and shall file a proposed protective order for the Court's endorsement by February 15, 2022. 2. By February 15, 2022, Ms. Trombetta shall serve on Defendants a confidential settlement demand (the "Settlement Demand"). |
| 210 | 03/04/2022 | SECOND LETTER MOTION for Conference re: 208 FIRST LETTER MOTION for Conference addressed to Magistrate Judge Sarah L. Cave from Adam R. Bialek dated March 3, 2022. addressed to Magistrate Judge Sarah L. Cave from Adam R. Bialek dated March 4, 2022. Document filed by WorthPoint Corporation, Worthpoint.com. |
| 209 | 03/04/2022 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 3/4/22 re: "PLAINTIFF'S LETTER OF DECLARATION"- I acknowledge the accusation in Mr. Bialek's 3/3/22 filing, and declare that I never considered nor stated I was tripling the Settlement Amount documented and served upon the defendants' attorneys in my letter on 2/15/20 under Federal Rule of Evidence Rule 408 etc. Document filed by Annamarie Trombetta. |
| 208 | 03/03/2022 | FIRST LETTER MOTION for Conference addressed to Magistrate Judge Sarah L. Cave from Adam R. Bialek dated March 3, 2022. Document filed by WorthPoint Corporation, Worthpoint.com. |
| 207 | 03/02/2022 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 3/2/22 re: "PROOF OF COMPLIANCE FOR DOLLAR AMOUNT IN PLAINTIFF'S 2/15/22 SETTLEMENT LETTER" - Attached please find an email from Worthpoint's Attorney Adam Bialek dated 3/2/22. Mr. Bialek's email confirms that I definitely submitted a numeric dollar amount in my 2/15/22 Settlement Letter. Document filed by Annamarie Trombetta. |

2 Attachments ▼

**SA2710**

# APRIL 2022 FIRST DISCOVERY

\*April 11, 2022     Plaintiff Production of eBay audio Phone Call.

\*April 8, 2022     First Production of Discovery by All Parties.

\*WORTHPOINT   Produced WP000130 documenting the 1972 oil painting link date March 5, 2013. SEE ABOVE .

\*WORTHPOINT   Produced WP000134 documenting the 1972 oil painting was posted a second time and confirmed on January 4, 2017 CEO Will Seippel  by Jason Packer.

\*EAI  Produced red pencil signature w/misspelling of Plainiff's **name**

---

**Jason Packer** <jason.packer@worthpoint.com>                Wed, Jan 4, 2017 at 9:49 PM
To: Will Seippel <will.seippel@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

I filed a temporary removal request with Google which may help flush out that URL, but since that URL is showing up for that search based on off-page signals that may not be enough to get it to stop showing.

Beyond that the only thing we could do is remove the URL altogether, let me know if I should do that.
[Quoted text hidden]

---

**Will Seippel** <will.seippel@worthpoint.com>                Wed, Jan 4, 2017 at 9:51 PM
To: Jason Packer <jason.packer@worthpoint.com>

I would remove it if not too much trouble.

Happy New Year!

Will

---

**Jason Packer** <jason.packer@worthpoint.com>                Thu, Feb 4, 2016 at 9:12 AM
To: Gregory Watkins <greg.watkins@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Greg.
That's removed.

It was posted 2013-03-05, and we do not have any other photos with it.

Gregory Watkins wrote:

> Hi Jason,
>
> A woman has called several times saying that a painting attributed to her that sold on eBay was not painted by her and she would like the page taken down.
>
> Here is the link:
>
> http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

WP000130

**SA2711**

# JUNE   JULY   AUGUST  2022

## DISCOVERY DELAYS WORTHPOINT CANCELS PLAINTIFF'S JULY  DEPOSITION POSTPONED TO AUGUST 30, 2023

**256**   08/08/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 8/8/22 re: WORTHPOINT AND THE FAILURE TO RESCHEDULE PLAINTIFF'S DEPOSITION WHILE WORTHPOINT CONCURRENTLY HAD INVESTIGATOR GABRIEL SEGAL CONTACT PLAINTIFF'S WITNESSES DURING MY BRIEF HIATUS. Document filed by Annamarie Trombetta.

> 4 Attachments ▼

**250**   07/08/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 7/8/22 re: "PLAINTIFF'S RESPONSE TO JANA FARMER'S 7/7/22 LETTER" - The defendants' request to postpone discovery is based on a false projection and is yet another attempt to delay the resolution of this case. WorthPoint's consistent tactical means inflicted upon the plaintiff has been consistent since the onset of this ordeal etc. Document filed by Annamarie Trombetta.

> 1 Attachment ▼

**249**   07/07/2022   LETTER MOTION for Extension of Time to Complete Discovery addressed to Magistrate Judge Sarah L. Cave from Jana S. Farmer dated July 7, 2022. Document filed by WorthPoint Corporation.(Slavina Farmer, Jana)

**234**   06/13/2022   ORDER, The Court orders as follows: By Tuesday, June 21, 2022, Plaintiff shall provide to Defendants revised written responses and supply any responsive documents for requests for production numbers 7, 9, 10, 13, 14, 15, 16, and 18. Plaintiff will be precluded from relying on any documents not produced by this deadline for purposes of motions for summary judgment and trial. By Monday, June 27, 2022, Plaintiff shall provide to Defendants revised written responses to interrogatory numbers 1, 2, 3, 6, and 8. Plaintiff will be precluded from calling at trial any witness not included in response to these interrogatories. By Friday, July 1, 2022, Defendants shall respond to Plaintiff's supplemental requests for production, requests for admission, and interrogatories, which Plaintiff served on or about May 28, 2022. The deadline for completing fact witness depositions is extended to Friday, July 29, 2022. Depositions of experts shall be completed by Friday, 10/21/2022. Discovery due by 10/21/2022., Expert Discovery due by 10/21/2022., Fact Discovery due by 9/9/2022. Defendants are directed to order a transcript of the Conference. The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 6/13/22)

**SA2712**

# AUGUST 2022   DISCOVERY DELAYS

**AUGUST 22,2022    EAI FAILS TO PRODUCE DISCOVERY TO INCLUDE THE COMPLETE  SALES  RECEIPT FOR THE EBAY 2012 1972 OIL PAINTING**

| | | |
|---|---|---|
| 272 | 08/26/2022 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta dated 8/26/22 re: "PLAINTIFF'S REQUEST TO DIRECT DEFENDANTS TO CLARIFY NAMES & DATES FOR DEFINITIVE ANSWERS"- As the legal protocol is a new language for the plaintiff, at times it is necessary to have things repeated. Plaintiff is requesting the Court to direct and order Worthpoint's attorneys to clearly and succinctly repeat the name(s) and the date(s) and to answer Plaintiff's three questions(as indicated). Document filed by Annamarie Trombetta. |
| 267 | 08/23/2022 | LETTER MOTION for Extension of Time to Complete Discovery (non-party and expert discovery) addressed to Magistrate Judge Sarah L. Cave from Jana Slavina Farmer dated 08/23/2022. Document filed by WorthPoint Corporation.(Slavina Farmer, Jana) |
| 266 | 08/22/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 8/22/22 re: "PLAINTIFF'S DISCOVERY REQUESTS & DEFICIENCIES FROM ESTATE AUCTIONS INC. & WORTHPOINT CORP." Document filed by Annamarie Trombetta. |
| 259 | 08/11/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 8/11/22 re: "PLAINTIFF'S PROOF OF DATES TO DEPOSE/ PLAINTIFF'S RESPONSE / PLAINTIFF'S RESPONSE TO IDENTIFY PAINTER" - One purpose for this letter is to submit Plaintiff's PROOF of my emails to all defendants' attorneys with all available dates to take defendants' deposition. Plaintiff's emails verifies communication to the defendants' attorneys from July to August 3, 2022. Defendants delayed confirmation for Plaintiff's dates etc. Document filed by Annamarie Trombetta.  **6 Attachments ▼** |
| 257 | 08/08/2022 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 8/8/22 re: "NOTICE TO THE COURT "EAI" LATE DISCOVERY RESPONSES FOR ADMISSIONS, LATE INTERROGATORIES & PRODUCTION OF DOCUMENTS RESPONSES/ PLAINTIFF'S REQUEST TO SUBMIT ADDITIONAL INTERROGATORIES"- The purpose of Plaintiff's letter is to notify the Court that Mr. Duff's response to Plaintiff's second set to admissions due on 7/2/22 and submitted on 7/13/22 is deemed admitted; that Mr. Duffy's interrogatories and production of documents were a month late etc. Document filed by Annamarie Trombetta.  **3 Attachments ▼** |

# AUGUST 30, 2022 PLAINTIFF SUED FOR IIED

AFTER SEVERAL DELAYS FOR PLAINTIFF'S DEPOSITION ON AUGUST 30, 2022

WORTHPOINT CORP IMPROPERLY SERVES PLAINTIFF WHILE SPEAKING ON

THE PHONE AND HELD BY A RED LIGHT. THE LAWSUIT AGAINST PLAINTIFF

IS FOR EMOTIONAL DISTRESS FILED IN FULTON COURT GEORGIA, A STATE

274    08/29/2022    LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 8/29/22 re: "PLAINTIFF'S EXPLANATION FOR REQUESTING TIME SENSITIVE INFORMATION AND PLAINTIFF'S REQUEST FOR THE COURT TO DIRECT DEFENDANTS TO CLARIFY DATES & DEFINITIONS WITH DEFINITIVE ANSWERS" - Plaintif, during this sensitive time in the discovery period brings to the Court's attention the responses that were pointed out and made by Ms. Farmer in her 8/26/22 letter. Defendants have not specified any time frame or dates relative to my requests. Document filed by Annamarie Trombetta.

1 Attachment ▼

(2) To state the date and year that WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella." As previously explained to Plaintiff numerous times, WorthPoint does not have this information and can only speculate as to when the download occurred.

ABOVE WORTHPOINT'S ATTORNEYS DENY ANY DATE OR YEAR FOR THE 1972 POST

BELOW IS WORTHPOINT'S EVIDENCE WITH THE MONTH, DAY AND YEAR

Jason Packer <jason.packer@worthpoint.com>                    Thu, Feb 4, 2016 at 9:12 AM
To: Gregory Watkins <greg.watkins@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Greg,
That's removed.

It was posted 2013-03-05, and we do not have any other photos with it.

Gregory Watkins wrote:

Hi Jason,

## SEPTEMBER 2022    WORTHPOINT  SENT  EMAILS TO PLAINTIFF CAUSE PLAINTIFF'S  COMPUTER   TO  FREEZE  AND UNABLE TO USE  OR SIGN OUT  OF MY GMAIL ACCOUNT  SEPT. 26, 2022,

| 268 | 09/28/2022 | MEMO ENDORSEMENT on re: [287] Letter bringing to the Court's attention two emails sent on September 26, 2022, filed by Annamarie Trombetta. ENDORSEMENT: The Court cannot explain why Ms. Trombetta is receiving the warnings that appear at ECF Nos. 287-1 287-4 when Defendants attempt to send her emails related to this case, except to say that the Court does not infer any bad faith or intent by Defendants. If Ms. Trombetta does not wish to receive communications from Defendants about this case via email, she may designate another means of communication, but that is entirely her choice, and does not require the Court's involvement. The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street (12R), New York, NY 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 9/28/22) |

## SEPTEMBER  19,  2022
## ESTATE   AUCTIONS INC. AND ATTORNEY ANDERSON DUFF FAILED TO  PRODUCE   A COMPLETE 2012  EBAY SALES RECEIPT SENT BY EBAY TO NORB  NOVOCIN ON  DECEMBER 1. 2012

| 280 | 09/19/2022 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 9/19/22 re: 1) WORTHPOINT ATTORNEYS' FILURE TO PRODUCE PLAINTIFF'S DEPOSITION TAKEN ON 8/30/22. 2)AFTER 8/30/22 DEPOSITION, PLAINTIFF WAS IMPROPERLY SERVED A SUMMONS & COMPLAINT IN GEORGIA BY WORTHPOINT CORP. WILLIAM & SHARI SEIPPEL SUBJECT OF COMPLAINT EMOTIONAL DISTRESS & HARASSMENT DUE TO PLAINTIFF'S DIRECT COPYRIGHT, VARA, DMCA INFRINGEMENT LAWSUIT 3) AS PER DOC. 268, I SEEK TO AMEND MY PROPOSED AMENDED COMPLAINT TO INCLUDE FRAUD, HARASSMENT, EMOTIONAL DISTRESS, VIOLATION OF CIVIL RIGHT FOR A FAIR TRIAL, RIGHT TO SEEK GAINFUL EMPLOYMENT. Document filed by Annamarie Trombetta. |
| | | 5 Attachments ▼ |

## WORTHPOINT'S  FAILS TO PRODUCE PLAINTIFF' DEPOSITION 9/19/2022

| 278 | 09/16/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 9/16/212 re: 1-DEFENDANTS' FAILURE TO OBEY JUDGE CAVE'S ORDER FOR THE PRODUCTION OF RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES & PRODUCTION OF PHOTOGRAPHS & DOCUMENTS. 2-PLAINTIFF'S REQUEST TO JUDGE CAVE TO ORDER DEFENDANTS TO PRODUCE REPONSES & PHOTOS. Document filed by Annamarie Trombetta. |
| | | 1 Attachment ▼ |

**307**    10/31/2022    LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 10/31/22 re: "MEET & CONFER ON 10/28/22 WITH DEFENDANTS; PLAINTIFF'S 10/31/22 LETTER TO DEFENDANT'S ATTORNEYS AT 9 A.M. REQUEST OF COMMUNICATION AT 11 AM & 1 PM & 3 PM; PLAINTIFF'S SINGLE FILING OF LETTER TO THE COURT ON MY FACT DISCOVERY RESPONSES." Document filed by Annamarie Trombetta.

