# 25-817-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

ANNAMARIE TROMBETTA,

*Plaintiff-Appellant*,

-- v. --

NORB NOVOCIN, MARIE NOVOCIN, ESTATE AUCTIONS, INC.,
WORTHPOINT CORPORATION, WILLIAM SEIPPEL,
WORTHPOINT.COM, and JASON PACKER,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF OF DEFENDANTS-APPELLEES NORB NOVOCIN, MARIE
NOVOCIN, and ESTATE AUCTIONS, INC.,**

LINCOLN SQUARE LEGAL
SERVICES, INC.
*Attorneys for Appellant-Plaintiffs*
150 W 62nd Street, 9th Floor
New York, NY 10022
(212) 636-6934

*Of Counsel*
Anderson J. Duff

DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Estate Auctions, Inc., by and through its undersigned counsel, hereby certifies that it is a corporation, has no parent corporation and that no publicly held corporation owns 10 percent or more of its stock.

s/ Anderson J. Duff
Anderson J. Duff
LINCOLN SQUARE LEGAL SERVICES, INC.
*Attorneys for Appellant-Plaintiffs*
150 W 62nd Street, 9th Floor
New York, NY 10022
(212) 636-6934

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................1

STATEMENT OF ISSUES .............................................................................2

STATEMENT OF THE CASE .........................................................................3

   I.   The Operative Pleading.............................................................................3

   II.   Discovery Issues and Summary Judgment ...................................................6

SUMMARY ....................................................................................................8

ARGUMENT ..................................................................................................10

   I.   The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration ...............................................................................11

      A.   The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration Under Rule 59(e) ...........................12

      B.   The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration Under Rule 60................................14

   II.   The District Court Did Not Abuse Its Discretion By Excluding Improperly Submitted and Irrelevant Evidence .......................................................16

      A.   The District Court Did Not Abuse Its Discretion by Excluding Two Purported Expert Reports .............................................................................16

B.      The District Court Did Not Abuse Its Discretion By Excluding Patrick

O'Leary's Baseless Opinions ..............................................................................19

III.    The District Court Did Not Abuse Its Discretion By Awarding $1,000 and

$1 to Trombetta ....................................................................................................20

A.      The District Court Did Not Abuse Its Discretion by Awarding $1,000 to

Trombetta ..............................................................................................................21

B.      The District Court Did Not Abuse Its Discretion by Awarding

Trombetta $1 .........................................................................................................22

C.      The District Court's Finding that Defendants Did Not Willfully Infringe

is Not a Clear Error ..............................................................................................23

IV.     The District Court Did Not Err by Refusing to Issue an Injunction Barring

Defendants From Future Acts Using Trombetta's Works ...................................25

V.      The District Court Properly Dismissed Trombetta's § 1202 Claims.........27

CONCLUSION .................................................................................................................28

## TABLE OF AUTHORITIES

**Cases**

*Brandon v. Royce*, 102 F.4th 47, 58 (2d Cir. 2024) .......................................................................... 16

*Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ............................................... 7

*Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001) ........................................................ 13

*Elliott v. City of Hartford,* 823 F.3d 170, 173 (2d Cir. 2016).......................................................... 11

*Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) ........................................................ 12

*Hamil Am. Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999).............................................................20, 21

*In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) ...................... 13

*Mango v. BuzzFeed, Inc.*, 970 F3d 167, 171 (2d Cir. 2020)............................................................. 27

*Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) ........................................................................ 12

*Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F.Supp.3d 131, 137 (E.D.N.Y. 2019) ...................... 27

*Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Info. Technologies, Inc.*, 369 F.3d 645, 651 (2d Cir. 2004) ................................................................................................................................. 26

*R.F.M.A.S., Inc. v. Mimi So*, 640 F.Supp.2d 506, 509 (S.D.N.Y. 2009)........................................12, 13

*Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ...................................................... 14

*S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1477 (2d Cir. 1996).................................... 26

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)....................................................12, 13

**Statutes**

1202(a) ........................................................................................................................... 4, 27, 28

1202(b) ...............................................................................................................................4, 27

17 U.S.C. § 501 ........................................................................................................................ 11

17 U.S.C. §§ 1201 *et seq.* ........................................................................................................ 11

18 U.S.C. § 1028 ...................................................................................................................... 11

N.Y. Arts & Cult. Aff. L. § 14.3 ................................................................................................. 11

Visual Artists Rights Act, Pub. L. No. 101-650 (tit. VI) .........................................................11, 21

**Rules**

59(e) ..................................................................................................................................11, 12

60 11, 14, 15

Federal Rule of Civil Procedure 56.............................................................................................. 7

