Case No. 25-817      Title:   Trombetta v. Novocin & WorthPoint Corporation
                                  Appellant v. Defendants ~ Appellees

S.D.N.Y ~N.Y.C 18-cv 0993   ~ Mag. Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals               Annamarie Trombetta, Appellant
Thurgood Marshall U.S. Courthouse          175 East 96th Street
40 Foley Square, New York, New York 10007    New York, New York, 10128
July 22, 2026

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

**RE: Appellant's Requests the Court of Appeals to Note of EAI'S Insidious Mistakes, Ambiguous Claims, Delays to Obstruct Justice In My Letter Filed in Support To Order And Grant My Requests**

Pro Se Appellant, contacts the Court of Appeals regarding Case: 25-817 due to Appellee's refiled Brief, Dkt Entry: 98.1 on July 20, 2026. First, I inform the Court, Mr. Duff failed to email me the complete set of exhibits. **EXHIBIT#1** is all of Mr. Duff's six attached files emailed July 20th. I am missing **SA422 to SA664,** which are **223 exhibits.** My case manager confirmed EAI's exhibits are complete on the docket, mine are not. EAI's Brief and Mr. Duff's recent errors, harkens back to EAI's errors made in the district court. EAI and Mr. Duff consistently delayed, blocked or incorrectly produced deficient evidence. A prime example is EAI's Offer of Judgment in Jan.2020. On the due date of my reply, Feb. 11, 2020, Mr. Duff's email address was blocked. **SEE EXHIBIT#2.** Other issues are the two eBay receipts produced six months apart that did not look the same. EAI's plot ultimately evaded production of the court ordered native electronic email. It was EAI's means to avoid the production of evidence they did not possess. As one Pro Se Plaintiff, against several lawyers, chasing EAI for Discovery burdened and blocked the timely completion of my Discovery and my expert witness reports, issues falsely characterized in both Appellees Brief. Their cruel "gaslighting" tactics are harmful and unfair attacks. The chaos it caused exhausted the Judges in the district court leading to an unfair judgment and the need to file this Appeal. Aside from this current omission, Appellees Brief have again set forth empty statements, lacking any verifiable proof and altered my truthful facts. Their ambiguous claims, written or by verbal testimony are without merit and mirror the1972 online misattribution and what led to my filing this lawsuit. Outlined below are details why I am seeking permission from the Court of Appeals to grant my requests. I ask the Court to note Mr, Duff's recent omissions and see it for what it is, a constant tactic he and EAI have inflicted on me for years. Instead of accepting their propensity to make mistakes, errors, be it intentional or due to ineptitude, EAI chooses to avoid accountability. EAI and Mr. Duff have abused my time with their misconduct. **Appellant request's the Court to order production of EAI's full and complete exhibits digitally as well as a printed .**

Secondly, I note, in my brief, filed April 20, 2026, on page 4, in Dkt 62, documentation of EAI's **questionable** status of incorporation in 2012 and at present. Their status as a corporation is suspect, indicated in Norb Novocin's testimony, that I filed, noting multiple names for Estate Auctions Inc in Florida and Delaware, on and around the year 2012. Please review Norb Novocin's testimony, pages 198 to 200 for EAI in 2012. I also filed Marie Novocin's testimony page 45. These pages are in my Appeal's Brief in Dkt Entry 64, annexed in **EXHIBIT#3.** Unsurprisingly, Mr. Duff did not address Norb and Marie Novocin filed testimony on the status of EAI's incorporation, in EAI's Brief filed July 17 and 20th 2026, in Dkt Entry: 92.1 and 98.1. Mr. Duff issued a standard Disclosure Statement certifying EAI incorporation on page 2 .**EXHIBIT#4A-B Incorporation Statement.** This letter is to inform the Court that Mr. Duff, like his clients, has also set forth multiple addresses during his years of litigation. In 2018, it was Revision Legal, in June 2020, his address was a Virtual Office at 244 Fifth Ave NYC, then Duff Law PLLC in Long Island City, NY, Duff and Hogan and his address at 353 Ocean Ave. Brooklyn, NY, now Lincoln Square Legal, 150 W 62nd St. NY. Due to EAI's and Mr. Duff's numerous changes, inconsistencies and EAI's propensity to produce multiple, deficient and flawed documents, a Certificate of Incorporation request is necessary. I bring these examples to the Court's attention in support my requests. **Appellant is requesting production of EAI's Certificate of Incorporation in Delaware and Florida in 2012 /2026 as per documented in the Novocins' testimony.** It is a reasonable request to insure EAI's incorporation. Registered Certificates of Incorporation are on record in each state. I am requesting this as I found an EAI" "forfeited Certificate of Incorporation in 2020 when EAI filed a Motion to Post a Bond for $20,000 against me. It was in 2020 when I filed the askART Terms of Service as well.

