Case No. 25-817        Title:    Trombetta v. Novocin & WorthPoint Corporation
                                          Appellant v. Defendants ~ Appellees
S.D.N.Y ~N.Y.C 18-cv 0993  ~ Mag. Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals                    Annamarie Trombetta, Appellant
Thurgood Marshall U.S. Courthouse                175 East 96th Street
40 Foley Square, New York, New York 10007        New York, New York, 10128
July 27, 2026

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

**RE:  1- Appellant's requests the Court of Appeals to  review from  Doc. 429, my  Jan. 16, 2018
         askART email before I filed my lawsuit on Feb. 5, 2018.  Please see two  askART dated emails**

**2- Appellant's requests the Court of Appeals to review Nov. 23, 2022  phone transcripts  key facts.
     I  request to submit audio phone calls to  hear dialogue  produced in Discovery, April 11, 2022.**

**3-  Appellant's requests the Court of Appeals to  review and permit  my Feb. 2023 subpoena
     to  Jason  Packer and my requests to produce proof,  blocked by WorthPoint's attorneys.**

Pro Se Appellant, contacts the Court of Appeals in reference to my letter filed on July 22, 2026  regarding askART's  Terms of Service and Internet Policy.  For the record, I also filed  the askART 's Terms of Service in Doc. 429-430 on  page 23, on  April 17, 2023, in  Plaintiff's Motion In Support of  Proffering Art Appraiser and Expert,  Gayle Skluzachek.  More important than  filing another askART's Terms of Service,  I also  filed an askART  email,  dated January 16, <u>2018</u>,  20 days, **before**  I filed my lawsuit- **EXHIBIT#1.**  The Jan. 2018 email states  my askART biography does not have  any **samples of my artwork**,  nor  my **signature**,  nor a **photo of me** with my biography.  In my Motion In Support  Proffering Ms. Skluzacek,  I also filed  crucial evidence, from  Ms. Skulzacek, who gave testimony at my 2009 trial when I was injured in  the  Staten  Island Ferry Crash.  She checked my file to see if askART had my biography  listed in 2008,  and nothing on askART was recorded in  Ms. Skulzacek's  2009 file - SEE **EXHIBIT#2**  Please note both Defendants  are aware of my accident and my settlement amount -see EAI's in their  Motion to Post a Bond and -see (**WorthPoint  SA710**). I ask the Court to  read  my  2018 email  from  askART  and  Ms. Skluzacek's 2022  email  aforementioned. Please note, my Motion of  Proffering Expert Art Appraiser Gayle Skluzachek, and all my experts were immediately challenged  by Jana Farmer  in Doc. 436 and  supported  by Judge Cave in Doc.  449.  I was ordered to do even more work, after  filing  three Motions in Limone, when   Judge Cave scheduled my expert reports submissions  before I filed my  PAC,  which  violates the  judicial  "due process" for my case.

I remind the Court of  EAI's failure to produce one  electronic email,  ordered on  Nov. 23, 2022,  noted in the Conference Call with Judge Cave.  Due to both Defendants intentionally inflicted delays, to produce  a court ordered Discovery, on Sun. Dec. 11, 2022,  I was in grave health and  emailed Judge Cave's chambers to inform  her of my  sudden illness.  On Mon. Dec. 12, 2022,  I  phoned Judge Cave's chambers to confirm, the court was aware of my illness and incapacitation. Judge Cave showed no mercy in Doc.332 -insert below, On Dec. 12, 2022 , I had a one week  extension and had to file a completion of Discovery letter,  three expert reports and my PAC.  At the same time EAI,  still failed to produce one 2012 eBay native electronic email. Frankly, the stress due to EAI  withholding key evidence contributed to my illness.  Filed in  Doc. 522-5  is a letter from my doctor that notes covid -related syndromes  Dec/Jan. 2023.  I  note both  Defendants intentional gamesmanship during the Nov. 23rd Conference Call.  WorthPoint's  attorney Adam Bialek, sent an email titled "Source Information on Nov. 23, 2022  of  unknown coding. Prior to Dec. 5, 2022,  I  had to work with my expert internet witness, Patrick O'Leary, to decipher this ambiguous coding,  emailed on  Nov. 23rd.  The code translated into yet a third, false, 2012 eBay receipt. It did not look like EAI's first or second eBay receipts and was  devoid of  the Jan. 10, 2017 header in the first one.  On Dec. 5, 2022, I filed  Mr. O'Leary's Affidavit.

