Case No. 25-817     Title:   Trombetta v. Novocin & WorthPoint Corporation
                                   Appellant v. Defendants ~ Appellees

S.D.N.Y ~N.Y.C 18-cv 0993 ~ Mag. Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, New York 10007
August 4, 2026

Annamarie Trombetta, Appellant
175 East 96th Street
New York, New York, 10128

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

**RE:  1- Appellant's Opposition to Both Appellees' Request For An Oral Argument**

       **2- Appellant's requests the Court of Appeals to read, review the attached EXHIBITS**

      Pro Se Appellant, contacts the Court of Appeals to oppose EAI 's Anderson Duff and WorthPoint Corporation's Jana Farmer's filing requesting an Oral Argument for the following reasons :

First, written on the Oral Argument form and according to Local Rule 34.1(a) it is required that an Oral Argument Statement request must be filed within fourteen days of filing the " **last** " Appellee's brief. Pro Se Appellant wishes to clarify if the term " **last**" defines the most recent filing by Appellees or if the term " **last**" indicates the final Appellee's brief. Appellant opposes Appellees request for an Oral Arguments as I informed the Court I will be filing a response to Appellees Briefs thus Appellees requests are untimely. For reasons and exhibits stated below Appellees request is unnecessary and duly burdensome. Both attorneys

> **TO REQUEST ORAL ARGUMENT, FILL OUT THIS FORM AND FILE IT WITH THE CLERK WITHIN 14 DAYS AFTER THE FILING OF THE LAST APPELLEE BRIEF. IF THIS FORM IS NOT TIMELY FILED, YOU WILL NOT BE PERMITTED TO ARGUE IN PERSON.**

filed their Appellee's Brief on July 17, 2026. Mr. Duff's, like his clients, due to negligence and a lack of care made mistakes, created a delay and needed to refile EAI's brief. Additionally, Mr. Duff failed to email me **four** volumes of exhibits ie, over two hundred thirty exhibits. This caused me to write my July 22nd and my July 27th 2026 letters to the Court of Appeals. In those letters, I requested more days to recoup my limited time lost to repair Mr. Duff's " two timing " alleged errors : refiling his brief and to send me all of EAI's exhibits. I kindly ask the Court for additional days to reply to two different Appellee's Briefs.

      Secondly, I request and remind the Court of Appeals that the issue of Estate Auctions Inc's incorporation status is still unknown. In the district court, Appellant filed in Doc. 173 as Exhibit #4 EAI's **forfeited** incorporation document from the state of Delaware. This is why I am requesting Mr. Duff and Norb and Marie Novocin to obtain copies filed with the Dept. of State's Division of Corporations in Delaware. In 2020, I found and filed WorthPoint's Incorporation status documents in Doc. 93 as Exhibits 24A -24B and 24C. WorthPoints documents are in Doc. 93 filed on August 5, 2020. The inserts below are examples of what I am requesting the Court of Appeals to order EAI to produce if they are incorporated in De or Fl

EX. 24 A-WorthPoint Inc.          EX. 24 B-WorthPoint Inc.          EX. 24 C-WorthPoint Inc.

