Both Appellees continue to fight and to lie. I ask the Court of Appeals to view in WorthPoint's Appendix Volume 2 of 12- **WP SA378** printed out by Appellant on December 16, in the year _2016_ and **WP SA379** printed out by Appellant on March 28 in the year _2017_ . Please note the Google Search Window is _"Annamarie Trombetta"_. Each time stamped date has different listings, however what is vital to note is the 1972 Original Oil Painting near the top of each search. Also listed is Salem Krieger's dated Twitter posting on November 16, 2012 for my video "Painting Central". I also note **WP SA380** which is a Google Search entitled _"1972 Original Oil Painting Man with Red Umbrella Signed Annamarie Trombetta yqz"_. The date to the right side is May 4 in the year _2017._ Listed first is WorthPoint's webpage 1972 Original Oil Painting and listed is my video Painting Central by Mr. Krieger. I call attention to **WP SA2908 in** Vol. 12, Google Search entitled _"1972 Original Oil Painting Man with Red Umbrella Signed Annamarie Trombetta yqz"_ which is dated and printed out on March 15, 2017. **I emphasize that there are two other WorthPoint webpages listed and linked to the 1972 Oil Painting— Marilyn Monroe and Thomas Kinkade-Kincaid.** Both additional webpages list the 1972 Oil Painting proving the false webpage was linked to WorthPoint's other webpages. This means WorthPoint's IT Tech Jason Packer, linked Appellant's true credentials to the counterfeit 1972 oil painting webpage. I remind the Court I contacted WorthPoint on January 4, 2017 and did not receive any response. Th s evidence proves WorthPoint defiantly posted false, unrelated listings with my true credentials. According to the Lanham Act(**15 U.S.C. § 1125(a): WorthPoint's website falsely suggests I created, sponsor, or endorse its content or business.** The Lanham Act does NOT PERMIT Appellant's true credentials to be listed with or under the Google Search. _"1972 Original Oil Painting Man with Red Umbrella Signed Annamarie Trombetta yqz"_ aside from the fact this webpage is fraudulent. This is the second reason why I am opposing Judge Abrams Order in Doc. 23 dated October 2, 2019 p. 1 to 13, and in my Appeal's Appendix pages 78A to 78M. I remind the Court of Appeals on January 19, 2023, WorthPoint independent IT Tech Jason Packer purported I used my website email **annamarie@trombettaart.com** to sign onto WorthPoint's Membership/ price look up site. I bring to the Court attention in WorthPoint's Appendix Vol.8 of 12, WorthPoint and its attorneys deliberately redacted all of Appellant's true email addresses that were visible when I produced them to the attorneys in Discovery. Please view **WP SA1701— WP SA1702—WP SA1703—WP SA1704—WP SA1709—WP SA1715—WP SA1717— most importantly WP SA1719—WP SA1720—WP SA1721—WP SA1723—WP SA1724—WP SA1735—WP SA1736—WP SA1738—WP SA1740—WP SA1742.** WorthPoint's redactions are willfully concealing Appellant's clear cut evidence proving I NEVER used **annamarie@trombettaart.com** to email or contact WorthPoint. This redaction and this elongated lawsuit is a prime example of what constitutes Vexatious Litigation. I end by noting in Ms. Farmer's Preliminary Brief Statement, WorthPoint is still purporting the removal date of the false 1972 painting webpage was February 4, 2016. I will detail in my Response Brief all of the numerous fraudulent, defective evidence Appellees produced, while concurrently disputing my prima face evidence.

Lastly, before the Court of Appeals grants an Oral Argument, I wish to request Appellees to produce the name of the artist who painted and signed the 1972 oil painting Man With Red Umbrella misattributed to Appellant. Additionally, I am requesting my name be removed from the painting. I request the Appellees to produce a paint sample so the actual year it was created can be examined and verified if it was created in 1972.

Appellant, therefore respectfully ask the Court of Appeals to judge and decide upon my requests with a finding of facts that is just, fair and economically time efficient and in favor of Appellant.

Annamarie Trombetta
175 East 96th Street
New York, New York 10128

Pro Se Plaintiff

Respectfully Submitted,

———————— Electronic Signature ————————

/s/ Annamarie Trombetta, August 4, 2026

Annamarie Trombetta

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Trombetta

v.

**CERTIFICATE OF SERVICE\***
25-817

Docket Number:_____

Novocin and WorthPoint Corporation

I, _____Annamarie Trombetta_____, hereby certify under penalty of perjury that
(print name)

Opposition to Oral Arguments Letter with Exhibits to

on ___August 4, 2026___, I served a copy of _____
(date)

and Appellants Request the Court to Review Exhibits that Connect both Appellees through WorthPoint's Website Artist Andre Kohn

(list all documents)

by (select all applicable)\*\*

___ Personal Delivery    ___ United States Mail    ___ Federal Express or other
                                                       Overnight Courier

                          X
___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Adam R. Bialek | 150 East 42nd Street | New York | NY | 10017 |
| Jana Farmer | 1133 Westchester Avenue | White Plains | NY | 10604 |
| Anderson Duff | 150 West 62nd Street | New York | NY | 10023 |
| | | | | |
| | | | | |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

August 4, 2026

Today's Date

Annamarie Trombetta

Signature

Certificate of Service Form (Last Revised 12/2015)