**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 25-817 _____     _____ Caption [use short title] _____

Motion for: Defendant-Appellee WorthPoint Corporation's

Motion to Strike Plaintiff-Appellant's Unauthorized

Submissions Outside Reply Brief

Set forth below precise, complete statement of relief sought:

Defendant-Appellee WorthPoint Corporation respectfully

moves this Court, pursuant to Federal Rules of Appellate Procedure

27 and 28(j), and Second Circuit Local Rules 27.1 and 28.1,

for an order striking the unauthorized appellate argument submissions

filed by Plaintiff-Appellant Annamarie Trombetta, specifically

the July 27, 2026 and August 4, 2026 submissions and exhibits.

# Trombetta v. Novocin

MOVING PARTY: Defendant-Appellee WorthPoint Corporation   OPPOSING PARTY: Plaintiff-Appellant Annamarie Trombetta

|  |  |
|---|---|
| ☐ Plaintiff | ☑ Defendant |
| ☐ Appellant/Petitioner | ☑ Appellee/Respondent |

MOVING ATTORNEY: Jana Slavina Farmer     OPPOSING ATTORNEY: _____

[name of attorney, with firm, address, phone number and e-mail]

Jana Slavina Farmer, Wilson Elser Moskowitz Edelman & Dicker LLP     _____

150 East 42nd Street, New York, NY 10017     _____

jana.farmer@wilsonelser.com; (212) 490-3000     _____

Court- Judge/ Agency appealed from: Judge Laura Taylor Swain

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): Plaintiff is proceeding pro se.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: August 12, 2026   Service by: ☑ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

| | |
|---|---|
| Annamarie Trombetta, ) | |
| ) | **Court of Appeals Docket No.:** 25-817 |
| *Plaintiff-Appellant,* ) | |
| ) | On Appeal from the United States |
| v. ) | District Court for the Southern District |
| ) | of New York |
| Norb Novocin, Marie Novocin, ) | |
| Estate Auctions, Inc., ) | **Case No.:** 1:18-cv-00993-LTS-SLC |
| and WorthPoint Corporation ) | |
| ) | |
| *Defendants-Appellees* ) | |
| _____) | |

## DEFENDANT-APPELLEE WORTHPOINT CORPORATION'S MOTION TO STRIKE PLAINTIFF-APPELLANT'S UNAUTHORIZED SUBMISSIONS OUTSIDE REPLY BRIEF

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant-Appellee WorthPoint Corporation*

Counsel:   Adam R. Bialek
Jana A. Slavina Farmer

**INTRODUCTION**

Defendant-Appellee WorthPoint Corporation ("WorthPoint") respectfully moves this Court, pursuant to Federal Rules of Appellate Procedure ("FRAP") 27 and 28(j), and Second Circuit Local Rules 27.1 and 28.1, for an order striking unauthorized appellate argument submissions filed by Plaintiff-Appellant Annamarie Trombetta ("Appellant") outside of the opening or reply brief, specifically, the July 27, 2026 letter and twelve attached exhibits (together with separately filed exhibit attachments) (Dkt. Entries 110-112) and the August 4, 2026 letter opposition to Appellees' oral argument statements and nine attached exhibits (Dkt. Entry 116) (collectively, the "Filings").

Appellant's Filings were submitted after the Appellant submitted her opening brief but before her reply brief, without leave of Court, in violation of the Federal Rules of Appellate Procedure and this Court's Local Rules. Although ostensibly framed as inquiries and requests to the Court, the Filings constitute multi-page argumentative submissions accompanied by numerous exhibits comprising dozens of pages of documentary evidence, effectively serving as an unauthorized supplemental brief and an unauthorized supplemental appellate record.

WorthPoint respectfully requests that the Court strike the Filings in their entirety and enter an order prohibiting Appellant from filing further unauthorized argument submissions outside of the reply brief without prior leave of Court.

