Case No. 25-817       Title:   Trombetta v. Novocin & WorthPoint Corporation
                                      Appellant v. Defendants ~ Appellees
S.D.N.Y ~N.Y.C 18-cv 0993  ~ Mag. Judge Sarah L. Cave and Chief Judge Laura Taylor Swain

United States Court of Appeals                    Annamarie Trombetta, Appellant
Thurgood Marshall U.S. Courthouse                 175 East 96th Street
40 Foley Square, New York, New York 10007         New York, New York, 10128
August 13, 2026

To The Honorable Chief Judge Debra Ann Livingston,
To The Honorable Circuit Judge Amalya L. Kearse
To The Honorable Circuit Judge Richard C. Wesley
To The Honorable Circuit Judge Maria Ara'ujo Kahn

**RE:   1- Appellant's  Opposition   to Appellee's Motion to Strike July 27, 2026  and August 4, 2026
          Motion Letter Requests  with supporting exhibits.**

**2- Appellant's  Request the Court of Appeals  to decide  ONE  Reply Brief  or TWO  Briefs.
     If the Decision is ONE Brief, Appellant requests a one thousand word increase—please.**

Pro Se Appellant, contacts the Court of Appeals to  Oppose  Appellee's Motion to Strike  my July 27, 2026  and August 4, 2026 Motion Letters  with supporting exhibits on the docket.   Each  Motion Letter  has specific  requests which I  substantiated  by including  annexed exhibits. **PLEASE  NOTE,** Appellees failed to email Appellant their  Motion To Strike in Dkt Entry 118  entered on August 12, 2026.

### July 27, 2026 Letter Motion Requests with Supporting Exhibits

My July 27, 2026  letter, in particular, pertains to WorthPoint's attorneys incorrect  direction to  me by rejecting  my  issued subpoenas  to Jason Packer.  In the District Court my right to serve Jason Packer was usurped by WorthPoint's attorneys.  I now know,  my right to serve  Mr. Packer  a subpoena should have been addressed and decided by the District Court Judges.   I  readdress my right to serve due to Mr. Packer's Jan. 19, 2023 Declaration,  producing statements and charts  asserting and declaring I,  now  the Appellant used my website email **annamarie@trombettaart.com** to sign onto WorthPoint's Subscription Membership on January 22, 2016.  This is a false statement. In upholding my  burden of proof, it is unjust for WorthPoint's attorneys  to reject my subpoena to Mr. Packer.   This is an obstruction of justice.   My subpoena requests producing my alleged  email address  subscribing  to  WorthPoint's Membership on January 22. 2026.  I  remind the Court of Appeals,   Jason Packer  declared he permanently removed the false 1972 Original Oil Painting webpage post on February 4, 2016.   My July 27, 2026  details my reasons  in support  of my request to  reconsider my right to serve  my  subpoena  to Jason Packer.  I filed supporting evidence in the hope the Court of Appeals  examines  and considers  my request, verified with tangible  full page documents with  text that can be clearly read and  not truncated or absent  text.

### August 4, 2026 Letter Motion Requests  with Supporting Exhibits

Appellant's  August 4, 2026  letter motion with exhibits was filed due to both Appellees requests  for an  Oral Argument.  As a Pro Se Litigant, I read the Court of Appeals  instructions under Oral Arguments. It specifically states  oral arguments are scheduled  within 14 days  of the  **" Final "** Appellee's brief".  In

**INSERT  ON  ORAL ARGUMENT  APPEAL RULES  ON PAGE 12 ARE  BELOW ON PAGE 2**

**ORAL ARGUMENT**

Within 14 days after the final appellee's brief is filed, each party must advise the Court whether it seeks oral argument by filing an Oral Argument Statement Form which is available on the Court's website. Failure to timely file the Oral Argument Statement Form signifies that the party does not seek oral argument. See LR 34.1.

On occasion the Court may decide to take a case on submission, without oral argument. When the Court so decides, the clerk will notify the parties. See FRAP 34(a)(2), LR 34.1.

my July, 22, and July 27 2026 letter Motions I informed the Court of Appeals I would be filing a Reply Brief. Appellant, by right is permitted to file a Reply and requested an increase in the word count due to the size of Appellees Briefs. WorthPoint's brief is sixty four pages and EAI's brief is twenty nine pages. In reading nearly one hundred pages, I ask the Court for a word increase. Given the propensity to ignore the deadlines and rules of the District Court by both Appellees, I want to be **sure** both Appellees will NOT be responding to Appellant's Reply Brief. By scheduling Oral Arguments both Appellees are inferring they will **NOT BE FILING** a response to my Reply Brief.

Lastly and in support of my word increase request, I note to the Court of Appeals on October 31, 2025, the Court of Appeals decided the following : **See Insert Below**. Despite the Court of Appeals' recognition regarding the District Court's premature deadlines for my expert witness reports, prior to Appellant timely filing of my Second Amended Operative Complaint, both Appellees have re argued why my expert witness reports should be excluded in their Appeals Briefs.

Appellant, pro se, moves for appointment of counsel. Upon due consideration, it is hereby ORDERED that the motion is DENIED. The appeal will proceed as there may be non-frivolous issues raised by Appellant, such as the district court's decision to preclude two expert reports as untimely for failure to meet a discovery deadline that passed before the court granted her permission to file the second amended—operative—complaint.

The District Court 's deadline was not in compliance with the judicial due process, yet Appellees support their exclusion. Please note, Appellant's Second Amended Operative Complaint ( in Doc. 348-refiled on Dec. 27, 2022) was granted on Feb. 2, 2023 in Doc. 366. Plaintiff—now Appellant filed my expert witness reports AFTER my SAC was granted. I did so knowingly. My right to submit my expert witness reports which I timely filed should be considered. Once again, my request for an increase is words is simple due to two Appellees, numerous, intentionally created problems, willfully causing me to be overwhelmed so that I had too many demands and deadlines to meet, all at the same time.

Appellant, therefore respectfully ask the Court of Appeals to judge and decide upon my Opposition Motion to Appellees Motion to Strike my two Letter Motions. My word increase requests are needed. I ask the Court to decide with a finding of facts that is just, fair and economically time efficient and in favor of Appellant.

Respectfully Submitted,

Annamarie Trombetta
175 East 96th Street
New York, New York 10128        —-———— Electronic Signature —————

Pro Se Appellant        /s/ Annamarie Trombetta, August 13, 2026

       _____

       Annamarie Trombetta