**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 25-817

Caption [use short title]: Trombetta v. Novocin et al

**Motion for:** Opposition to Appellant's October 26, 2026 letter.

Set forth below precise, complete statement of relief sought:

WorthPoint respectfully respects that the Court deny Appellant's October 26, 2026 letter, strike the letter as an impermissible post-briefing submission, and direct Appellant to refrain from filing further letters or motions absent leave of Court.

**MOVING PARTY:** WorthPoint Corporation

**OPPOSING PARTY:** Annamarie Trombetta

☐ Plaintiff ☒ Defendant

☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Jana Slavina Farmer

**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Ave, White Plains, NY 10604
914-323-7000 jana.farmer@wilsonelser.com

Court- Judge/ Agency appealed from: Judge Laura Taylor Swain

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): Appellant is pro se.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:** Jana Farmer **Date:** 11/04/2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| Annamarie Trombetta,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>Norb Novocin, Marie Novocin,<br>Estate Auctions, Inc.<br>and WorthPoint Corporation<br><br>Defendants-Appellees | Civil Action No: 18-cv-00993 (RA) (SLC)<br><br>Court of Appeals Docket No.: 25-817 |

**DEFENDANT WORTHPOINT CORPORATION'S OPPOSITION TO PLAINTIFF'S/APPELLANT'S OCTOBER 26, 2026 LETTER TO THE COURT**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant-Appellee WorthPoint Corporation*

Counsel: Adam R. Bialek
Jana Slavina Farmer

1. Defendant-Appellee WorthPoint Corporation ("WorthPoint") respectfully submits this response in opposition to the letter motion filed by pro se Plaintiff-Appellant Annamarie Trombetta dated October 26, 2026 (the "Letter").

2. In the Letter, Appellant asks the Court (1) for permission to file "new" "raw native electronic" emails dated January 22 and January 29, 2016, and an audio recording of a January 2016 telephone call with a WorthPoint employee, and (2) once again, for the appointment of pro bono counsel.

3. For the reasons below, WorthPoint respectfully requests that the Letter be denied in its entirety.

**The Proposed Materials Are Outside the Record on Appeal**

4. The record on appeal consists of the original papers and exhibits filed in the district court, the transcript of proceedings, and a certified copy of the docket entries. Fed. R. App. P. 10(a). Absent extraordinary circumstances, this Court does not consider evidence that was not before the district court.

5. Appellant does not contend that the emails or the audio recording were part of the district court record, and she identifies no extraordinary circumstance that could justify supplementing the record at this stage, when the issues have been fully briefed. Indeed, the Letter confirms that she seeks to introduce these materials now in order to relitigate factual disputes, including the dates and email addresses

reflected in the evidence submitted by WorthPoint's witness, Jason Packer, which she already raised, and which were addressed, in the district court.

6. The Letter is the latest in a series of attempts by Appellant to place material before this Court that falls outside the boundaries of this appeal. The bulk of the Letter consists of a recitation of docket citations from the district court proceedings and an extended list of purported "elements of vexatious litigation" under 28 U.S.C. § 1927, none of which is properly the subject of a letter motion and none of which bears on the issues presented on appeal.

7. To the extent the Letter is an attempt to file additional, unauthorized briefing, it should be disregarded. *See* Fed. R. App. P. 28(c) (permitting appellant one reply brief; further briefs require leave of court).

**The Proposed Materials Are Irrelevant to the Dispositive Issue**

8. Even if the Court were inclined to consider material outside the record, the proposed emails and recording are irrelevant.[1] Appellant's accusations against WorthPoint have been raised, considered, and rejected repeatedly in the proceedings below, and WorthPoint denies them.

[1] This response refrains from discussing the merits of the claim, the exhibits, and their applicability or lack thereof to the claim, as it is not proper on appeal. However, WorthPoint's silence on those points in this response should not be considered an admission. WorthPoint, and its lawyers, deny all of the claims and accusations.

9. Setting aside the merits of those accusations, the dispositive defect in Appellant’s claims against WorthPoint is that they are untimely. Appellant’s own account establishes that she knew of the WorthPoint webpage, and of WorthPoint's role, years before the limitations period expired: the Letter itself states that she learned of the webpage in or around 2015, that she was corresponding with WorthPoint about it in November 2015 and January 2016, and that she had counsel send a demand letter in August 2017.

10. Despite this knowledge, Appellant did not timely bring suit against WorthPoint. Emails from January 2016 and a January 2016 telephone call can only confirm that Appellant was aware of WorthPoint at that time; they cannot cure her failure to timely assert her claims.

**The Renewed Request for Pro Bono Counsel Should Be Denied**

11. Appellant’s request for the appointment of pro bono counsel is not new. She has made the same request to this Court on multiple prior occasions, and the Court has consistently denied those motions (*see* Doc. 40, Doc. 43, Doc. 46, Doc. 49, Doc. 50, Doc. 61). The Letter offers nothing that warrants revisiting the Court’s decision to deny Appellant’s request for appointment of pro bono counsel.

12. While WorthPoint does not doubt the sincerity of Appellant's health concerns, those concerns do not affect the merits of the appeal, and the appeal has been fully briefed.

**Appellant's Repeated Unauthorized Filings Should Cease**

13. Appellant's continued submission of unauthorized letters and repetitive applications has required WorthPoint to expend substantial and unnecessary resources responding to requests that the Court has already addressed or that the Federal Rules of Appellate Procedure do not permit.

14. WorthPoint respectfully requests that the Court deny the Letter in its entirety and direct Appellant to refrain from filing further letters or motions seeking to supplement the record, to reargue the merits, or to renew previously denied requests, absent leave of Court.

15. Finally, Appellant has asked that the Letter be filed under seal. WorthPoint takes no position on sealing those portions of the Letter that concern Appellant's personal medical information, but notes that the balance of the Letter concerns matters already of public record in the district court.

WHEREFORE, Defendant/Appellee WorthPoint respectfully requests that this Court deny the Letter in its entirety, strike the Letter as an impermissible post-briefing submission, direct Appellant to refrain from filing further letters or motions

absent leave of Court, and grant such other, further and different relief this Court deems just and proper.

Dated: White Plains, NY
November 4, 2026

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
*s/ Jana Slavina Farmer*
Adam R. Bialek, Esq.
Jana Slavina Farmer, Esq.
1133 Westchester Avenue
White Plains, NY 10604
914.323.7000 (Main)
914.323.7001 (Fax)
Adam.Bialek@wilsonelser.com
Jana.Farmer@wilsonelser.com

cc: Annamarie Trombetta, pro se Appellant (via email)
Counsel for Defendants-Appellees Novocin/Estate Auctions, Inc. (via ECF and email)