2 Attachments ▼

# OCTOBER DEPOSITION AND DELAYS

## WORTHPOINT ATTORNEYS FAILED TO SENT SUBPOENA TO PLAINTIFF'S WITNESS VANESSA PLOSKI ON OCT. 7, 2022

## VANESSA PLOSKI DEPOSITION'S POSTPONED TO <u>OCT. 17, 2022</u>
## A LOSS OF 10 DAYS

## WORTHPOINT ATTORNEYS SEND SUBPOENA TO DISCARDED

**292**    10/07/2022    LETTER addressed to Magistrate Judge Sarah L. Cave from Annamarie Trombetta dated 10/7/2022 re: Pro Se Plaintiff respectfully sets forth this letter to inform and affirm to the Court, a pattern of willful misinformation, intimidation and harassment repeatedly demonstrated by the WorthPoint's attorneys.take any actions legally possible. Document filed by Annamarie Trombetta.

1 Attachment ▼

**289**    10/06/2022    LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 10/6/22 re: "10/4/22 MEET & CONFER - REQUEST TO UPDATE SCHEDULE - BAD FAITH TOWARDS WITNESS" - Pro Se Plaintiff informs the Court that this week the plaintiff requested a Meet and Confer with both of the defendants' attorneys as per your order dated 9/27/22 in Document 287 etc. At the Meet and Confer, I did ask if the Novocin deposition that occurred on 9/21/22 was completed. I regret to state that it is not. Plaintiff reminds the Court that my deposition was on 8/30/22, three weeks before the Novocin's deposition etc. Document filed by Annamarie Trombetta.

4 Attachments ▼

## NOVEMBER 2022   WORTHPOINT FALSELY  CLAIMS PLAINTIFF' DISCOVERY

## WAS NOT PRODUCED
## ON NOVEMBER 16, 2022   SECOND PRODUCTION OF EAI EBAY SALES RECEIPT

**316**  11/18/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 11/18/22 re: "PLAINTIFF DECLINE TO WITHDRAW MY DISCOVERY REQUESTS TO BOTH DEFENDANTS" - I realize that both Judge Cave and Judge Abrams have other cases, yet the deliberate refusal to produce my Discovery requests has been ongoing for quite some time. Document filed by Annamarie Trombetta.

**313**  11/11/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 11/11/22 re: OUTSTANDING WORTHPOINT CORP. DISCOVERY DEFICIENCIES RULE 37 REQUESTS 1) PLAINTIFF REQUESTS FOR THE OUTSTANDING PRODUCTION FOR PROOF OF RECORDS OF EMPLOYMENT & TERMINATION DATES OF WORTHPOINT WEBMASTER GREGORY WATKINS & ANITA BROOKS. 2) PLAINTIFF'S FOURTH SET OF SUPPLEMENTAL RULE 37 LETTER - SECOND REQUEST FOR PRODUCTION. Document filed by Annamarie Trombetta.

**312**  11/10/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 11/10/22 re: OUTSTANDING DISCOVERY DEFICIENCIES BY ESTATE AUCTIONS INC. 1)OUTSTANDING PRODUCTION FOR THE FULL ESTATE AUCTIONS INC. EBAY CONFIRMATION OF THE ALLEGED SALE OF THE "1972 ORIGINAL PAINTING TITLED MAN WITH RED UMBRELLA" WHICH WAS MISATTRIBUTED AS BEING ANNAMARIE TROMBETTA; 2) PLAINTIFF'S REQUEST FROM NORB NOVICIN FOR BUYER'S SALES RECEIPT & THE FORM OF PAYMENT FOR THE 1972 OIL PAINTING SHE PURCHASED ON EBAY FROM ESTATE AUCTIONS INC. IN 2012. Document filed by Annamarie Trombetta.

1 Attachment ▼

**310**  11/08/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 11/8/22 re: "PLAINTIFF'S RESPONSES TO DEFENDANT WORTHPOINT'S ATTORNEY'S DISCOVERY STATUS LETTER" - Plaintiff reminds the Court that this statement was made after Plaintiff has produced in Discovery my signature in script and print around the year 1972, which conclusively proves I did not create or sign either signature which exists on the front or back of the 1972 oil painting. Document filed by Annamarie Trombetta.

1 Attachment ▼

# DECEMBER 2022

## EAI FAILED TO PRODUCE  RAW   NATIVE  ELECTRONIC
## EBAY EMAIL FROM EBAY  TO NORB NOVOCIN DECEMBER 1, 2012

**320**  12/01/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta
dated 12/1/22 re: "PLAINTIFF'S FOLLOW-UP TO 11/23/22 CONFERENCE
CALL - RE DEFENDANTS EAI EVIDENCE"-This letter references and
intends to educate the Court on recent questionable information, produced
to me via email, as Defendants' evidence etc. Document filed by Annamarie
Trombetta.

| 1 Attachment ▼ |

**322**  12/05/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta
dated 12/5/22 re: "PLAINTIFF'S FOLLOW-UP TO 11/13/22 CONFERENCE
CALL RE WORKPOINT DEFENDANTS" - Plaintiff extends another letter to
the Court due to numerous difficulties, deficiencies and the decoding of
evidence emailed to the plaintiff by the defendants after the Conference Call
last 11/23/22. Document filed by Annamarie Trombetta.

| 5 Attachments ▼ |

**330**  12/08/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta
dated 12/8/22 re: APPLICATION TO THE COURT FOR AN EXTENSION
FOR EXPERT WITNESS REPORTS. Document filed by Annamarie
Trombetta.

| 1 Attachment ▼ |

**331**  12/09/2022   LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta,
dated 12/9/22 re: EAI FAILURE TO PRODUCE NATIVE ELECTRONIC
FULL RAW EMAIL MESSAGE ENVELOPE IN A PDF FORMAT FOR EAI
12/1/22 EBAY EMAIL SALES RECEIPT 1972 ORIGINAL OIL PAINTING
MAN WITH RED UMBRELLA. Document filed by Annamarie Trombetta.

| 6 Attachments ▼ |

# DECEMBER 11, 2022

## PLAINTIFF CONTACTED COURT CHAMBERS DUE TO ILL HEALTH

332  12/12/2022  ENDORSED LETTER addressed to Magistrate Judge Sarah L. Cave from Annamarie Trombetta dated 12/11/22 re: requesting an extension of time. ENDORSEMENT: On Sunday, December 11, 2022, pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta") emailed Chambers requesting an extension of time to satisfy her obligations pursuant to the Court's scheduling order (ECF No. 308). Ms. Trombetta's request is GRANTED, and an order providing an extension of time to file her (i) motion to amend the complaint and (ii) expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be issued separately. Ms. Trombetta is advised that, in accordance with the Courts Individual Rules of Practice, communications with the Court including from a pro se party must be by letter-motion filed on the docket. SO ORDERED. (Signed by Magistrate Judge Sarah L. Cave on 12/12/22)

339  12/16/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 12/15/22 re: "PLAINTIFF'S REQUEST TO RECONSIDER PRODUCTION FOR NATIVE ELECTRONIC MESSAGE EAI 2012 EAI 2012 EBAY SALE" - In September 2022, Plaintiff subpoenaed the person in possession of the painting. The red signature is locate midway on the top stretch er box. A supporting fact that a nine year old could not sign on the top stretcher bar. On 11/23/22, the Court ordered Plaintiff's simple request for one exported PDF Original Message. I explained then how to export the Original message t PFF. Why is Mr. Duff willfully avoiding production?

2 Attachments ▼

# DECEMBER 2022

### EAI FAILED TO PRODUCE  RAW   NATIVE  ELECTRONIC EBAY EMAIL FROM EBAY  TO NORB NOVOCIN DECEMBER 1, 2012



**320**  12/01/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta dated 12/1/22 re: "PLAINTIFF'S FOLLOW-UP TO 11/23/22 CONFERENCE CALL - RE DEFENDANTS EAI EVIDENCE"-This letter references and intends to educate the Court on recent questionable information, produced to me via email, as Defendants' evidence etc. Document filed by Annamarie Trombetta.

1 Attachment ▼

**322**  12/05/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta dated 12/5/22 re: "PLAINTIFF'S FOLLOW-UP TO 11/13/22 CONFERENCE CALL RE WORKPOINT DEFENDANTS" - Plaintiff extends another letter to the Court due to numerous difficulties, deficiencies and the decoding of evidence emailed to the plaintiff by the defendants after the Conference Call last 11/23/22. Document filed by Annamarie Trombetta.

5 Attachments ▼

**330**  12/08/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta dated 12/8/22 re: APPLICATION TO THE COURT FOR AN EXTENSION FOR EXPERT WITNESS REPORTS. Document filed by Annamarie Trombetta.

1 Attachment ▼

**331**  12/09/2022  LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 12/9/22 re: EAI FAILURE TO PRODUCE NATIVE ELECTRONIC FULL RAW EMAIL MESSAGE ENVELOPE IN A PDF FORMAT FOR EAI 12/1/22 EBAY EMAIL SALES RECEIPT 1972 ORIGINAL OIL PAINTING MAN WITH RED UMBRELLA. Document filed by Annamarie Trombetta.

6 Attachments ▼

**SA2720**

# DECEMBER 11, 2022

## PLAINTIFF CONTACTED COURT CHAMBERS DUE TO ILL HEALTH

| | | |
|---|---|---|
| 332 | 12/12/2022 | ENDORSED LETTER addressed to Magistrate Judge Sarah L. Cave from Annamarie Trombetta dated 12/11/22 re: requesting an extension of time. ENDORSEMENT: On Sunday, December 11, 2022, pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta") emailed Chambers requesting an extension of time to satisfy her obligations pursuant to the Court's scheduling order (ECF No. 308). Ms. Trombetta's request is GRANTED, and an order providing an extension of time to file her (i) motion to amend the complaint and (ii) expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be issued separately. Ms. Trombetta is advised that, in accordance with the Courts Individual Rules of Practice, communications with the Court including from a pro se party must be by letter-motion filed on the docket. SO ORDERED. (Signed by Magistrate Judge Sarah L. Cave on 12/12/22) |
| 339 | 12/16/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 12/15/22 re: "PLAINTIFF'S REQUEST TO RECONSIDER PRODUCTION FOR NATIVE ELECTRONIC MESSAGE EAI 2012 EAI 2012 EBAY SALE" - In September 2022, Plaintiff subpoenaed the person in possession of the painting. The red signature is locate midway on the top stretch er box. A supporting fact that a nine year old could not sign on the top stretcher bar. On 11/23/22, the Court ordered Plaintiff's simple request for one exported PDF Original Message. I explained then how to export the Original message t PFF. Why is Mr. Duff willfully avoiding production? |

2 Attachments ▼

**SA2721**

1

**In The United States District Court For Southern District of New York**

_____

Annamarie Trombetta,

      Plaintiff,

     vs.