**INTRODUCTION**

Plaintiff Annamarie Trombetta ("Trombetta") initiated this lawsuit against Defendants Norb Novocin ("Norb"), Marie Novocin ("Marie"), Estate Auctions, Inc. ("EAI") (together the "EAI Defendants") in 2018 alleging that an eBay auction misattributing a single painting (the "Painting") to her in 2012 ruined her career as an artist. The listing was live on EAI's eBay account for ten days but was scraped and preserved by Defendant Worthpoint Corporation ("Worthpoint"). If her claims were true, Trombetta should have had no problem showing that her sales declined after the 2012 eBay auction. She failed to provide such documentation and refused to discuss her past income as an artist during her deposition. Trombetta did produce three receipts showing that she sold three works in 2015 and seems to believe that her refusal to provide any additional evidence concerning her income as an artist transforms those three receipts into proof that she became unable, after her discovery of the alleged misattribution in 2015, to sell artwork. The receipts actually tend to show that the alleged misattribution, which has been available on eBay and then Worthpoint.com since 2012, did not impact Trombetta's ability to sell art. The 2012 misattribution would have affected third parties before Trombetta discovered it.

Trombetta's refusal to provide basic information that, were her allegations true, should have been readily available to her coupled with her propensity to ignore the district court's rulings significantly delayed resolution of this case and cluttered

the docket with frivolous arguments. The district court eventually took the unusual step of allowing the Defendants to stop responding to Trombetta's filings unless directed to do so by the district court. (Suppl. App'x ("SA") at 1.) Because Trombetta submitted a nonconforming brief and an Appendix that is missing pages and that includes handwritten notes and other modifications on the documents, EAI Defendants include a clarifying Statement of Issues below and submit a Supplemental Appendix with this brief.

## STATEMENT OF ISSUES

1. Whether the district court abused its discretion by denying Plaintiff's motion for reconsideration that attempted to relitigate long-decided issues without citing any change in controlling law or factual matters.

2. Whether the district court abused its discretion by denying Plaintiff's motion for reconsideration that attempted to relitigate long-decided issues without citing to any newly discovered evidence, fraud, or other reason that justifies relief.

3. Whether the district court properly precluded Plaintiff from relying on two expert reports submitted two months after the deadline to do so and after the district court repeatedly warned her of the deadline.

4. Whether the district court properly excluded testimony from Patrick O'Leary, whose proffered opinions were irrelevant to the claims at issue and/or outside of the area of his proposed expertise.

2

5. Whether the district court abused its discretion in awarding $1,000, more than four times the profit Estate Auctions, Inc. ("EAI") could possibly have made from the sale of the painting at issue (the "Painting"), to Plaintiff for a violation of the Visual Artists' Rights Act ("VARA") when Trombetta provided no admissible evidence of actual damages.

6. Whether the district court abused its discretion in awarding $1 to Plaintiff for her claim of direct copyright infringement when Trombetta provided no admissible evidence of actual damage and was not eligible for statutory damages.

7. Whether the district court properly refused to issue an injunction against EAI and Norb Novocin.

8. Whether the district court properly dismissed Plaintiff's claims under the Digital Millenium Copyright Act pursuant to 17 U.S.C. §§ 1202(a) and 1202(b).

<b>STATEMENT OF THE CASE</b>

## I. The Operative Pleading

On February 5, 2018, Trombetta filed a complaint against EAI Defendants asserting federal claims under the Lanham Act, the Copyright Act, and the Visual Artists Rights Act ("VARA"). (SA002.) The complaint also alleged state law claims under the New York Civil Rights Law ("NYCRL") and the New York Artist's Authorship Rights Act ("NYAARA"). (SA002.) On May 22, 2018, EAI Defendants filed a motion to dismiss the complaint in its entirety. (SA018.) On

3

October 2, 2019, the district court dismissed Trombetta's claims under the Lanham Act, the NYCRL, and the NYAARA with prejudice. (SA030.) After Trombetta sought leave to file an amended complaint, the district court stated that "the Proposed Amended Complaint may only include: (1) the proposed amended copyright infringement claim; [and] (2) the Visual Artist Rights Act Claim." (SA032.) On January 17, 2020, Trombetta filed her amended complaint, which included all of the claims dismissed with prejudice by the district court's October 2, 2019 Order. (SA035.) The district court interpreted Trombetta's Opposition to Defendants' Motion to Dismiss as the operative amended complaint. (SA146.) In it, Trombetta sought to allege claims under the DMCA and a claim for defamation against EAI Defendants. (SA109-SA115.) The district court denied Trombetta's attempt to add a defamation claim but held that she had adequately stated a claim against EAI Defendants under 17 U.S.C. §§ 1202(a) and 1202(b). (SA155, SA157.)