Third, also in Appellant's Dkt Entry 64, are Norb and Marie Novocin's 2020 Declarations. Mr. Novocin falsely claimed my biography was taken from askART in 2012. I remind the court my biography was listed on askART in June of 2015, recommended to askART by author Bob Bahr, who wrote an online article on my two Central Park solo exhibits in March, 2015.(**Ex.#11**). I note, in 2020 when the Novocins filed a Motion to Post a Bond, I contacted askART in July of 2020 and Kris from askART verified in writing my bio was added as a result of a publication years ago. Additionally, in July 2020 and in my Appeal's Exhibits I filed askART's Terms of Service and Internet Privacy Policy, six years ago and twice in Dkt Entry 64 in my Appeals Brief exhibits, before and after the Novocins' testimony. An excerpt from askART's Terms of Service under LICENSE TO USE THE SITE notes **askART 's content is non transferable.** Under Ownership, Restrictions; Trademarks, askART has a public stance: ***"You may not modify, create derivative work post on the World Wide Web…any portion thereof for any public or commercial use…. without permission from askART" .*** Mr. Novocin is not permitted to, "glean" any content, as he declared in writing. In doing so, he violated askART's Terms of Service and Internet Privacy Policy. Annexed as **EXHIBIT#5** is my Appeals Brief Exhibits —askART's Terms of Service. It was filed in the district court on July 13 in Doc. 72, page 28, in Doc. 73, page 29 and Doc. 75, page 16. I filed the same in Summary Judgment in Doc.488-2 on May 30, 2023 and also in Doc. 538 as EX. #14 on March 19, 2024 in my Motion to Reconsider Rule 59 (e) and Rule 60. Also, I remind the Court of Appeals on page 5 of my Appeals' Brief, I inserted an article in the Delaware Business Times dated May 24, 2018. EAI's and the Novocins boasted a claim of a million in sales per year. They have been selling on eBay since 1998, yet on Jan. 9, 2019, both of the Novocins filed for bankruptcy-page 32,33 in Doc. 22 and in my Appeal's Appendix page 80V-C1 and 80V-C1. The Delaware Business Times article **EXHIBIT#6** was first filed with my Settlement Letter in Doc. 22 on April 24, 2019 and on page 10, in request No. #3, I called for the production of a photo of the red signature on the back of the 1972 painting-see Appeal's Appendix page 79 J-C1. The fact that the Novocins and attorney Anderson Duff filed a Motion to Post a Bond in June 2020, without or before producing the red signature on the back of the painting is egregious and demonstrates a desire to exploit me for financial gains, in addition to creating a fraudulent webpage online ad. The delay of EAI to refrain from producing the red signature until ordered in Discovery on April 11, 2022 has unnecessarily delayed a resolution. The fact that my first name was misspelled in three ways 1- a separation between Anna and Marie—2- Capital M in Maria and 3—Maria with an A and not E, should not be overlooked by this Court, as it was in the district court. The Novocins delay of 3 years, is concealment. I note to the Court of Appeals, **in May 26, 2022, in Doc. 230,** I wrote a letter regarding "conspicuous evidence with deficiencies and non -responses from both Defendants, which initiated a Conference Call on June 13, 2022 . By Friday July 1, 2022, a full copy of the eBay 2012 sale receipt was ordered. I did not receive it until Nov. 16, 2022. EAI's delays in production of a misspelled red signature for three years conjoined with the delay of a simple request for one full copy of its 2012 eBay sales receipt was to conceal fraud. Both exhibits are flawed and incorrect, These examples define a key element in **Vexacious Litigation as " Improper purpose" :** ***Evidence that the litigation was intended to harass, intimidate, delay, or increase your legal expenses rather than pursue a legitimate legal objective.***