| 332 | Dec 12, 2022 | ENDORSED LETTER addressed to Magistrate Judge Sarah L. Cave from Annamarie Trombetta dated 12/11/22 re: requesting an extension of time. ENDORSEMENT: On Sunday, December 11, 2022, pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta") emailed Chambers requesting an extension of time to satisfy her obligations pursuant to the Court's scheduling order (ECF No. 308). Ms. Trombetta's request is GRANTED, and an order providing an extension of time to file her (i) motion to amend the complaint and (ii) expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be issued separately. Ms. Trombetta is advised that, in accordance with the Courts |

sale took place, right, that's not disputed?

THE PLAINTIFF: Again, the verification of the original or the raw coding and email will conclusively validate that. All I can tell you with most certainty

Each page of Mr. O'Leary's Affidavit has the date and the word Affidavit on it. I point this out because WorthPoint's alleged internet expert, Jessie Stricciolia incorrectly wrote in her report, that Mr. O'Leary wrote a Declaration dated Dec, 25, 2022 which is Christmas Day. I will note in my Response to WorthPoint's Appeal all the obvious defects in WorthPoint alleged evidence and/or alleged defenses. Mr. O'Leary's Dec. 5th Affidavit confirmed the failure of Defendants to email me the complete native electronic, 2012 eBay email I requested from EAI, not WorthPoint. WorthPoint's incomplete, unidentifiable code, in their sent email, instead of EAI, is a **pr*ime example of *Vexatious Litigation*-Internal communications : Emails, texts, or other records showing an intent to burden or punish Plaintiff through litigation and engaging in False statements or concealment- Documents, testimony, or communications demonstrating intentional misrepresentations to the court** The excerpt inserted above is on page seven, from the Nov. 23rd Conference Call. I requested the production of the native electronic 2012 eBay email to verify if the eBay sale actually occurred, again due to EAI's two delayed and different eBay emails. I beseech the Court of Appeals to read Doc. 552, pages 5 to 21 from the Nov. 23rd call transcript. The transcript was filed many times, last in Doc. 552, on April 2024, in my Motion for Reconsideration 59(e)-60. I note attorney Nicole Haimson made a false assertion that I did not produce the Feb. 20, 2016 email from Will Seippel. My electronic native email was filed with the court which fulfilled my court ordered obligation. The Feb. 20, 2016 printed version is filed in Doc.517-9 on 06/29/23 page 16 to 20. Each completed page is devoid of a black background. In Doc. 517-9 from page of 22 to 28 is EAI's fake incomplete, cut off pages on a black background which Judge Cave accepted in Dec. 2022, unjustly closing Discovery due to my objection of her decisions. Filed in Doc. 552, is Mr. Bialek's emailed Nov. 23, 2022 email print out of the native electronic email of the Source Information. I filed it to show what a print out of an electronic email contains, verses what EAI produced in EAI00073-79.

Also important, on Dec. 12, 2022, the same day as Judge Cave's all in one deadline for my filings in writing, Judge Cave, in **Doc. 333**, ordered EAI " to produce a more fulsome production" of EAI000073 to 79**.** I beseech the Court of Appeals to read Doc. 333. EAI FAILED to obey Judge Cave's second order for a full printed version of the 2012 EAI sale receipt. Twice, EAI disobeyed two court orders. Judge Cave failed to strike EAI's responses, nor did Judge Cave hold EAI Defendant accountable for their insubordination. Again, EAI failed to produce the native electronic 2012 eBay email. EAI failed to produce a fulsome EAI00073 to EAI00079. EAI's disobedience of Judge Cave's two court orders and violates Rule 26 and 37. Despite EAI offenses, Judge Swain in **Doc. 538 on page 25 -EXHIBIT#3** incorrectly stated EAI was compliant -HOW? (below). Judge Swain failed to acknowledge my filings of EAI's obstructions of justice by failing to produce court orders, thus Judge Swain made errors by either **not** reading my filings and/or issued a bias statement, thus my need for an Appeal. Attached is page 79 of Doc. 552, filed on April 10, 2024, my Rule 59 (e)-60 Motion. On Nov. 17, 2022 before the Conference Call I emailed all attorneys two native electronic emails of my July 16, 2022 eBay receipts to show what it looked like and how to produce it. The Nov. 23, 2022 email of ambiguous coding in the Source Information exemplifies a willful intent to commit fraud and proves both Defendants willfully created a Vexatious Litigation. **EXHIBIT#4 Nov. 17, 2022 Two native eBay emails.**

to repeated and unnecessary discovery disputes. Although courts should and do afford certain indulgences to pro se plaintiffs, the Court finds that EAI has been cooperative and compliant with the difficulties inherent in this litigation.