## BACKGROUND

Appellant's opening brief was filed on or about April 20, 2026. Appellees filed their appellees' briefs on or about July 17, 2026. With the filing of the appellees' briefs, the principal briefing was substantially complete, with only Appellant's reply brief remaining.

Rather than confine her arguments to the forthcoming reply brief, Appellant filed three unauthorized submissions, the latter two of which are the subject of this motion: a letter/motion with exhibits on July 23, 2026 (Dkt. Entries 105-107), a multi-page letter with twelve exhibits on July 27, 2026 (Dkt. Entries 110-112), and a multi-page letter with nine exhibits on August 4, 2026 (Dkt. Entry 116). These Filings follow a pattern of unauthorized, informal submissions that Appellant has engaged in throughout this litigation.

## ARGUMENT

On July 27, 2026, Appellant filed a multi-page letter addressed to the panel judges (Chief Judge Livingston and Circuit Judges Kearse, Wesley, and Kahn), accompanied by twelve exhibits comprising dozens of pages of documentary evidence. Appellant also separately filed additional exhibit attachments, including subpoenas directed to Jason Packer. The letter appears to make three principal requests: (1) that the Court review a January 16, 2018 askART email from Doc. 429; (2) that the Court review November 23, 2022 phone transcripts and grant permission

3

to submit audio recordings of phone calls; and (3) that the Court review and grant permission to serve February 2023 subpoenas on Jason Packer.

On August 4, 2026, Appellant served another multi-page letter addressed to the panel judges accompanied by nine exhibits comprising further documentary evidence. Although the August 4 letter ostensibly objects to Appellees' oral argument statements and requests the Court's review of exhibits, it also includes peculiar requests "to produce the name of the artist who painted and signed the 1972 oil painting Man With Red Umbrella misattributed to Appellant," to remove Appellant's name from the painting, and "to produce a paint sample so the actual year it was created can be examined and verified if it was created in 1972," all of which are beyond Appellees' power to do and which relief cannot be sought in informal correspondence.

These Filings should be struck for multiple independent reasons.

### 1. The Letters Are Improper Post-Briefing Submissions

Under FRAP 28(j), the only post-briefing submissions permitted without leave of Court are citations of supplemental authorities. Rule 28(j) provides that such citations shall be made by letter, limited to 350 words, and limited to identifying new authorities relevant to the issues on appeal.

Appellant's Filings are multi-page argumentative submissions, not citations of supplemental authority. Despite being styled as an inquiry regarding the due date

4

for her reply brief, the July 27 letter raises extensive substantive arguments concerning WorthPoint's alleged conduct, the veracity of Jason Packer's declarations, email addresses and website subscriptions, and other matters. It requests multiple forms of affirmative relief. It is, in substance, an unauthorized supplemental brief, one that far exceeds both the scope and purpose of Rule 28(j). *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (declining to consider an unsolicited post-argument letter because "a party is strictly forbidden from making additional arguments or from attempting to raise points clarifying its brief or oral argument" in Rule 28(j) submissions); *United States v. Shelton,* No. 24-2101, 2025 U.S. App. LEXIS 33160, at *8 n.3 (2d Cir. Dec. 19, 2025) (refusing to consider the arguments and briefing referenced in a party's Rule 28(j) letter because of its attempt to make additional arguments). The same applies to Appellant's August 4 letter.

### *2. The Exhibits Constitute an Improper Attempt to Supplement the Record*

Under FRAP 10(a), the record on appeal consists of "the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district clerk." This Court does not take new evidence or receive exhibits that are not part of the certified district court record.

Several of Appellant's exhibits in both Filings, including emails, phone call transcripts, subscription records, subpoenas, webpage screenshots, and hearing

transcripts are materials that either were or should have been presented to the district court. To the extent these materials were part of the proceedings below, the proper vehicle for citing them is the appellate briefs and appendices—not informal correspondence. To the extent they were not part of the district court record, they cannot be introduced for the first time on appeal. Either way, Appellant cannot circumvent FRAP 10 by attaching exhibits to informal letters directed to the panel. *See* Fed. R. App. P. 10(e) (providing the exclusive procedure for correcting or modifying the record on appeal).