Norb  Novocin, Marie  Novocin,
  Estate Auctions Inc.
     and

WorthPoint  Corporation

    Defendants

Civil  Action  No. 18-cv-0993-RA-HBP

**PLAINTIFF'S  RESPONSE  TO**

**DEFENDANTS  WORTHPOINT CORPORATION**

**MOTION  FOR SUMMARY  JUDGEMENT**

_____

**PLAINTIFF'S   RESPONSE   TO DEFENDANTS'  WORTHPOINT  CORPORATION'S**

**MOTION  FOR SUMMARY  JUDGEMENT**

**SA2722**

2

TABLE OF CONTENTS

I.    INTRODUCTION AND  PLAINTIFF 'S SUMMARY RESPONSE……………………4, 5

II.   SUMMARY JUDGEMENT STANDARD .…………………………………………6 ,7

      UNDISPUTED   FACTS

III.  UNDISPUTED FACT  PLAINTIFF IS NOT THE ARTIST  PROVEN AND EVIDENCED
      BY  PLAINTIFF'S  PRODUCTION OF MY CHILDHOOD 1972  SIGNATURE ……...…7

IV.  UNDISPUTED  COUNTERFEIT  SIGNATURE  "A. TROMBETTA" ON 1972 OIL…..7, 8

V.   UNDISPUTED MISSPELLED  RED PENCIL  SIGNATURE  ON  BACK OF 1972 OIL...……8

VI.  UNDISPUTED FACT  ARTIST  UNKNOWN  FOR 1972 OIL MAN W/ RED UMBRELLA
     …………………………………………………………………………….………8. 9,10

VII. FAILURE BY  WORTHPONT  TO ADMIT 1972 POST WAS ON ITS OWN  WEBSITE….
     ………………………………………………………………………………10,11,12.13,14

VIII. FAILURE BY  WORTHPONT TO PRODUCE VIEWPAGES  IN  DISCOVERY FOR
      WORTHPONT'S  ADDITIONAL WEBPAGES UNDER PLAINTIFF'S NAME……14,15

IX. WORTHPOINT' CORPORATION  CONTRADICTORY FACTS……………………15, 16

X.  WORTHPOINT'S DECLARATIONS  BY WILL SEIPPEL & JASON PACKER…..16,17,18

XI. WORTHPOINT CORPORATION  ADMISSIONS…………………………………………18

XII.WORTHPOINT UNDISPUTED FACT  ADMITS WORTHPOINT TAKES NO POSITION ON THE
     ACCURACY OF PLAINTIFF'S CLAIM SHE DID NOT CREATE THE 1972 PAINTING...…18,19

XI1I.WORTHPOINTS' ATTORNEYS  PRODUCE  EAI SALES  RECEIPT  NOV.23, 2022……….19.20,21

XIV. ARGUMENT ……………………………………………………………………………22

     PLAINTIFF'S RESPONSE TO  WORTHPOINTS' ATTORNEYS  ..…………….....22 to 34
A.  Plaintiff's Copyright Infringement  Claims are  Not  Time Barred…………...………22,23,24
B   DMCA §512(c )WorthPoint Does  Not  Qualify For  Safe Harbor Defense………………23,24
C.  Plaintiff's Biography  Is  Not Subjected to Fair Use………………………………………24,25
D.  Plaintiff's  Claims  Under  VARA Are Not  Time  Barred and legal fees  ………………26,27
E.  Plaintiff's Claim for Intentional Infliction of Emotional Distress……………………… …,27,28,29,30
F.  Remove or Alter Copyright Management Information CMI17 U.S.C. §1202(b)………………..30,31
G.  Defendants CMI in Violation of 17   U.S.C. § 1202(a)………………………………31.32
H.  Fraud  Tangible Conversion of Plaintiff Biography ………………………………..………...33,34
XII. PERMANENT INJUNCTIVE  RELIEF ………………………………………………34,35
XIII. CONCLUSION………………………………………………………………………35

## CASES

" PetEdge, Inc. v. Garg, 564088, at *9 (S.D.N.Y. Feb. 10, 2017)……………………………………….6

"Morris v. N.Y.C. Emps. Ret. Sys., 129 F. Supp. 2d 599, 605 (S.D.N.Y. 2001)(citing Barhold v.

Rodriguez, 863 F.2d 233, 236 (2d Cir. 1988) …………………………..………………………………6

Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir.1986), cert. denied, 480 U.S. 932 (1987)……..…..7

Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d Cir.2014...………………………………22

Civ. 00089 SDNY McGlynn vs. TowerInvestors, Com Inc………………………………….………23

HC2, Inc. v. Delaney, 510 F.Supp.3d 86, 104 (S.D.N.Y. 2020) (quoting Stuto v. Feishman, 164 F.3d 820, 827 (2d Cir. 1999)…………………………………………………………………………25

Broadcast Music, Inc. v. Wexford INR LLC, 12-CV-1253, 2014 WL 4626454, at

*9 (N.D.N.Y. Sept. 15, 2014) (Suddaby, J.)……………………………………………………25

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282(1991…………………..33

Barcroft Media, Ltd. v. Coed Media Group, LLC, 297 F. Supp. 3d 339, 355-56 (S.D.N.Y. 2017);

Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672, 679 (S.D.N.Y. Feb. 20, 2015). ……………35

Fletcher vs Doig ……………………………………………………...… …………………..35

Rosen vs Terapeak, WorthPoint 2015………………………………………………………35

## STATUTES

17 U.S.C. § 401 § 401(c)……………………………………………………... 26
17 U.S.C. § 507……………………………………………………….4,25
17 U.S.C. § 504……………………………………………….……4
17 U.S.C. § 106……………………………………………………4,27
17 U.S.C. § 106A……………………………………………...……4.25
17 U.S.C. § 106(2)……………………………………...………27
17 U.S.C. § 1202…………………………………………….…4,22,26,27
17 U.S.C. § Section 1202(a) …………………………………………4.22,31,32
17 U.S.C. § Section 1202(b)………………………………….…..4,22,31,32
17 U.S.C. § 1202(c) …………………………………………4,32

## RULES

Fed. R. Civ. P. 56(a)……………………………………………….……4
Fed.R.Civ.P. § 56(c)……………………………………………… 4
Fed.R.Civ.P. § 9(b)……………………………………………..…4,34
CPLR 213(2)……………………………………………………4

**SA2724**

4

## I.    INTRODUCTION AND  SUMMARY OF PLAINTIFF'S  RESPONSE
## TO  DEFENDANTS WORTHPOINT CORP. MOTION FOR  SUMMARY JUDGEMENT

The crux of Plaintiff's response  motion to  Defendants, WorthPoint Corporation  motion

for summary  judgment,  pursuant to   Rule 56 of the Federal  Rules of Civil Procedure, is to set

forth  conclusive proof  of  Defendants'  WorthPoint Corp.'s liability for violations of Copyright

infringement (Copyright law protects original works of authorship including literary) Code §501,

§504,  §507 §106,  The Visual Artists Rights Act "VARA"17U.S.C. §106A,  for violation of the

DMCA 17 U.S.C.§1202 (a) removing or altering copyright  management  information under 17

U.S.C. § 1202. (b)  falsifying copyright management information,  Fraud (Rule 9),  Intentional

Infliction of  Emotional Distress, Tort, CPLR 213(2) and the  request  for Declaratory and

Permanent Injunctive Relief,  as well as finding  Defendants' conduct was willful.

In Plaintiff's Response, substantiated with numerous exhibits, Plaintiff  will  expose to

the Court  the irrefutable  evidence needed to  conclude the intention  of  WorthPoint Corporation

 to wllfully  purport fraud and false advertising . From August to  November 2015,  WorthPoint

deliberately misdirected  Plaintiff,  numerous times, to  contact eBay to remove the false 1972 oil

painting post,   knowing that the 1972 post was on WorthPoint's website.   In like fashion,

WorthPoint, prior to and throughout litigation has misdirected, the  Plaintiff and the Court by

creating endless problems, such as  omitting to send Plaintiff WorthPoint's  Summary Judgement

Motion, and  sending  ninety -eight Statements of Material Facts.  Despite WorthPoints' mistake,

Plaintiff  was threaten  by WorthPoints attorneys that they would  Motion to Strike my response,

when it was WorthPoints' mistake. This incident has similarities to the false 1972 posting. It was

WorthPoint's mistake, in 2015 and when Plaintiff informed WorthPoint about their false post,

they  directed me repeatedly to  contact eBay. WorthPoint did not remove the false post after

Plaintiff informed them it was false.  The commonality is the lack of responsibility and the

disregard of Plaintiff rights. My claim for IIED clearly did not deter WorthPoints' attorneys given

Case: 25-817, 07/17/2026, DktEntry: 90.4, Page 22 of 55
SA2725
Case 1:18-cv-00993-LTS-SLC    Document 496    Filed 06/07/23    Page 5 of 38

5

the recent threat to strike my response.  Plaintiff thanks the Court for the extension of time due to

 this mental challenge  that occurred over  Memorial day weekend.  Plaintiff does feel oppressed

and imprisoned by the overwhelming demands by WorthPoints attorneys, as the Court will see in

Plaintiff's responses and exhibits to WorthPoints demands and Statements of Material Facts, all

designed to belabor the Plaintiff.   Unfortunately this has been ongoing throughout litigation.

WorthPoint's excessive demands are attempts to avoid any liability by WorthPoint Corp. to the

aforementioned claims.  Plaintiff's evidence against  WorthPoint,  conclusively substantiates and

demonstrates,  beginning from  August 1, 2015,  that  Defendants' intent  was to  "to manipulate,

deceive  and/or defraud"  the public by using Plaintiff 's name  and notoriety to create  a false,

non existent association.   WorthPoint 's strategy was intentionally  calculated. to either keep or

prolong the false 1972 post  on  its website.  The false post  was listed under the Plaintiff name

and  presented false copyright and  licensing claims that  harmed  my professional  status.

The Southern District  Court of New York,  known as the Second Circuit, has  held  that

Fraud Rule 9(b),  requires fraud  complaints to allege facts that  lead to a "strong  inference"  that

the defendant has the requisite  state of mind.  Through  multiple contradictory statements made

by WorthPoints' staff, conjoined  by ignoring Plaintiff's verified  discovery facts, Defendants'

intent was clearly to commit and report known fraudulent statements on WorthPoint's website

webpage about the  Plaintiff.  The  misuse of my biography  by  WorthPoint was caused by

keeping the false 1972   post listed  under  Plaintiff's name. In early August 2015, WorthPoint 's

linked  other WorthPoint webpages, such as " *1952 Brooklyn  NY Msgr Angelo Cioffi &*

*Diamond- Encrusted Gold Press Photo 6993  (07/04/2014* and " *the Incredible, Life Story of*

*Sister Elena Aiello by Francesco Spadafora. 1964.  Rare (09/03/2013)* " and the webpage

*Marilyn Monroe photo  by Michael Ochs etc.*,"  seen in  EX.#1  and hyperlinked  all three listing

to  the false 1972 oil painting "Man With Red Umbrella".  These three  additional  links in

August 2015, were showing up on the internet under Plaintiff's name. The additional WorthPoint

webpages in early August , 2015 , linked to the false 1972 oil painting post, further  distributed the false 1972  post  which   misused  my  name and bio on the internet. The evidence of these early links attached to the 1972 oil painting post are in  **EX. #1 Pl's Evid. 000377  hyperlinks to the false 1972 oil painting to other webpages on WorthPoint's website in August,  2015.** Plaintiff's many  calls to WorthPoint helped to make some  links disappear  under my name on the internet but the Marilyn Monroe photo link was  constantly linked to the 1972 post till 2017.

The Second Circuit standard for  Fraud goes  beyond general statements when alleging intent.  Plaintiff 's SAC,  granted by Judge Cave on Feb. 2, 2023,  has met this standard by  (1) alleging facts to show that  Defendants had both motive  and  opportunity to commit fraud,  or by (2)  alleging facts that constitute strong circumstantial evidence of conscious  or recklessness. misbehavior — " PetEdge, Inc. v. Garg, 564088, at *9  (S.D.N.Y. Feb. 10, 2017) . In Plaintiff's response to WorthPoints Motion for Summary Judgement, my submitted reply with exhibits, will reference the  documents and  confirm WorthPoint's  concealment of facts and  contradictory statements,  proving  willful  commitment of  fraud  and the attempt  through ongoing litigation. to offset liability while both Defendants concurrently have willfully rejected  settlement talks.

## II.   SUMMARY JUDGEMENT STANDARD

"Summary judgment shall be granted 'if the pleadings, depositions, answers to interrogatories,  and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  "Each  movant must present sufficient evidence to satisfy its burden of proof on all material facts.  "Morris v. N.Y.C. Emps. Ret. Sys., 129 F. Supp. 2d 599, 605 (S.D.N.Y. 2001) (citing Barhold v.  Rodriguez, 863 F.2d 233, 236 (2d Cir. 1988)"  [T]he mere existence of some alleged factual dispute between the parties will not  defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material

fact.".  "All ambiguities must be resolved in favor of the "non-moving party" and all permissible inferences from the factual record must be drawn in that party's favor."   A party may not 'rely on  mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'" Id. (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir.1986), cert. denied, 480 U.S. 932 (1987) . WorthPoint Corporation,  as evidenced in their admissions, contradictory  statements, declarations, statements of material facts, conjoined with deficient, contradictory  discovery responses fails to meet the standard.  Defendants' Motion for Summary Judgement, non conclusive  evidence and speculative responses, should  therefore be denied

## UNDISPUTED  FACTS

### III.  UNDISPUTED  FACT  PLAINTIFF  IS  NOT  THE  ARTIST  PROVEN  AND EVIDENCED IN PRODUCTION  BY PLAINTIFF'S   CHILDHOOD  1972  SIGNATURE

Plaintiff  begins by  repeating  to the Court,  on April 8, 2022  and prior to my  August 30, 2022 deposition,  Plaintiff produced samples of my **childhood 1972  handwriting in script and in  print  EX.#2 Pl. Evid. 000260 -000318 Pl. Evid. 000495.**   The  Plaintiff's childhood signatures  from Plaintiff's  1972 notebook are verified as  an   undisputed   fact.