On December 19, 2022, Trombetta filed another motion for leave to file an amended complaint. (SA251.) On December 21, 2022, the district court directed Trombetta to re-file her motions to amend, which she had filed separately against Worthpoint and EAI Defendants, as a single motion by Friday, December 23, 2022. (SA290.) The district court advised Trombetta that she must "annex the proposed amended complaint to her forthcoming motion to amend." *Id.* On

4

December 27, 2022, the district court recognized that Trombetta had not yet filed her proposed amended complaint and extended her deadline from December 23, 2022 to December 28, 2022. (SA292.) Later that day, Trombetta refiled a motion to amend and attached a proposed Second Amended Complaint. (SA293.)

On December 28, 2022, the district court issued an order stating that Plaintiff's motion to amend "far exceeds the Court's page limits . . . ." (emphasis in original) (SA341.) The Order stated that "[w]hile the Court acknowledges Defendants' right to oppose the Motion, the Court strongly encourages Defendants to consider not opposing the Motion, and preserving all of their arguments in opposition to the PAC to raise at summary judgment." (emphasis in original) (SA341.) On January 5, 2023, the district court recognized that Trombetta's filing SA293 "shall serve as the operative . . . proposed amended complaint." (SA343.) As advised, EAI Defendants preserved all arguments in opposition to Trombetta's proposed PAC and consented to Trombetta's motion to amend. (SA345.) Because Defendants consented to Trombetta's motion to amend, her PAC (SA293 (the "SAC")) and corresponding exhibits (SA314) are the governing pleading in this action. (SA346.) Although Trombetta filed a revised complaint on February 9, 2023, the district court affirmed that the SAC is the operative pleading in this action and stated that "[n]o further amendments will be permitted." (SA348.) The

5

EAI Defendants filed their answer to Trombetta's SAC on February 16, 2023. (SA350.)

## II.    Discovery Issues and Summary Judgment

The district court extended the deadline for the parties to complete fact discovery at least six times. (SA159, SA162, SA165, SA167, SA170, SA173, SA175.) On September 12, 2022, Trombetta first notified the Defendants of her intent to proffer Scelsa and Skluzacek as expert witnesses. (SA558.) On September 19, 2022 and September 28, 2022, Defendants asked Trombetta to confirm whether she intended to proffer Scelsa, O'Leary, and Skluzacek as experts, but Trombetta did not respond. (SA562-SA564.) After Trombetta produced only one resume for these proposed expert witnesses, the district court reminded Trombetta of the Rule 26 requirements for expert disclosures and the upcoming deadline to make those disclosures. (SA218.)

When Trombetta asked for an extension of the December 12, 2022 expert disclosure deadline, the district court gave Trombetta until December 19, 2022 writing "[n]o further extensions of the deadlines in this Order shall be granted absent extraordinary circumstances." (SA247.) Three days before the extended deadline expired, Trombetta sought another extension. (SA248.) The district court denied the request because Trombetta "failed to articulate extraordinary circumstances that warrant the relief requested." (SA250.)

On March 10, 2023, the district court issued an Order stating that "by Friday, April 7, 2023, the parties shall file any anticipated motions (i) for summary judgment pursuant to Federal Rule of Civil Procedure 56, and/or (ii) to proffer or exclude a party's experts pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." (SA357.) On April 5, 2023, the district court granted Trombetta's motion for a one-week extension of the April 7, 2023 deadline. (SA358.)

On April 17, 2023, after a motion to preclude the reports and two days after the parties filed competing motions for summary judgment, Trombetta filed motions to proffer the testimony of Scelsa and Skluzacek. (SA423-SA557.) Considering Trombetta's motion and Defendants' opposition to the same, the district court issued an order on June 22, 2023 precluding Trombetta from relying on the reports and/or testimony of Scelsa and Skluzacek. (SA583.)

On February 8, 2024, the district court revisited its decision precluding Trombetta from relying on the reports or testimonies of Scelsa and Skluzacek after Trombetta filed a motion for reconsideration and found that Trombetta "failed to show that Judge Cave's June Order was clearly erroneous or contrary to law." (SA628.)

On February 20, 2024, the district court granted Defendants' motion to preclude the consideration of Patrick O'Leary's expert report in connection with

7

the summary judgment motions filed by parties. (SA642.) In the same order, the district court granted Trombetta's motion for summary judgment, in part, against EAI and Norb awarding $1,000 in statutory damages for the alleged violation of her rights under VARA and $1 in nominal damages for her claim of direct copyright infringement. (SA655, SA660.) The district court entered judgment in favor of Marie on all claims asserted against her and in favor of Norb and EAI on all remaining claims. (SA664.)

On March 19, 2024, Trombetta filed a motion for reconsideration of the district court's ruling on the parties' summary judgment motions. (SA665.) On March 7, 2025, the district court denied Trombetta's motion for reconsideration. (SA766.) On April 4, 2025, Trombetta filed a notice of appeal. (SA774.)