Moreover, I note in Mr . Duff 's Brief filed in Dkt Entry 98.1, he is confusing important facts and information resulting in quintessential misrepresentations to the court. On page 6, under the EAI's **Introduction** description, **EXHIBIT#7,** Mr Duff's statements demonstrate a willful intent to omit and alter the facts presented to the Court of Appeals. His diminished account regarding the sales of my artwork are false. On Mr. Duff's Introduction, page 6, he wrote: *The listing was live on EAI's eBay account for ten days but was scraped and preserved by Defendant Worthpoint Corporation ("Worthpoint"). If her claims were true, Trombetta should have had no problem showing that her sales declined after the 2012 eBay auction. She failed to provide such documentation and refused to discuss her past income as an artist during her deposition. Trombetta did produce three receipts showing that she sold three works in 201 .her refusal to provide any additional evidence concerning her income as an artist transforms those three receipts into proof that she unable to sell artwork.* For the record, I filed in Doc.517-4 on 6/29/23 four art sales in 2015 plus I lost a sale, documented in my 2017 EAI settlement letter. I filed my loss of a painting for $8500 dollars to the aunt of Prof. Susan Goldstein, who I discovered passed away when I tried to depose her for this loss sale. I informed Defendants attorneys of her passing. Additionally, in Discovery, I produced my 2014 -2016 art receipts with checks, all bate stamped. My 2014 art sales include bate stamped evidence. **PL000203**-a 2014 sale for **$2180** in Feb.2014 —**PL000206 -** my 2014 sale in March 2014 for **$7500** and PL000208-209 a June 2014 art sale for **$5000**. I also produced my 2016 **PL000211** sale that happened after the fraudulent 1972 painting webpage was removed. When in 2016-17

the fraudulent WP webpage was reposted my sales stopped again. **Appellant is requesting permission to file my art sales that I produced to both Defendants during  Discovery in the district court.** I note  another prime example of  one  key element defined in. **Vexacious Litigation  is False statements or concealment  : Documents, testimony, or communications demonstrating intentional misrepresentations to the court.** Both  Defendants made  false statements to  under estimate the relevant, damaging facts  EAI's  false online ad had  and the adverse effect and impact it had on  my career and more importantly,  my  ability to earn a living.