Conversely, despite three filed letters to the Court by my expert witness Dr. Scelsa's he wrote a letter, directly addressed to Judge Swain, on July 3, 2022 Doc. 522-5, EX.#16. The insert below details my laborious work and the unjust, cruel, mental gaslighting. **EXHIBIT#5-Dr. Scelsa letter.** Mr. Duff's July 20, 2026 omission to email me four volumes of exhibits was deliberate. Defendants gamesmanship exemplify Vexatious Litigation. Defendants patterns of abuse were presented to the district courts, yet ignored.

I have written many letters on behalf of Ms. Trombetta regarding this prolonged legal matter and find the extent of work imposed on Ms. Trombetta to be excessive and harmful to her health. I have been counseling her by phone and I am concerned for her well being as I am a licensed Mental Health Counselor in New York State.

¶17; EAI 56.1 ¶¶ 27-33.) The exact details of these phone calls are disputed and are ultimately immaterial, but it is clear that the parties were unable to conclude the matter in a manner satisfactory to the Plaintiff at that time. (Id.)

Additionally Pro Se Appellant, informs the Court of Appeals the decision made by district court Judge Swain, on page 4, in Doc. 538 filed 02/20/24, dismissed my vital proof in my phone calls. My Feb. 3, 2016 call documents I subscribed to WorthPoint's price look up and that I gave Greg Watkins my Yahoo email address (page 10). Moreover, six years ago, in Doc. 37 on Feb. 21, 2020 and in Doc. 87, when EAI filed a Motion to Post a Bond in June 2020, I asked the district court if I could produce Discovery, (my 1972 signatures and my phone call recordings). This was before I obtained the sealed summons to serve WorthPoint Corp. Judge Cave denied my request in Doc. 88 on July 30, 2020. On Oct. 14, 2020, in Doc. 114, I filed another letter requesting to produce my Feb. 3, 2016 phone call with WP Greg Watkins See (Doc 446-1 Doc.517-9) Mr. Watkins named **Terapeak** as the data source for WorthPoint for the false 1972 painting for a 2012 eBay sale. In my call I asked why there is a gap of time between 2012 and 2015- 2016. In my **Oct. 14, 2020, letter,** I noted that the only email address I used to contact WorthPoint and gave to Greg Watkins was my Yahoo email. **EXHIBIT#6 Doc. 114 letter** My request in Oct. 2020 was denied. Please note, six years ago, I wrote and filed I used my Yahoo email to contact WorthPoint. My Feb 2016 call verifies I asked Mr. Watkins if I should contact Google for the removal. I did contact Google using a phone # for a G-Suite email service in 2015-16**.** These facts support my requests to the Court of Appeals to regain my rights as a Pro Se litigant to have timely produced Discovery factored into my case, as a right of due process.