### 3. The Letters Fail to Comply with Motion Practice Requirements

Under FRAP 27(a) and Second Circuit Local Rule 27.1, any request for affirmative relief from this Court must be made by formal motion that complies with applicable formatting and service requirements. Appellant's Filings requests multiple forms of substantive relief, including permission to submit audio recordings of phone calls, permission to serve subpoenas on a third party (Jason Packer), and review of specific documentary exhibits, via an informal letter rather than a properly noticed motion. *See* Fed. R. App. P. 27(a)(1) ("[a] motion must state with particularity the grounds for the motion"); 2d Cir. Local Rule 27.1.

Appellant's request for permission to serve subpoenas on Jason Packer is also procedurally defective, as it constitutes an attempt to conduct discovery at the appellate stage. The Federal Rules of Appellate Procedure do not include any rule

6

authorizing parties to conduct discovery, serve interrogatories, take depositions, issue subpoenas, or otherwise compel production of evidence. Moreover, the district court previously addressed Appellant's subpoena requests during the proceedings below, making this request not only procedurally improper but substantively moot.

### 4. The Letters Violate Briefing Rules

FRAP 28 and Second Circuit Local Rules 28.1, 31.2, and 32.1 govern the content, format, and timing of appellate briefs. These rules establish a structured briefing schedule (opening brief, answering brief, and reply brief) to ensure that all arguments are presented in an orderly fashion within prescribed page limits. Appellant's Filings, though nominally styled as an inquiry about the due date for her reply brief and an objection to Appellees' requests for oral argument, effectively constitute an unauthorized supplemental brief that raises arguments and presents evidence outside the established briefing framework. By submitting these letters, Appellant seeks to circumvent the page limitations and procedural requirements that apply to all parties. Allowing parties, even those proceeding *pro se*, to file unlimited argumentative letters with voluminous exhibits outside the briefing framework would undermine the integrity of the appellate process.

### 5. The Filings Reflect a Pattern of Unauthorized Submissions

The July 27, 2026 and August 4, 2026 letters are not isolated occurrences. Appellant has repeatedly filed informal letters, exhibits, and other extraneous

submissions throughout this litigation, both in the district court and in this appeal, without authorization.

Despite WorthPoint's prior objections and request that the Court direct Appellant to present arguments through proper briefing, Appellant has continued this pattern. The Court should strike the Filings and take appropriate measures to prevent further unauthorized submissions. While this Court affords *pro se* litigants "special solicitude," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), such solicitude does not exempt *pro se* litigants from compliance with procedural rules. *See id.* at 477 ("*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law") (internal citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendant-Appellee WorthPoint Corporation respectfully requests that this Court enter an order:

(a) Striking the July 27, 2026 letter and all attached exhibits, including all separately filed exhibit attachments;

(b) Striking the August 4, 2026 letter and all attached exhibits;

(b) Directing the Clerk to remove these Filings from the docket or, in the alternative, ordering that these Filings shall not be considered by the Court in resolving this appeal;

8

(c) Entering an order prohibiting Plaintiff-Appellant from filing further

unauthorized submissions, letters, exhibits, or other materials without

first obtaining prior leave of Court; and

(d) Granting such other and further relief as the Court deems just and proper.

Dated: August 12, 2026
New York, New York

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN
& DICKER LLP**

_s/ Jana Slavina Farmer_
Jana Slavina Farmer, Esq.
Adam R. Bialek, Esq.
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
Adam.Bialek@wilsonelser.com
Jana.Farmer@wilsonelser.com

_Attorneys for Defendant-Appellee
WorthPoint Corporation_

9