### IV.  UNDISPUTED  FACT - FALSE  FRONTAL  SIGNATURE  "A. TROMBETTA" ON 1972 OIL

Plaintiff's  production of my original 1972 signature proves the "A. Trombetta"  signature in black oil paint, photo featured in EAI's 1972  painting ad,  that was on WorthPoint's webpage, is clearly not by Plaintiff's hand.  The photo of  the "A. Trombetta" signature featured in  the ad for  the "1972 oil painting " Man With Red Umbrella"  is a fraudulent  signature  which  was publicly distributed  and linked to many of WorthPoint's other webpages such as   Thomas Kinkade-Kincaid, Marilyn Monroe 1988 Vintage  photo byMicheal Ochs Archive Channel, 1789 bonnaterre [sic] original antique hand colored  reptile, Hello Blue Kitty, etc.,  while the false 1972 oil painting link  was on WorthPoint's website, on  the internet.  The "A.Trombetta"

photograph was the only photo on WorthPoint's webpage  and oddly there were  no photos of the 1972 oil painting. <u>The  "A.Trombetta "signature is  a fraudulent signature,  not by the Plaintiff's hand and is an undisputed fact.</u> When I saw the hyperlink to enlarge the photo of the signature "A. Trombetta " being circulated  on  the internet, that was not mine, I was  prompted  to put a "Credit Freeze" on all my cards. **EX# 3 Pl's Evid. 000163 1972 "A.Trombetta"signature and B  Pl's Evid  000690 TransUnion and 000694 Experian. EX.#3C.**  In Norb Novocin deposition page 38 he admits  the "A. Trombetta"  signature is garbled and hard to read.

## V.   <u>UNDISPUTED FACT - MISSPELLED  RED PENCIL SIGNATURE ON BACK OF 1972 OIL</u>

Annexed are photos of Defendants  noted in **EX. #4. Photos of  Red pencil  fraudulent signature,**  written on the back of the stretcher bar of the  1972 oil painting.  The  misspelled signature in red  pencil was not featured in the 1972 oil painting ad on WorthPoint's website  The fact that the painting and the red signature  is now known to be a fraud, was  attempted to be cured by the proper spelling of  Plaintiff's name in the written text that described the painting. This  photo omission by  Defendants  who  misattributed  my self authored  copyright biography, appeared  publicly on WorthPoint webpage.  The red signature was  not  produced until  April 12, 2022, this  lawsuit began in 2018. The photo of the red pencil signature, has   three misspellings of my name,  ANNA  with a space  MARIA ends  in A  and not the letter E,   TROMBETTA PAINTED  1972,  "GIFTED  1977".  <u>The  "misspelled   ANNA    MARIA   TROMBETTA "  signature in red pencil is  a fraudulent signature not by  Plaintiff's hand and is an undisputed fact.</u>

## VI.   <u>UNDISPUTED FACT   ARTIST   UNKNOWN   FOR 1972 OIL PAINTING  MAN  WITH  RED UMBRELLA</u>

Plaintiff brings to the Court's attention  neither  Defendants  Estate Auctions Inc. nor WorthPoint Corporation  made any effort to   identify  the  artist who  painted  the oil painting titled by Mr. Novocin as *"Man With Red Umbrella allegedly painted in 1972"*.  Neither party

researched in 2017, or eve now, to find out who signed or painted this oil painting yet both

Defendants willfully reject all my attempts at settlement requests to end this lawsuit.   Plaintiff's

submits evidence to confirm, I did contact two artists named Anita and Anne Trombetta

who denied the " A. Trombetta " signature on the 1972 oil painting as their own signature.

**EX. #5 Email from artist Anne Trombetta in Pl. Evid.000264.  EAI's  A. Trombetta**

**signature is not by Anne Trombetta.  In like fashion Anita Trombetta's email also denies**

**A.Trombetta signature. Pl. Evid.000593 is a Google listing of A. Trombetta artists #5B**

The lack of identity as to who painted and signed the alleged 1972 oil painting and the

failure by both Defendants to identify an artist, substantiates Plaintiff's claims to include

Fraud (9) in my Second Amended Complaint. The unknown artist status and the four counts of

written false misrepresentation to the Plaintiff from 2015 to the present constitutes a willful

intent by WorthPoint to misrepresent and conceal fraud to the Plaintiff while WorthPoint

concurrently distributed fraudulently copyright and licensing claims by applying the symbol

"© *with Copyrighted work licensed by WorthPoint"* See ECF 348 Plaintiff's SAC pages 6 to 10,

Four Counts of False Written Misrepresentation ,Page 51 to Page 61- Pages 62-65 Tangible

Conversion of Plaintiff's Bio and claims for Tort CPLR 213(2).  The statutes of limitation in

NewYork for civil tort is six years in writing or with an oral contract , see on Page 76 to 78.

WorthPoints' failure to permanently remove the false post after March 2016 and the failure by

WorthPoint to respond to Plaintiff in Jan. 2017, knowing the URL was on the internet is

evidenced in WP000132-133 and 000134 (EX.#15). Since 2015 no other person has been

identified with the 1972 oil painting and neither Defendants has identified who painted the 1972

oil painting. The location is also unknown.  Plaintiff references ECF 348 pages 71 to 72 which

lists and describes for each Defendant the Five Elements of Fraud to include :

1. Misrepresentation—2) Knowledge of the material falsity -3) Inducing the other party to rely

upon it. 4) Justifiable reliance of the other party  5) Injuries and Damages.  Plaintiff  will

recite once again the willful denial and the reliance of Plaintiff to have the false 1972 removed.

By concealing and denying  that WorthPoint's website hosted the 1972 post, WorthPoint conduct

satisfies all five elements of fraud listed above and described below.

**V11.  FAILURE BY WORTHPONT TO ADMIT 1972  POST WAS ON ITS'  OWN  WEBSITE**

For the sake of  clarity Plaintiff  notes key indicators to the Court to  convey a willful

pattern of reluctancy by  WorthPoint who intentionally denied to Plaintiff, the post was on

WorthPoint's  website from August 1, 2015 until  January 2016 . Plaintiff was directed to  pursue

an investigation with eBay.  Following eBay 's multiple confirmations that the 1972 post was on

WorthPoint's website (SEE **EX. 10  eBay phone transcript),**  I contacted WorthPoint in 2016 by

phone on Jan. 22, 2016.   Even after Jan. 22, 2016, it took three  more phone calls from Jan. 22,

2016 until Feb. 1, 2016,  thatPlaintiff  made to WorthPoint, before I was able to speak with Greg

Watkins webmaster at WorthPoint to request the permanent removal of the false1972 oil painting

post "Man With Red Umbrella".   WorthPoints' willful pattern of avoidance conjoined with

deliberately misinforming Plaintiff and the public about a false oil painting listing, is a pattern.

WorthPoint  willfully defrauded the Plaintiff  and the public.  WorthPoint  past actions to ignore,

delay and purport false claims  have  re- emerged in litigation.  WorthPoint  delayed, deferred

and denied, in   discovery,  any known date when the false post was ingested on  WorthPoints'

website.  WorthPoints' own evidence produced on April 8, 2022, has an email to Greg Watkins

by  Jason Packer  and has a written  date of March 5, 2013 as the date the 1972 post was added to

WorthPoint's website  seen in **EX. 6 Email to Watkins by  Packer date of 1972 posting**

**March 5, 2013  in  WP 000130-000131.**  In 2016,  Plaintiff requested the date of the post from

Mr. Watkins  during our phone call and in an email I sent to WorthPoint.  In  2016, Plaintiff never

received any information.  In like fashion,  Plaintiff requested from WorthPoints' attorneys noted

**SA2731**

11

in my first  set of interrogators in No. 5, the day, month and year of the  false 1972 post entered onto  WorthPoint's website, see in **EX. #7A Pl. Evid.Pl. Evid. 000432 1st Set of Interog.  to WorthPoint. Pl.  Evid. 000436 Interrogatory No. 5 Request,**    WorthPoint denied any knowledge of this information.   In **EX.7 B**  Plaintiff's  second set of Requests for Documents in No. 1,   Plaintiff  asked the  same question for the month and year when the false 1972 post was listed on WorthPoint's website. On May 27, 2022 WorthPoints attorneys denied and lied, stating they do not have any information.  Once again, in April 2022 WorthPoint produced an old email that listed and  projection a date of March 5, 2013 by  WorthPoint employee  Jason Packer

*"It was posted* 2013-03-05, *and we do not have any other  photos with it*." See **EX.6 and 7 A and  7B**. On Feb. 3, 2016 I asked WorthPoint webmaster Greg Watkins if I could have the date, month and year when the 1972 was posted and is in  **EX.8 A page from this phone transcript Plaintiff 's Evid. 001008.** I note my question to Greg Watkins asking him "How long has the information been on WorthPoint's website. Mr. Watkins affirmed he would get back to me yet I did not receive any response from WorthPoint.  I requested this information because WorthPoint lied about the 1972 post falsely claiming it was NOT on their website. From 2015, Plaintiff has always suspected my 2015 biography listing on askART and my first time signed up onto eBay. in June 2015, were connected. Plaintiff affirms and believes , due to my bio listing on askART in June 2015  and my information entered onto  eBay, in June 2015, as a result,  in August 2015 the false 1972 oil painting post  was seen listed on the internet  under my name.  In 2015, Plaintiff, due  to my recent solo shows,   I was watching what posted on the internet.

As  Plaintiff  re caps  my steps  below  to removal one false 1972 painting post I ask the Court to note the subtlety and  numerous  repetitious  delays and  denials to obfuscate any information in order  to prolong and eventually  allow WorthPoints' to keep the  fake post  on the internet  which  WorthPoint knew  misinformed  the public and my audience.  I bring to the Court's attention  in WorthPoints Statements of Material Fact in No. 7 WorthPoint touts  that they

**SA2732**

12

"report historic records".  Plaintiff contacted WorthPoint to report a false post allegedly from 2012,  simply because it was false  and  purported incorrect facts, thus it is was not accurate  nor was it  a historic  record .  I never painted in oil in 1972.  This is what was so troubling then and still today;  WorthPoint, in 2015, for months, failed  to investigate and never made any effort to remove  or  accept my claims.  Even after months of Plaintiff 's  informing WorthPoint  the 1972 oil painting post  was false,  WorthPoint was reluctant in Jan. 2016 to remove the post.

Plaintiff  reiterates  my steps in August 2015 which  began when I found the post:

1)  In early August 2015, Plaintiff's  found WorthPoint's post under my name listed as 1972 (false) oil  painting "  Man With Red Umbrella " Even then the 1972 oil painting post had other posts  linked to it that were also onWorthPoint website. SEE EX.#1.  Plaintiff  response was to inform WorthPoint that the 1972 post listed under my name was false and  all others posts did not belong under my name  on the internet. After informing  WorthPoint I was not the artist and did NOT paint the 1972 oil, WorthPoint  told  me to contact eBay. WorthPoint stated they do not know the names of the buyers or sellers of items they report   In order to remove  the  post  I should  contact  eBay who  listed the  1972 post on eBays' website. WorthPoint's website had a hyperlink to eBay. EBay's webpage  appeared when the eBay logo was clicked and therefor  WorthPoint's false  misdirection to eBay was credible.

2)  In and around September October 2015, when Plaintiff consistently called WorthPoint the other additional  posts (EX#1)  were removed except  the 1972 false oil painting post.

3)  From October to November Plaintiff went back and forth between eBay and WorthPoint.

4)  In November Anita Brooks issued a written quote in order to stop Plaintiff from  consistently calling WorthPoint about the false 1972 post.  Ms Brooks agreed to issue a written quote that I could email to eBay seen in  in **EX.#9 A Plaintiff's Evid 000016.**  Ms. Brooks wrote and claimed  " *We (WorthPoint) do not buy or sell anything on the site". Rather we buy sales records from various auction houses and site……..If this particular item sold on eBay, I recommend trying to contact eBay as they may be about to provide you with the additional information you are seeking* ".  EBay took a stance that the link was a "spoof"  and Plaintiff was  instructed  by  eBay  to  email  "spoof@eBay.com  and  ippermssions@eBay.com' evidenced in EX. #6  Plaintiff Evidence  bate stamped as  000016.

5)  From December to January Plaintiff began to see other links listed  from WorthPoints. The other webpages  reminded me of August 2015, which  was a time when other  listings were posted under my name, via a hyperlinked  connection to the 1972 oil painting post Man With Red Umbrella. There were at least three to four other unrelated WorthPoint webpages  posted under Plaintiff's name on the internet.