## SUMMARY

Trombetta appeals every aspect of the district court's denial of her motion for reconsideration. The district court did not overlook any controlling decisions or data. It did not make any clearly erroneous assessments of law or the evidence. Because the district court did not abuse its discretion in denying her motion for reconsideration of the Final Order, the district court's opinion should be affirmed.

Because Trombetta is a *pro se* litigant, Trombetta's appeal from the district court's order on her motion for reconsideration is considered an appeal of every

8

aspect of the district court's final order excluding evidence, awarding damages, and dismissing some claims against EAI Defendants.

First, the district court did not abuse its discretion by excluding two expert reports that were submitted after many extensions of the relevant deadlines and after the parties had filed motions for summary judgment. The proffered reports generally discussed purported harm to Trombetta's reputation as an artist to suggest that Trombetta had suffered actual damages. There was a much simpler and more concrete way for Trombetta to demonstrate that she had suffered actual damages. She could have provided Defendants with information about her income as an artist, which she refused to do.

Next, the district court properly excluded three opinions proffered by Patrick O'Leary. O'Leary's first opinion, that an email receipt from eBay from 2012 was fabricated (it was not), went only to a long-settled discovery dispute that had no bearing on the underlying claims in this matter. O'Leary's second and third opinions were outside of the scope of even his claimed expertise. The district court did not abuse its discretion by not relying on O'Leary's proffered opinions.

With respect to its award of damages, the district court did not abuse its discretion by awarding $1,000 in statutory damages to Trombetta under VARA and $1 in nominal damages for her claim of direct copyright infringement. Trombetta did not submit any admissible evidence of actual damages and refused to participate

9

in discovery when Defendants sought documentation of any alleged actual damages. Because Trombetta obtained a copyright registration for the work at issue in 2018, three years after she discovered the allegedly infringing post and six years after the eBay listing was published for ten days, Trombetta is not eligible for statutory damages on her claim of direct infringement. The district court's award of damages to Trombetta was not clear error.

Finally, the district court did not abuse its discretion by refusing to issue an injunction against EAI Defendants. Trombetta's argument that a permanent injunction barring EAI Defendants from using her works in the future was necessary is frivolous. Norb made one honest mistake in 2012, fourteen years ago, by misattributing a painting to Trombetta in an eBay post that was live on EAI's eBay page for ten days. None of the EAI Defendants have done anything suggesting that they would ever use a work by Trombetta again. The district court did not abuse its discretion by refusing to enjoin EAI Defendants.

## ARGUMENT

Plaintiff-Appellant Annamarie Trombetta ("Trombetta") appeals "all aspects" of the district court's March 7, 2025 order. (Notice Appeal at 1, Dkt. 1.1 at 1.) The March 7, 2025 order (the "Appealed Order") considered Trombetta's motion for reconsideration of the Court's February 20, 2024 order (the "Final Order") awarding Trombetta $1,000 in statutory damages for violations of her rights under VARA and

10

nominal damages for her claim of direct copyright infringement but ruling in favor of Marie Novocin on all claims asserted against her and in favor of EAI Defendants on all remaining claims. (Final Order, SA630; Appealed Order, SA767.) Trombetta had asserted:

> claims arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA"), the Visual Artists Rights Act, Pub. L. No. 101-650 (tit. VI), 104 Stat. 5089, 5128-33 (1990) ("VARA"), the New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. L. § 14.3 ("NYAARA"), as well as claims for copyright infringement, 17 U.S.C. § 501, identity theft, 18 U.S.C. § 1028, and intentional infliction of emotional distress.

(SA766.) The Court recognized in a footnote that Plaintiff had improperly attempted to assert additional claims for fraud and negligence. (SA766, n.1.) Although Trombetta's Notice of Appeal only identifies the Appealed Order, the Second Circuit may read Trombetta's appeal as challenging the underlying judgment. *Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (finding that "in the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders").

## I. The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration

On March 19, 2024, Trombetta filed a motion asking the district court to reconsider its Final Order under Rules 59(e) and 60 of the Federal Rules of Civil Procedure. (SA665.) The Second Circuit reviews a denial of reconsideration for an

11

abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citation and quotation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In her appeal, Trombetta has pointed to no such controlling decisions or data that the court overlooked and has instead repeated irrelevant and/or incorrect conclusions that do not support her motion for reconsideration let alone show that district court made a clearly erroneous assessment of the law or evidence or rendered a decision that cannot be located within the range of permissible decisions.

### A. The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration Under Rule 59(e)

Motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are governed by identical standards. *R.F.M.A.S., Inc. v. Mimi So*, 640 F.Supp.2d 506, 509 (S.D.N.Y. 2009) (citation omitted). "Reconsideration of a previous order by the Court is an

'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce resources.'" *Id.* (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Id.* (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). A motion for reconsideration must show that "controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *Id.* (citing *Shrader*, 70 F.3d at 257 ).