My extreme loss of  my time is all  due to EAI's willful  intent to continue to  harass and commit  fraud. Mr. Duff's missing Brief exhibits is another example of  this.  Additionally , I note that in Mr. Duff's Introduction page 6, he conveniently did not note  EAI's  forged oil painting dated 1972, listed next to my year of birth, 1963, purporting  an embarrassing public  false claim that I painted a large four foot  painting at age nine.  Mr.  Duff's brief,  failed to  state that EAI's  fraudulent  ad wrote  the 1972 painting was  signed  in red on  the back. Moreover Mr. Duff, omitted the fact that EAI produced and publicly displayed  a photo of a **forged signature**  on the front of the painting, absent my first name.  A fraudulent copyright and  licensing  claim  was  added by WorthPoint Corp.  insinuating a fraudulent business  relation.  The forged signatures, one visible and one  not, noted 12 photos yet  the ad had no image in the 1972  painting ad  description.  Posting a forged signature online opens the door to producing more forged artwork.  It is important  to inform  the Court  I do not have any artistic signature online nor do  I have a secondary art market.  All of my collectors  are in possession of  my artwork and plan on bequeathing my artwork to their heirs.  I also wish to state that  Mr. Duff omitted the fact that I contacted EAI by phone  in 2017 and was told to hire an attorney. **Appellant is requesting the Court of Appeals  if  I can submit the Jan. 10, 2017  audio phone call heard by Judge Ronnie Abrams in Feb. 2019?**   As a result of this call  my lawyer sent a settlement  letter which was ignored by EAI.  All of these factual and  crucial omissions in EAI's online ad were not in  EAI's  Brief  Introduction on page 6.  Moreover, on  page 30,  in Dkt Entry: 98.1, Mr. Duff,  noted the fraudulent eBay receipt.  The  visual differences are indeed obvious between  EAI's first eBay receipt, produced  on April 27, 2022, 19  days after the April 8, 2022 deadline.   EAI000058-59 was devoid of an eBay logo and had incomplete  text on the right side. Despite a conference call in June 2022 and a due day in July 2022,   EAI and  Mr. Duff  deliberately delayed producing a full eBay receipt until  Nov. 16, 2022 as EAI000060. It did not have the same  header info as EAI000058, nor did it have the yellow bar around "Congratulations your item sold" yet  had a colored ebay logo.  Annexed as **EXHIBIT#8- is EAI000058  EAI000060.** These two, visually dissimilar eBay receipts exemplify another key definition of **Vexacious Litigation :   False statements or concealment. Documents, testimony, or communications demonstrating intentional misrepresentations to the court.**   EAI's failure to produce one ordered 2012 electronic eBay email noted in Doc. 319, violates Rule 26 and Rule 37. By law, EAI failure to produce is subject to sanctions.  Instead of EAI producing the ordered, electronic eBay email, EAI produced printed documents with an abnormal black background. The text on each page is cut off on the top, right and bottom side of each page. The important distinction between the electronic native raw email verses a print out version, is that an electronic email must be exported in its entirety, This means the integrity of the text in the email is verified and  true.  False content cannot be added or deleted. If there was a 2012 eBay sale, the electronic email would verify this.  EAI's failure to produce it, to this day, support's my stance and eBay's 2015 phone call statement that the 2012 eBay painting sale was not defined.  In Dec. 2022, I objected in writing to Judge Cave decision and repeatedly requested EAI to produce the court ordered native electronic raw email for the one, alleged 2012 eBay sale in an  email because EAI's two eBay receipts obviously  looked different.  At the time I was to file my PAC,  Judge Cave ordered me to file a Discovery completion letter by Dec. 16, 2022. Annexed as **EXHIBIT# 9  Doc. 338.**  In my letter I again requested one  EAI 2012  native  electronic email sent by eBay to EAI.  I again  requested an extension for my witness reports.  Judge Cave denied my two requests and permanently closed Discovery prior to filing my  PAC,  noted in Doc. 340 on Dec. 19, 2022.

On page 30, in Dkt Entry: 98.1, Mr. Duff incorrectly asserted my biography was listed on askART's website in 2008.  In Discovery, EAI produced a defective, alleged email from askART, however the @ symbol was missing in askART's email address. **EXHIBIT# 10  (SA420)  Appellant requests the Court to order EAI to produce evidence  how, when  and who is the name of the person who  gave permission to askART if EAI is claiming my website  biography was on  askART in 2008.** My website and bio are my intellectual property and cannot be listed on askART without my  knowledge or consent.  EAI's current brief reveals a consistent pattern to produce deficient or disinformation documents purported to be evidence and it is obviously  fraud, upon sight. Mr. Duff  purporting my bio was on askART in 2008, added to EAI's  Offer of Judgment with a blocked email, followed by  EAI's Motion to Post a Bond for $20,000  are  examples of **Vexacious  litigation : Lack of legal or factual basis and shows that the defendants filed claims, motions, or defenses they knew (or reasonably should have known)  lacked merit.**

Additionally, in support of my requests I am filing my Prima Facie evidence overlooked by the district court, including askART's Terms of Service, my 2015emails to Mr. Bahr, who recommended my bio to listed on askART, his 2015 online article in Outdoor Painter March 5, 2015-page 1, askART and Wayback Machine's online links both noting my bio listing on askART in Sept. 2015 and my two 1972 print and scripted signatures. **EXHIBIT#11 Appellant's Prima Facia Evidence.** This evidence should have immediately ended this case, in the district court, as it proves willful public forgery, misattribution, copyright infringement for me and askART as well. Defendants constant manipulation, delays, to conceal fraud, and filing an overwhelming amount of misinformation, buried my irrefutable evidence in confusion, thus my Appeal. I submit this because August 1, 2026, marks a full eleven years lost time. The toll from the date of finding this fraudulent and destructive internet post till today caused irreparable damage. My Prima Facia evidence proves I had nothing to do with the false online ad which poisoned my livelihood, career and adversely impacted my life. EAI's ongoing pattern of making ambiguous statements and exhibits, is the crux that caused my public problem online and this case. Appellant is requesting the Court of Appeal' to review the text on all of my submitted exhibits which I identified in this letter and EAI's recent attempt to obstruct justice in its Brief. Their false assertions verify their unending careless behavior which supports my Appeal and request to be granted Permanent Injunctive Relief. Appellant asks the Court of Appeals to review my Prima Facie evidence and I am requesting the Court of Appeals to hear the audio of the Jan. 10, 2017 phone call between Mr. Novocin and I. Secondly, I ask the Court if I can produce my 2014 and 2016 art sales receipts. I am requesting EAI produce proof of its incorporation and proof of my biography on askART in 2008. Lastly, I am requesting a slight extension due to EAI's mistake and obstruction and also the fact that I have to respond to two hefty and separate Briefs. I ask the Court of Appeals for the sake of simplicity if I can file a separate reply for each Defendant and when would they be due —- **Appeal's Response Due Date? Filing Two Separate Responses One for Each Defendant ?**