Appellant is requesting the Court of Appeals to hear my audio phone calls or at the least, I request the court to read my transcripts of my four audio recordings, with dated facts, timely produced in Discovery on April 11, 2022. Moreover, each audio phone call details the multiple attempts to remove one fraudulent webpage on WorthPoint's website that publicly photo featured a forged signature. The fact that I informed WorthPoint that its webpage was false and their refusal to remove it was odd and in time, proved to be intentional. The first audio with eBay is long, yet it conclusively documents in 2015, eBay's confirmation the 1972 webpage was on WorthPoint's site and the alleged 1972 painting, 2012 eBay sale was undefined. I remind the Court of Appeals that WorthPoint repeatedly lied to me August 1, 2015 until Feb 3, 2016, regarding their posting of the false 1972 oil painting. Moreover, in Nov. 16, 2015, Anita Brooks wrote a misdirected email telling me to contact eBay to remove its webpage. **EXHIBIT #7A Nov. 2015 Ms. Brooks falsity.** My Jan. 22nd audio call is with the same Anita Brooks. It documents how rude and argumentative she was when I told her WorthPoint used my information without consent and I was not the artist, the webpage is false (Doc. 517-6 ). This call also proves Ms. Brooks on Jan. 22, 2016, withheld Greg Watkins' contact information. **EXHIBIT #7B** Doc. 517-6 P 8-9). Mr. Watkins is WorthPoint's designated DMCA copyright infringement agent I had to contact for removals. See (**EXHIBIT#7C filed last in Doc.526-2 EX.11-C).** After refusing to give me Mr. Watkins information, Ms. Brooks instructed me to send emails to WorthPoint about the fraudulent webpage removal. (Doc. 517-6 Pages 9 -12). No one from WorthPoint responded in writing or by phone to my emails and phone calls. On Feb. 1, 2016, I had to phone Ms. Brooks again to request removal of the false webpage. (Doc. 517-6 Pages 13-16). WorthPoint's unending lies, gamesmanship and desire to keep the false webpage posted are noted in the phone calls and in the Nov. 2015 email from Ms. Brooks which Judge Swain overlooked. The 2015 -2016 consistent lies, misinformation and intentional delays by WorthPoint, to remove one false webpage reveals a willful intent to commit fraud. The last phone call is from Norb Novocin made on Jan. 10, 2017 due to WorthPoint's 2016-2017 online repost of the false 1972 painting listed under my name. I had a friend contact EAI on Jan. 6, 2016. She was told to send EAI an email. No one responded. On Jan. 10, 2017, I phoned Marie Novocin. Shortly after our call, Mr. Novocin called me to say he had no information. My intent contacting the Novocins was to find out about the online false 1972 painting repost with a forged signature. I was also seeking assistance from them to remove the false webpage, after chasing WorthPoint in 2015-2016 for months. I would have never contacted the Novocins, if the false 1972 painting webpage and forged signature was not reposted online. WorthPoint's claim the false 1972 painting webpage was permanently removed Nov. 4, 2016, contradicts my first time call to the Novocins in Jan. 2017, which is when Mr Novocin stated he sold the 1972 painting.

In WorthPoint's Appeal reply, page 2, WorthPoint is still purporting a false date of Feb. 4, 2016 as the removal date for the 1972 false painting webpage. If this date was a truthful fact, Will Seippel would not have emailed me on Feb. 20, 2016 stating that *" we will the item from the site"*. **EXHIBIT #8 (WorthPoint's bate stamped WP000135).** Please note, in Mr. Seippel's Feb. 20, 2016 sent email, **inserted below,** it has my email address trombettaart@yahoo.com, not my website email - annamarie@trombettaart.com.

Crucial to deciphering WorthPoint's unending deceit is the chronological facts in this case, from 2016 to the recent Declaration of IT tech, Jason Packer, produced on Jan. 19, 2023. I remind the Court, on Dec. 19, 2022, I filed my PAC to include FRAUD, Rule 9. Judge Cave permanently closed Discovery the same

**Will Seippel** <will.seippel@worthpoint.com>                                    Sat, Feb 20, 2016 at 10:35 AM
To: Annamarie Trombetta <trombettaart@yahoo.com>, will@worthpoint.com, Jason Packer <jason.packer@worthpoint.com>
Cc: Worthpoint Support <support@worthpoint.com>