**SA2733**

13

**6)** In late December 2015 Plaintiff called eBay and recorded the phone conversation. On my call to eBay I spoke with four different eBay agents. The recorded eBay phone call was submitted in discovery to both Defendants **Evidenced in EX. #10  eBay phone transcript.** According to eBay which is documented in Plaintiff's eBay phone transcript  Pl. Evid. 000328**,** eBay stated the sale was "undefined" and was made by a third party app or marketplace. On **page 9** of the eBay  transcript, the second eBay phone agent confirmed the 1972 post was on WorthPoint's  website and gave Plaintiff's WorthPoint's phone number. On **page 13 in the eBay phone** transcript, the third eBay phone agent informed Plaintiff that **documents for COPYRIGHT** purposes **must be filed with eBay.** This means that either Estate Auctions Inc. or  WorthPoint Corp or both parties had to file COPYRIGHT documents with eBay  for  the 1972 oil painting. The documents sent to eBay for Copyright items should be  in the possession of  either  one of the two Defendants.

**7)** On **page  19  of the  eBay transcript** , a fourth and final eBay agent informed and confirmed the **sale of the 1972 oil painting was "UNDEFINED".**   On **page 20 phone agent  and eBay Specialist** told Plaintiff if wanted the 1972 page to be removed I should contact WorthPoint.  I asked if eBay  had the right and could remove the  fake 1972 oil painting post and  Archer, the eBay specialist, replied "No".  Please read **EX. 10  eBay  phone transcript.**

**8)** On January 14, 2016, Plaintiff went to WorthPoint's website and filled out the form on the Item Review Request page which is documented in **EX.#11 Pl. Evid. 000285 and 000286**

In 2015, WorthPoint's  willful  misdirection from  WorthPoint staff cost Plaintiff  months of time, all the while the false 1972 post was onWorthPoint's website .In Nov. 2015 to Jan. 2016, WorthPoint began to link the false 1972 post  to its  other webpages on WorthPoint's website. The  Dec. 2015 and Jan. 2016 reappearance of other WorthPoint  webpages linked to  the false 1972 post  harkened  back to  early August 2015 when the false post first appeared under my name  and  the linkage to other webpages  was  listed and is evidenced  in  Pl's Evid. 000377 000378 in EX. #1.  In  four months,  WorthPoint's  pattern  to re link other webpages had resurfaced once Anita Brooks directed me to contact eBay  to  removal the false 1972 post, which turned out to be a "false pursuit "like "the false  1972 post".  Dated  **Jan. 20, 2016 in EX. 12 is a Google listing under the "1972 Original Oil Painting Man With Red Umbrella"** listing three attached posts which were linked and listing to the 1972 oil painting with Plaintiff's name.  The three WorthPoint posts were also appearing under my profession, as if  I was the poster artist to advertise  WorthPoints webpages.  Plaintiff  lost sale of my artwork was due to

the extended time it took to remove the false 1972 post from the internet combined with additional WorthPoint webpages posted under my name which gave a false association, I did business with WorthPoint. I also note the false copyright and licensing statement to WorthPoint . Plaintiff was intentionally misdirected to pursue eBay thus wasting my time. WorthPoint Defendants never took responsibility or offered to contact eBay or the seller or to find out if there was a buyer, even though Plaintiff, since August 2015 repeatedly affirmed and verified I was not the artist and the 1972 internet ad was completely false. At Plaintiff's deposition on August 30, 2022, I explained to all five attorneys what happened in August 15, 2015, with WorthPoint and my phone call to Anita Brooks in Nov. 2015 and again in Jan. 2016. Plaintiff submits as evidence pages 102 to 106 of my deposition in support of the statements above.

**EX. #13 Plaintiff's deposition pages 102 to 107 with Pl. Evid. 000124 Pl. Bio on my website.**

## VIII.  FAILURE BY WORTHPONT TO PRODUCE VIEWPAGES IN DISCOVERY TO WORTHPONT'S ADDITIONAL WEBPAGES UNDER PLAINTIFF'S NAME

During discovery, Plaintiff addressed all of WorthPoint links listed under Plaintiff's name from Dec. 2015, to WorthPoint's attorneys. Plaintiff's has attached my discovery interrogatory pages in **Pl. Evid. 000448 -000452 to  000457  in EX.#14.**   Plaintiff listed all of the WorthPoint webpages. I requested the number of viewpages to each listing that was linked to the 1972 oil painting post. Plaintiff is noting to the Court my DMCA claim for distribution of false internet links and the other webpages which is relevant in calculating the number of distributions of unauthorized and incorrect use of my name and biography to the public. WorthPoint's five posts listed below were linked to the 1972 false painting post Man With  Umbrella documented in Plaintiff's  Google listing under Plaintiff's name as :

**1)** Marilyn Monroe 1988 Vintage Micheal Ochs Archive Channel—"1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta"

**2)** Thomas Kinkade-Kincaid —"1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta"

3)  Blue Hello Kitty"1972 Original Oil Painting Man With Red Umbrella  Annamarie Trombetta"

4)  1789 bonnaterre [sic] original antique hand colored reptile—yqz—Handmade New Mexican with "1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta"

5)  1789 bonnaterre [sic] original antique hand colored reptile— Original Print Egyptian —"1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta

WorthPoint's  attorneys objected  to Plaintiff's  discovery requests to produce the other posts that were linked to the 1972 oil painting post.  WorthPoint's   attorneys failed to produce the number of  view pages  for the five links listed above in Plaintiff  discovery noted in .Pl. Evid. 000454.  I have included  pages  of my rejected discovery requests and note in Request No.1,  I asked for the month and year the 1972 ad was posted  on WorthPoint's website.  In No. 2 , I requested meta data of the 1972 post.  WorthPoint failed to produce  any meta data nor did they produce the Jan. 14, 2016, Item Review Request (Ex.11), I submitted using WorthPoint's own website, WorthPoint did not produce their version of my submission that  generated  Ticket # 56607(EX.14) and Ticket # 57565.  Plaintiff requests the Court to review my Prod. of Docs. requests to see all that  WorthPoint  attorneys  rejected.  My discovery request are bate stamped Pl. Evid. 000448 and Pl. Evid. 000452.  Listed on Pl. Evid. 000454 are the five links above with WorthPoints attorneys responses noted on  Pl. Evid. 000455—all pages are labeled  EX.#14.

## IX.    WORTHPOINT   CORPORATION  CONTRADICTORY  FACTS

Plaintiff notes to the Court WorthPoint's contradictory  statement of  material facts   filed  April 17, 2023. In No.29, WorthPoint stated they did not create or have any input on the content of the Auction  juxtaposed  to statement No.32 that admits*" The photograph "Copyrighted work licensed by WorthPoint."*  This statement contradicts No.29 and confirms WorthPoint's addition.

**29. "WorthPoint did not create or have any input into the content of the Auction Listing. Id,  at p. 79, l. 24, through p.80, l. 3."**

**32. "The photograph annexed to the WP Report contained a notice "Copyrighted work licensed by WorthPoint."("Copyright License Notice"). Id at p.144, ll. 18-23; see also, Ex.K  "**

**SA2736**

16

Plaintiff notes to the Court, WorthPoint's other contradictory statement of facts No.49, the Google removal request on March 3, 2016 juxtaposed to statement of facts No.41 which falsely claims *"After Feb. 4, 2016, the text of the biography no longer existed on WorthPoint's website"* In WorthPoint No. 51 statement, WorthPoint noted *"on Jan.4th Plaintiff contacted WorthPoint"* Plaintiff 's Jan. 4, 2017 email complaint was to inform WorthPoint that the 1972 oil listing was posted a second time after its' removal from the internet in March 2016. Plaintiff annexed as **EX.#15 WorthPoint Evid. 000132-134** of the Jan. 4, 2017 email to Will Seippel. My email documents Will Seippel's comment on WP000134 and Mr Packer's statement that the "1972 *URL is showing up on the internet ..."* Mr. Packer's attempt to cure the second post was to file another temporary Google request written in his Jan.4, 2017, email response to Will Seippel. WorthPoint's evidence proves the 1972 URL was posted AFTER it was removed in March 3, 2016 as No. 51 confirms. In 2017, no one from WorthPoint responded to Plaintiff email

**49. *"To further address Plaintiff's concerns, WorthPoint's CEO instructed WorthPoint employee Jason Packer to submit a removal request to Google on <u>March 3, 2016.</u> Ex. "G", at ¶19 See also, Doc. 36 at 46."***

**41." *After February 4, 2016, the text of the Biography no longer existed on WorthPoint's website. Id. at ¶17"***

**51. "<u> On January 4, 2017,</u> *Plaintiff once again contacted WorthPoint and complained that "in a Google search for Annamarie Trombetta Artist your company is listed under my name." See Doc. 348-1, p. 13, l. 14."***

## X. WORTHPOINT'S  DECLARATIONS  BY  WILL SEIPPEL  AND   JASON PACKER

On Feb. 20, 2016, Plaintiff emailed <u>Will Seippel </u>for the first time, simply because I went online and saw the 1972 false listing was still posted on the internet after I directly spoke with Greg Watkins, WorthPoint's webmaster. On the same day, shortly after I sent my Feb. 20, 2016 email, Will Seippel responded to my first email. I note to the Court Mr. Seippel's Feb. 20th quote *"Since you are the artist and I have no reason to doubt that, and you feel this is fraudulent, <u>we will remove</u> the item from the site so that it does not mislead anyone on your paintings."*

Years later, on June 29, 2020, William Seippel filed a declaration annexed as **EX.#16 June 29, 2020,  p. 1 - 2, declaration of Will Seippel.**  Noted in No. 6 is Mr. Seippel's "false and misleading, contradictory declaration statement" which states *" Shortly thereafter, on March 1, 2016, I responded to Plaintiff Trombetta's February 20, 2016 email and informed her that "we have taken down any pages ....."*  In. No. 5, Mr. Seippel is falsely claiming *" on or around February 4, 2016, I caused the Allegedly Infringing Auction Listing at http.....to be permanently deleted from WorthPoint's website".*  Mr. Seippel has falsely declared  and changed his written statement he made to Plaintiff on Feb.20, 2016,  WorthPoint *"will remove the item from the site."* Attached with Mr. Seippel's declaration is Seippel's Feb. 20, 2016 email from  WorthPoint's own evidence that refutes Will Seippel's contradictory  declaration claims  that the fake 1972 post was removed on Feb. 4, 2016.   I  included a Google Listing  print out proving I was able to see the 1972 link on the internet documented by the date Feb. 17, 2016 on the Google listing  attached in my Feb, 20, 2016 email to Mr.Seippel.  **EX.#17  Feb. 20,2016 Seippel email & Google listing**

On January 19, 2023, WorthPoint employee, <u>Jason Packer</u>  issued a declaration regarding this case.  On page  9 and 10 of Mr. Packer's declaration, Mr. Packer falsely stated and claimed that Plaintiff's email used to sign onto WorthPoint's Membership to access the price guide was annamarie @trombetta.com. Months  earlier, on August 30, 2022, Plaintiff affirmed with all of WorthPoint's attorneys , I never gave my website email address to WorthPoint yet received emails from WorthPoint sent to my website  email address  annamarie @trombetta.com, Annexed is  page 178 from   Plaintiff 's August. 30, 2022 deposition, which I included in my deposition response filed with the attorneys.  I directly informed  WorthPoints' attorneys that I did not give my website address to WorthPoint yet received emails from WorthPoint.  On page 48, Plaintiff affirmed I only sent out emails from my Yahoo email account up until late 2017.  Despite Plaintiff directly informing Defendants, months later in Mr. Packer's declaration

**SA2738**

18

is his false and incorrect  claim I used my email address  annamarie @trombetta.com. to look up the price of the 1972 oil painting  and also used this email to sign onto WorthPoint's Membership Ironically, despite my lawsuit, on March 25, in 2022, WorthPoint sent an email to my website email address annamarie @trombetta.com with the title *"We've Updated our Terms of Use"* which  indicates my name and email are still in WorthPoint's database. I bring this to the Court's attention as an example and  in support of granting Plaintiff 's request for Permanent Injunctive Relief. **EX.#18 4 Pages-Packer Dec. page 9- Pl. Dep page 48 -178 and 3/25/22 WP sent email.**

## XI.  WORTHPOINT CORPORATION   ADMISSIONS

For the sake of brevity, Plaintiff affirms I never had any business dealing, oral or written contracts with WorthPoint Corp., eBay, Estate Auctions Inc. yet I my career, time and life have been subjected to theses entities.   Each statement of material facts by WorthPoint should not have any relevancy to the Plaintiff's infringing claims against Defendants.  In No.15, WorthPoint touts they have over 700 million entries, however when the Plaintiff called WorthPoint to remove one false 1972 oil painting post, I was ignored, misdirected to eBay and WorthPoint added more of their webpages to the false 1972 oil painting post. WorthPoint claims and actions  are illogical.