Considering Trombetta's motion for reconsideration, the district court found that Trombetta's 47-page submission made two general categories of objections, namely "(1) objections related to the handling of discovery, and (2) objections based on the Court's consideration of the evidence." (SA768-SA769.) The district court carefully considered and rejected Trombetta's arguments stating that it "rejects Trombetta's attempt to relitigate long-decided issues pertaining to discovery in this action." (SA769.) On appeal, Trombetta offers only the same arguments carefully rejected by the district court. The district court did not abuse

13

its discretion by denying Trombetta's motion for reconsideration, and that decision should be affirmed.

> **B.      The District Court Did Not Abuse Its Discretion by Denying Trombetta's Motion for Reconsideration Under Rule 60**

Rule 60(b) is "a mechanism for extraordinary judicial relief" and may be "invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation and quotation omitted). Rule 60(b) provides that a party may obtain relief from a final order when it shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Trombetta's motion relied on the first, third, and sixth prongs of Rule 60(b). (Mot. Reconsider 2, Dkt. 542 at 2.) Trombetta's motion also purports to rely on Rule 60(a), which provides for corrections to clerical mistakes, but does not argue that the Final Order issued because of a clerical mistake. Similarly, Trombetta does not point to any mistake, inadvertence, surprise, or

14

excusable neglect, so her argument fails on Rule 60(b)(1). Neither does Trombetta articulate any reasonable argument pursuant to Rule 60(b)(6).

As to Rule 60(b)(3), Trombetta appears to make two arguments accusing the EAI Defendants of fraud. First, Trombetta accuses EAI of producing a fraudulent eBay receipt. Second, Trombetta argues that Norb Novocin must be lying when he testified that he obtained her biography from askArt.com because the Wayback Machine first cataloged her profile on askArt.com in 2015. Both arguments are predicated on Trombetta's misunderstanding of the technology involved and a stubborn refusal to acknowledge evidence in the record. The eBay receipt was produced multiple times in various formats, including as a native .eml file. Trombetta believes that, because the various productions showed minor formatting differences because they were printed from different desktop clients and browsers, they were fabricated. She is wrong. With respect to the Wayback Machine, Trombetta appears to believe that the website immediately catalogues every page on the internet the second it is published. That is not correct. The fact that the Wayback Machine catalogued her biography as it appeared on askArt.com in 2015 has no bearing on whether her biography existed on askArt.com in 2012. According to askArt.com, her biography first appeared on its website in 2008. (SA420.) In any case, whether the eBay listing occurred in 2012 or 2015 (it was posted on eBay in 2012 for ten days) has no affect on the claims in this case. Norb

15

would gain nothing by lying and fabricating evidence to move the sale three years into the past. Trombetta's relevant copyright registration did not issue until June 18, 2018, so publication of the eBay listing in 2015 would not make statutory damages available to her under the Copyright Act. Trombetta's argument fails as to Rule 60(b)(3). The district court's denial of Trombetta's motion for reconsideration should be affirmed.

## II.      The District Court Did Not Abuse Its Discretion By Excluding Improperly Submitted and Irrelevant Evidence

"The district court has wide discretion in punishing failure to conform to the rules of discovery" and a preclusion order is reviewed for an abuse of discretion. *Brandon v. Royce*, 102 F.4th 47, 58 (2d Cir. 2024) (quotation and citations omitted). When determining whether a district court has abused its discretion, this Court considers the following four factors: (1) the party's explanation for the failure to comply with the relevant discovery order; (2) the import of the precluded testimony; (3) the prejudice the opposing party would suffer if forced to meet the new testimony; and (4) the possibility of a continuance. *Id.*

### A.      The District Court Did Not Abuse Its Discretion by Excluding Two Purported Expert Reports

As noted above, the district court extended the deadline for the completion of fact discovery at least six times. Even after several direct warnings from the district court, Trombetta failed to timely produce her expert reports. Her experts

16

were not submitted to provide testimony about newly introduced issues in the case. They were introduced to testify about whether Trombetta's reputation as an artist had been harmed in a way that would have caused Trombetta to lose sales. Whether Trombetta suffered such actual damages has been at the core of this case since she initiated it eight years ago. Trombetta refused to discuss her income as an artist during her deposition and only produced receipts for the sale of three works, which were all sold in 2015—three years after the eBay listing that Trombetta claims ruined her career went live. Even were the district court to consider the two expert reports it excluded, their reports would be undermined by Trombetta's refusal to testify about her own art career and by the three receipts that she actually produced. The district court did not, however, abuse its discretion in excluding these reports, and its decision should be affirmed.