Appellant, therefore respectfully ask the Court of Appeals to judge and decide upon my requests with a finding of facts that is just, fair and economically time efficient and in favor of Appellant.

Annamarie Trombetta                                         Respectfully Submitted,
Pro Se Plaintiff
175 East 96th Street
New York, New York 10128              —-———— Electronic Signature —————

                                                          /s/ Annamarie Trombetta, June 22, 2026
                                          _____

                                                              Annamarie Trombetta

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Trombetta

**CERTIFICATE OF SERVICE***

25-817

Docket Number: _____

v.

Novocin & WorthPoint Corp.

I, _Annamarie Trombetta_____, hereby certify under penalty of perjury that
(print name)                                          Letter Appellant's Requests the Court of Appeals To Grant Request Filed with Exhibits

on _July 22, 2026_____, I served a copy of _____
(date)

One Letter with  listed exhibits in support of Appellant's  request from the Court of Appeals _____

(list all documents)

by (select all applicable)**

____ Personal Delivery          ____ United States Mail          ____ Federal Express or other
                                                                        Overnight Courier

                                           X
____ Commercial Carrier          ____ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Anderson Duff | 150 W 62nd St Lincoln Square Legal ajdhogan@ | New York | NY | 10023 |
| Adam R. Bialik | 150 E 42nd Street ajdhoganduff.com | NY | | 10017 |
| Jana S. Farmer | 1133 Westchester Ave. jana | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

July 22, 2026                                          Annamarie Trombetta
_____                    _____
Today's Date                                               Signature

Certificate of Service Form (Last Revised 12/2015)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): __25-817__

Caption [use short title]: Trombetta vs Novocin and WorthPoint Corporation

Motion for: __Letter Requesting Court of Appeals with Exhibits__

Set forth below precise, complete statement of relief sought:

Appellant is requesting the Court of Appeals to  Review and Grant Request based on Exhibits

MOVING PARTY: Pro Se Annamarie Trombetta     OPPOSING PARTY: Novocins and WorthPoint Corp.

- ■ Plaintiff     □ Defendant
- □ Appellant/Petitioner     □ Appellee/Respondent

MOVING ATTORNEY: Annamarie Trombetta     OPPOSING ATTORNEY: _____

[name of attorney, with firm, address, phone number and e-mail]

Anderson Duff  Lincoln Sq.Legal Services     150 West 62nd St. NY,NY 10023  ADUFF1@lsls.fordham.edu     646 450-3607

Adam R. Bialek Wilson Elser, Moskowitz     150 East 42nd St.NY,10017 adam.bialek@wilsonelser.com 212 915-5143

Jana Farmer Wilson Elser, Moskowitz     1133Westchester Ave White Plains NY 10604 janafarmer@wilsonelser.com 914 872-7247

Court- Judge/ Agency appealed from: _____

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes  □ No (explain): _____

Opposing counsel's position on motion:
□ Unopposed  □ Opposed  ■ Don't Know
Does opposing counsel intend to file a response:
□ Yes  □ No  ■ Don't Know

Is the oral argument on motion requested?  ■ Yes  □ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  □ Yes  ■ No  If yes, enter date: _____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below?  □ Yes  ■ No
Has this relief been previously sought in this court?  □ Yes  ■ No

Requested return date and explanation of emergency: _____

Signature of Moving Attorney:

_____  Date: July 22, 2026     Service : ■ Electronic  □ Other [Attach proof of service]

Form T-1080 (rev. 10-23)