day. One month later, Jason Packer's Declaration falsely and egregiously purported I accessed WorthPoint's price listing using my website email address annamarie@trombettaart.com, This is an obvious falsity easily and reasonable deduced. Why would one person, look up one painting sale price and use two different emails? Why open up two memberships to WorthPoint, when I knew the 1972 oil painting was fraudulent and the integrity of WorthPoint was extremely suspect ? Mr. Packer, who falsely stated Feb. 4, 2016 is the permanent removal date, later, on Jan. 19, 2023, repeated purporting fraudulent statements, in addition to producing false charts, falsely claiming I looked up the price of the 1972 oil painting on WorthPoint's website using my website address annamarie@trombettaart.com. Mr Packer's claims are not only false they are illogical as my evidence in Pl Evid.000022 can prove. I produced early on to Defendants, the documents, I subscribe to WorthPoint's, seven day free price look up with trombettaart@yahoo.com. WorthPoint's own and sent email that states "*This message was sent to **trombettaart@yahoo.com** in reference Case # 56607.*" see- **EXHIBIT #9A WorthPoint's Subscription Confirmation Ticket #56607 dated Jan. 22, 2016.** In addition, on Jan. 22, 2016, WorthPoint sent me a confirmation email of its Monthly Membership to trombettaart@yahoo.com. On the same day, I forwarded WorthPoint's sent email to me, back to WorthPoint's address support@worthpoint.com and asked seven questions about the false 1972 webpage. SEE **EXHIBIT#9B Jan. 22, 2016 WorthPoint's Membership email.** My seven questions were never answered in writing I addressed some with Greg Watkins in the recorded Feb.3, 2016 phone call. On page two of EX.9B you can see WorthPoint's Monthly Membership Charge start date on 1/29/2016. WorthPoint sent an email on 1/29/2016 to inform me that WorthPoint's Membership payment declined and the look up feature terminated. It was sent to my Yahoo email address. Noted in the sent bar is my annamarie@trombettaart.com email. **EXHIBIT#9 C.** Years later , on Jan. **31, 2023,** I immediately wrote to Judge Cave, requesting permission to submit information to the district court on Mr. Packer's fraudulent charts and Declaration. My letter revealed WorthPoint sent an email to annamarie@trombettaart.com dated March 25, 2022. If Mr. Packer permanently removed the false webpage and removed my website email annamarie@trombettaart.com from WorthPoint's data base, why did WorthPoint's email me its Marketing, Terms of Use on March 25, 2022, during litigation? SEE **EXHIBIT#10 Doc. 363-Letter.** Judge Cave denied my request, avoiding Mr. Packer's fraud and told me to address Mr. Packer's clear cut, fraudulent evidence, in Summary Judgment. As a result of Judge Cave's decision, I kept writing Judge Cave to request discovery to be reopened which Judge Cave denied. In Feb. 2022, I emailed my subpoenas to Jason Packer to obtain evidence to substantiate his claim. The Pro Se and NYLAG staff informed me I was entitled under the court's rules to issue and serve a subpoena on Mr. Packer. Once again, attorney, Jana Farmer emailed me stating I could not serve or contact Jason Packer as he was a WorthPoint's employee. **EXHIBIT #11A Jana Farmer email EXHIBIT #11B Jason Packer subpoena.** In checking WorthPoint's documents, Mr. Packer is an independent contractor to WorthPoint, hence my request to this Court is to regain my rights to serve my subpoena. Jana Farmer intentionally misinformed me and was wrong to invalidate my subpoena by telling me I could not to serve it. I am bringing this to Court's of Appeal's attention because Appellant last request, to permit my Feb. 2023 subpoena to Jason Packer to produce evidence that I used annamarie@trombettaart.com to subscribe to WorthPoint's price look up. This was blocked by Judge Cave and WorthPoint's attorneys, in 2023.

In summary, the crux of my lawsuit is due to a fraudulent webpage and Norb Novocin's unabashedly telling me to hire a lawyer, followed by the Novocins completely ignoring my lawyers settlement letter which was bate stamps EAI00001-03 in Discovery. After the first April Discovery, in May 2022, on the 19th in Doc. 228 and again on the 26th Doc. 230, I wrote letters to the court regarding Defendants "Bad Faith" and a request for Leave to Amend my Complaint. See **EXHIBIT#12 Doc. 230.** Judge Cave wanted to wait until Discovery ended to permit me to file my PAC. The crux of my lawsuit is due to the willful intent of Defendants to commit fraud and my need to request Permanent Injunctive Relief. The crux of my PAC/ SAC is due to both Defendants willful intent to commit fraud by producing fraudulent evidence during litigation. The crux of my Appeal is to add Vexatious Litigation due to multiple attempts to elongate litigation with the consistent production of fraudulent evidence, even after my PAC was filed. The district courts Judges dismiss , ignored or overlooked my dated filings and evidence. Judge Swain made errors, dismissed my SAC, blocked my expert and fact witnesses and phone calls transcripts , in short most of my evidence. Many of the Judges' decisions violated my rights as a Pro Se Litigant and interrupted the due process of my case. I informed the Court of Appeals, about both Defendants intentional production of problems, propaganda and false evidence and this extreme abuse of my time. This lawsuit effected my ability to earn a living and threatened my livelihood. I kindly ask the Court of Appeals to review my requests, verified in my exhibits and documents, some of which are WorthPoint's. I repeat my requests in my July 22, 2026, to file two short clear and succinct Appeal Responses for each Defendant/ Appellee. I am also requesting a short extension due to the misfiling and omission of EAI attorney Anderson Duff. Kindly designate my due date