*13. WorthPoint does not manually review any auction listings it receives from the eBay auction results. Id.*

*15. With over 700 million entries in its Price Guide, WorthPoint cannot reasonably or feasibly review every entry. Id., at ¶6.*

*17. As part of the WorthPoint licensing arrangement for eBay data, WorthPoint relied on eBay's term and conditions which gave eBay a sublicensable right to the content posted by the seller. Id., at ¶12.*

*25. The WP Report partially reproduced an eBay auction listing for the Painting (for clarity, the eBay listing is referred to as the "Auction Listing" and the Worthopedia historical report is referred to as the "WP Report"). See Doc. 348-1 at p. 7, ¶¶1-2; p. 11, ¶1; see also, Ex. "A", at pp. 93-94; Exhibit "B", Novocin deposition, at p. 93.*

*36. In January of 2016, Plaintiff emailed WorthPoint "with a series of questions...as to who posted the [Auction Listing]." See Doc. 348-1 at p.11, ¶6*

**SA2739**

19

## XII. WORTHPOINT UNDISPUTED FACT AND ADMISSION " WORTHPOINT TAKES NO POSITION ON THE ACCURACY OF PLAINTIFF'S CLAIM THAT SHE (PLAINIFF) DID NOT CREATE THE PAINTING (1972 OIL)

Plaintiff brings to the Court attention the relevant importance of WorthPoint's Statement of Material Facts filed on April 17, 2023 in **No. 24 —** " *In August of 2015, Plaintiff claims to have discovered a Worthopedia entry reporting on the historical sale ("WP Report") of an oil painting titled "Man With Red Umbrella" (hereinafter, the "Painting") that she claims inaccurately attributed the creation of the Painting to her. See Doc. 348-1, p. 11, ¶1. See also, Exhibit "A", Plaintiff's deposition, p.117, ll. 6-8 **WorthPoint takes no position on the accuracy of Plaintiff's claim that she did not create the painting.** For the Court's convenience, I have attached in **EX. #19, page 117,118 of Plaintiff's deposition.** On August 30, 2022 Plaintiff verified again to WorthPoints' attorneys, proof that WorthPoint's website at http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-4892417 was false and incorrect. Secondly, I pointed out on page 117, Plaintiff's biography was truncated and noted the specific sentence that was cut in half, in which three dots were added, indicating there was a continuance to my biography.WorthPoint's statement in No. 24 further demonstrates a willful, deliberate denial by WorthPoint to ignore and acknowledge the truthful facts Plaintiff has proven, I am not the artist for the alleged 1972 oil painting documented in WorthPoints fraudulent webpage they falsely claim is a *"historic record"*. By forcing a historic record claim WorthPoint is still attempting to document in their records my name with its company.

The lack of production by both Defendants for one complete 2012 alleged eBay sales receipt creates a lack of verified proof that an eBay sale for the oil painting occurred. Moreover No.24 proves Plaintiff did not have a copyright or licensing agreement with WorthPoint as the use of the copyright symbol and the statement *"© Copyrighted work licensed by WorthPoint"*

purported  on the internet is false advertising. This timely willful denial in 2023, is consistent with all the previous denials since 2015 b WorthPoint, nearly eight years ago. In **Pl. Evid.000439 EX. 19** according to   WorthPoint, the intent and understanding by  WorthPoint and their attorneys is clear and they  misrepresent what the visual © symbol communicates. Plaintiff points out,  WorthPoint's attorneys admitted that the "use of a copyright symbol is not the act of copyrighting a work" however the copyright symbol purports copyright abinito.  I  reference the ©  symbol  in  my Summary Judgement in ECF 432 filed on April 17, 2023 on  Page 27 of 40.

### XI1I.WORTHPOINTS'ATTORNEYS  PRODUCE  EAI  SALES RECEIPT  NOV.23,2022

The purpose of the 1972 WorthPoint webpage was to advertise an eBay sale of the 1972 oil painting misattributed to  Plaintiff.  Plaintiff logically requested the alleged sales receipt from Defendants Norb and Marie Novocin in discovery.  Please note in the eBay phone transcript in EX.# 10 on page 7,   eBay agent Jamie  noted the WorthPoint webpage was from a third party marketplace app and it was not an eBay sale.  In Ex.#10 on page 19, the fourth eBay specialist named Archer stated the 1972 oil painting sale was "Undefined". Years later,  on  April 27, 2022 twenty days after the first discovery date, attorney Anderson Duff produced EAI000058-59  **See EX.#20 A   EAI  eBay sales receipt  EAI000058-000059 produced April 27, 2022.**  The receipt was cut off on the right side. Plaintiff issued three sets of interrogatories and requests for prod. of docs to EAI and also requested the Court's intervention to issue an Order to EAI Defendants to produce discovery requests, for  a complete copy of the eBay 2012 sales receipt, noted in **ECF 257** filed on August 8th, in **ECF 266,** August 22nd and  **ECF 276** on Sept. 16, 2022. Even after Judge Cave ordered responses to my discovery request , Mr. Duff in  Sept. 2022, still failed  to produce the full version of the alleged 2012 eBay sales receipt sent by eBay to Norb Novocin for the 1972 oil painting.  On October 31, 2022, Plaintiff filed in **ECF 307** and  documented a quote by  Mr. Duff   *"I will pass along a new copy of the single email referenced in your email below as soon as I receive it from my clients."*   Plaintiff's  many emails to Mr. Duff  produced a copy

**SA2741**

21

of the eBay receipt  Nov. 16, 2022  in EAI00060. **EX.#20 B eBay sales receipt  EAI000060 on Nov16, 2022.** This  eBay receipt however  was absent  the bold "yellow bar"  in EAI000058.  The next day WorthPoint attorney Adam Bialek emailed me. He somehow found an eml  from Mr. Duff allegedly produce in Sept. 2022.  **EX.#20 C  EAI   eBay sales receipt in a formatted  eml  on November 17, 2022 Pl. Evid.000822**   Due to the production of three eBay receipts with different  text and visual icons, Plaintiff, on  Nov. 17, 2022  requested by email the "raw Message" of the eBay sales receipt.  Plaintiff emailed Mr. Duff a sample copy of a raw message and instructed Mr. Duff  how to export the eBay 2012 email from  eBay to Norb Novocin to his desktop so Mr. Duff could email it me. In **EX#21A &B Nov. 18, 2022-two emails to Mr. Duff in Pl. Evid 000820 -824 Plaintiff requesting the raw message.**  Mr. Duff failed to comply. On Nov. 23, 2022, Judge Cave granted Plaintiff's request for Mr.Duff to produce the "native electronic (raw,original) email of the sent eBay email to Norb Novocin. During the call, WorthPoint's attorney Mr Bialek and **NOT** EAI attorney Mr. Duff emailed Plaintiff what was titled "Source Information" and was indiscernible coding, devoid of the date, and email addresses of both parties FROM eBay   To Norb Novocin  and the email pathways  **SEE EX. #23 Bialek email Nov. 23 Coding only.**  Plaintiff contacted my  internet expert witness Patrick O'Leary to decode Mr. Bialek's email. **Mr. O'Leary's Affidavit  filed in EX.22 Affidavit  and Plaintiff's 3 page letter EX.21** from **ECF  322.**   Plaintiff notes to the Court  Mr. Bialek emailed the Source  Information and not Mr. Duff as per my request  Mr. Bialek did NOT  EMAIL WHAT I requested . I requested the raw message from EAI not WorthPoint. On Dec. 5, 2022 I filed ECF 322.(Ex.21-#22) Mr. Duff was ordered to produce the raw message and failed to produce the electronic digital formatted version of the alleged 2012 eBay email sent to Norb Novocin. Mr. Duff's produce deficient print outs  in EAI's ECF 334 in EXHIBIT A.  Mr. Duff's exhibits EAI000073 to EAI000079 are truncated (cut off) on the right and bottom of each page. I checked with my internet expert witness and the black background is unusual  as  per discussed in Mr. O'Leary's testimony on Feb. 28, 2023 deposition  SEE  pages 132 to 136  EXHIBIT #21

in ECF 488.  In summary, Plaintiff can affirm  Defendants never produced the electronic version allegedly sent by eBay to Norb Novocin on  Dec. 1,  In **EX. #23  Norb Novocin  Depostion page 71 to 79  testified  he had the 2012 eBay emails**. Based on Plaintiff's 2015 eBay call noting the " undefined"1972 oil painting  sale  and Mr. Novocins' testimony,  Plaintiff wanted  to verify  the EAI' sales receipts. I wanted   ONE receipt for  ONE  painting . EAI produced four, which is why Plaintiff  requested the one electronic email from eBay to Mr. Novocin which was not produced. Upon discovery failures,  I  affirm I did not paint or sign the 1972 oil painting.

According to WorthPoint's records EAI / Norb Novocin has been a paid member to WorthPoint since  May 15, 2014. Contradictory  to this date and year, EAI produced paid membership records to WorthPoint Corp  from July 11, 2016, which is a two year difference from WorthPoint Corp's records . In  **EX.#23 Plaintiff  filed WorthPoint's document date of May 15, 2014 in WorthPoint's  fourth discovery responses and EAI membership  records to WorthPoint.  In #23 B  Novocin's  Depo. claims to be a WorthPoint member on pages 47-51. EAI and Mr. Duff  failed to send any records from 2016 and  lists one date in 2017. Plaintiff notes to the Court EAI000072 is the same page   and a duplicate copy  of  EAI 000071.**

## ARGUMENT

On Page 26 of ECF 187 filed on Dec. 21, 2021, Judge Abrams named three surviving claims  for  direct copyright infringement, DMCA §1202 and  VARA §106A.  Magistrate Judge Cave granted on Feb 2,2023 my  new claims for IIED, Tort, Fraud Fed.R.Civ.P. § 9 (b) and Declaratory and  Permanent  Injunction Relief.

### PLAINTIFF' S RESPONSE TO WORTHPOINT'S SUMMARY JUDGEMENT MOTION
#### A.   PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE NOT TIME- BARRED

Plaintiff notes that on Page 14 of  ECF 187  of Judge Abrams Opinion and Order ,Your Honor noted the separate accrual rule for copyright statues of limitation. Under this rule when a defendant commits successive violations, the statutes of limitations runs separately from each

violation. Plaintiff in this Motion I noted to the Court,  from August 2015 to March 3, 2016 WorthPoint had the 1972 post on the internet. The post was removed and Plaintiff deleted much of  my saved evidence I had in the  summer of 2016.  On Jan. 4, 2017,  I contacted WorthPoint by email about the second posting of the 1972 oil painting listed under my name on the internet. The separate accrual rule for copyright infringement is applicable in this instance because WorthPoint, after seven months, removed the false 1972 post from the internet. After this complete removal, WorthPoint in  late 2016 sent emails to Plaintiff. Plaintiff  was promoted to search the internet and saw the  1972 post under my name  in a Google Search  on the internet. I annexed in **EX.#26 eleven discovery documents Pl.Evid 000061 to 000070 which are Google listings and  webpage printouts till May 7, 2017**, evidence which satisfies  separate accrual rule. In the case of  Psihoyus vs. John Wiley and Sons,  Psihoyus did not have his US Copyright Registration numbers  until  well after  discovery yet the jury found that  Defendant Wiley had willfully infringed Psihoyos's copyright.  Psihoyos's was awarded statutory damages of $100,000 for willful infringement.  SEE  Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d Cir. 2014)  Each time an  infringing work is reproduced, circulated or distributed, the infringer commits a "New" wrong Copyright Infringement are under 17 U.S.C.§106, 17 U.S.C. § 106(2) §106(a) (3)§106 (a) (5)  and §501(a) and entitles Plaintiff to apply all laws due to the willful and wrongful infringements to both Defendants. The  evidentiary weight to be accorded with the certificate of registration TX 8-655-807 bemade thereafter. Plaintiff is requesting that it shall be within  the discretion of the Court to decide .  Civ. 00089 SDNY McGlynn vs. TowerInvestors, Com Inc.    Plaintiff owns a valid copyright, that the defendant violated in  Plaintiff's exclusive rights  stated  in 17 U.S.C. §106.  To establish copyright infringement, Plaintiff did establish:(1) ownership of a  valid copyright, and (2)  any copying of constituent elements of the work that are original.   " Feist  Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282(1991).

**SA2744**

Case 1:18-cv-00993-LTS-SLC     Document 496     Filed 06/07/23     Page 24 of 38

24

The "Copyright Act does not require that the infringer know that he or she is infringing" to be liable. Due to the brevity of space Plaintiff reference my Motion in ECF 432 Pages 12 to 19.