Trombetta's explanation for missing the extended deadline was that she spent time:  (i) writing and rewriting a settlement letter in February 2022; (ii) pressing Defendants for their discovery responses in April 2022; (iii) preparing for her scheduled deposition and response to a summons and complaint served on her in a case proceeding in the State of Georgia in July 2022; and (iv) attempting to access emails produced by Defendants in September 2022, all of which caused her "emotional trauma." (SA565-SA566.) The district court noted that even if the disputes Trombetta listed consumed all of her time, she still had almost three

17

months to confer with her purported experts and prepare adequate disclosures. (SA577.) Noting that Trombetta produced her purported expert reports two months after the extended deadline, the district court recognized that Trombetta provided no explanation for the delay. (SA578.) The district court not only cited to a litany of cases from the Second Circuit where district courts had precluded experts whose reports were late and/or insufficient, it discussed in its order decisions that specifically considered the application of the law to *pro se* litigants. (SA578-SA580.)

The district court also considered the importance of the testimony Scelsa and Skiulzacek might give and found that because "expert testimony is not necessarily required to substantiate her damages, assuming she first proves Defendants' liability for the Emotional Distress and Identity Theft Claims[,]" the second factor "at most . . . weighs slightly in favor of Ms. Trombetta." (SA581.)

Finally, the district court found that the final two factors identified above weighed against Trombetta. The district court found that allowing Trombetta to rely on these experts after the close of discovery, which deadline had been extended several times, and after the parties filed motions for summary judgment would prejudice Defendants and "unnecessarily delay resolution of this action." (SA581-SA582.)

18

The district court revisited its decision precluding Trombetta from relying on the reports or testimonies of Scelsa and Skluzacek after Trombetta filed a motion for reconsideration and found that Trombetta "failed to show that Judge Cave's June Order was clearly erroneous or contrary to law." (SA628.) The district court, after a careful review, affirmed its decision to preclude these purported expert witnesses. The district court did not abuse its discretion and its decision to exclude these reports should be affirmed.

**B.    The District Court Did Not Abuse Its Discretion By Excluding Patrick O'Leary's Baseless Opinions**

Similarly, the district court did not abuse its discretion by precluding consideration of Patrick O'Leary's report. O'Leary's report stated his opinion that: (1) Defendants "nefariously" abused the discovery process; (2) Trombetta did not paint the painting at issue; and (3) Trombetta suffered financial damage because of the misattribution that appeared on one eBay listing. (SA520.) The district court found that "O'Leary's thoughts on long-concluded discovery disputes are not material or even relevant to the current motion practice" and that his second and third opinions were not within the scope of his claimed expertise, namely, "internet activities." (SA641-SA642.) The district court noted that O'Leary's CV revealed no expertise in the art industry and that O'Leary himself admitted during his deposition that he had no such qualifications or expertise. (SA642.)

19

On appeal, Trombetta points to no erroneous views of the law relied upon by the district court. Neither does she point to any clearly erroneous assessments of the evidence. Finally, the district court's decision to exclude O'Leary's irrelevant and unwarranted opinions are well within the range of permissible decisions. O'Leary's claimed expertise only covers his first proffered opinion, namely, that the eBay receipt from 2012 had been fabricated by EAI, Norb, and/or EAI Defendants' undersigned counsel. O'Leary's opinion, that "Defendants are not being truthful," is based on the fact that .pdfs created from different email clients and browsers differ slightly in their appearances. Even if O'Leary were correct (he is not), whether the eBay listing was created in 2012 or 2015 would have no bearing on this case. Defendants have no reason to lie about when the eBay post was published. The district court did not abuse its discretion by excluding O'Leary's irrelevant opinions.

### III. The District Court Did Not Abuse Its Discretion By Awarding $1,000 and $1 to Trombetta

The Second Circuit reviews the method of calculating damages for copyright infringement *de novo* and the actual calculation of damages for clear error. *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) (citations omitted). The Second Circuit reviews the "determination of willful copyright infringement for clear error,

20

and in doing so give[s] particular deference to determinations regarding witness credibility." *Id.* (citations omitted).

## A. The District Court Did Not Abuse Its Discretion by Awarding $1,000 to Trombetta

Trombetta is upset that the district court awarded her $1,000 in statutory damages for her claims under VARA. In making the award, the district court found that Trombetta "failed to present admissible evidence of actual damages." (SA651.) Trombetta does not challenge the district court's methodology and relies solely on the theory that Defendants damaged her reputation causing her to miss out on sales of her paintings. The district court noted that Trombetta refused to answer questions during her deposition regarding the income she made as an artist. (SA650.)