Appellant, therefore respectfully asks the Court of Appeals to judge and decide upon my requests with a finding of facts that is just, fair and in favor of Appellant.    PLEASE VIEW  EXHIBITS #1 thru #12

Annamarie Trombetta
Pro Se Plaintiff
175 East 96th Street
New York, New York 10128

Respectfully Submitted,

—-———— Electronic Signature —————

/s/  Annamarie Trombetta, June  27, 2026
_____

Annamarie  Trombetta

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Trombetta

_____

v.

Novocin and WorthPoint Corporation

_____

**CERTIFICATE OF SERVICE***

25-817

Docket Number: _____

I, <u>Annamarie Trombetta</u>, hereby certify under penalty of perjury that

(print name)

on <u>July 27, 2026</u>, I served a copy of <u>Letter Requesting Court of Appeal to</u>

(date)

Grant Requests  based on detailed clear cut  12  numbered exhibits.:  _____

(list all documents)

by (select all applicable)**

| ___ Personal Delivery | ___ United States Mail | ___ Federal Express or other Overnight Courier |
|---|---|---|
| ___ Commercial Carrier | X ___ E-Mail (on consent) | |

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Adam R. Bialek Wilson Elser Moskowitz | 150 East 42nd St  adam.bialek@wilsonelser.com 212 915-5143 | New York | NY | 10017 |
| Jana Farmer Wilson Elser Moskowitz | 1133 Westchester Ave.  janafarmer@wilsonelser.com 914 872-7247 | White Plains | NY | 10604 |
| Anderson Duff | 150 West 62nd St. ADUFF1@lsls.fordam.edu 646 450-3607 | New York | NY | 10023 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

July  27, 2026

_____

Today's Date

Annamarie Trombetta  *[signature]*

_____

Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

## MOTION INFORMATION STATEMENT

Docket Number(s): **25-817**

Caption [use short title]: Trombetta vs Novocin and WorthPoint Corporation

Motion for: Letter Requesting Court of Appeal to Grant Requests

and Brief Extension To Submit My Appeal's Reply

With Numbered Exhibits In Support of  My Requests

Set forth below precise, complete statement of relief sought:

Appellant is requesting discarded evidence by Judge Swain

to include reading or listening to my audio phone calls

based on detailed clear cut  numbered exhibits.

MOVING PARTY: **Pro Se  Annamarie  Trombetta**     OPPOSING PARTY: Novocins and WorthPoint's Corporation

[☒] Plaintiff     [ ] Defendant

[ ] Appellant/Petitioner     [ ] Appellee/Respondent

MOVING ATTORNEY: **Pro Se Annamarie Trombetta**     OPPOSING ATTORNEY:

[name of attorney, with firm, address, phone number and e-mail]

Adam R. Bialek Wilson Elser Moskowitz     150 East 42nd St. NY NY 10017 adam.bialek@wilsonelser.com 212 915-5143

Jana Farmer Wilson Elser Moskowitz     1133 Westchester Ave. White Plains NY 10604 janafarmer@wilsonelser.com 914 872-7247

Anderson Duff Lincoln Square Legal Services     150 West 62nd St. NY NY 10023 ADUFF1@lsls.fordam.edu 646 450-3607

Court- Judge/ Agency appealed from: **Judge Laura Taylor Swain**

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[☒] Yes  [ ] No (explain): 

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [☒] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [☒] Don't Know

Is the oral argument on motion requested?  [ ] Yes  [☒] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [☒] Yes  [ ] No  If yes, enter date: 

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [ ] Yes  [☒] No

Has this relief been previously sought in this court?  [ ] Yes  [☒] No

Requested return date and explanation of emergency: 

Signature of Moving Attorney:

_Annamarie Trombetta_  Date: July 27, 2026   Service : [☒] Electronic  [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)