### B. PLAINTIFF'S COPYRIGHT INFRINGEMENT C LAIMS ARE NOT BARRED BY DMCA §512(c) WORTHPOINT DOES NOT QUALIFY FOR SAFE HARBOR DEFENSE

According to 17 U.S.C. §512(c) Plaintiff within my Response to WorthPoint's Motion, has filed proof that WorthPoint ie(service provider)does not meet the rules (i) WorthPoint had actual knowledge that the (material) <u>1972 oil painting post</u> and (material) <u>Plaintiff 's biography</u> listed <u>publicly on the internet</u> ie (activity) using the (material) Plaintiff 's biography on its system or network was infringing; documented in EX.9APl. Evid. 000016 an e mail to eBay and quote by WorthPoint's Anita Brook ,Nov. 16, 2016 2 (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; This clause in particular has been duly documented in Plaintiff's evidence from Jan. 14, 2016,(EX.11) Item Review Request Pl. Evid.000285 and 000286 and Pl. Evid in EX. 26 Pl.Evid 000061- 000070 ending on May 7, 2017 WorthPoint was negligent in permanently removing the false 1972 post from the internet when Plaintiff first contacted WorthPoint August 2015 to March 2016.

3 (B) WorthPoint has a paid Member ship to view pricing records and receive financial benefit directly attributable to the infringing activity. Therefore it does not qualify to Safe Harbor Rules. (SEE EX.26 Norb Novocin paid membership payment records to WorthPoint.)

4 (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material; Documented in EX.9 from Nov. 2015 WorthPoint's Anita Brooks lied misdirecting me to contact eBay. From Jan. 22, 2016 to March 3, 2016 Plaintiff had to keep contacting WorthPoint. In late fall into the early summer 2017 the 1972 post was on the internet. On page 21 of WorthPoints' Motion for Summary Judgement in ECF 427 " Upon notification from Plaintiff requesting that the WP Report be removed, WorthPoint removed the historical report on February 4, 2016. Once again WorthPoint in Jan. 2016 delayed any response to

**SA2745**

25

Plaintiff and did not contact me.  I then kept calling in 2016 noting in Plaintiff's  recorded phone calls to Anita Brooks on Jan. 22 and Feb. 1, 2026. Several months after,  in Jan. 4,2017 upon emailing Will Seippel, I did not receive a written or verbal response from Mr. Seippel .

### C.  PLAINTIFF'S  CLAIMS  OF  COPYRIGHT  INFRINGEMENT  OF  MY BIOGRAPHY ARE  NOT  SUBJECT TO  THE DOCTRINE OF FAIR USE

WorthPoint Corp falsely asserts "The fair use doctrine 'allows for transformative works that further the public discourse and the free exchange of ideas in order to promote science and the arts".  First,  WorthPoint Corp is a for profit business. Second, Plaintiff's biography is written in prose and is a creative, original literary form of self expression and therefore does not qualify to be used under Fair Use. Third as stated and admitted by on page 12 of ECF 422 Estate Auctions Inc. Defendants : Norb  intended only to provide potential   buyers   with as much information as possible to increase EAI's chances of selling the Painting." Plaintiff's biography was used commercially use, to allegedly sell an oil painting. Defendants did not read the biography and misattributed my biography, thus  the usage is incorrect and any defense of Fair Use is not only not inapplicable it cannot survive  he Fact/ Usage standard since  Plaintiff is not the artist. Moreover,  the Second Circuit has  resolved fair use determinations at the summary judgment stage where the moving party shows  there are no genuine issues  of material fact. Plaintiff is not the artist and any portion used of my  biography is inaccurate    I reference Pages 12 to 20 Plaintiff's Summary  Judgement ECF 432. Plaintiff did  testified that I was able to access the entire Listing on WorthPoint's website  for free, however in order to find out the sold price of the 1972 oil painting I had to  submit my credit card number to find out for how much the  selling price was for the  1972 painting. Fair Use is limited to non profit organizations and WorthPoint has a paid membership of  $19.99 per month to access the prices of items.

**SA2746**

26

## D1. PLAINTIFF'S CLAIMS UNDER VARA ARE NOT TIME BARRED

The VARA moral rights of artists are rights concerning attribution and integrity. Plaintiff's name and self authored biography were misattributed and ergo the integrity of my name and artistic oeuvre was publicly used in a detrimental way. The impact of my price point plummeted and the signature as is proven to be is fraudulent. The VARA rules 17 U.S.C.106A, and 17 U.S.C. §507, in particular and the monetary damages fall under copyright law. As aforementioned the Copyright separate accrual rule for copyright statues of limitation and under this rule when a defendant commits successive violations the statutes of limitations runs separately from each violation. Plaintiff in this Motion noted to the Court from August 2015 to March 3, 2016 was the span of time Plaintiff lost to remove the false 1972 post from the internet. As noted in Judge Abrams Opinion and Order on Page 14 " to be timely, any copyright infringement must have accrued after February 21, 2017. Once again, in Pl. Evid. 000061- 000070 Plaintiff has several documents with the false listing and a print out of the text on May 7, 2017, thus my copyright infringement and VARA claims are timely. SEE EX.#26, dated Google listings According toWorthPoint, they do not dispute that the (1972 Oil) Painting is a work of visual art and that Plaintiff creates works of visual art. In fact, WorthPoint takes no position on Plaintiff's claim that she did not create the Painting in question. WorthPoint's current position is consistent with their position in August 2015, only then WorthPoint had Plaintiff entrapped with the 1972 listing on their website, which legally only WorthPoint can remove. WorthPoint's written statement is in light of Plaintiff's production of my signatures WorthPoint choses to once again the facts and the truth in this case, contributing the length failure by WorthPoint to ethically conduct their business or any legal proceedings. VARA's exclusively grants authors of works that fall under the protection of the Act these four core rights: (i) right to claim authorship, (ii) right to prevent the use of one's name on any work the author did not create, (iii) right to prevent use of one's name on any work that has been distorted, mutilated, etc.

**D2. Plaintiff is Not Entitled to Attorneys' Fees Under VARA**

A Court may award costs and attorneys' fees to a prevailing party in an action alleging

the violation of an author's rights under VARA even if the work in question has not been

registered with the Register of Copyrights,  Defendants alleged "*the  premise at the heart of*

*every claim Plaintiff has asserted and reasserted is that one eBay advertisement published on*

*eBay for ten days in 2012 and again after 2015 on worthpoint.com has ruined her career as an*

*artist"*  Plaintiff argues if the sale was in 2012 why was the false post on the internet in 2017,

The false EAI ad as well as the Novocins did not produce any convincing or substantial evidence

Moreover, this harmed my career and diverted my time and efforts to remove a post under my

name my website content in an ad filled with  every error imaginable from clerical errors to

concrete, all of which caused a  great embarrassment, great harm and a great loss of time

## E. Plaintiff's Claim for Intentional Infliction of Emotional Distress

As a matter of law IIED in New York, intentional infliction of emotional distress requires:
"(1) extreme and outrageous conduct;(2) intent to cause, or reckless disregard of a substantial

probability of causing, severe emotional distress; (3) a causal connection between the conduct

and the injury; and (4) severe emotional distress."  HC2, Inc. v. Delaney, 510 F.Supp.3d 86, 104

(S.D.N.Y. 2020) (quoting Stuto v. Feishman, 164 F.3d 820, 827 (2d Cir. 1999)  Cases that have

sustained claims for intentional infliction of emotional distress involve "some combination of
**public humiliation**,  **false accusations** or criminal or **heinous** conduct, verbal

abuse or harassment,    permanent **loss of employment**,   conduct contrary to public policy.

**1-Extreme and outrageous conduct :public humiliation**,   **false accusations**

Since 2015. Plaintiff  has been  suffering from many  of the described  IIED claims due to

EAI and WorthPoints '  false,  public, ridiculous  internet post. The EAI Defendants have a

slogan *"all sales start at 99 cents."* and this false  association of my name to  such claims was

financially  harmful and depreciated  my net work  since  my  actual  biographical  text from my

website was used in Defendants false webpage.. I lost  sales, several  career opportunities,  noted in my pleadings.  Aside from this WorthPoint willfully lied and deliberately misinformed Plaintiff  and  applied a false "Copyrighted Work  Licensed by WorthPoint "  which misinformed my audience.  WorthPoint's false statement, deceptively implied I had business  dealings with WorthPoint. The false and damaging impression  led colleagues to urgently contact me to  get the WorthPoint link off the internet. In my eight  year pursuit, from 2015 to 2023, Plaintiff  in order to prevent, by law, both  Defendants from  ever using   my name again has taken legal action. This long,  public, legal battle  has injured me in every possible way, due to the extent of time. In addition,  on August 30, 2022, after a nine hour deposition, Plaintiff was improperly served  a summons and complaint while speaking on the phone and held at a red traffic light.  My  shoulder bag was tugged and I thought I was being mugged or pickpocketed. Instead I  was served a lawsuit from CEO WorthPoint owner for IIED for close to over one hundred fifty thousand dollars.  What is shocking is that the information on WorthPoint's complaint such as the  dates and years on page 3. **EX. #27 WorthPoint 2022 Complaint Pl. Evid 000478 p.3  and Pl.  Evid 000480 p.7** related to this lawsuit are incorrect.  I have endured such abuse and lost  such a great deal of time   because WorthPoint lied  and failed to permanently remove a completely false internet link in a timely manner in the summer of 2015. I add to EX. 27  a Court calendared email from Fulton County Georgia, On June 7, 2023 a Zoom meeting was calendared which Plaintiff tried to reschedule. WorthPoint's attorneys in New York omitted to send me their Motion for Summary Judgement and the WorthPoints attorneys in Georgia calendared and impose legal responsibilities at the same time. Plaintiff has been subjected to an abnormal amount of work, expense and time all due to WorthPoint heinous and cruel  retaliation and reluctance to end this lawsuit. Plaintiff in order to  protect my name and prevent the two Defendants from future false internet posts I filed this lawsuit. Over

time it is clear , I am jeopardizing my health, finances and career, personal well being and living a balanced life. Annexed is proof of the **Georgia June 7, 2023 Zoom meeting EX#27.**

In discovery Plaintiff reasonably requested, for one simple eBay sales receipt of a 1972 painting, led to four receipts and a bill from my internet expert witness for thousands of dollar, to decipher coding. Defendants never produced my request for the 2012 ebay electronic email. Defendants stunt cost time money, sleepless night and ill health as noted in **ECF 332**. I had to request an extension for my SAC. I was unable to produce my expert witness report on time, reports, which cost thousands of dollars to produce. From Dec. 2022 into Jan. 2023 I was suffering from extreme fatigue, shifting body temperatures The initial trauma of being sabotaged professionally and financially and a steady loss of career opportunities led to this lawsuit. Plaintiff has annexed separately in **EX. #28  pages 14 to 28  from the Nov. 23, 2022 transcript** which details Plaintiff's request for the electronic email of the alleged 2012 eBay receipt from EAI and instead my request was willfully and wrongfully produced by WorthPoint's attorney Adam Bialek who is not Norb Novocin's attorney, which is quite telling. Plaintiff Plaintiff references ECF 348 Page 57 to 61 and asks the Court to read my SAC.

**2- Intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress;**

Once again Plaintiff reiterates that since the improper service of an additional lawsuit against Plaintiff in September 2022, Plaintiff has had extreme stress and poor health both physically and mentally. The demands of two lawsuits upon on Pro Se Plaintiff are enormous and as a result my wrists and hands are tingling in pain. Plaintiff has produced over 1000 pages of evidence while both Defendants are willfully and intentionally denying liability, settlement offers, and have either withheld, failed or produced deficient evidence. Both Defendants attempted to "falsify" evidence by emailing Plaintiff unknown code, while on the phone with a Federal Judge Cave. The four eBay 2012 sale receipt reveals that

given  another opportunity, Defendants attempted to commit fraud  against Plaintiff.  in open

Court. On the same day Defendants blatantly sent ambiguous   coding and not my request Mr.

Duff  and Mr. Bialek rejected settlement and then  emailed  with the subject  "Increased

Attorneys Fee"  for his  call  time on   Nov, 23, 2022.  **SEE EX. #23.** For the record I included

I included Mr. Novocin testimony in EX.#24  that he had the eBay email   The constant threats

 by Bialek and Duff  by  emails on and after is in  Nov.23, 2022 Pl. Evid.000814 and   Pl. Evid.

000817.  Plaintiff was exploited in 2015 and Defendants are  attempting to exploit and cause

additional  stress by their gamesmanship and additional lawsuits in the state of Georgia.

**3-A causal connection between the conduct and the injury; and**

Defendants' conduct prior to litigation caused Plaintiff  to require physical therapy.  In Feb. 2022

due to the false claims Defendants against Plaintiff   alleging I did not state a monetary  amount

in my 2023  settlement letter and in my SAC ECF 348, , caused Plaintiff to have  vertigo for the

first time in my life due to the stress. The  stress  in Feb/March 2022 caused a sty in my eye.  In

Nov, 23, 2022, due to the willful manipulation of Defendants, Plaintiff had the flu and extreme

fatigue into late Jan. 2023.  My ill health conjoined with the demands of this  lawsuit made it

impossible to earn a living and or to be the artist I trained and worked to be  my  whole life.  This

case,  consumed my personal life which now revolves around writing and filing legal motions

and documents. My friends and family  are concerned for my well being with all this stress.