In support of her argument, Trombetta submitted a letter from Susan B. Goldstein who states that her aunt was interested in purchasing one $8,500 painting from Trombetta. (SA422.) Goldstein states that her aunt's assistant found the Worthpoint listing misattributing the painting at issue to Trombetta. *Id.* Goldstein states that, although Goldstein confirmed with Trombetta that Trombetta did not paint the painting in the Worthpoint listing, the Worthpoint listing was somehow still "the main reason why my aunt decided not to purchase the painting." *Id.* In her brief, Trombetta mentions this as an $8,500 loss six times. (Dkt. 62.1 at 14, 15, 26, 37, 49.) Trombetta also states that when she contacted Goldstein "to be deposed, I

21

learned of her passing." (Dkt. 62.1 at 37.) The district court noted that Trombetta did not proffer Goldstein as a fact witness or submit a sworn declaration and that Goldstein's letter was inadmissible hearsay and "insufficient to satisfy Trombetta's burden of proving actual damages." (SA650.) Goldstein's death would not transform her letter discussing a third-party's alleged decision not to purchase a painting into admissible evidence.

Trombetta also claims that a hodgepodge of documents and notes she included as an exhibit to one of her reply briefs refutes court's findings on damages. (SA584.) Contrary to Trombetta's assertion, this submission actually appears to show that she continued to sell paintings years after the misattribution. (SA596-SA603.)

The district court did not abuse its discretion by finding that Trombetta failed to present admissible evidence of actual damages. Trombetta did not submit any evidence showing that she lost any sales as a result of the misattribution because she did not lose any sales because of the misattribution.

### B. The District Court Did Not Abuse Its Discretion by Awarding Trombetta $1

As described above, Trombetta refused to produce the evidence of actual damages within her possession, which she might have also shown by testifying concerning her past income as an artist, and instead attempted to mask her lack of

evidence with two improperly submitted expert reports that were properly excluded. Because she did not register her work with the Copyright Office until years after the alleged infringement, in 2018, Trombetta is not able to recover statutory damages for her claim of direct infringement. In the absence of any evidence showing that she suffered actual damages, the district court awarded Trombetta $1 on her copyright infringement claim. (SA660.) The district court's award of $1 was not predicated on clear error and should be upheld.

**C.    The District Court's Finding that Defendants Did Not Willfully Infringe is Not a Clear Error**

On appeal, Trombetta's could be interpreted as arguing that the district court erred by failing to find that Norb's infringing acts were not willful. (Dkt. 62.1 at 20.) The record demonstrates that Norb attributed the painting at issue to Trombetta because the painting bore a "garbled" signature on its front that Norb read as "A. Trombetta" and a marking on the frame that read "Anna maria Trombetta, Painted 1972." (SA373-SA374.) Norb testified that he searched "Trombetta" on askArt.com and mistakenly believed that the result identifying Trombetta matched the writing on the frame of the painting. (SA377-SA378.) Norb further testified that he never visited Trombetta's website and was not previously familiar with her work. (SA379; SA381.) Norb testified that he compared the painting in his eBay listing to the works of other artists because he thought that

23

Trombetta was an unknown artist and he wanted potential buyers viewing his eBay listing "to be able to associate somebody of value" with the painting. (SA378; SA382.)

The district court found that Norb's testimony "cuts against a finding that Mr. Novocin misattributed the Painting deliberately to increase its value." (SA653.) The district also found that Norb's failure to do further research on Trombetta, notice that the name on the frame of the painting was spelled slightly differently, or realize that Trombetta's career timeline may not line up with the date on the painting, even when viewed in a light most favorable to Trombetta, "at best establishes that he misattributed the Painting negligently." (SA653.)

While Trombetta objects to the district court's conclusion that Norb did not willfully misattribute the painting listed on eBay for ten days in 2012, she does not point to any clear error made by the district court. Trombetta argues that Norb's testimony is false because she mistakenly believes that her biography was not listed on askArt.com until 2015. (Dkt. 62.1 at 22.) As explained by the district court, which specifically addressed this argument in its Final Order, Trombetta misunderstands how the Wayback Machine, a third-party website that archives pages on the internet, works. (SA662.) While the Wayback Machine may have archived her profile on askArt.com in 2015, that has no bearing on whether

24

askArt.com had a profile for Trombetta in the years prior. According to askArt.com, Trombetta's biography first appeared on its site in 2008. (SA420.)

Trombetta also argues that EAI created a fake eBay sales receipt to conceal that "there was never a painting sale on eBay," which, she argues, is further evidence that Norb willfully misattributed the painting in his 2012 eBay listing to her. (Dkt. 62.1 at 61.) The district court specifically addressed this issue in 2022 and found that Defendants had adequately produced the email receipt in question. (SA177.)

The district court made no error in finding that Norb did not act willfully in creating the inaccurate eBay listing that was live on EAI's eBay account for ten days in 2012. The district court's decision should be affirmed.