Since 2020, the EAI Defendants filed a  Bond  Motion for $20,000  in ECF 56, I had to stop   my

artwork  to refute  these  unjust  Motions . The lawsuit in Georgia reveals a pattern of unethical

conduct to manipulate, make  false assertions and exploit. the Plaintiff even  further than the

online false internet posting circulating a counterfeit signature and false copyright and

licensing claim —-all in due to false and misleading statements .

**SA2751**

31

 **(4) Severe emotional distress.**   Plaintiff is suffering from all signs of emotional distress to include a) Heaviness in my chest, increased heart rate or chest pain.- b)Shoulder, neck  or back pain; general body aches and pains.c)  Sudden Headaches. d) Dizziness. e)Feeling overwhelmed f)Feeling tired, anxious, confused g) and extreme changes in body temperatures from severe cold to heat.  Dr. Joseph Scelsa  in an in person consultation informed me that the shift in body temperature is related to the extreme stress.  He also asked me about my sleeping pattens and suggested another doctor visit. Plaintiff is experiencing extreme pressure to file legible documents, while concurrently dealing with the demands of another  lawsuit in Georgia.  I add that most notable are comments  from my  friends and family as they kindly tell me that I I look extremely fatigued and I am making repetitions statements about the case which has entrapped me in time  in this legal battle. I been  unable to live my life, painting and creating works of art. For eight years,  Plaintiff  has been subjected  to Defendant intentional relentless false assertions and their legal demands.Plaintiff has annexed in **EX.#30 past museum career solo exhibits and  privileged meetings with two of NYC Mayors  and the Dalai Lama.**

### F. Remove or Alter Copyright  Management Information in Violation of 17 U.S.C. §1202(b)

The Second Circuit, courts identify the elements of proof for a § 1202(b) removal/alteration claim as requiring:(1)the existence of CMI on the [infringed work];(2) removal and/or alteration of that information; and(3)that the removal and/or alteration was done intentionally." *Mango v. Buzzfeed, Inc.,*  Plaintiff bio always had a copyright statement *"All work on this site are ©Annamarie  Trombetta. All rights reserved"*  I have a **"DM©A** " badge on of my webpages. The WorthPoint's webpage for the 1972 oil painting had a partial  listing of Plaintiff's self authored biography  which is documented in the ad  and as seen below in the mid sentence truncation and the appearance of three dots. EAI Defendant offer no evidence for the cut off sentence. Some person at some point added three dots mid sentence in the EAI/WorthPoint ad.

Plaintiff submits  evidence that my website was created in 2003. I annex exhibits with Plaintiff's

CMI not in the EAI ad on WorthPoint's website. **EX.#31  Pl. Evid. 000250  000294-296-342**

Plaintiff due to limited space references  my ECF 432  Pages 24 to 29 -CMI. All  Plaintiff

webpages were registered with the copyright.gov  **EX #32 Website created 2003  Evid. 000250**

> Eighties I traveled on a summer tour to Europe. The tour comprised of six countries; Germany, Austria, France, Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time...

### G. Defendants CMI in Violation of 17   U.S.C. § 1202(a)

Once again § 1202(a) of the DMCA states  "no person shall knowingly and with the intent

to induce, enable , facilitate or conceal infringement 1) provide copyright management

information that is false or 2) distribute or import information that is false  CMI copyright

management information is defined as the name of and other identifying information about the

author of a work and about the name and copyright owner of the work, including the the

information set forth in a notice of copyright."  WorthPoint's website  documents my bio was

diminished and truncated. WorthPoint's Statement of Material Fact submitted on April 17, 2023

admits in No 16. *To the extent eBay's data provided to WorthPoint contained images, WorthPoint*

*automatically added a copyright notice providing that the copyrighted work was licensed by*

*WorthPoint. Id., at ¶11.*  WorthPoint's  written claim near the "A.Trombetta" signature and

Plaintiff's biography ©*Copyrighted Work Licensed by WorthPoint"* is clearly naming

WorthPoint as the copyright owner who has licensed the rights from the Plaintiff which is

completely false, yet it was publicly presented for an extended period of time. Based on principle

and on the fact that I did not paint the 1972 oil painting, this is a clear violation of Plaintiff's

rights .WorthPoints' attorneys defense is to  misrepresent what the visual © symbol

communicates. Plaintiff  points out,  WorthPoint's attorneys admitted that the "use of a copyright

symbol is not the act of  copyrighting a work" however the copyright symbol purports copyright

abinito. Furthermore, In May or June of 2015 my biography appeared on askART. In June and 2015, I signed onto eBay for the first time and put two bids on items. In August 2015 Plaintiff found the false EAI internet post. According to the Declaration of WorthPoint's internet tech, Jason Packer, no views of the 1972 webpage occurred before August 2015. Due to the brevity of space I reference my ECF 432 Pages 24 to 29.

**H.  Fraud  TANGIBLE CONVERSION (BIOGRAPHY IN CATALOG) TAKING AND MISAPPROPRIATION PLAINTIFF BIOGRAPHY.**

Plaintiff owns a valid copyright and that the defendant violated Plaintiff's exclusive rights in 17 U.S.C. §106. To establish copyright infringement, Plaintiff did establish:(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282(1991).  The "Copyright Act does not require that the infringer know that he is infringing" to be liable.

A) A party has a cause of action for conversion when (1) the plaintiff has an exclusive right of possession, (2) into which the defendant, (3) intentionally, (4) interferes with that right. In general, conversion fraud deals with tangible goods.C) To make a claim for conversion, a Plaintiff must show "(1) the appropriation of another's property to one's own use and benefit, In discovery WorthPoint's attorneys submitted allegedly downloaded from "Terapeak" the WorthPoint webpage ad which included the EAI Auction introduction by Defendants with Plaintiff's FULL biography from my website biography page and printed in my personal artist catalog. First :Defendants' evidence labeled my biography as Terapeak extract and took over my biography and labeled in Confidential and bate stamped it as WorthPoint's Evidence as WP00038-WP00039 and WP00040. I note to the Court, WorthPoint's evidence in 38-40 has the full content of Plaintiff biography. The WorthPoint webpage had a truncated version of my webpage In WorthPoint's Material Statement of Facts No.7." *As part of the WorthPoint licensing arrangement for eBay data, WorthPoint relied on eBay's term and*

*conditions which gave eBay a sublicensable right to the content posted by the seller. Id., at ¶12."*
WorthPoint admits in  No.25. *The WP Report partially reproduced an eBay auction listing for the Painting (for clarity, the eBay listing is referred to as the "Auction Listing" and the Worthopedia historical report is referred to as the "WP Report"). See Doc. 348-1 at p. 7, ¶¶1-2; p. 11, ¶1; see also, Ex. "A", at pp. 93-94; Exhibit "B", Novocin deposition, at p. 93.*
Neither WorthPoint, Terapeak, eBay nor Estate Auctions Inc have a right to publicly reproduce or convert Plaintff's biography. All parties mentioned above  inaccurately used my biogrpahy. Thus the  Tangible   Conversion is a violation  of Fed.R.Civ.P. § 9(b) in two ways. For the sake of brevity Plaintiff reference ECF 348  and page 62 to 65 **EX.#33 WP000038-WP000040**

## VI. PERMANENT  INJUNCTIVE  RELIEF  FOR  BOTH DEFENDANT

Plaintiff's request of the Court to grant permanent injunction relief for both Defendants. Plaintiff establish the following four elements to be entitled to such relief:

(1)  that I has suffered an irreparable injury; the harm that has been suffered in this case cannot be adequately remedied by monetary damages. Pro Se Plaintiff has been entrapped by both Defendants since 2015, when I found the false post under my name.  WorthPoint willfully lied to the Plaintiff when WorthPoint was aware the false 1972 post was on its website.

(2)  the remedies available at law, such as monetary damages, are inadequate to compensate for that injury;   Plaintiff has lost eight years of my life in order to seek legal remedies to protect my name and to  prevent the appearance of any further fraudulent or counterfeit artwork that bear my name. Furthermore the unauthorized use of my own words to exploit the Plaintiff has caused me to lose many opportunities and potential sales of artwork

(3) that, considering the balance of the hardships between the plaintiff and the defendant, a remedy in equity is warranted; and

(4) that the public interest would not be dis served  by a permanent injunction. As a result of Plaintiff's  biography being on WorthPoint's webpage a kind of consumer confusion resulting from the use of  my biography  with the inclusion of EAI  Defendants company description within  the WorthPoint's  webpage on its  website.  It is quite disconcerting that Plaintiff informed WorthPoint about the falsity of their webpage and no effort was made to remove the false post.  To this day, despite the production of evidence WorthPoint is reluctant to

simple state that the Plaintiff did not paint the 1972 oil painting WorthPoint had advertised.

In the context of copyright claims, Plaintiff  suffered irreparable harm based on lost sales that are "difficult if not impossible to measure," where there is a likelihood of confusion, or where the Plaintiff incurs a loss that she should not expected to suffer, such as a diminishment of reputation, income and the eight years LOST to litigate and legally disassociate my name from the damaged 1972 Oil Painting Man With Red Umbrella. Moreover  WorthPoint Corporation is a repeat infringer and  in need of deterrence See Rosen vs Terapeak, WorthPoint 2015.

Plaintiff's need to seek legal recourse  and to seek Permanent Injunctive Relief against the Defendants,  is  to prevent any further "false" misattributions  and/or attempts at creating a false secondary  art market of  low quality, damaged artwork that the Plaintiff has not created.  Plaintiff filed this lawsuit  to offset public or internet falsities or  any  lawsuits by Defendant for attribution rights as in the case of Fletcher vs. Doig;13 C 3270 (refuted right of authorship) Barcroft Media, Ltd. v. Coed Media Group, LLC, 297 F. Supp.3d339,355-56 (S.D.N.Y. 2017); Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672,679 (S.D.N.Y. Feb. 20, 2015).

## CONCLUSION

Plaintiff 's Motion, exhibits  and documents by  WorthPoint Corporation  demonstrate a willful pattern to create contradictory statements  which expose  their  intent to  confuse, conceal and  contradict  potential facts that  **cannot**  be relied upon as a basis for reasonable deduction. Each topic listed above exemplifies a collective carelessness and  irresponsible conduct. Defendants have  withheld the production of evidence and done so  repeatedly.  WorthPoint has made so many  contradictory statements , WorthPoints  statements cannot be  unverifiable, and set forth in "Bad Faith".  For these reasons,  Plaintiff's respectfully requests  WorthPoint Corp. Defendants  Motion for Summary  Judgement  be denied and dismissed with prejudice.

Dated: New York, New York  June 7, 2023

Annamarie Trombetta
175 East 96th Street (12 R)
New York. New York 10128
Pro Se Plaintiff

Respectfully Submitted

——— Electronic Signature————-

/s/ Annamarie Trombetta   June 7, 2023

_____

Annamarie Trombetta Pro Se Plaintiff

**SA2757**

37

**In The United States District Court For Southern District of New York**

_____

Annamarie Trombetta,

    Plaintiff,                         Civil Action No. 18-cv-0993-RA-HBP
      vs.

Norb Novocin, Marie Novocin,
   Estate Auctions Inc.
     and
WorthPoint Corporation

    Defendants

_____

### CERTIFICATE OF SERVICE

I certify that on  June 7, 2023, a true and correct copy of the foregoing document was served

upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed

below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and  attorney Anderson Duff representing Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York   June 7 , 2023

                                  Respectfully Submitted by

Annamarie Trombetta            ——Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128      /s/ Annamarie Trombetta    June 7, 2023
Pro Se Plaintiff          _____

                       Annamarie Trombetta Pro Se Plaintiff

**SA2758**

38

Attorneys for Defendant WorthPoint Corporation

TO : Adam R. Bialek
150 East 42nd Street
New York, New York 10017 Telephone:
Telephone: (212) 915-5143 Fax: (212) 490-3038
Email : Adam.Bialek@wilsonelser.com

TO : Jana Slavina Farmer
1133 Westchester Avenue White Plains, New York 10604
Telephone: (914) 872-7247 Fax: (914) 323-7001
Email : Jana.Farmer@wilsonelser.com
Attorneys for Defendant WorthPoint Corporation

TO : John Cahill
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5143 Fax: (212) 490-3038
John.Cahill@wilsonelser.com
Attorneys for Defendants Norb Novocin, MarieNovocin, and Estate Auctions, Inc.

TO: Anderson Josiah Duff (via email)
Hogan Duff, LLP
43-10 Crescent St., Ste. 12173
Long Island City, New York 11101
Telephone: (646) 450-3607
Email ajd@hoganduff.com