## IV. The District Court Did Not Abuse Its Discretion by Refusing to Issue an Injunction Barring Defendants From Future Acts

On appeal, Trombetta argues that the district court erred by refusing to issue an injunction barring Defendants "from copying any of plaintiffs' existing or future copyrighted works without first checking the authenticity or obtaining the necessary permission." (Dkt. 62.1 at 55.)

While a district court may issue a permanent injunction prohibiting a party from future unlawful acts, such an injunction aimed at future behavior is appropriate only when there is a likelihood that, unless enjoined, the bad actor will

continue with their unlawful acts. *S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1477 (2d Cir. 1996) (citation and quotation omitted). Such an injunction is particularly appropriate where the past violations were founded on systematic wrongdoing rather than an isolated occurrence. *Id.* (citation and quotation omitted). This case involves the exact opposite type of situation, namely, an isolated occurrence that was the result of an honest mistake made eight years ago. The standard of review for a decision on whether to grant a permanent injunction is an abuse of discretion. *Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Info. Technologies, Inc.*, 369 F.3d 645, 651 (2d Cir. 2004) (citations omitted).

The district court denied Trombetta's request for an injunction because "[t]he alleged infringement occurred over ten years ago during a single ten-day period[,]" Trombetta did "not allege that EAI reused or reposted Plaintiff's biography after 2012, and nothing in the record suggests that EAI would use the biography again in the future." (SA660.) The district court also noted that Trombetta failed to show that, without an injunction, she would "suffer any injury, let alone 'irreparable injury' that is incapable of compensation through monetary damages." (SA660.) The district court did not abuse its discretion by refusing to issue a permanent injunction aimed at future acts by the EAI Defendants should be affirmed.

26

**V.     The District Court Properly Dismissed Trombetta's § 1202 Claims**

Trombetta argues that the district court erred in denying her DMCA claims under §§ 1202(a) and 1202(b) for false attribution and the removal of copyright management information, respectively. (Dkt. 62.1 at 16, 28.)

Section 1202(a) of the DMCA requires a plaintiff to show that the defendant both knew that copyright management information ("CMI") provided by the defendant was false *and* that the defendant provided such false CMI with the intent to induce, enable, facilitate, or conceal underlying copyright infringement. *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F.Supp.3d 131, 137 (E.D.N.Y. 2019) (citations omitted). Section 1202(b) of the DMCA states that no person shall "distribute . . . copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b). Section 1202(b)(3) also requires "double-scienter," meaning that the defendant must also have actual or constructive knowledge that the distribution "will induce, enable, facilitate, or conceal an infringement." *Mango v. BuzzFeed, Inc.*, 970 F3d 167, 171 (2d Cir. 2020). Trombetta fails to argue, and the record does not support, that Norb or EAI intentionally added or removed any CMI to or from the eBay listing that they

posted for ten days in 2012. Furthermore, Trombetta fails to argue, and the record does not support, that Norb or EAI added or removed any CMI with the intent that they conceal an underlying infringement. Norb testified that he thought use of Trombetta's biography, which he found on askArt.com, in a post for the sale of what he believed was one of Trombetta's paintings would constitute a non-infringing fair use.

In her brief, Trombetta argues that her § 1202 claims "should be enforced due to the online, public, written connection by the false 1972 webpage on WorthPoint's website with EAI's company description to the unauthorized use of my bio with the linking statement[.]" (Dkt. 62.1 at 16.) Her arguments fall far short of the elements required to prove a claim under either subsection of § 1202. The district court's dismissal of those claims should be upheld.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's orders:  (1) awarding Trombetta $1,000 in statutory damages against Norb and EAI for her VARA claim as well as $1 in nominal damages against Norb and EAI for her claim of direct copyright infringement; (2) dismissing all other claims against Norb and EAI; (3) dismissing all claims against Marie; (4) precluding the proffered O'Leary opinions; and (5) excluding the untimely and inadequate expert reports from Scelsa and Skiulzacek.

28

Dated:  July 17, 2026              Respectfully Submitted,

    New York, New York      s/ Anderson J. Duff
                               Anderson J. Duff
                               LINCOLN SQUARE LEGAL SERVICES, INC.
                               *Attorneys for Appellant-Plaintiffs*
                               150 W 62nd Street, 9th Floor
                               New York, NY 10022
                               (212) 636-6934

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Second Circuit Local Rule 32.1(a)(4)/Federal Rule of Appellate Procedure 32(a)(7) because this brief contains 6,340 words excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a: proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated:  July 17, 2026
       New York, New York

Respectfully Submitted,

s/ Anderson J. Duff
Anderson J. Duff
LINCOLN SQUARE LEGAL SERVICES, INC.
*Attorneys for Appellant-Plaintiffs*
150 W 62nd Street, 9th Floor

New York, NY 10022
(212) 636-6934